# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br>Plaintiffs,<br><br>v.<br><br>U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's August 17, 2017 Order (ECF No. 14), the undersigned counsel of record respectfully submit the following Joint Case Management Statement:

1. **Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 2620(b)(4)(A) and 28 U.S.C. § 1331, and service on Defendants has been completed.  Defendants do not object to venue at this time, but reserve the right to seek a change of venue after potential expert witnesses, if deemed necessary by the Court, have been identified.

2. **Facts:** On November 22, 2016, Plaintiffs petitioned the EPA under section 21 of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620, to initiate a rulemaking proceeding to ban the addition of fluoridation chemicals to drinking water, on the grounds that said chemicals pose an unreasonable risk of neurotoxic injury to the general public and susceptible subpopulations.  EPA denied Plaintiffs' petition on February 17, 2017.  Plaintiffs thereupon filed the instant action on April 18, 2017.

3. **Legal Issues:**  a.  Have Plaintiffs demonstrated by a preponderance of the evidence that fluoridation chemicals present "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use?"  15 U.S.C. § 2620 (b)(4)(B)(ii). b.  Defendants also intend to raise what they believe is the threshold issue of whether Plaintiffs have stated a claim upon which relief can be granted where EPA believes that the petition Plaintiffs submitted to EPA did not provide sufficient information for EPA or the Court to determine whether the requested rulemaking is appropriate.

4. **Motions:** Defendants intend to file a motion to dismiss.  Per the parties' Stipulation to Extend Deadline for Defendants to Respond to the Complaint and to Establish Briefing Schedule for Motion to Dismiss (ECF No. 17), the parties have agreed to extend Defendants' deadline for filing this motion to September 25, 2017.

5. **Amendment of Pleadings:** Plaintiffs do not expect to amend any of the pleadings in their Complaint.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**  The parties have agreed to forego serving initial disclosures in this case.

8. **Discovery**:

    **PLAINTIFFS' POSITION**:  Discovery should proceed as contemplated under the Federal Rules. TSCA requires that the Court conduct a "de novo" review to

CASE NO. 17-CV-02162-EMC
JOINT CASE MANAGEMENT STATEMENT

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

determine if Plaintiffs have demonstrated their entitlement to relief by a "preponderance of the evidence" (15 U.S.C. § 2620(b)(4)); thus distinguishing the scope of review in this case from the vast majority of judicial reviews of agency action.  A de novo review of the technical/scientific material in the record cannot be conducted in the absence of expert testimony as expert testimony provides a necessary and irreplaceable means for vetting the parties' respective science-based contentions.   Further, denial of expert testimony would thwart Plaintiffs from satisfying their burden of demonstrating by a preponderance of the *evidence* that they are entitled to relief, as Plaintiffs would have no competent evidentiary means for countering Defendants' factual and scientific assertions.  *See, e.g.*, *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (recognizing, in context of de novo reviews in ERISA cases, that consideration of extra record evidence "could be considered necessary" where the issue "require[s] consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record;  . . . and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process." (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)); *see also Quesinberry*, 987 F.2d at 1027   ("If the court is faced with a complex medical issue on which testimony from experts is necessary for an adequate understanding of the issue and the administrative procedures do not have a mechanism for taking such testimony, allowing such testimony would be appropriate.").  Accordingly, Plaintiffs believe that expert depositions should be available in this case.

Plaintiffs are amenable to reasonable limits being placed on other forms of discovery in this case, including document production requests, interrogatories, fact depositions, and requests for admission.  Plaintiffs disagree with Defendants, however, that these forms of discovery should be barred *in toto* as a matter of law.  Even if this case were to be characterized as a review of an administrative record, the Federal Rules do not exempt such cases from the rules of discovery.  Notably,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the Federal Rules only exempt administrative record reviews from the requirement for Rule 26(a)(1)(A) disclosures. Fed R. Civ. Proc. 26(a)(1)(B). Further, the Ninth Circuit has specifically recognized the appropriateness of extra-record discovery in de  novo reviews of administrative decisions, including in cases involving "complex medical questions" and "circumstances in which there is additional evidence that the claimant could not have presented in the administrative process." *Opeta*, 484 F.3d at 1217.  Any dispute about the relevance and reasonableness of discovery should thus be considered in the context of a specific discovery request, wherein the Court will have the benefit of a developed factual record in ruling on a properly presented motion for a protective order.

**DEFENDANTS' POSITION**:  This case should be decided on the basis of the administrative record that was before EPA when it denied Plaintiffs' petition.  15 U.S.C. § 2620(b)(4)(B) ("the petitioner shall be provided an opportunity to have *such petition* considered by the court in a de novo proceeding") (emphasis added). Accordingly, while the Court need not give deference to EPA's determination, the admissible evidence is limited to Plaintiffs' petition, including documents attached to or referenced in that petition, and EPA's response to that petition, including documents attached to or referenced in that response.  Thus, no extra-record evidence, other than possible expert declarations as discussed below, is appropriate in this case. *See Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988) (discussing consideration of extra-record evidence in limited circumstances, including where technical terms or complex subjects need to be explained).   Defendants are aware that Plaintiffs intend to seek non-expert discovery, and agree with Plaintiffs that the parties' dispute with regard to the appropriate scope of discovery can be best resolved in the context of motions for protective orders regarding particular discovery requests.

