1  JEFFREY H. WOOD
   Acting Assistant Attorney General
2  U.S. Department of Justice
   Environment & Natural Resources Division
3  NORMAN L. RAVE, JR. (D.C. 431602)
   Environmental Defense Section
4  601 D Street, NW, Suite 8000
   Washington, DC 20004
5  Tel.    (202) 616-7568
6  norman.rave@usdoj.gov

7  *Attorneys for Defendants*

8

9              **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN FRANCISCO DIVISION**

12

13
   FOOD & WATER WATCH, INC, et al.,          Case No.: 17-cv-02162-EMC
14
                    Plaintiffs,               FEDERAL DEFENDANTS'
15                                            NOTICE OF MOTION AND MOTION
                    v.                        TO LIMIT REVIEW TO THE
16                                            ADMINISTRATIVE RECORD AND
   UNITED STATES ENVIRONMENTAL               TO STRIKE PLAINTIFFS' JURY
17 PROTECTION AGENCY,                         DEMAND
   et al.,
18                                            DATE:   January 25, 2018
19                  Defendants.               TIME:   1:30 pm
                                              COURTROOM:  5, 17th Floor
20

21

22

23

24

25

26

27

28

1

2

## NOTICE OF MOTION

3

Please take notice that on January 25, 2018 at 1:30 p.m. or as soon thereafter as

4

counsel can be heard, Defendants United States Environmental Protection Agency and

5

Scott Pruitt, EPA Administrator, in his official capacity, will move this Court, located in

6

7

Courtroom 5, 17th Floor, United States Court House located at 450 Golden Gate Avenue,

8

San Francisco, California, to limit review to the administrative record and to strike

9

Plaintiffs' Jury Demand.

10

## RELIEF REQUESTED

11

The relief Defendants seek is a protective order limiting review to the

12

administrative record and an order striking Plaintiffs' Jury Demand.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

ARGUMENT ...........................................................................................................................2

I.     THE SCOPE OF REVIEW SHOULD BE LIMITED TO THE ADMINISTRATIVE
       RECORD .........................................................................................................................2

II.    PLAINTIFFS ARE NOT ENTITITLED TO A TRIAL BY JURY ...................................6

       A. Because this is a Case in Equity, Plaintiffs have no Right to a Jury. ..............................7

       B. The United States has not Waived its Sovereign Immunity to Trial by Jury ..................7

CONCLUSION.........................................................................................................................8

i

1

2                                    TABLE OF AUTHORITIES

3      Cases

4      *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
5          494 U.S. 558 (1990)................................................................................................. 7

6      *Commodity Futures Trading Comm'n v. Schor*,
7          478 U.S. 833 (1986)................................................................................................. 4

8      *Environmental Defense Fund v. Reilly*,
           909 F.2d 1497 (D.C. Cir. 1990) ............................................................................... 3
9
10     *Fla. Power & Light Co. v. Lorion*,
           470 U.S. 729 (1985)................................................................................................. 4
11
12     *Galloway v. United States*,
           319 U.S. 372 (1943)................................................................................................. 7
13
       *Hall v. Norton*,
14         266 F.3d 969 (9th Cir. 2001) ................................................................................... 4

15     *In re Young*,
16         869 F.2d 158 (2d Cir. 1989)..................................................................................... 8

17     *KLK, Inc. v. United States Dep't of the Interior*,
           35 F.3d 454 (9th Cir. 1994) ..................................................................................... 8
18
19     *Lehman v. Nakshian*,
           453 U.S. 156 (1961)...................................................................................... 2, 7, 89
20
21     *Lutz v. Glendale Union High School*,
           403 F.3d 1061 (9th Cir. 2005) ................................................................................. 7
22
       *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,
23         46 F.3d 938 (9th Cir. 1995) ..................................................................................... 4

24     *Opeta v. Northwest Airlines Pension Plan*,
25         484 F.3d 1211 (9th Cir. 2007) ................................................................................. 4

26     *Orndorf v. Paul Revere Life Ins. Co.*,
           404 F.3d 510 (1st Cir. 2005)..................................................................................... 5
27
28     *Perry v. Simplicity Engineering*,
           900 F.2d 963 (6th Cir. 1990) ................................................................................... 4

*San Luis & Delta-Mendota Water Authority v. Locke*,
    776 F.3d 971 (9th Cir. 2014) ................................................................................. 6

*Spinelli v. Gaughan*,
    12 F.3d 853 (9th Cir. 1993) ................................................................................... 7

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ............................................................................... 7

*Trumpeter Swan Society v. EPA*,
    774 F.3d 1037 (D.C. Cir. 2014) ............................................................................ 3

