1  MICHAEL E. WALL (SBN 170238)
2  AVINASH KAR (SBN 240190)
   Natural Resources Defense Council
3  111 Sutter Street, 21st Floor
4  San Francisco, CA 94104
   Tel.: (415) 875-6100 / Fax: (415) 795-4799
5  mwall@nrdc.org; akar@nrdc.org

6
7  *Attorneys for Proposed Amici Curiae*
   *Natural Resources Defense Council and*
8  *Safer Chemicals, Healthy Families*

9
10            UNITED STATES DISTRICT COURT FOR THE
11              NORTHERN DISTRICT OF CALIFORNIA
12

13 FOOD & WATER WATCH, INC.,          )  Case No. 17-cv-02162 EMC
   et al.,                           )
14                                    )  **[Proposed] Amicus Curiae Brief of**
                                      )  **Natural Resources Defense Council, Inc.,**
15           Plaintiffs,              )  **and Safer Chemicals, Healthy Families in**
        v.                            )  **Response to EPA's Motion to Limit Review**
16                                    )  **(Supporting Neither Party on the Merits)**
17 U.S. ENVIRONMENTAL                 )
   PROTECTION AGENCY, et al.          )
18                                    )
19           Defendants.              )
20                                    )
                                      )
21

22

23

24

25

26

27

28

   [Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
   Case No. 17-cv-02162 EMC

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................................ii

BRIEF AMICUS CURIAE.................................................................................................1

     I.     The plain language of TSCA section 21 provides for a

           de novo proceeding ..................................................................................1

     II.    Congress's specification of record review in other relevant contexts

           confirms that a section 21 de novo proceeding is not a record-review

           proceeding............................................................................................4

     III.   TSCA's legislative history shows that Congress expected courts to take

           new evidence in de novo section 21 proceedings ...........................................6

CONCLUSION .................................................................................................................6

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1

## TABLE OF AUTHORITIES

2

**Cases**

3  *Barnhart v. Sigmon Coal Co.,*

4  534 U.S. 438 (2002)............................................................................................................5

5  *Bell Atl. Corp. v. Twombly,*

6  550 U.S. 544 (2007)............................................................................................................3

7  *Brower v. Evans,*

8  257 F.3d 1058 (9th Cir. 2001)...........................................................................................1

9  *Citizens to Pres. Overton Park v. Volpe,*

10  401 U.S. 402 (1971)............................................................................................................4

11  *City of Milwaukee v. Illinois,*

12  451 U.S. 304 (1981)............................................................................................................4

13  *Doe v. United States,*

14  821 F.2d 694 (D.C. Cir. 1987)...........................................................................................1

15  *Envtl. Def. Fund v. Reilly,*

16  909 F.2d 1497 (D.C. Cir. 1990)......................................................................................5, 6

17  *Firestone Tire & Rubber Co. v. Bruch,*

18  489 U.S. 101 (1989)............................................................................................................2

19  *Harman v. Apfel,*

20  211 F.3d 1172 (9th Cir. 2000)...........................................................................................1

21  *Kappos v. Hyatt,*

22  566 U.S. 431 (2012)............................................................................................................2

23  *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,*

24  46 F.3d 938 (9th Cir. 1995) ..............................................................................................2

25  *Sarnoff v. Am. Home Prods. Corp.,*

26  798 F.2d 1075 (7th Cir. 1986)...........................................................................................5

27

28

1   *Timmons v. White,*

2        314 F.3d 1229 (10th Cir. 2003) ...............................................................................1

3   *Trumpeter Swan Soc'y v. EPA,*

4        774 F.3d 1037 (D.C. Cir. 2014)..............................................................................5

5   *United States v. Johnson,*

6        256 F.3d 895 (9th Cir. 2001) ..................................................................................5

7   *United States v. Raddatz,*

8        447 U.S. 667 (1980)............................................................................................5, 6

