1   JEFFREY H. WOOD
    Acting Assistant Attorney General
2   U.S. Department of Justice
    Environment & Natural Resources Division
3   NORMAN L. RAVE, JR. (D.C. 431602)
    Environmental Defense Section
4   601 D Street, NW, Suite 8000
    Washington, DC 20004
5   Tel.     (202) 616-7568
    norman.rave@usdoj.gov
6
7   *Attorneys for Defendants*
8
9              IN THE UNITED STATES DISTRICT COURT
10          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11                  SAN FRANCISCO DIVISION
12
13
    | FOOD & WATER WATCH, INC, et al., | Case No.: 17-cv-02162-EMC |
14  | | |
    | Plaintiffs, | FEDERAL DEFENDANTS' |
15  | | REPLY IN FURTHER SUPPORT OF |
    | v. | MOTION TO LIMIT REVIEW TO THE |
16  | | ADMINISTRATIVE RECORD |
    | UNITED STATES ENVIRONMENTAL | |
17  | PROTECTION AGENCY, | DATE:   January 25, 2018 |
    | et al., | TIME:    1:30 pm |
18  | | COURTROOM:  5, 17th Floor |
    | Defendants. | |
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF CONTENTS

I.     THE LANGUAGE AND STRUCTURE OF TSCA SECTION 21 ESTABLISH
       THAT REVIEW SHOULD BE LIMITED TO THE ADMINISTRATIVE
       RECORD .............................................................................................................. 2

II.    WHETHER A DE NOVO PROCEEDING IS LIMITED TO THE
       ADMINISTRATIVE RECORD MUST BE DETERMINED BASED ON
       THE SPECIFIC LANGUAGE AND STRUCTURE OF THE STATUTORY
       PROVISION AT ISSUE ........................................................................................ 4

III.   NEITHER *KAPPOS* NOR *REILLY* SUPPORT PLAINTIFFS' CLAIM ............................ 5

IV.    THE SENATE REPORT CANNOT OVERCOME THE PLAIN
       LANGUAGE OF THE STATUTE........................................................................... 7

V.     NEITHER THE PROVISION FOR THE POTENTIAL RECOVERY OF
       EXPERT WITNESS FEES NOR THE 90-DAY PERIOD OF REVIEW
       SUPPORT PLAINTIFFS' CLAIM ........................................................................... 9

VI.    THE PRINCIPLES ARTICULATED IN *OPETA* AND *MONGELUZO*
       APPLY TO THIS CASE ......................................................................................... 9

CONCLUSION ............................................................................................................... 11

i

1

2

### <u>TABLE OF AUTHORITIES</u>

3

Cases

4

5

*Bennett v. United States*,
    371 F.2d 859 (Ct. Cl. 1967) ................................................................................ 5

6

7

*Callejo v. Resolution Trust Corp.*,
    17 F.3d 1497 (D.C. Cir. 1994) ............................................................................. 5

8

9

*Commodity Futures Trading Comm'n v. Schor*,
    478 U.S. 833 (1986) ............................................................................................ 4

10

*Democratic Leadership Council, Inc. v. United States*,
    542 F. Supp. 2d 63 (D.D.C. 2008) ..................................................................... 5

11

12

*Doe v. United States*,
    821 F.2d 694 (D.C. Cir. 1987) ............................................................................ 4

13

14

*Environmental Defense Fund v. Reilly*,
    909 F.2d 1497 (D.C. 1990) .......................................................................... 5, 6, 7

15

16

*Ewing v. C.I.R.*,
    122 T.C. 32 (2004), *vacated*,
    439 F.3d 1009 (9th Cir. 2006) ............................................................................ 5

17

18

*Hackley v. Roudebush*,
    520 F.2d 108 (D.C. Cir. 1975) ........................................................................... 5

19

20

21

*Hyatt v. Kappos*,
    625 F.3d 1320 (Fed. Cir. 2010), *aff'd and remanded*,
    566 U.S. 431 (2012) ............................................................................................ 5

