JEFFREY H. WOOD
Acting Assistant Attorney General
NORMAN L. RAVE, JR.
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street NW, Suite 8000
Washington, DC 20004
Telephone: (202) 616-7568
norman.rave@usdoj.gov
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**ANSWER** |

  Defendants United States Environmental Protection Agency and Scott Pruitt, Administrator, in his official capacity, (collectively "EPA") hereby respond to the correspondingly numbered paragraphs of the Complaint filed by Plaintiffs Food & Water Watch, et al.  ECF No. 1.

  1.  The allegations in Paragraph 1 characterize the Complaint, and no response is required.

ANSWER
Case No. 17-CV-02162-EMC

# I.     BACKGROUND

2.      EPA admits that fluoride is added to some public drinking water supplies in the United States.  The remaining allegations of Paragraph 2 are too vague and ambiguous for EPA to formulate a response.

3.      EPA admits the allegations in the first sentence of Paragraph 3.  EPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3.

4.      EPA admits that the addition of fluoride to drinking water in the United States to reduce the incidence of dental caries began in the 1940s.  The remaining allegations of Paragraph 4 are statements of opinion, rather than fact, and no response is required.  If further response is required EPA denies the remaining allegations of Paragraph 4.

5.      The allegations in the first sentence of Paragraph 5 purport to characterize an unidentified statement by the Centers for Disease Control, which statement speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statement, they are denied.  The allegations of the first sentence of Paragraph 5 are also too vague and ambiguous for EPA to formulate a response.   The second sentence of Paragraph 5 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required EPA denies the allegations of the second sentence of Paragraph 5.

6.      The allegations in the first sentence of Paragraph 6 purport to characterize unidentified statements by the National Academy of Science, which statements speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations

2

ANSWER
Case No. 17-CV-02162-EMC

are inconsistent with the plain language, meaning, or context of the statements, they are denied. The allegations of the first sentence of Paragraph 6 are also too vague and ambiguous for EPA to formulate a response.   The second sentence of Paragraph 6 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required EPA denies the allegations of the second sentence of Paragraph 6.

7.      The allegations of Paragraph 7 are too vague and ambiguous for EPA to formulate a response.

8.      The first sentence of Paragraph 8 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required EPA denies the allegations of the first sentence of Paragraph 8.  With regard to the second sentence of Paragraph 8, EPA admits that ingestion of fluoride may cause dental fluorosis.  The remaining allegations of the second sentence of Paragraph 8 are too vague and ambiguous for EPA to formulate a response.

9.      The allegations in the first sentence of Paragraph 9 purport to characterize an unidentified document produced by the Centers for Disease Control, which document speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.  The allegations of the first sentence of Paragraph 9 are also too vague and ambiguous for EPA to formulate a response.  The second sentence of Paragraph 9 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 9.

3

ANSWER
Case No. 17-CV-02162-EMC

10.     The allegations in Paragraph 10 are too vague and ambiguous for EPA to formulate a response.  In addition, the allegations in the second sentence of Paragraph 10 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 10.

11.     The allegations in Paragraph 11 are too vague and ambiguous for EPA to formulate a response.  In addition, the allegations in the second sentence of Paragraph 11 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 11.

12.     The allegations in Paragraph 12 are too vague and ambiguous for EPA to formulate a response.

13.     The allegations in the first sentence of Paragraph 13 purport to characterize an unidentified document produced by the National Research Council, which document speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

14.     The allegations in Paragraph 14 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

4

ANSWER
Case No. 17-CV-02162-EMC

15.     The allegations in Paragraph 15 characterize a document, which document speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

16.     The allegations in Paragraph 16 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The allegations of Paragraph 16 are also too vague and ambiguous for EPA to formulate a response.

17.     EPA denies the allegations of the first sentence of Paragraph 17.  The allegations in the second sentence of Paragraph 17 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  The allegations of the second sentence of Paragraph 17 are also too vague and ambiguous for EPA to formulate a response.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The allegations in the third sentence of Paragraph 17 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 17.

