IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br>Plaintiffs,<br>v.<br>U.S. Environmental Protection Agency, et al.,<br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's December 5, 2017 Order (ECF No. 40), the undersigned counsel of record respectfully submit the following Joint Case Management Statement:

1. **Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 2620(b)(4)(A) and 28 U.S.C. § 1331, and service on Defendants has been completed.  Defendants do not object to venue at this time, but reserve the right to seek a change of venue after potential expert witnesses, if deemed necessary by the Court, have been identified.

2. **Facts:** On November 22, 2016, Plaintiffs petitioned the EPA under section 21 of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620, to initiate a rulemaking proceeding to ban the addition of fluoridation chemicals to drinking water, on the grounds that said chemicals pose an unreasonable risk of neurotoxic injury to the general public and susceptible subpopulations.  EPA denied Plaintiffs' petition on February 17, 2017.  Plaintiffs thereupon filed the instant action on April 18, 2017.

3. **Legal Issue:** Have Plaintiffs demonstrated by a preponderance of the evidence that fluoridation chemicals present "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use?" 15 U.S.C. § 2620 (b)(4)(B)(ii).

4. **Motions:** The only current or contemplated motion is Defendants' Motion to Limit Review to the Administrative Record, which is currently pending before the Court.

5. **Amendment of Pleadings:** Plaintiffs do not expect to amend any of the pleadings in their Complaint.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:** The parties have agreed to forego serving initial disclosures in this case.

8. **Discovery**: As outlined in the Defendants' Motion to Limit Review to the Administrative Record, and Plaintiffs' opposition thereto, the parties disagree as to the permissibility and scope of discovery in this case.

9. **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before any other court or administrative body.

11. **Relief**: Pursuant to 15 U.S.C. § 2620(b)(4)(B), Plaintiffs seek injunctive relief in

the form of an Order requiring the EPA to initiate the rulemaking proceeding requested by Plaintiffs in their Petition to EPA.  Further, pursuant to 15 U.S.C. § 2620(b)(4)(C), Plaintiffs seek recovery of their costs of suit and reasonable fees for attorneys and expert witnesses. Finally, Plaintiffs seek such further relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to relief.

12. **Settlement and ADR:**  The parties held an ADR Phone Conference on September 6, 2017 with Tamara Lange. It was determined that ADR would not be a productive avenue in this case, at least not at this juncture in the litigation.

13. **Consent to Magistrate Judge**: Defendants did not consent to having this case conducted by a Magistrate Judge.

14. **Other References**: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties have not been able to identify a way to narrow the issues in the case.

16. **Expedited Trial Procedure:** The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling**:

**PLAINTIFFS' POSITION**:

- Close of fact discovery: 10 months from the entry of the Case Management Order
- Plaintiffs' Expert Disclosures: 2 months from close of fact discovery
- Defendants' Expert Disclosures: 2 months from Plaintiffs' expert

disclosures
- <u>Plaintiffs' Rebuttal Expert Disclosures</u>: 1 month from Defendants' expert disclosures.
- <u>Motions for Summary Judgment</u>: 1 month from Plaintiffs' rebuttal expert disclosures
- <u>Trial</u>: 2 months from motions for summary judgment

**DEFENDANTS' POSITION**:

1. As discussed above, Defendants do not agree that any discovery, other than expert discovery if desired by the Court, is appropriate.

Even if the Court were to determine that some discovery is appropriate, Defendants believe that Plaintiffs' proposed extended schedule is unwarranted in a case that should be based on the petition Plaintiffs submitted to EPA. Defendants believe that it would be more appropriate to determine the scope and timing of discovery after the Court has ruled on Defendants' pending motion to limit review to the administrative record.

As discussed in item 8, above, the evidentiary record before the Court should be limited to the administrative record for EPAs denial of Plaintiffs' petition. Accordingly, EPA proposes that any schedule include the filing of the administrative record by EPA 90 days after entry of the Case Management Order.

2. Because the sole purpose of experts in this case is to assist the Court in understanding the technical aspects of the record, there is no reason for expert opinions as to the substantive issues raised by Plaintiffs' petition or the designation of Rebuttal Experts. Therefore, Defendants would strike that from the proposed schedule.

**18. Trial**: The parties have agreed to have this case be tried as a bench trial.

Defendants believe that any hearing should be limited to oral argument on cross-motions for summary judgment and any expert testimony the Court would find useful to it in understanding the technical aspects of the record.  As demonstrated in Defendants' pending motion, the evidence to be considered by the Court should be limited to the administrative record.  That evidence can be presented to the Court through motions for summary judgment, supported by expert declarations or testimony if desired by the Court.

Plaintiffs disagree with Defendants that the "trial" can take the form of an "oral argument" on cross motions for summary judgment.  A motion for summary judgment is not designed to resolve disputed factual issues, but simply to determine if a triable dispute exists.  Further, statements by counsel at oral argument are not an appropriate way of resolving the factual issues because 15 U.S.C. § 2620(b)(4) commands that Plaintiffs meet their burden by a "preponderance of the *evidence*."  Statements by counsel at oral argument are not evidence.

Plaintiffs estimate that a trial could take up to 10 to 15 days.

**19. Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party entities or persons with an interest in this case.

**20. Professional Conduct:** All attorneys of record for the Parties in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   January 18, 2018                                    Respectfully submitted,

                                                                          */s/ Michael Connett*
                                                                          MICHAEL CONNETT
                                                                          CHRIS NIDEL
                                                                          Food & Water Watch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1814 Franklin St., Suite 1100
Oakland, CA 94612
Tel:  (510) 922-0720

*Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ *Norman L. Rave, Jr.*
   (by permission)
NORMAN L. RAVE, JR.
Environmental Defense Section
601 D Street, NW, Suite 8000
Washington, DC 20004
Tel: (202) 616-7568
Email: norman.rave@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 18th day of January, 2018, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Michael Connett*
MICHAEL CONNETT
Attorney for Plaintiffs