MICHAEL E. WALL (SBN 170238)
AVINASH KAR (SBN 240190)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 795-4799
mwall@nrdc.org; akar@nrdc.org

*Attorneys for Proposed Amici Curiae*
*Natural Resources Defense Council and*
*Safer Chemicals, Healthy Families*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGECNY, et al. <br><br> Defendants. | Case No. 17-cv-02162 EMC <br><br> **Unopposed Motion of Natural Resources Defense Council, Inc., and Safer Chemicals, Healthy Families for Leave to File Amicus Brief in Response to EPA's Motion to Limit Review (Supporting Neither Party on the Merits); Proposed Order** <br><br> Date: January 25, 2018 <br> Time: 1:30 pm <br> Courtroom: 5, 17th Floor |

NRDC and SCHF's Mot. for Leave to File
Amicus Br. re Mot. to Limit Review
Case No. 17-cv-02162 EMC

Proposed amici curiae Natural Resources Defense Council, Inc. (NRDC) and Safer Chemicals, Healthy Families (SCHF) (Proposed Amici) respectfully move for leave to file an amicus brief in response to the Environmental Protection Agency's (EPA's) Motion to Limit Review (ECF No. 41). Counsel for all parties have represented that their clients do not oppose this motion for leave.

The proposed amicus brief, attached as Exhibit A to this motion, addresses arguments raised by EPA's Motion to Limit Review, but takes no position on the merits of the underlying petition for rulemaking. The reasons for this motion follow.

NRDC is a health and environmental advocacy organization that represents hundreds of thousands of members throughout the United States. NRDC has worked for more than four decades to protect people from toxic chemicals, including through advocacy to strengthen implementation of the Toxic Substances Control Act (TSCA). SCHF, based in Washington, is a coalition of numerous national, state, and local organizations committed to assuring the safety of chemicals used in our homes, workplaces, and in the many products to which our families and children are exposed each day. SCHF took a leadership role during the recent process to amend TSCA, and is actively participating in all phases of the implementation of the new law.

The proposed amicus brief explains—based on an analysis of TSCA's text, structure, and history—that TSCA section 21 provides for a de novo court proceeding on a petition for a new section 6(a) rule, not for judicial review on an administrative record. The proposed brief takes no position on the other issues raised by EPA's Motion to Limit Review, or on the merits of the specific petition in question. Proposed Amici address only EPA's interpretation of section 21.

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal.

NRDC and SCHF's Mot. for Leave to File
Amicus Br. re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1

2005). There "are no strict prerequisites that must be established prior to qualifying for amicus status," and courts "have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

For these reasons, Proposed Amici respectfully ask the Court to grant their unopposed motion for leave to file the proposed amicus brief.

January 5, 2018              Respectfully submitted,

/s/ Michael E. Wall
MICHAEL E. WALL (SBN 170238)
AVINASH KAR (SBN 240190)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 795-4799
mwall@nrdc.org; akar@nrdc.org

*Attorneys for Proposed Amici*
*Natural Resources Defense Council and*
*Safer Chemicals, Healthy Families*

*Of Counsel for Safer Chemicals, Healthy Families*:
Robert M. Sussman
3101 Garfield Street, NW
Washington, DC 20008

NRDC and SCHF's Mot. for Leave to File
Amicus Br. re Mot. to Limit Review
Case No. 17-cv-02162 EMC

2

|   |   |
|---|---|
| 1 | **[~~PRO~~POSED] ORDER** |
| 2 | Upon due consideration, and for good cause shown, the Motion of Natural |
| 3 | Resources Defense Council and Safer Chemicals, Healthy Families for Leave to File |
| 4 | Amicus Brief in Response to EPA's Motion to Limit Review is GRANTED. The clerk is |
| 5 | directed to file the Amicus Brief that was submitted as Exhibit A to the Motion for |
| 6 | Leave to File. |
| 7 | IT IS SO ORDERED. |
| 8 | DATED this ___22nd___ day of ___January___, 2018. |



EDWARD M. CHEN
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen

28  [Proposed Order] re Mot. for Leave to File
Amicus Br. re Mot. to Limit Review
Case No. 17-cv-02162 EMC

MICHAEL E. WALL (SBN 170238)
AVINASH KAR (SBN 240190)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 795-4799
mwall@nrdc.org; akar@nrdc.org

