1

2 **IN THE UNITED STATES DISTRICT COURT**

3 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4 **SAN FRANCISCO DIVISION**

5

6 FOOD & WATER WATCH, INC, et al.,  Case No.: 17-cv-02162-EMC

7 Plaintiffs,

8 v.  **JOINT CASE MANAGEMENT STATEMENT**

9 U.S. Environmental Protection Agency,

10 et al.,

11 Defendants.

12

13 In accordance with the Court's January 26, 2018 Order (ECF No. 52), the

14 undersigned counsel of record respectfully submit the following Joint Case Management

15 Statement:

16

17 1. **Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to

18 15 U.S.C. § 2620(b)(4)(A) and 28 U.S.C. § 1331, and service on Defendants has

19 been completed.  Defendants do not object to venue at this time, but reserve the

20 right to seek a change of venue after potential expert witnesses, if deemed

21 necessary by the Court, have been identified.

22 2. **Facts:** On November 22, 2016, Plaintiffs petitioned the EPA under section 21 of

23 the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620, to initiate a

24 rulemaking proceeding to ban the addition of fluoridation chemicals to drinking

25 water, on the grounds that said chemicals pose an unreasonable risk of neurotoxic

26 injury to the general public and susceptible subpopulations.  EPA denied

27 Plaintiffs' petition on February 17, 2017.  Plaintiffs thereupon filed the instant

28 action on April 18, 2017.

3.  **Legal Issue:**  Have Plaintiffs demonstrated by a preponderance of the evidence that fluoridation chemicals present "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use?"  15 U.S.C. § 2620 (b)(4)(B)(ii).

4.  **Motions:** There are no pending motions at this time.

5.  **Amendment of Pleadings:** Plaintiffs do not expect to amend any of the pleadings in their Complaint.

6.  **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.  **Disclosures:**  The parties have agreed to forego serving initial disclosures in this case.

8.  **Discovery**: Plaintiffs anticipate that they will serve their first discovery requests the week of April 23rd.

9.  **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before any other court or administrative body.

11. **Relief**: Pursuant to 15 U.S.C. § 2620(b)(4)(B), Plaintiffs seek injunctive relief in the form of an Order requiring the EPA to initiate the rulemaking proceeding requested by Plaintiffs in their Petition to EPA.  Further, pursuant to 15 U.S.C. § 2620(b)(4)(C), Plaintiffs seek recovery of their costs of suit and reasonable fees

for attorneys and expert witnesses. Finally, Plaintiffs seek such further relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to relief.

**12. Settlement and ADR:**  The parties held an ADR Phone Conference on September 6, 2017 with Tamara Lange. It was determined that ADR would not be a productive avenue in this case, at least not at this juncture in the litigation.

**13. Consent to Magistrate Judge**: Defendants did not consent to having this case conducted by a Magistrate Judge.

**14. Other References**: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**: The parties have not been able to identify a way to narrow the issues in the case.

**16. Expedited Trial Procedure:** The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**:
- Close of fact discovery: November 30, 2018.
- Plaintiffs' Expert Disclosures: February 15, 2019.
- Defendants' Expert Disclosures: April 15, 2019.
- Plaintiffs' Rebuttal Expert Disclosures: May 15, 2019.
- Close of Expert Discovery: June 26, 2019.
- Dispositive Motions:   The parties do not anticipate filing motions for summary judgment.   In any event, the last day to hear Dispositive Motions will be no later than July 24, 2019.
- Trial: September 16, 2019.

18. **Trial**: The parties have agreed to have this case be tried as a bench trial.  At this point in time, Plaintiffs estimate that the trial could take up to 10 to 15 days. Defendants estimate that the trial should take no longer than 5 days.

19.  **Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party entities or persons with an interest in this case.

20.  **Professional Conduct:** All attorneys of record for the Parties in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   April 12, 2018                                        Respectfully submitted,

*/s/ Michael Connett*
MICHAEL CONNETT
CHRIS NIDEL
Food & Water Watch
1814 Franklin St., Suite 1100
Oakland, CA 94612
Tel:  (510) 922-0720

*Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ *Norman L. Rave, Jr.*
  (by permission)
NORMAN L. RAVE, JR.
Environmental Defense Section
601 D Street, NW, Suite 8000
Washington, DC 20004
Tel: (202) 616-7568
Email: norman.rave@usdoj.gov

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 12th day of April, 2018, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Michael Connett*
MICHAEL CONNETT
Attorney for Plaintiffs