Defendants recognize that the Court may desire to consider qualified experts' explanations, presented through declarations or live testimony, to help explain some of the technical issues presented by the record.  Accordingly, any discovery

should be limited to the identification and deposing of experts if deemed necessary by the Court.

9. **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before any other court or administrative body.

11. **Relief**: Pursuant to 15 U.S.C. § 2620(b)(4)(B), Plaintiffs seek injunctive relief in the form of an Order requiring the EPA to initiate the rulemaking proceeding requested by Plaintiffs in their Petition to EPA.  Further, pursuant to 15 U.S.C. § 2620(b)(4)(C), Plaintiffs seek recovery of their costs of suit and reasonable fees for attorneys and expert witnesses. Finally, Plaintiffs seek such further relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to relief.

12. **Settlement and ADR:**  While the parties intend to discuss whether there are any possible grounds for settlement, the parties agree that a formal ADR process is not likely to be helpful in either producing a settlement or narrowing the issues before the Court.

13. **Consent to Magistrate Judge**: Defendants did not consent to having this case conducted by a Magistrate Judge.

14. **Other References**: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties have not been able to identify a way to narrow the issues in the case.

16. **Expedited Trial Procedure:** The Parties do not believe this is the type of case

that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**:

**PLAINTIFFS' POSITION**:

- Plaintiffs' Expert Disclosures: 6 months from the entry of the Case Management Order.
- Defendants' Expert Disclosures: 2 months from Plaintiffs' Expert Disclosures.
- Plaintiffs' Rebuttal Expert Disclosures: 1 month from Defendants' Expert Disclosures.
- Close of discovery: 10 months from the entry of the Case Management Order
- Dispositive Motions: 11 months from the entry of the Case Management Order
- Pretrial Motions: 12 months from the entry of the Case Management Order

**DEFENDANTS' POSITION**:

Defendants agree with Plaintiffs' proposed schedule except with regard to the following two points.  In addition, as discussed above, Defendants do not agree that any discovery, other than expert discovery if desired by the Court, is appropriate.

1.  As discussed in item 8, above, the evidentiary record before the Court should be limited to the administrative record for EPAs denial of Plaintiffs' petition. Accordingly, EPA proposes that the schedule include the filing of the administrative record by EPA 90 days after entry of the Case Management Order.

2.  Because the sole purpose of experts in this case is to assist the Court in understanding the technical aspects of the record, there is no reason for expert opinions as to the substantive issues raised by Plaintiffs' petition or the

designation of Rebuttal Experts.  Therefore, Defendants would strike that from the proposed schedule.

18. **Trial**: The parties dispute whether this case is suitable for resolution by a jury. It is Plaintiffs' position that, although the ultimate determination of whether to grant injunctive relief is for the Court, this determination will be based on certain predicate factual findings that are within the province of a jury to decide. Plaintiffs thus request a jury trial for those predicate factual matters that a jury is competent to decide.

Plaintiffs estimate that a trial will take 5 to 10days.

Defendants' position is that the proper test for whether a jury trial is available is whether this is an action at law.  Because the United States has not waived its sovereign immunity and because the only relief available in this case is injunctive relief.  Therefore, this is a case in equity, not an action at law, and a jury trial is not available.  Rather EPA anticipates that the Court may desire an oral argument on cross-motions for summary judgment.

19.  **Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party entities or persons with an interest in this case.

20.  **Professional Conduct:** All attorneys of record for the Parties in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1    Dated:   September 5, 2017                               Respectfully submitted,

2
                                                              JEFFREY H. WOOD
3                                                             Acting Assistant Attorney General

4                                                             /s/ *Norman L. Rave, Jr.*
                                                              NORMAN L. RAVE, JR.
5                                                             Environmental Defense Section
                                                              601 D Street, NW, Suite 8000
6                                                             Washington, DC 20004
                                                              Tel: (202) 616-7568
7                                                             Email: norman.rave@usdoj.gov

8
9                                                             *Attorneys for Defendants*

10                                                            */s/ Michael Connett* (by permission)
                                                              MICHAEL CONNETT
11                                                            CHRIS NIDEL
                                                              Food & Water Watch
12                                                            1814 Franklin St., Suite 1100
                                                              Oakland, CA 94612
13                                                            Tel:  (510) 922-0720

14
15                                                            *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that a true and correct copy of the foregoing was served by Notice

3 of Electronic Filing this 5th day of September, 2017, upon all ECF registered counsel of

4 record using the Court's CM/ECF system.

5

6                                                    /s/ *Norman L. Rave, Jr.*

7                                                    Norman L. Rave, Jr., Trial Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 17-CV-02162-EMC
JOINT CASE MANAGEMENT STATEMENT