*Tull v. United States*,
    481 U.S. 412 (1987)........................................................................................... 2, 7

*United States Dep't of Energy v. Ohio*,
    503 U.S. 607 (1992)............................................................................................... 3

Statutes

15 U.S.C. § 2605(a) .............................................................................................. 1, 2

15 U.S.C. § 2620........................................................................................................ 1

15 U.S.C. § 2620(a) ................................................................................................... 2

15 U.S.C. § 2620(b)(1) .............................................................................................. 2

15 U.S.C. § 2620(b)(3) .............................................................................................. 5

15 U.S.C. § 2620(b)(4) .............................................................................................. 7

15 U.S.C. § 2620(b)(4)(A)...................................................................................... 2, 5

15 U.S.C. § 2620(b)(4)(B) ...................................................................................... 2, 5

Regulations

82 Fed. Reg. 11,878 (Feb. 27, 2017) ........................................................................ 5

CASE NO. 17-CV-02162-EMC
DEFENDANTS' MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE
RECORD AND TO STRIKE PLAINTIFFS' JURY DEMAND

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      Pursuant to the Court's Order of September 12, 2017, DN 27, Defendants United

3   States Environmental Protection Agency and Scott Pruitt, Administrator, in his official

4   capacity (collectively "EPA") respectfully move for a protective order to limit review to

5   the administrative record and for an order striking Plaintiffs' Jury Demand.

6

**INTRODUCTION**

7      As described in EPA's Motion to Dismiss, DN 28, Plaintiffs have brought this

8   action under section 21 of the Toxic Substances Control Act ("TSCA"), 15 U.S.C.

9   § 2620, seeking an injunction compelling EPA to initiate a rulemaking pursuant to TSCA

10  section 6(a), *id.* § 2605(a), to ban the introduction of "fluoridation chemicals" into

11  drinking water.  This motion addresses two procedural issues raised in the parties' Joint

12  Case Management Statement, DN 23: (1) whether the Court's review should be limited to

13  the administrative record or whether Plaintiffs are entitled to discovery and/or to present

14  to the Court evidence that was not presented to EPA during the Agency's review of

15  Plaintiffs' administrative petition; and (2) whether Plaintiffs are entitled to a trial by jury.

16     As demonstrated below, the scope of review in this case should be limited to the

17  administrative record.  While EPA does not dispute that the standard of review is de

18  novo, i.e., that the Court must independently examine the evidence in the record and need

19  not defer to the Agency's determinations, Plaintiffs' claim that they are entitled to create

20  an entirely new record is inconsistent with the language of section 21 and with the

21  caselaw holding that when a plaintiff had ample opportunity to present its case to the

22  agency, the Court's review of the agency's action should be based on the same

23  information that was presented to or created by the agency, i.e., the administrative record.

24  Here Plaintiffs had ample opportunity to present to EPA all of the factual information

25  supporting their petition, and thus there is no basis for the Court to go beyond the

26  administrative record.

27     Also as demonstrated below, Plaintiffs' request for a jury trial must be denied.

28  First, the Supreme Court has made clear that the right to a jury trial applies only to

1    actions at law, *Tull v. United States*, 481 U.S. 412, 417-18 (1987).  Because the only

2    remedy available under section 21 is an injunction requiring EPA to take the requested

3    action, this is indisputably an action in equity.  Second, the United States' sovereign

4    immunity bars a trial by jury in cases against the United States, unless it has waived its

5    sovereign immunity to trial by jury, *Lehman v. Nakshian*, 453 U.S. 156, 160 (1961), and

6    the United States has not done so here.  Accordingly, a jury trial is unavailable.

7                                          **ARGUMENT**

8    **I.      THE SCOPE OF REVIEW SHOULD BE LIMITED TO THE
             ADMINISTRATIVE RECORD**
9

10           As relevant to this case, TSCA section 21(a), 15 U.S.C. § 2620(a) provides that

11   any person may petition EPA to initiate a proceeding to issue a regulation under TSCA

12   section 6(a), 15 U.S.C. § 2605(a).  Such petition "shall set forth the facts which it is

13   claimed establish that it is necessary to issue, amend, or repeal a rule under [section

14   6(a)]."  *Id.* § 2620(b)(1).  The statute further provides that if EPA denies such a petition,

15   the petitioner may commence a civil action to compel the Administrator to initiate a

16   rulemaking "as requested in the petition."  *Id.* § 2620(b)(4)(A).  In any such action, "the

17   petitioner shall be provided an opportunity to have *such petition* considered by the court

18   in a de novo proceeding."  *Id.* § 2620(b)(4)(B) (emphasis added).