9

10                          **Statutes and Regulations**

11   Act of Oct. 21, 1976, Pub. L. No. 94-577, § 1, 90 Stat. 2729 ......................................5

12   Administrative Procedure Act, 5 U.S.C. § 706................................................................4

13   Toxic Substances Control Act,

14        15 U.S.C. § 2605(b)(4)(G). ....................................................................................4

15        15 U.S.C. § 2605(c)(1) ..........................................................................................4

16        15 U.S.C. § 2618(b)................................................................................................4

17        15 U.S.C. § 2618(c)(1)(B) .....................................................................................4

18        15 U.S.C. § 2620(b)(1) ..........................................................................................3

19        15 U.S.C. § 2620(b)(3) ..........................................................................................3

20        15 U.S.C. § 2620(b)(4)(B) ...............................................................................1, 2, 3

21

22                                **Federal Rules**

23   Fed. R. Civ. P. 8................................................................................................................3

24   Fed. R. Civ. P. 12(a)(2) ....................................................................................................4

25   Fed. R. Evid. 401 ..............................................................................................................3

26

27

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1

**Legislative History**

2   S. Rep. No. 94-698 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4491 ...............................................6

3   H.R. Conf. Rep. No. 94-1679 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4539............................6

4   H. Rep. 94-1609 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6161....................................................6

5

6

**Other Authorities**

7   *Black's Law Dictionary* (7th ed. 1999).........................................................................................1

8   *Black's Law Dictionary* (10th ed. 2014)..................................................................................1, 2

9   *Merriam-Webster Dictionary* (online ed.),

10        https://www.merriam-webster.com/dictionary/proceeding .....................................2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1

**BRIEF AMICUS CURIAE**

2      Section 21 of the Toxic Substances Control Act (TSCA) provides a petitioner

3  seeking a new section 6(a) rule a right to have the petition considered by a district court

4  "in a de novo proceeding," if the Environmental Protection Agency (EPA) denies the

5  petition. 15 U.S.C. § 2620(b)(4)(B). Nothing in section 21 limits a court's consideration of

6  such a petition to the "administrative record" of EPA's denial. To the contrary, the

7  language, structure, and history of section 21 all support the district court's

8  consideration of new evidence.[1]

9  **I.     The plain language of TSCA section 21 provides for a de novo proceeding**

10      "The starting point in statutory interpretation is the language of the statute

11  itself." *Brower v. Evans*, 257 F.3d 1058, 1065 (9th Cir. 2001). In section 21 of TSCA,

12  Congress gave disappointed citizen petitioners a right to a "de novo proceeding" in

13  court. 15 U.S.C. § 2620(b)(4)(B). Congress could hardly have spoken in plainer terms.

14      "De novo" means "anew," *Black's Law Dictionary* 529 (10th ed. 2014), or "a fresh,

15  independent" judicial consideration, *Doe v. United States*, 821 F.2d 694, 697-98 (D.C. Cir.

16  1987). Of course, "de novo" takes on different meanings depending on what noun it

17  modifies. A de novo *trial* is "[a] new trial on the *entire* case—that is, on both questions of

18  fact and issues of law—as if there had been no trial in the first instance." *Timmons v.*

19  *White*, 314 F.3d 1229, 1233 (10th Cir. 2003) (alteration in original) (quoting *Black's Law*

20  *Dictionary* (7th ed. 1999)). By contrast, de novo judicial *review* generally refers to a

21  standard of judicial review of a lower court's or agency's ruling, in which the reviewing

22  court determines legal issues, at least, nondeferentially. *See Harman v. Apfel*, 211 F.3d

23  1172, 1175 (9th Cir. 2000). EPA apparently believes that section 21 provides for this kind

24  of de novo judicial review of the Agency's decision.

25

26  _____

    [1] Amici take no position on whether the plaintiffs here may demand a jury trial. Nor do

27  amici take any position on the merits of the plaintiffs' rulemaking petition.