22

23

*Kappos v. Hyatt*,
    566 U.S. 431 (2012) ........................................................................................ 5, 6

24

*Los Angeles Lakers v. Federal Ins. Co.*,
    869 F.3d 795 (9th Cir. 2017) .............................................................................. 7

25

26

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,
    46 F.3d 938 (9th Cir. 1995) ......................................................................... 10, 11

27

28

*Opeta v. Northwest Airlines Pension Plan*,
    484 F.3d 1211 (9th Cir. 2007) ..................................................................... 10, 11

ii

*Orndorf v. Paul Revere Life Ins. Co.*,
    404 F.3d 510 (1st Cir. 2005) .......................................................................... 10

*San Luis & Delta-Mendota Water Authority v. Locke*,
    776 F.3d 971 (9th Cir. 2014) ........................................................................... 8

*Trumpeter Swan Society v. EPA*,
    774 F.3d 1037 (D.C. Cir. 2014) .............................................................. 3, 6, 7

Statutes

15 U.S.C. § 2605(a) ........................................................................................... 2

15 U.S.C. § 2618 ................................................................................................ 4

15 U.S.C. § 218(a) ............................................................................................. 4

15 U.S.C. § 2618(b) ........................................................................................... 4

15 U.S.C. § 2618(c) ........................................................................................... 4

15 U.S.C. § 2620 ....................................................................................... passim

15 U.S.C. § 2620(b)(1) ................................................................................... 2, 3

15 U.S.C. § 2620(b)(4)(B) ................................................................................. 2

CASE NO. 17-CV-02162-EMC
DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD

Defendants the United States Environmental Protection Agency and Scott Pruitt, Administrator, in his official capacity (collectively "EPA" or "the Agency") submit this reply in further support of their motion for a protective order limiting review to the administrative record.  Plaintiffs have withdrawn their request for a jury trial, DN 46 at 1 n.1, and thus there is no need for the Court to rule on EPA's motion to strike Plaintiffs' jury claim.

As described in our motion (DN 41 at 2-6), the language and the logic of section 21 of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2620, demonstrate that the Court's review in this case should be limited to the administrative record.[1]  Although Plaintiffs offer their own interpretation of the statute's language, they do not address why Congress would have required a petition to EPA set out the facts the petitioner asserts establish the necessity for EPA to commence a rulemaking, and then provide a judicial forum in which the same petitioner could seek an order to initiate the same rulemaking based on a completely different set of facts.  Such a procedure would make the requirement to petition the Agency superfluous.

Furthermore, Plaintiffs have not identified what facts, in addition to those presented in their petition and the EPA response, would be needed by the Court to adjudicate this case.  (Moreover, that Plaintiffs believe additional facts to be necessary is a tacit acknowledgment that their petition did not meet the statutory requirement to present to EPA facts that warrant commencement of a rulemaking.)  Similarly, Plaintiffs have not identified any relevant facts that they would seek in discovery that would be required to resolve the case.  Nor have Plaintiffs asserted any reason why they did not have an adequate opportunity to present their case to EPA.  Plaintiffs had no deadline for filing their petition, and thus had no time constraints on their ability to develop the record supporting their petition.  This is demonstrated by the petition, which includes over three

---

[1] As discussed in the motion, EPA recognizes that due to the technical nature of the record, the Court may find expert testimony helpful.  However, such testimony can be admitted under a well-established exception to record review.  *See* DN 41 at 6.

1  hundred attached references.  Thus, there is already an exhaustive administrative record,

2  and as described in EPA's motion, review in this case should be limited to that record.