18.     The allegations in Paragraph 18 characterize a document, which document speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

19.     The allegations in Paragraph 19 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent

5

ANSWER
Case No. 17-CV-02162-EMC

Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

20.     The allegations of Paragraph 20 are statements of opinion, not statements of fact, and no response is required.  If further response is required EPA denies the allegations of the second sentence of Paragraph 20.

21.     The allegations of the first sentence of Paragraph 21 are too vague and ambiguous for EPA to formulate a response.  The remaining allegations of Paragraph 21 purport to characterize an unidentified document prepared by the Centers for Disease Control, which document speaks for itself and is the best evidence of its contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

22.     The allegations of Paragraph 22 are too vague and ambiguous for EPA to formulate a response.  In addition, the allegations of Paragraph 22 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 22.

## II.     JURISDICTION AND VENUE

24.[1]     The allegations in the first sentence of Paragraph 24 characterize a document, which document speaks for itself and is the best evidence of its contents.  To the extent

---

[1] The Complaint has no Paragraph 23.

6

ANSWER
Case No. 17-CV-02162-EMC

Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.  EPA denies the allegations of the second sentence of Paragraph 24.

25.     EPA admits the allegations of Paragraph 25.

26.     Paragraph 26 characterizes a statute, which statute speaks for itself.  The allegations of Paragraph 26 are also conclusions of law and no response is required.  To the extent further response is required, EPA denies the allegations of Paragraph 26.

27.      The allegations of Paragraph 27 are conclusions of law and no response is required.

28.     The allegations of Paragraph 28 are conclusions of law and no response is required.

### III.     PARTIES

29.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 29.

30.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 30.

31      EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 31.

32.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 32.

33.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 33.

7

ANSWER
Case No. 17-CV-02162-EMC

34.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 34.

35.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 35.

36.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 36.

37.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 37.

38.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 38

39.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 39.

40.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 40.

41.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 41.

42.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 42.

ANSWER
Case No. 17-CV-02162-EMC

43.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 43.

44.     EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 44.

## IV.     STATUTORY FRAMEWORK

45.     The allegations of Paragraph 45 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

46.     The allegations of Paragraph 46 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

47.     The allegations of Paragraph 47 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

48.     The first sentence of Paragraph 48 is a conclusion of law to which no response is required.  The remaining allegations of Paragraph 48 characterize and quote a document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs'

ANSWER
Case No. 17-CV-02162-EMC

characterizations or quotations are inconsistent with the plain language, meaning, or context of the document, they are denied.

49.     The allegations of Paragraph 49 characterize a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

## V.     STATEMENT OF FACTS

50.     The allegations of Paragraph 50 characterize documents and a regulation, which documents and regulations speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document or regulation, they are denied.

51.     The allegations of Paragraph 51 characterize a document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

52.     The allegations of the third sentence of Paragraph 52 are too vague and ambiguous for EPA to formulate a response.  The remaining allegations of Paragraph 52 characterize a document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

53.     The allegations of Paragraph 53 characterize and quote a document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs'

10

characterizations and quotes are inconsistent with the plain language, meaning, or context of the document, they are denied.

54.    The allegations of the first sentence of Paragraph 54 characterizes a document, which document speaks for itself and is the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The remaining allegations of Paragraph 54 are too vague and ambiguous for EPA to formulate a response.

55.    The allegations of Paragraph 55 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 55 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

56.    EPA admits that fluoride is currently added to drinking water in some places in the United States.  The remaining allegations of Paragraph 56 are too vague and ambiguous for EPA to formulate a response.

57.    The allegations of Paragraph 57 characterize an unidentified document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

58.    The allegations of Paragraph 58 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 58 also characterize and quote an

11

ANSWER
Case No. 17-CV-02162-EMC

unidentified document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the document, they are denied.