*Attorneys for Proposed Amici Curiae*
*Natural Resources Defense Council and*
*Safer Chemicals, Healthy Families*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., | Case No. 17-cv-02162 EMC |
| Plaintiffs, | **[Proposed] Amicus Curiae Brief of Natural Resources Defense Council, Inc., and Safer Chemicals, Healthy Families in Response to EPA's Motion to Limit Review (Supporting Neither Party on the Merits)** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. | |
| Defendants. | |

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

Case 3:17-cv-02162-EMC   Document 51   Filed 01/22/18   Page 6 of 16

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

BRIEF AMICUS CURIAE .....................................................................................................1

    I.    The plain language of TSCA section 21 provides for a de novo proceeding ...............................................................................................1

    II.   Congress's specification of record review in other relevant contexts confirms that a section 21 de novo proceeding is not a record-review proceeding ....................................................................................................4

    III.  TSCA's legislative history shows that Congress expected courts to take new evidence in de novo section 21 proceedings ...........................................6

CONCLUSION ........................................................................................................................6

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

# TABLE OF AUTHORITIES

## Cases

*Barnhart v. Sigmon Coal Co.*,
    534 U.S. 438 (2002)................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................................3

*Brower v. Evans*,
    257 F.3d 1058 (9th Cir. 2001).................................................................................................1

*Citizens to Pres. Overton Park v. Volpe*,
    401 U.S. 402 (1971)................................................................................................................4

*City of Milwaukee v. Illinois*,
    451 U.S. 304 (1981)................................................................................................................4

*Doe v. United States*,
    821 F.2d 694 (D.C. Cir. 1987)................................................................................................1

*Envtl. Def. Fund v. Reilly*,
    909 F.2d 1497 (D.C. Cir. 1990).........................................................................................5, 6

*Firestone Tire & Rubber Co. v. Bruch*,
    489 U.S. 101 (1989)................................................................................................................2

*Harman v. Apfel*,
    211 F.3d 1172 (9th Cir. 2000).................................................................................................1

*Kappos v. Hyatt*,
    566 U.S. 431 (2012)................................................................................................................2

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,
    46 F.3d 938 (9th Cir. 1995) ....................................................................................................2

*Sarnoff v. Am. Home Prods. Corp.*,
    798 F.2d 1075 (7th Cir. 1986).................................................................................................5

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

*Timmons v. White*,
    314 F.3d 1229 (10th Cir. 2003) ................................................................................................ 1

*Trumpeter Swan Soc'y v. EPA*,
    774 F.3d 1037 (D.C. Cir. 2014) ................................................................................................ 5

*United States v. Johnson*,
    256 F.3d 895 (9th Cir. 2001) .................................................................................................... 5

*United States v. Raddatz*,
    447 U.S. 667 (1980) ............................................................................................................. 5, 6

## Statutes and Regulations

Act of Oct. 21, 1976, Pub. L. No. 94-577, § 1, 90 Stat. 2729 ......................................................... 5

Administrative Procedure Act, 5 U.S.C. § 706 .............................................................................. 4

Toxic Substances Control Act,
    15 U.S.C. § 2605(b)(4)(G). .................................................................................................... 4
    15 U.S.C. § 2605(c)(1) ........................................................................................................... 4
    15 U.S.C. § 2618(b) ............................................................................................................... 4
    15 U.S.C. § 2618(c)(1)(B) ..................................................................................................... 4
    15 U.S.C. § 2620(b)(1) .......................................................................................................... 3
    15 U.S.C. § 2620(b)(3) .......................................................................................................... 3
    15 U.S.C. § 2620(b)(4)(B) ............................................................................................. 1, 2, 3

## Federal Rules

Fed. R. Civ. P. 8 .............................................................................................................................. 3

Fed. R. Civ. P. 12(a)(2) .................................................................................................................. 4

Fed. R. Evid. 401 ........................................................................................................................... 3

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

## Legislative History

S. Rep. No. 94-698 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4491 .................................................6

H.R. Conf. Rep. No. 94-1679 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4539 ..............................6

H. Rep. 94-1609 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6161......................................................6

## Other Authorities

*Black's Law Dictionary* (7th ed. 1999).........................................................................................1

*Black's Law Dictionary* (10th ed. 2014).................................................................................. 1, 2

*Merriam-Webster Dictionary* (online ed.),
    https://www.merriam-webster.com/dictionary/proceeding ......................................2