19           In short, the statute requires a petitioner to present to EPA the evidence it believes

20   establishes that the petition should be granted, and then provides for judicial review of

21   "such petition."  Thus, the plain language of the statute demonstrates that Congress

22   intended that, while the *standard* of review is de novo, i.e., the Court makes its own

23   evaluation of the record and does not have to give deference to EPA's conclusion, the

24   *scope* of the Court's review is limited to the administrative record before the Agency

25   when it denied Plaintiffs' administrative petition.  Any other reading would be

26   inconsistent with the statutory requirement that the petitioner must present to EPA *in the*

27   *petition* the facts that it contends warrant the initiation of rulemaking and with the

28   requirement that *such petition* is what is to be considered by the Court.

                                                 2

1   This conclusion is supported by a recent case where the D.C. Circuit indicated

2   (albeit, in passing) that it considers judicial review in section 21 cases to be limited to the

3   administrative record. *Trumpeter Swan Society v. EPA*, 774 F.3d 1037, 1042 (D.C. Cir.

4   2014) ("In the normal TSCA section 21 case, we would review the administrative record

5   …").  As discussed in EPA's Reply Brief on its Motion to Dismiss, DN 36 at 11, the D.C.

6   Circuit's earlier decision in *Environmental Defense Fund v. Reilly*, 909 F.2d 1497 (D.C.

7   Cir. 1990), does not, contrary to amici's assertion, resolve this issue.  The issue before the

8   court in *Reilly* was whether an action for review of EPA's denial of a TSCA section 21

9   petition could be brought under the Administrative Procedure Act ("APA") as well as

10  under section 21.  (The district court had dismissed the plaintiffs' APA claims, and the

11  section 21 claim had been resolved by settlement.)  The D.C. Circuit held that no APA

12  claim was available and, as part of its reasoning, discussed the different standards of

13  review.  909 F.2d at 1506 ("While the Section 21 court, proceeding de novo, is free to

14  disregard EPA's reasoning and decision, APA review is restricted and highly

15  deferential." (footnotes omitted)).  The question of whether the district court could

16  consider evidence beyond the administrative record was not before the court in *Reilly*.

17  Moreover, the judicial review provision of section 21 is a waiver of the United

18  States' sovereign immunity, and thus must be "construed strictly in favor of the sovereign

19  … and not enlarge[d] … beyond what the language requires."  *United States Dep't of*

20  *Energy v. Ohio*, 503 U.S. 607, 615 (1992) (citations and quotations omitted).  Plaintiffs'

21  claim that they are entitled to present to the Court evidence that was not presented to EPA

22  would mean that they have not complied with the requirement to present the relevant

23  facts in their petition and that the Court would engage in review of a new petition created

24  during the court proceedings rather than "such petition" as was presented to EPA.  Under

25  such circumstances, EPA would not have had the opportunity to act on, and could not

26  have denied, the petition being considered by the Court.

27  Because the Court's review is limited to the administrative record, no discovery is

28  appropriate because "the focal point for judicial review should be the administrative

3

1   record already in existence, not some new record made initially in the reviewing court."

2   *Hall v. Norton*, 266 F.3d 969, 977 (9th Cir. 2001), quoting *Fla. Power & Light Co. v.*

3   *Lorion*, 470 U.S. 729, 743-44 (1985).  Plaintiffs' claim that they are entitled to discovery

4   is based entirely on the provision in section 21(b)(4)(B) providing that "such petition"

5   will be considered in a de novo proceeding.  DN 23 at 2-4.  However, the term "de novo"

6   does not, by itself, provide that a reviewing court may consider evidence outside the

7   administrative record: "When a court reviews a decision *de novo*, it simply decides

8   whether or not it agrees with the decision under review.  The term is used, however, to

9   refer both to review of the decision below based only on the record below and to review

10   based on the record below plus any additional evidence received by the reviewing court."

11   *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990). *See Commodity*

12   *Futures Trading Comm'n v. Schor*, 478 U.S. 833, 853-55 (1986) (that legal rulings of the

13   agency were reviewed de novo did not require new trial in district court).