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1      Section 21 does not direct "de novo review," however.[2] Instead, Congress

2 through section 21 gave the disappointed citizen petitioner a right to have a petition

3 considered by a district court "in a de novo *proceeding*." 15 U.S.C. § 2620(b)(4)(B)

4 (emphasis added). A "proceeding" is a "legal action." *See Merriam-Webster Dictionary*

5 (online ed.), https://www.merriam-webster.com/dictionary/proceeding. The word is

6 understood to mean "[t]he regular and orderly progression of a lawsuit, including all

7 acts and events between the time of commencement and the entry of judgment." *Black's*

8 *Law Dictionary* 1398 (10th ed. 2014).

9      The plain import of Congress's decision to grant a "de novo" district court

10 "proceeding" is that the proceeding—the entire proceeding—is de novo. The district

11 court is not reviewing EPA's decision on the agency's record, but conducting a new

12 proceeding. And where Congress uses language that "neither imposes unique

13 evidentiary limits in district court proceedings nor establishes a heightened standard of

14 review for factual findings by the [agency]," the courts should generally not impose

15 such evidentiary limits themselves. *Kappos v. Hyatt*, 566 U.S. 431, 437 (2012).[3]

16

17   [2] EPA's reliance on Employment Retirement Income Security Act (ERISA) cases is

18 puzzling. *See* EPA Br. 4 (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,

19 46 F.3d 938, 944 (9th Cir. 1995)). The de novo "review" standard those cases apply reflects a judicial interpretation of common-law trust principles. *See Firestone Tire & Rubber Co. v.*

20 *Bruch*, 489 U.S. 101, 112-13, 114 (1989). ERISA does not call for a "de novo proceeding,"

21 and the ERISA cases have no discernible relevance to the meaning of TSCA section 21.

22   [3] *Kappos* involved a statutory scheme somewhat like section 21. The statute allowed a

23 patent applicant, whose patent was denied, to sue the patent office in district court. 566 U.S. at 433. The statute did not specify that the proceeding was de novo, but the Court

24 held that it was—and that the applicant-plaintiff could introduce new evidence subject

25 only to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *Id.* at 436, 444. "The district court must assess the credibility of new witnesses and other evidence,

26 determine how the new evidence comports with the existing administrative record, and

27 decide what weight the new evidence deserves." *Id.* at 444.

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

2

1    EPA's contrary theory rests on an atextual sleight of hand: The Agency argues

2  that because a petition must state "the *facts* which it is *claimed* establish" the need for a

3  new rule, *see* 15 U.S.C. § 2620(b)(1) (emphasis added), the petition must also "present to

4  EPA the *evidence* it believes establish" these facts and, thus, the new rule's necessity,

5  EPA Br. 2. But TSCA section 21(b)(1) does not require "evidence." Substantively, it

6  requires only that a petition state what *facts* the petitioner claims justify the new rule.

7    "Evidence" and "facts" are not synonyms. In legal proceedings, evidence (such

8  as relevant documents, testimony, admissions, and the like) is submitted to prove a fact.

9  *See, e.g.*, Fed. R. Evid. 401 (stating that "[e]*vidence* is relevant if . . . it has any tendency to

10  make a *fact* more or less probable than it would be without the evidence" (emphasis

11  added)). While a petitioner may have an incentive to submit evidence with a petition—

12  because doing so may encourage EPA to grant the petition and initiate a new

13  rulemaking—section 21(b)(1) nowhere requires a petition to attach evidence. Section 21

14  first uses the word "evidence," not in establishing requirements for petitions, but in

15  describing the de novo proceeding that a disappointed petitioner may bring in district

16  court. *See* 15 U.S.C. § 2620(b)(4)(B) ("If the petitioner demonstrates to the satisfaction of

17  the court by a preponderance of the evidence . . . .").