3  **I.    THE LANGUAGE AND STRUCTURE OF TSCA SECTION 21**
       **ESTABLISH THAT REVIEW SHOULD BE LIMITED TO THE**
4      **ADMINISTRATIVE RECORD**

5         In this case, Plaintiffs seek to compel EPA to initiate a proceeding to issue a

6  regulation under TSCA section 6(a), 15 U.S.C. § 2605(a).  Such petition "shall set forth

7  the facts which it is claimed establish that it is necessary to issue, amend, or repeal a rule

8  under [section 6(a)]."  *Id*. § 2620(b)(1).  If EPA fails to act on the petition within 90 days

9  or if EPA denies the petition, "the petitioner shall be provided an opportunity to have

10 *such petition* considered by the court in a de novo proceeding."  *Id.* § 2620(b)(4)(B).  The

11 reference to "such petition" clearly demonstrates that the court in an action under section

12 21 is to base its review on the record that the petitioner presented to EPA.  Otherwise the

13 court is not considering "such petition" but rather some completely different petition

14 created in the district court that EPA has had no opportunity to address.

15        If Congress had wanted to simply create a cause of action for citizens to compel

16 EPA to undertake a particular rulemaking based on whatever evidence a plaintiff chooses

17 to present to the court after free-ranging discovery, it could have done so.  Instead it

18 established a well-defined and expeditious process, in which EPA is required to respond

19 to a petition within 90 days, the petitioner must file an action in district court within 60

20 days of a denial or expiration of the 90-day period without a response, and the court is to

21 weigh the evidence presented in the petition and by EPA in its denial and make its own

22 determination of whether the petition meets the standard to compel EPA to commence a

23 rulemaking.  Plaintiffs' alternative construction disrupts the expeditious process set forth

24 in the statutory scheme by introducing lengthy discovery and trial procedures, and

25 renders superfluous the statutory language that the court is to consider "such petition,"

26 i.e., the petition submitted to EPA.  That construction is thus inconsistent with the statute.

27

28

2

1    Plaintiffs' approach also renders superfluous the statutory requirement that a

2  petitioner first exhaust her or his administrative remedies via a petition setting forth the

3  facts that establish the petitioner's claim that a rulemaking is necessary.  15 U.S.C.

4  § 2620(b)(1).  If, as Plaintiffs maintain, facts beyond those presented in the petition are

5  necessary to establish that a rulemaking is necessary, then they have not complied with

6  the statutory requirement to first present the necessary facts to EPA in their petition, and

7  thus have not satisfied the statutory condition precedent to the filing of this action.  *See*

8  *Trumpeter Swan Society v. EPA*, 774 F.3d 1037, 1040 (D.C. Cir. 2014) ("Critically for

9  our purposes, section 21 requires that a petition satisfy only two requirements: that it be

10  filed in EPA's principal office and that it set forth facts establishing the need for the

11  requested rule.").  Thus, a determination that Plaintiffs can present facts to the Court that

12  were not presented to EPA is inconsistent with that statutory requirement and would

13  render that provision superfluous.

14    Plaintiffs' attempt to avoid this conclusion by drawing a distinction between facts

15  and evidence, DN 46 at 5-6, is meritless.  Evidence is composed of facts, so a petition

16  that does not contain supporting evidence does not contain supporting facts.  Even if

17  there were a difference, facts must be established through evidence regardless of whether

18  the facts are being presented to an agency or to a court.  It is not credible to assume, as

19  Plaintiffs appear to, that Congress intended that an administrative petition seeking to have

20  EPA commence a rulemaking to impose conditions on a chemical substance would

21  consist only of some bare recitation of facts without any supporting references or

22  evidence, and that, on the basis of that bare recitation EPA would be able to determine

23  within 90 days whether to commence such a rulemaking.  Among other things, this would

24  mean that EPA might well deny a petition it would have granted had supporting evidence

25  been provided, thereby rendering judicial review unnecessary.  It is much more

26  reasonable to believe that Congress would require petitioners to act as Plaintiffs did here,

27  which is to submit a petition supported by the facts that they believe warrant a

28  rulemaking, including the evidence supporting the need for the action.  Plaintiffs' petition

3

1    includes over 300 scientific or technical references, and they have provided no rationale

2    for why any additional record is necessary.