59.     The allegations of Paragraph 59 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 59 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

60.     The allegations of Paragraph 60 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 60 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

61.     The allegations of Paragraph 61 characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The allegations of Paragraph 61 also contain statements of opinion, not statements of fact, and no response to those statements is required.  If further response is required EPA denies the allegations of Paragraph 61.

62.     The allegations of Paragraph 62 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 62 also characterize unidentified statements

12

ANSWER
Case No. 17-CV-02162-EMC

by unidentified individuals or contained in unidentified documents, which statements or documents are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statements or documents, they are denied.

63.     The allegations of Paragraph 63 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 63 also characterize unidentified statements by unidentified individuals or contained in unidentified documents, which statements or documents are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statements or documents, they are denied.

64.     The allegations of Paragraph 64 are too vague and ambiguous for EPA to formulate a response.

65.     The allegations of Paragraph 65 are too vague and ambiguous for EPA to formulate a response.

66.     The allegations of Paragraph 66 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 66 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

67.     The allegations of Paragraph 67 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 67 also characterize unidentified documents,

13

ANSWER
Case No. 17-CV-02162-EMC

which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

68.     The allegations of Paragraph 68 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 68 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

69.     The allegations of Paragraph 69 are too vague and ambiguous for EPA to formulate a response.

70.     The allegations of Paragraph 70 are too vague and ambiguous for EPA to formulate a response.

71.     The allegations of Paragraph 71 are too vague and ambiguous for EPA to formulate a response.

72.     The allegations of Paragraph 72 are too vague and ambiguous for EPA to formulate a response.

73.     The allegations of Paragraph 73 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 73 also characterize and quote unidentified documents, which documents speak for themselves and are the best evidence of their content.

14

To the extent the quotes or characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

74.     The allegations of Paragraph 74 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 74 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

75.     The first sentence of Paragraph 75 characterizes a document, which document speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied. The second sentence of Paragraph 75 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required, EPA denies the allegations of the second sentence of Paragraph 75.

76.     The first sentence of Paragraph 76 characterizes unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The second sentence of Paragraph 76 is a statement of opinion, not a statement of fact, and no response is required.  If further response is required, EPA denies the allegations of the second sentence of Paragraph 76.

77.     The allegations of Paragraph 77 characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent

15

ANSWER
Case No. 17-CV-02162-EMC

Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  In addition, Paragraph 77 contains statements of opinion, rather than statements of fact, and no response to them is required.  If further response is required, EPA denies these allegations.

78.     The allegations of Paragraph 78 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 78 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

79.     The allegations of Paragraph 79 are too vague and ambiguous for EPA to formulate a response.  The allegations of the first sentence of Paragraph 79 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.  The remaining allegations of Paragraph 79 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA denies the remaining allegations of Paragraph 79.

80.     The allegations of Paragraph 80 characterize a document, which document speaks for itself and is the best evidence of is content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

81.     The allegations of Paragraph 81 are too vague and ambiguous for EPA to formulate a response.

16

ANSWER
Case No. 17-CV-02162-EMC

82.     The allegations of Paragraph 82 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 82 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

83.     The allegations of Paragraph 83 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 83 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

84.     The allegations of Paragraph 84 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA denies the allegations of Paragraph 84.

85.     The allegations of Paragraph 85 characterize a document, which document speaks for itself and is the best evidence of is content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

86.     The allegations of Paragraph 86 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA denies the allegations of Paragraph 86.

87.     The allegations of Paragraph 87 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA denies the allegations of

17

ANSWER
Case No. 17-CV-02162-EMC

Paragraph 87.   The allegations of Paragraph 87 are also too vague and ambiguous for EPA to formulate a response.

88.     The allegations of Paragraph 88 are too vague and ambiguous for EPA to formulate a response.  The allegations of the first sentence of Paragraph 88 also characterize an unidentified document, which document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.  The allegations of the second sentence of Paragraph 88 are statements of opinion, not statements of fact, and no response is required.  If further response is required, EPA denies the allegations of Paragraph 88.