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1   **BRIEF AMICUS CURIAE**

2   Section 21 of the Toxic Substances Control Act (TSCA) provides a petitioner seeking a new section 6(a) rule a right to have the petition considered by a district court "in a de novo proceeding," if the Environmental Protection Agency (EPA) denies the petition. 15 U.S.C. § 2620(b)(4)(B). Nothing in section 21 limits a court's consideration of such a petition to the "administrative record" of EPA's denial. To the contrary, the language, structure, and history of section 21 all support the district court's consideration of new evidence.[1]

**I.      The plain language of TSCA section 21 provides for a de novo proceeding**

"The starting point in statutory interpretation is the language of the statute itself." *Brower v. Evans*, 257 F.3d 1058, 1065 (9th Cir. 2001). In section 21 of TSCA, Congress gave disappointed citizen petitioners a right to a "de novo proceeding" in court. 15 U.S.C. § 2620(b)(4)(B). Congress could hardly have spoken in plainer terms.

"De novo" means "anew," *Black's Law Dictionary* 529 (10th ed. 2014), or "a fresh, independent" judicial consideration, *Doe v. United States*, 821 F.2d 694, 697-98 (D.C. Cir. 1987). Of course, "de novo" takes on different meanings depending on what noun it modifies. A de novo *trial* is "[a] new trial on the *entire* case—that is, on both questions of fact and issues of law—as if there had been no trial in the first instance." *Timmons v. White*, 314 F.3d 1229, 1233 (10th Cir. 2003) (alteration in original) (quoting *Black's Law Dictionary* (7th ed. 1999)). By contrast, de novo judicial *review* generally refers to a standard of judicial review of a lower court's or agency's ruling, in which the reviewing court determines legal issues, at least, nondeferentially. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000). EPA apparently believes that section 21 provides for this kind of de novo judicial review of the Agency's decision.

---

[1] Amici take no position on whether the plaintiffs here may demand a jury trial. Nor do amici take any position on the merits of the plaintiffs' rulemaking petition.

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

1

Section 21 does not direct "de novo review," however.[2] Instead, Congress through section 21 gave the disappointed citizen petitioner a right to have a petition considered by a district court "in a de novo *proceeding*." 15 U.S.C. § 2620(b)(4)(B) (emphasis added). A "proceeding" is a "legal action." *See Merriam-Webster Dictionary* (online ed.), https://www.merriam-webster.com/dictionary/proceeding. The word is understood to mean "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Black's Law Dictionary* 1398 (10th ed. 2014).

The plain import of Congress's decision to grant a "de novo" district court "proceeding" is that the proceeding—the entire proceeding—is de novo. The district court is not reviewing EPA's decision on the agency's record, but conducting a new proceeding. And where Congress uses language that "neither imposes unique evidentiary limits in district court proceedings nor establishes a heightened standard of review for factual findings by the [agency]," the courts should generally not impose such evidentiary limits themselves. *Kappos v. Hyatt*, 566 U.S. 431, 437 (2012).[3]

---

[2] EPA's reliance on Employment Retirement Income Security Act (ERISA) cases is puzzling. *See* EPA Br. 4 (citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995)). The de novo "review" standard those cases apply reflects a judicial interpretation of common-law trust principles. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13, 114 (1989). ERISA does not call for a "de novo proceeding," and the ERISA cases have no discernible relevance to the meaning of TSCA section 21.

[3] *Kappos* involved a statutory scheme somewhat like section 21. The statute allowed a patent applicant, whose patent was denied, to sue the patent office in district court. 566 U.S. at 433. The statute did not specify that the proceeding was de novo, but the Court held that it was—and that the applicant-plaintiff could introduce new evidence subject only to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *Id.* at 436, 444. "The district court must assess the credibility of new witnesses and other evidence, determine how the new evidence comports with the existing administrative record, and decide what weight the new evidence deserves." *Id.* at 444.