14         Rather, the Court must make a case-specific determination as to whether

15   supplementation of the administrative record is appropriate.  As discussed above, the

16   statute is clear that the Court's review of EPA's denial of a TSCA section 21 petition

17   should be limited to the administrative record.  However, even if the statute were not

18   clear, the caselaw demonstrates that review here should be limited to the administrative

19   record.  For example, the Ninth Circuit, in cases reviewing the denial of benefits under an

20   Employee Retirement Income Security Act ("ERISA") plan, has held that while the scope

21   of review is de novo, the court's review should generally be limited to the administrative

22   record, and the reviewing court should consider evidence beyond the record "*only* when

23   circumstances *clearly establish* that additional evidence is *necessary* to conduct an

24   adequate de novo review of the benefit decision."  *Opeta v. Northwest Airlines Pension*

25   *Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotations omitted, emphasis in

26   original); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938,

27   944 (9th Cir. 1995) ("We emphasize that a district court should not take additional

28   evidence merely because someone at a later time comes up with new evidence that was

4

1    not presented to the plan administrator").  In doing so, the Ninth Circuit has identified a

2    number of factors that should be considered in determining whether extra-record

3    evidence is appropriate, with the most relevant being whether the plaintiff had adequate

4    opportunity to develop its case before the administrative body.  *Id.*; *see also Orndorf v.*

5    *Paul Revere Life Ins. Co.*, 404 F.3d 510, 519-20 (1st Cir. 2005).

6            In this case, Plaintiffs had ample opportunity to make their case to EPA.  There

7    was no limit placed on the length of their petition or the type or number of references that

8    Plaintiffs could attach to it.  In addition, the petitioners were given the opportunity to

9    present their views to EPA orally.  82 Fed. Reg. 11,878, 11,881/3 (Feb. 27, 2017).

10   Plaintiffs thus had ample opportunity to present their case during the administrative

11   process, and therefore, as the First Circuit held in the ERISA context, "[i]t would offend

12   interests in finality and exhaustion of administrative procedures required by [TSCA] to

13   shift the focus from [the administrative decision] to a moving target by presenting

14   extra-administrative record evidence going to the substance of the decision."  *Orndorf*,

15   404 F.3d at 519.  Those same considerations apply here.  In section 21, Congress

16   explicitly required that an administrative petition stating the facts establishing that the

17   requested action is necessary be presented to and decided by EPA before it could be

18   brought to the Court.  Allowing Plaintiffs to create an entirely new and different record

19   on judicial review would essentially nullify the exhaustion requirement that Congress

20   explicitly included, and be inconsistent with the requirement that waivers of sovereign

21   immunity be strictly construed in favor of the United States

22           Plaintiffs' approach is also inconsistent with Congress' intent that citizen petitions

23   be resolved expeditiously.  The statute provides that EPA must either grant or deny a

24   petition within 90 days and that an action challenging a denial be brought within 60 days.

25   15 U.S.C. § 2620(b)(3), (4)(A).  There is no indication that Congress intended that this

26   otherwise expeditious process be then subjected to the lengthy process of discovery and

27   trial.  Given that the statutory language explicitly refers to consideration of "the petition,"

28

5

1   the only reasonable reading of the statute is that Congress intended the Court's review to

2   be limited to the administrative record.

3        EPA recognizes that, even where review is based on the administrative record,

4   courts have recognized that there are circumstances that warrant going beyond the

5   administrative record.  *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d

6   971, 992-93 (9th Cir. 2014).  The Ninth Circuit has recognized four such exceptions, i.e.,

7   where admission of extra-record evidence (1) is necessary to determine whether the

8   agency has considered all relevant factors and has explained its decision; (2) is necessary

9   to determine whether the agency has relied on documents not in the record; (3) when

10  supplementing the record is necessary to explain technical terms or complex subject

11  matter; and (4) when plaintiffs make a showing of agency bad faith.  *Id.*  EPA is not

12  asking the Court at this point to determine whether any of these exceptions may apply,

13  such as whether the Court would find it useful to have expert testimony (either by

14  deposition or direct testimony) on the technical issues raised by the Complaint.  Rather,

15  EPA is asking the Court to hold that its review is limited to the administrative record, that

16  discovery is not available, and that any claim that one of the exceptions to record review

17  applies will be determined on a case-specific basis.[1]

18  **II.     PLAINTIFFS ARE NOT ENTITLED TO A TRIAL BY JURY**

19       Plaintiffs have requested a jury to determine "predicate factual matters."  DN 23

20  at 7.  However, that the case may raise factual issues is not dispositive of whether the

21  Plaintiffs are entitled to a jury.  Rather, the dispositive questions are whether this is an

22  action at law and whether the United States has waived its sovereign immunity to trial by

23  jury.  Because the answer to both of those questions is No, no jury trial is available.

24

25

26

27  ―――――――――――――

[1]  EPA intends to address the issue of scheduling, including the identification and
28  deposing of experts if such testimony is permitted by the Court, in the supplemental case
management conference statement due January 18.