18    Section 21(b)(1)'s requirement that a petition state the facts that a petitioner

19  contends justify a new rule is functionally similar to the requirement of Rule 8 of the

20  Federal Rules of Civil Procedure that a complaint allege "enough fact[s] to raise a

21  reasonable expectation that discovery will [later] reveal evidence" that supports the

22  plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, Rule 8

23  demands that a complaint allege facts that, if proven, would demonstrate an entitlement

24  to relief, but it does not require a complaint to include the plaintiff's evidence. Nor does

25  TSCA section 21(b)(1) require such evidence to be included with a citizen petition.[4]

26

27    [4] This understanding is consistent with the structure of section 21, which gives EPA
     ninety days to grant or deny a petition. 15 U.S.C. § 2620(b)(3). That is slightly more time

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

3

**II.** **Congress's specification of record review in other relevant contexts confirms that a section 21 de novo proceeding is not a record-review proceeding**

When Congress has specified something in one statute, but not another, that tends to indicate that Congress "knows how to say" what "it means to" say. *See City of Milwaukee v. Illinois*, 451 U.S. 304, 329 n.22 (1981). Congress has specified record review in other relevant contexts. It did not do so in section 21 of TSCA.

One need not look far to find contrasting examples. TSCA section 19 provides that judicial review of EPA's TSCA rules is conducted pursuant to the judicial-review provisions of the Administrative Procedure Act (APA), with certain adjustments. *See* 15 U.S.C. § 2618(c)(1)(B) (incorporating 5 U.S.C. § 706). The APA, of course, generally requires judicial review to be based on the record of the agency's proceedings, *see* 5 U.S.C. § 706, rather than on a new record created in the district court, *see Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). Section 19's express incorporation of the APA's judicial-review provisions thus incorporates the APA's record-review requirement, except as modified in section 19 itself.[5]

---

than EPA typically is given to respond to a district-court complaint, *see* Fed. R. Civ. P. 12(a)(2), but far less than the three-plus years EPA is given to complete a section 6(b) risk evaluation, *see* 15 U.S.C. § 2605(b)(4)(G), or the two-to-four years EPA is given to complete a section 6(a) rulemaking, *see id*. § 2605(c)(1). As this Court pointed out in denying EPA's motion to dismiss, "[i]f the EPA is correct that a citizen petitioner must present *all* scientific information related to *all* conditions of use of a chemical substance, then the EPA would essentially be required to perform a potentially wide ranging plenary review within three *months* perhaps approximating what the EPA would otherwise have three-and-a-half *years* to complete." Order at 18 (ECF No. 42). EPA's renewed suggestion that a section 21 petition must include all supporting evidence again assumes, improbably, that EPA could both evaluate the citizen petitioner's evidence and gather and evaluate the Agency's own evidence in just three months.

    [5] In section 19, Congress allowed a reviewing court to direct EPA to accept new evidence "in the proceeding before the Administrator." 15 U.S.C. § 2618(b).

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1    Section 21, in contrast, does not mention the APA's judicial-review provisions.

2  Instead, it specifies a "de novo proceeding" in district court. EPA offers no reason to

3  believe that Congress's decision to provide a de novo proceeding, rather than review on

4  an administrative record, was a mistake. When "Congress includes particular language

5  in one section of a statute but omits it in another section of the same Act, it is generally

6  presumed that Congress acts intentionally and purposefully in the disparate inclusion or

7  exclusion." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002). This is why, in

8  *Environmental Defense Fund v. Reilly*, the D.C. Circuit contrasted a section 21 proceeding,

9  in which the plaintiff "is entitled to de novo consideration of his petition for issuance of

10  a new rule," with APA review, which "save in rare instances, must be conducted on the

11  administrative record." 909 F.2d 1497, 1506 (D.C. Cir. 1990).[6]

12    Congress's intention that a TSCA section 21 "de novo proceeding" be a truly "de

13  novo proceeding" is further underscored by Congress's enactment, ten days after its

14  enactment of TSCA, of a statute that requires district judges to "make a de novo

15  determination of those portions of the [magistrate judge's] . . . findings or

16  recommendations to which objection is made." Act of Oct. 21, 1976, Pub. L. No. 94-577,