3          Finally, TSCA section 19, 15 U.S.C. § 2618, provides no support for Plaintiffs'

4    claims (DN 46 at 4).  TSCA section 19 provides that judicial review of specified rules

5    and orders under TSCA be had in the courts of appeals, even though the standard of

6    review in many cases is the substantial evidence standard.  *Id.* § 2618(a), (c).  Because

7    these cases will be heard in the courts of appeal, the court will not be taking evidence

8    even though it must independently weigh the evidence under that standard of review.

9    Moreover, section 19 specifically refers to petitions for review of EPA low-risk

10   determinations as "civil actions" even though they are brought in the courts of appeals,

11   *id.* § 2618(a)(1)(C), contrary to Plaintiffs' assertion that a "civil action" necessarily

12   involves discovery.  Finally, section 19 does not provide for the presentation of additional

13   testimony directly to the court, but rather provides that, upon a proper showing, the court

14   can require *EPA* to consider further written or oral presentations before the court

15   considers any new or modified rule or order arising from those submissions.  *Id.*

16   § 2618(b).

17   **II.    WHETHER A DE NOVO PROCEEDING IS LIMITED TO THE**
18   **ADMINISTRATIVE RECORD MUST BE DETERMINED BASED ON**
     **THE SPECIFIC LANGUAGE AND STRUCTURE OF THE STATUTORY**
19   **PROVISION AT ISSUE**

20         Plaintiffs base their argument that they are entitled to discovery and the

21   introduction of new evidence primarily on the fact that section 21 refers to a "de novo

22   proceeding."  DN 46 at 2-4.  The term "de novo" does not, by itself, provide that review

23   can be expanded beyond the administrative record.  *Commodity Futures Trading Comm'n*

24   *v. Schor*, 478 U.S. 833, 853-55 (1986) (that legal rulings of the agency were reviewed de

25   novo did not require new trial in district court); *Doe v. United States*, 821 F.2d 694, 698

26   nn. 9, 10 (D.C. Cir. 1987) ("The expression 'de novo' may also be used when no record

27   supplementation is involved, but the legal issue presented is to be reviewed

28   nondeferentially."  .   .   .  "de novo review, in diverse contexts, does not entail any

                                                4

1  trial-type hearing.")  For example, when appellate courts engage in de novo review of

2  district court rulings, they do not take additional evidence.  As described above, given the

3  specific language and structure of TSCA section 21, the plain reading of the statute is

4  that, in cases such as this, Congress intended review to be limited to the administrative

5  record.

6        While Plaintiffs cite numerous cases that happen to use the term "de novo

7  proceeding," DN 46 at 3 n.4, none of them support their contention that Congress' use of

8  the term "de novo proceeding" requires that Plaintiffs are entitled to discovery and to

9  introduce new evidence.  First, none of the cited cases make such a holding.  Rather, they

10  either simply use the term in passing,[2] rely on prior case law holding that a particular

11  type of proceeding is not limited to the administrative record,[3] or make that determination

12  based on an analysis of the specific statute involved.[4]  Secondly, none of the cited cases

13  involve the same type of situation presented here, i.e., a case involving a petition for

14  rulemaking to an agency that may be presented to the court under specified conditions

15  after being denied by the agency.  Thus, Plaintiffs are not entitled to discovery and to

16  introduce new evidence merely because the statute uses the language "de novo

17  proceeding."  Rather, the Court must make its determination based upon the specific

18  language and structure of TSCA section 21.

19  **III.    NEITHER *KAPPOS* NOR *REILLY* SUPPORT PLAINTIFFS' CLAIM**

20        Plaintiffs also rely heavily on the Supreme Court's decision in *Kappos v. Hyatt*,

21  566 U.S. 431 (2012), and the D.C. Circuit's decision *Environmental Defense Fund v.*

---

23  [2] *Callejo v. Resolution Trust Corp.*, 17 F.3d 1497 (D.C. Cir. 1994); *Bennett v. United*
24  *States*, 371 F.2d 859 (Ct. Cl. 1967); *Ewing v. C.I.R.*, 122 T.C. 32 (2004), vacated, 439
   F.3d 1009 (9th Cir. 2006).