89.     The allegations of Paragraph 89 are too vague and ambiguous for EPA to formulate a response.  In addition, the allegations of the third sentence of Paragraph 89 characterize a document, which document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

90.     The allegations of Paragraph 90 are too vague and ambiguous for EPA to formulate a response.

91.     EPA lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 91.  With regard to the allegations of the second sentence of Paragraph 91, EPA admits that community water fluoridation is recommended by a wide variety of organizations and the Centers for Disease Control, and is used as such.  The second sentence also contains conclusions of law to which no response is required.  The allegations of the third

18

ANSWER
Case No. 17-CV-02162-EMC

sentence of Paragraph 91 characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

92.     The allegations of Paragraph 92 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 92 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

93.     The allegations of Paragraph 93 characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

94.     The allegations of Paragraph 94 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 94 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

95.     The allegations of Paragraph 95 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 95 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents.  To the extent

ANSWER
Case No. 17-CV-02162-EMC

Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

96.     The allegations of Paragraph 96 are too vague and ambiguous for EPA to formulate a response.

97.     The allegations of Paragraph 97 are too vague and ambiguous for EPA to formulate a response.  The allegations of Paragraph 97 also characterize documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

98.     The allegations of the first sentence of Paragraph 98 are statements of opinion, not statements of fact, and thus no response is required.  To the extent further response is required, EPA denies the allegations of the first sentence of Paragraph 98.  The remaining allegations of Paragraph 98 characterize documents, which documents speak for themselves and are the best evidence of their contents.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

99.     The allegations of the first sentence of Paragraph 99 are statements of opinion, not statements of fact, and thus no response is required.  To the extent further response is required, EPA denies the allegations of the first sentence of Paragraph 99.  The allegations of the second sentence of Paragraph 99 are too vague and ambiguous for EPA to formulate a response.

100.    The allegations of Paragraph 100 are too vague and ambiguous for EPA to formulate a response.

20

ANSWER
Case No. 17-CV-02162-EMC

## VI.   CAUSE OF ACTION

101.   The allegations of Paragraph 101 characterize a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

102.   The allegations of Paragraph 102 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

105.[2]   EPA admits that Plaintiffs submitted a petition to EPA, which was received by EPA on November 23, 2016.  The remaining allegations of Paragraph 105 characterize documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

106.   EPA admits that Plaintiffs' petition was denied on February 17, 2017.  The remaining allegations of Paragraph 106 are conclusions of law to which no response is required. To the extent further response is required, EPA denies the allegations of Paragraph 106.

107.   The allegations of Paragraph 107 are conclusions of law to which no response is required.  The allegations of Paragraph 107 also characterize a statute, which statute speaks for

---

[2] The Complaint contains no Paragraph 103 or 104.

21

ANSWER
Case No. 17-CV-02162-EMC

itself and is the best evidence of its content.  To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

## PRAYER FOR RELIEF

EPA denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Except as expressly admitted or otherwise stated herein, EPA denies each and every allegation in Plaintiff's Complaint.

## DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, for these reasons, EPA requests that the Court deny Plaintiff's Complaint with prejudice, that the United States be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted this 18th day of January 2018.

JEFFREY H. WOOD
ACTING ASST. ATTORNEY
GENERAL
United States Department of Justice
Environment & Natural Resources
Division

*/s/ Norman L. Rave, Jr.*
NORMAN L. RAVE, JR.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 616-7568
(202) 514-8865 (fax)
Email: norman.rave@usdoj.gov
*Attorneys for Federal Defendants*

22

ANSWER
Case No. 17-CV-02162-EMC

1

2
## **CERTIFICATE OF SERVICE**

3

4
I hereby state and certify that on January 18, 2018, I have filed the foregoing document

5
using the ECF system, and that such document will be served electronically on all parties of

6
record.

7

8
*/s/ Norman L. Rave, Jr.*
NORMAN L. RAVE, JR.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

ANSWER
Case No. 17-CV-02162-EMC