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

2

1    EPA's contrary theory rests on an atextual sleight of hand: The Agency argues
2 that because a petition must state "the *facts* which it is *claimed* establish" the need for a
3 new rule, *see* 15 U.S.C. § 2620(b)(1) (emphasis added), the petition must also "present to
4 EPA the *evidence* it believes establish" these facts and, thus, the new rule's necessity,
5 EPA Br. 2. But TSCA section 21(b)(1) does not require "evidence." Substantively, it
6 requires only that a petition state what *facts* the petitioner claims justify the new rule.
7    "Evidence" and "facts" are not synonyms. In legal proceedings, evidence (such
8 as relevant documents, testimony, admissions, and the like) is submitted to prove a fact.
9 *See, e.g.*, Fed. R. Evid. 401 (stating that "[e]*vidence* is relevant if . . . it has any tendency to
10 make a *fact* more or less probable than it would be without the evidence" (emphasis
11 added)). While a petitioner may have an incentive to submit evidence with a petition—
12 because doing so may encourage EPA to grant the petition and initiate a new
13 rulemaking—section 21(b)(1) nowhere requires a petition to attach evidence. Section 21
14 first uses the word "evidence," not in establishing requirements for petitions, but in
15 describing the de novo proceeding that a disappointed petitioner may bring in district
16 court. *See* 15 U.S.C. § 2620(b)(4)(B) ("If the petitioner demonstrates to the satisfaction of
17 the court by a preponderance of the evidence . . . .").
18    Section 21(b)(1)'s requirement that a petition state the facts that a petitioner
19 contends justify a new rule is functionally similar to the requirement of Rule 8 of the
20 Federal Rules of Civil Procedure that a complaint allege "enough fact[s] to raise a
21 reasonable expectation that discovery will [later] reveal evidence" that supports the
22 plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, Rule 8
23 demands that a complaint allege facts that, if proven, would demonstrate an entitlement
24 to relief, but it does not require a complaint to include the plaintiff's evidence. Nor does
25 TSCA section 21(b)(1) require such evidence to be included with a citizen petition.[4]

---

[4] This understanding is consistent with the structure of section 21, which gives EPA ninety days to grant or deny a petition. 15 U.S.C. § 2620(b)(3). That is slightly more time

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

3

## II. Congress's specification of record review in other relevant contexts confirms that a section 21 de novo proceeding is not a record-review proceeding

When Congress has specified something in one statute, but not another, that tends to indicate that Congress "knows how to say" what "it means to" say. *See City of Milwaukee v. Illinois*, 451 U.S. 304, 329 n.22 (1981). Congress has specified record review in other relevant contexts. It did not do so in section 21 of TSCA.

One need not look far to find contrasting examples. TSCA section 19 provides that judicial review of EPA's TSCA rules is conducted pursuant to the judicial-review provisions of the Administrative Procedure Act (APA), with certain adjustments. *See* 15 U.S.C. § 2618(c)(1)(B) (incorporating 5 U.S.C. § 706). The APA, of course, generally requires judicial review to be based on the record of the agency's proceedings, *see* 5 U.S.C. § 706, rather than on a new record created in the district court, *see Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). Section 19's express incorporation of the APA's judicial-review provisions thus incorporates the APA's record-review requirement, except as modified in section 19 itself.[5]

---

than EPA typically is given to respond to a district-court complaint, *see* Fed. R. Civ. P. 12(a)(2), but far less than the three-plus years EPA is given to complete a section 6(b) risk evaluation, *see* 15 U.S.C. § 2605(b)(4)(G), or the two-to-four years EPA is given to complete a section 6(a) rulemaking, *see id*. § 2605(c)(1). As this Court pointed out in denying EPA's motion to dismiss, "[i]f the EPA is correct that a citizen petitioner must present *all* scientific information related to *all* conditions of use of a chemical substance, then the EPA would essentially be required to perform a potentially wide ranging plenary review within three *months* perhaps approximating what the EPA would otherwise have three-and-a-half *years* to complete." Order at 18 (ECF No. 42). EPA's renewed suggestion that a section 21 petition must include all supporting evidence again assumes, improbably, that EPA could both evaluate the citizen petitioner's evidence and gather and evaluate the Agency's own evidence in just three months.

[5] In section 19, Congress allowed a reviewing court to direct EPA to accept new evidence "in the proceeding before the Administrator." 15 U.S.C. § 2618(b).