6

1

**A.      Because this is a Case in Equity, Plaintiffs have no Right to a Jury.**

2

3

The Supreme Court has made clear that the threshold requirement for a right to a jury is that the cause of action be one at law, rather than one in equity. *Tull*, 481 U.S. at 417-18.  As the Court stated, the Seventh Amendment provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," and "[t]he Court has construed this language to require a jury trial on the merits in those actions that are analogous to 'Suits at common law.'" *Id*. at 417.  In determining whether a case is one at law or in equity for this purpose, courts look at whether it is similar to cases brought in English courts of law in the 18th century and whether the remedy is legal or equitable in nature. *Id.*  The second factor is the more important one in the analysis. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

4

5

6

7

8

9

10

11

12

13

In this case, the only remedy provided by TSCA section 21 is an injunction requiring EPA to initiate a rulemaking under section 6(a).  15 U.S.C. § 2620(b)(4). Accordingly, this is a case in equity, and Plaintiffs are not entitled to a jury. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010); *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1067-69 (9th Cir. 2005); *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993).

14

15

16

17

18

19

20

**B.      The United States has not Waived its Sovereign Immunity to Trial by Jury.**

21

Plaintiffs' request for a jury trial is independently barred because the United States has not waived its sovereign immunity to trial by jury.  The Supreme Court long ago "settled that the Seventh Amendment right to trial by jury does not apply in *actions* against the Federal Government." *Lehman*, 453 U.S. at 160 (citations omitted) (emphasis added).  EPA, as an agency in the Executive Branch of the U.S. Government, is subject to suit only in accordance with the terms of an explicit waiver of sovereign immunity. *Galloway v. United States*, 319 U.S. 372, 388-89 (1943).  The Supreme Court recognized a "strong presumption against the waiver of sovereign immunity" for the right to a jury

22

23

24

25

26

27

28

1    trial unless Congress "affirmatively," "unambiguously," and "unequivocally" granted the

2    right by statute.  *Lehman*, 453 U.S. at 160-61, 162 n.9, 168.

3         There is nothing in section 21 that waives the United States' sovereign immunity

4    to trial by jury.  As the Ninth Circuit has stated, "There is no general right to a trial by

5    jury in actions against the federal government … And when Congress waives sovereign

6    immunity, that waiver 'does not, by itself, grant a right to trial by jury.'"  *KLK, Inc. v.*

7    *United States Dep't of the Interior*, 35 F.3d 454, 456 (9th Cir. 1994), quoting *In re*

8    *Young*, 869 F.2d 158, 159 (2d Cir. 1989).  Furthermore, "plaintiff has a right to trial by

9    jury only where that right is one of the terms of [the Government's] consent to be sued."

10   *Id.* (internal quotations and citations omitted).  Accordingly, because TSCA section 21

11   does not explicitly grant Plaintiffs the right to trial by jury, they have no such right, and

12   their request for a jury should be denied.

13                                    **CONCLUSION**

14        The Court's review in this action should be limited to the administrative record

15   and the Court should enter a protective order prohibiting discovery except as specifically

16   ordered by the Court upon a showing that one of the recognized exceptions to

17   administrative record review is applicable.  Plaintiffs' request for a jury trial should be

18   denied.

19   Dated:   December 14, 2017                    Respectfully submitted,

20                                                 JEFFREY H. WOOD
                                                   Acting Assistant Attorney General
21

22                                                 /s/ *Norman L. Rave, Jr.*
                                                   NORMAN L. RAVE, JR.
23                                                 Environmental Defense Section
                                                   601 D Street, NW, Suite 8000
24                                                 Washington, DC 20004
                                                   Tel: (202) 616-7568
25                                                 Email: norman.rave@usdoj.gov

26
                                                   *Attorneys for Defendants*
27

28

1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

3

4

FOOD & WATER WATCH, INC., et al.,
        Plaintiffs,

5

v.

6

7

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

8

        Defendants.

9

10

11

[PROPOSED] ORDER

12

13

14

Before the Court is Defendants' Motion to Limit Review to the Administrative Record and to Strike Plaintiffs' Jury Demand.  Upon due consideration and for good cause shown, the Motion is GRANTED.

15

16

The Court's review of this matter is limited to the administrative record to be submitted by EPA.

17

No discovery is permitted except by Order of the Court.

18

Plaintiffs' demand for a jury trial is stricken.

19

20

IT IS SO ORDERED.

21

DATED this _____ day of _____, 2017.

22

23

24

25

_____
EDWARD M. CHEN
United States District Court Judge

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 14th day of December, 2017, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Norman L. Rave, Jr.*
Norman L. Rave, Jr., Trial Attorney