17  § 1, 90 Stat. 2729. In *United States v. Raddatz*, the Supreme Court held that this "de novo

18  determination" provision does not require a district court to take new evidence at a

19  hearing. 447 U.S. 667 (1980). *Raddatz* reasoned that Congress had required only a "de

20  novo determination" of specific objections to the magistrate's report, not a "de novo

21  hearing." *Id.* at 673-76. "Congress purposefully used the word *determination* rather than

22

23   [6] While EPA dismisses *Reilly*'s analysis of section 21 as a dictum, the case's comparison
of section 21 and the APA was key to the court's reasoning; the analysis could not be

24  "deleted without seriously impairing the analytical foundations of the holding." *Sarnoff v.*
*Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986). By contrast, the single line on

25  which EPA relies from *Trumpeter Swan Society v. EPA*, 774 F.3d 1037, 1042 (D.C. Cir. 2014),

26  *see* EPA Br. 3, is not part of that court's reasoning, and appears to have been "made

27  casually and without analysis," *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001).

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1   *hearing*" to indicate that the district court could rely on the evidence received by the

2   magistrate judge, without necessarily taking new evidence. *Id.* at 676.

3         The clear implication of *Raddatz* is that, if Congress had specified a "de novo

4   hearing," a district court would have to allow new evidence when resolving objections

5   to a magistrate judge's findings. *See id.* TSCA specifies a "de novo proceeding," rather

6   than a "de novo hearing," but the phrases serve a similar function: The entire section 21

7   judicial proceeding, including the court's receipt of evidence, is conducted "de novo."

8   Such a de novo proceeding is not limited to an administrative record.

9   **III.   TSCA's legislative history shows that Congress expected courts to take new**

10              **evidence in de novo section 21 proceedings**

11        TSCA's legislative history confirms what section 21 plainly says. The Senate

12  committee report on TSCA stated that, in a section 21 proceeding, a court would

13  "*gather*[] *evidence* in a de novo procedure." S. Rep. No. 94-698, at 9 (1976) (emphasis

14  added), *reprinted in* 1976 U.S.C.C.A.N. 4491, 4499. A court does not normally "gather

15  evidence" in a record-review case. The conference report on TSCA explains *why*

16  Congress thought the district court would need to gather evidence: Section 21 "affords

17  greater rights to a person petitioning for the issuance of a rule or order," the conferees

18  explained, "because in such a situation [EPA] will not previously have addressed the

19  issue." H.R. Conf. Rep. No. 94-1679, at 98 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4539,

20  4583; *see Reilly*, 909 F.3d at 1503. In other words, Congress made the section 21

21  proceeding de novo in part because it believed that the court would need to consider

22  evidence that EPA—having denied the petition—had not yet gathered.[7]

23                              **CONCLUSION**

24        A de novo section 21 proceeding is not conducted on an administrative record.

25

26    [7] In *Raddatz*, by contrast, the committee report stated that Congress did *not* intend to
    require district courts to take new evidence. *Raddatz*, 447 U.S. at 675 (quoting H. Rep.
27  94-1609, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6161, 6163).

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1 | January 5, 2018                                   Respectfully submitted,

2

3                                                      /s/ Michael E. Wall

4                                                      MICHAEL E. WALL (SBN 170238)
                                                       AVINASH KAR (SBN 240190)
5                                                      Natural Resources Defense Council
                                                       111 Sutter Street, 21st Floor
6                                                      San Francisco, CA 94104
                                                       Tel.: (415) 875-6100 / Fax: (415) 795-4799
7
                                                       mwall@nrdc.org; akar@nrdc.org
8

9                                                      *Attorneys for Proposed Amici*

10                                                     *Natural Resources Defense Council and*

11                                                     *Safer Chemicals, Healthy Families*

12

13 | *Of Counsel for Safer Chemicals, Healthy Families*:

14 | Robert M. Sussman
     3101 Garfield Street, NW
15 | Washington, DC 20008

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

7