25  [3] *Hyatt v. Kappos*, 625 F.3d 1320 (Fed. Cir. 2010), *aff'd and remanded*, 566 U.S. 431
26  (2012); *Democratic Leadership Council, Inc. v. United States*, 542 F. Supp. 2d 63
27  (D.D.C. 2008).

28  [4] *Hackley v. Roudebush*, 520 F.2d 108 (D.C. Cir. 1975).

1    *Reilly*, 909 F.2d 1497 (D.C. Cir. 1990), to support their assertion that they are entitled to

2    discovery and to introduce new evidence.  In neither case, however, was the issue before

3    the court, but rather was simply assumed by the court in the course of deciding other

4    issues.  Thus, neither case supports Plaintiffs' claim.

5         The claims in *Kappos* concerned the denial of patent claims by the Patent and

6    Trademark Office. The governing statute provides two means by which an applicant can

7    seek review of such a denial.  566 U.S. at 433-35.  The applicant can take a direct appeal

8    to the Federal Circuit or the applicant can bring a civil action in the District of the District

9    of Columbia.  Case law prior to *Kappos* had clearly established that the direct appeal to

10   the Federal Circuit was limited to the administrative record, but that the applicant could

11   introduce new evidence in a district court proceeding.  *Id.* The specific issue in *Kappos*

12   was whether new evidence could only be introduced if there was a reason why it could

13   not have been presented to the patent examiner.  The Court held that, given that it was

14   already established that the district court could consider new evidence, and thus was

15   acting as a finder of fact, there was no basis to impose restrictions on what evidence

16   could be admitted.  *Id*. at 438.  Thus, the Court was not addressing the question raised in

17   this case, i.e., whether the court's review is limited to the administrative record.

18        Furthermore, the statutory provision at issue in *Kappos* is fundamentally different

19   than TSCA section 21 because it provides two separate avenues for judicial review, thus

20   indicating that Congress intended them to be different.  Because review in the appellate

21   court is necessarily on the administrative record, it is reasonable to conclude that a

22   different scope of review should apply in district court.  (The statute did not specify a de

23   novo proceeding.)  TSCA section 21, however, provides only a single avenue of judicial

24   review, and thus that reasoning is not applicable.

25        While *Reilly* did involve TSCA section 21, the question of whether review under

26   that section was limited to the administrative record was not before the court, and was not

27   addressed by the court.  The actual issue before the court in *Reilly* was whether an action

28   for review of EPA's denial of a TSCA section 21 petition could be brought under the

6

1   Administrative Procedure Act ("APA") as well as under section 21.  The D.C. Circuit

2   held that no APA claim was available and, as part of its reasoning, discussed the different

3   standards of review.  909 F.2d at 1506 ("While the Section 21 court, proceeding de novo,

4   is free to disregard EPA's reasoning and decision, APA review is restricted and highly

5   deferential." (footnotes omitted)).  While the court appears to have assumed that evidence

6   beyond the administrative record might be admissible in a TSCA section 21 action, that

7   statement is clearly dicta.  The issue was not disputed before the court, the court provided

8   no explanation or reasoning for that statement, and it was not essential to its decision.  It

9   is clear from the court's discussion that the difference in the standard of review alone,

10  along with the other factors considered by the court was a sufficient basis for the court's

11  decision that no independent APA action is available.

12        Moreover, the fact that a subsequent panel of the D.C. Circuit made exactly the

13  opposite assumption in *Trumpeter Swan Society v. EPA*, 774 F.3d 1037, 1042 (D.C. Cir.