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

4

1    Section 21, in contrast, does not mention the APA's judicial-review provisions.
2 Instead, it specifies a "de novo proceeding" in district court. EPA offers no reason to
3 believe that Congress's decision to provide a de novo proceeding, rather than review on
4 an administrative record, was a mistake. When "Congress includes particular language
5 in one section of a statute but omits it in another section of the same Act, it is generally
6 presumed that Congress acts intentionally and purposely in the disparate inclusion or
7 exclusion." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002). This is why, in
8 *Environmental Defense Fund v. Reilly*, the D.C. Circuit contrasted a section 21 proceeding,
9 in which the plaintiff "is entitled to de novo consideration of his petition for issuance of
10 a new rule," with APA review, which "save in rare instances, must be conducted on the
11 administrative record." 909 F.2d 1497, 1506 (D.C. Cir. 1990).[6]

12    Congress's intention that a TSCA section 21 "de novo proceeding" be a truly "de
13 novo proceeding" is further underscored by Congress's enactment, ten days after its
14 enactment of TSCA, of a statute that requires district judges to "make a de novo
15 determination of those portions of the [magistrate judge's] . . . findings or
16 recommendations to which objection is made." Act of Oct. 21, 1976, Pub. L. No. 94-577,
17 § 1, 90 Stat. 2729. In *United States v. Raddatz*, the Supreme Court held that this "de novo
18 determination" provision does not require a district court to take new evidence at a
19 hearing. 447 U.S. 667 (1980). *Raddatz* reasoned that Congress had required only a "de
20 novo determination" of specific objections to the magistrate's report, not a "de novo
21 hearing." *Id.* at 673-76. "Congress purposefully used the word *determination* rather than

---

[6] While EPA dismisses *Reilly*'s analysis of section 21 as a dictum, the case's comparison of section 21 and the APA was key to the court's reasoning; the analysis could not be "deleted without seriously impairing the analytical foundations of the holding." *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986). By contrast, the single line on which EPA relies from *Trumpeter Swan Society v. EPA*, 774 F.3d 1037, 1042 (D.C. Cir. 2014), *see* EPA Br. 3, is not part of that court's reasoning, and appears to have been "made casually and without analysis," *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001).

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

5

*hearing*" to indicate that the district court could rely on the evidence received by the magistrate judge, without necessarily taking new evidence. *Id.* at 676.

The clear implication of *Raddatz* is that, if Congress had specified a "de novo hearing," a district court would have to allow new evidence when resolving objections to a magistrate judge's findings. *See id.* TSCA specifies a "de novo proceeding," rather than a "de novo hearing," but the phrases serve a similar function: The entire section 21 judicial proceeding, including the court's receipt of evidence, is conducted "de novo." Such a de novo proceeding is not limited to an administrative record.

### III. TSCA's legislative history shows that Congress expected courts to take new evidence in de novo section 21 proceedings

TSCA's legislative history confirms what section 21 plainly says. The Senate committee report on TSCA stated that, in a section 21 proceeding, a court would "*gather*[] *evidence* in a de novo procedure." S. Rep. No. 94-698, at 9 (1976) (emphasis added), *reprinted in* 1976 U.S.C.C.A.N. 4491, 4499. A court does not normally "gather evidence" in a record-review case. The conference report on TSCA explains *why* Congress thought the district court would need to gather evidence: Section 21 "affords greater rights to a person petitioning for the issuance of a rule or order," the conferees explained, "because in such a situation [EPA] will not previously have addressed the issue." H.R. Conf. Rep. No. 94-1679, at 98 (1976), *reprinted in* 1976 U.S.C.C.A.N. 4539, 4583; *see Reilly*, 909 F.3d at 1503. In other words, Congress made the section 21 proceeding de novo in part because it believed that the court would need to consider evidence that EPA—having denied the petition—had not yet gathered.[7]

### CONCLUSION

A de novo section 21 proceeding is not conducted on an administrative record.

---

[7] In *Raddatz*, by contrast, the committee report stated that Congress did *not* intend to require district courts to take new evidence. *Raddatz*, 447 U.S. at 675 (quoting H. Rep. 94-1609, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6161, 6163).

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

6

January 5, 2018

Respectfully submitted,

/s/ Michael E. Wall
MICHAEL E. WALL (SBN 170238)
AVINASH KAR (SBN 240190)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
Tel.: (415) 875-6100 / Fax: (415) 795-4799
mwall@nrdc.org; akar@nrdc.org

*Attorneys for Proposed Amici*
*Natural Resources Defense Council and*
*Safer Chemicals, Healthy Families*

*Of Counsel for Safer Chemicals, Healthy Families*:
Robert M. Sussman
3101 Garfield Street, NW
Washington, DC 20008

[Proposed] Amicus Br. of NRDC and SCHF re Mot. to Limit Review
Case No. 17-cv-02162 EMC

7