14  2014) ("In the normal TSCA section 21 case, we would review the administrative record

15  …") demonstrates that the D.C. Circuit has not, in fact, decided the question of whether a

16  TSCA section 21 case is limited to the administrative record.

17  **IV.   THE SENATE REPORT CANNOT OVERCOME THE PLAIN
          LANGUAGE OF THE STATUTE**

18

19        Plaintiffs also rely on a Senate Committee Report.  DN 46 at 1.  It is fundamental,

20  however, that legislative history cannot prevail over the statutory language.  *Los Angeles*

21  *Lakers v. Federal Ins. Co.*, 869 F.3d 795, 802-03 (9th Cir. 2017).  This is particularly true

22  where, as here, the legislative history is ambiguous.  Both references in the Committee

23  Report to the "de novo" language (Report at 9, 12-13) talk about both the case where

24  EPA has failed to respond to a petition and the case where EPA has denied a petition.

25  Yet, the rationale articulated in the Report, i.e., that there "would be no record upon

26  which the review could be based," Report at 13, is at most applicable to the case where

27  EPA has failed to respond to a petition.  In cases, such as this one, where EPA has denied

28  the petition, there will necessarily be an administrative record, consisting, at a minimum,

7

1    of the petition and EPA's response, including any attachments to either document.  That

2    is well demonstrated by the current case where Plaintiffs' petition presented over 300

3    exhibits to EPA that Plaintiffs assert justify granting their petition and EPA published a

4    response responding to the claims.  There is an administrative record that the Court can

5    review, and Plaintiffs have articulated no reason why that record is inadequate.

6    Moreover, it is unreasonable to assume that Congress intended for that record to be

7    developed before the Agency in the petition process, and then disregarded in district court

8    proceedings based on that petition.  Accordingly, to the extent the Senate Committee

9    Report is considered at all in light of the statute, it should be read to only apply to the

10   case where EPA has failed to act on a petition.

11          Moreover, the Conference Report reconciling the House and Senate versions of

12   the TSCA Bill contains a different rationale for de novo review that is more consistent

13   with the conclusion that the statute's reference to "de novo" is intended to specify the

14   standard, rather than the scope, of review.  The Conference Report explains that different

15   standards of review should apply when a petition seeks a new rule or order compared to

16   when a petition seeks revision of an existing rule or order.  Conf. Report at 98-99.

17   Specifically, in the first case, because EPA will not have addressed the issue raised by the

18   petition through an earlier rule or order, the Conference Report states that de novo review

19   is appropriate, while in the second case, because EPA has previously addressed the issue,

20   APA review should apply.  *Id.*   Thus, the type of review is to be based on the level of

21   deference to be accorded the Agency's decision, i.e., greater deference is due where the

22   Agency has already formally addressed an issue, which indicates that what Congress as a

23   whole was concerned about was the standard of review, rather than whether plaintiffs

24   could introduce new evidence.

25

26

27

28

V.   **NEITHER THE PROVISION FOR THE POTENTIAL RECOVERY OF EXPERT WITNESS FEES NOR THE 90-DAY PERIOD OF REVIEW SUPPORT PLAINTIFFS' CLAIM**

Plaintiffs' reliance on the provision of TSCA section 21 that provides for potential recovery of expert witness fees provides no support for their claim that review should not be based on the administrative record because the use of expert witnesses to address technical issues where desired by the court is a well-recognized exception to the rule limiting review to the administrative record. *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 992-93 (9th Cir. 2014). Indeed, we recognized in our motion that the Court may find expert testimony useful in this case. DN 41 at 6. Given the technical nature of the issues likely to be presented in a TSCA section 21, and the fact that the judicial review provision applies to both situations where EPA has issued a response to the petition and situations where it has not, it is reasonable that Congress recognized that such testimony might be used and to provide for the recovery of such costs. Thus, there is no inconsistency between this provision and applying the principles of record review to this case.

Plaintiffs' argument that because the statute provides *EPA* only 90 days to respond to a citizen petition gives *Plaintiffs* the right to seek discovery and present new evidence, DN 46 at 6, is meritless. TSCA imposes no limitation on how long a petitioner has to develop its petition or any other restriction on petitioners' ability to present its case to EPA. The fact that EPA has a limited time to respond thus cannot provide any justification for Plaintiffs' desire to supplement the record after EPA has responded to the petition. Moreover, Plaintiffs have not identified any deficiency in the record or identified what information beyond the existing record the Court would need to adjudicate the case.

VI.   **THE PRINCIPLES ARTICULATED IN *OPETA* AND *MONGELUZO* APPLY TO THIS CASE**

As described in our motion, the Ninth Circuit (consistent with other Circuits) in cases arising under the Employee Retirement Income Security Act ("ERISA") has held

9

1   that, even though review in those cases is de novo, where there is an administrative

2   record, the court should exercise its discretion to go beyond the administrative record

3   "*only* when circumstances *clearly establish* that additional evidence is *necessary* to

4   conduct an adequate de novo review of the benefit decision."  *Opeta v. Northwest*

5   *Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citing *Mongeluzo* 46 F.3d at

6   944, internal quotations omitted, emphasis in original); *Mongeluzo v. Baxter Travenol*

7   *Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995) ("We emphasize that

8   a district court should not take additional evidence merely because someone at a later

9   time comes up with new evidence that was not presented to the plan administrator").  The

10  Ninth Circuit has identified a number of relevant factors to consider in determining

11  whether the court should go beyond the administrative record, including whether the

12  plaintiffs had an adequate opportunity to present their case during administrative

13  proceedings.  *Opeta*, 484 F.3d at 1217.

14          The same rationale that underlies this doctrine in cases arising under ERISA

15  applies to actions under TSCA section 21.  As stated by the First Circuit, "It would

16  offend interests in finality and exhaustion of administrative procedures required by

17  ERISA to shift the focus from [the decision under review] to a moving target by

18  presenting extra-administrative record evidence going to the substance of the decision."

19  *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). Those same

20  interests are present in TSCA section 21 as well.  Congress created an expeditious

21  process for EPA's decision on a submitted petition and judicial review.  Limiting review

22  to the administrative record unless extra-record evidence is necessary for proper judicial

23  review best ensures that those interests are met.

24          Plaintiffs' attempt to distinguish these cases, DN 46 at 14-15, is unavailing.

25  Although unclear, Plaintiffs appear to be arguing that ERISA requires that review be

26  limited to the administrative record, even though the standard of review is de novo.

27  ERISA specifies neither the standard nor the scope of review.  Rather, both have been

28  developed by case law.  As described above, that case law directs that courts in ERISA

10

1  cases should consider evidence beyond the administrative record only when necessary to
2  enable the full exercise of informed and independent judgment.  *Mongeluzo*, 46 F.3d at
3  943.

4         As described above, the language and structure of TSCA section 21 demonstrate
5  that the Court's review should be limited to the administrative record.  The respect due to
6  the interests in exhaustion of administrative procedures and finality recognized in *Opeta*
7  and *Mongeluzo* support that conclusion.  Furthermore, even if the Court were to
8  determine that it has discretion to consider evidence outside the administrative record, it
9  should apply the principles articulated in *Opeta* and *Mongeluzo*, and admit such evidence
10 only if it is clearly established that additional evidence is necessary to conduct an
11 adequate review.  Plaintiffs have not identified any evidence that they contend is missing
12 from the administrative record, and thus there is no basis for the Court to make that
13 determination here.

14                                **CONCLUSION**

15        The Court's review in this action should be limited to the administrative record
16 and the Court should enter a protective order prohibiting discovery except as specifically
17 ordered by the Court upon a showing that one of the recognized exceptions to
18 administrative record review is applicable.

19 Dated:  January 15, 2018                    Respectfully submitted,

20                                             JEFFREY H. WOOD
21                                             Acting Assistant Attorney General

22                                             */s/ Norman L. Rave, Jr.*
23                                             NORMAN L. RAVE, JR.
   Environmental Defense Section
24 601 D Street, NW, Suite 8000
   Washington, DC 20004
25 Tel: (202) 616-7568
   Email: norman.rave@usdoj.gov
26
27                                             *Attorneys for Defendants*

28

                                        11

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that a true and correct copy of the foregoing was served by Notice

3   of Electronic Filing this 15th day of January, 2018, upon all ECF registered counsel of

4   record using the Court's CM/ECF system.

5

6                                                        /s/ *Norman L. Rave, Jr.*
                                                         Norman L. Rave, Jr., Trial Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28