UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., Plaintiffs, v. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants. | Case No. 17-cv-02162-EMC **ORDER RE FIRST JOINT DISCOVERY DISPUTE LETTER** Docket No. 67 |

On September 28, 2018, the parties filed a joint letter raising disputes regarding Plaintiffs' first set of requests for production and amended notice of Rule 30(b)(6) deposition. *See* Docket No. 67 ("Ltr").

Plaintiffs' request for an order compelling the Environmental Protection Agency ("EPA") to produce documents responsive to requests 10–29 and 33–34 is **GRANTED**. Under 15 U.S.C. § 2620(b)(4)(B), the Court reviews Plaintiffs' administrative petition de novo. The EPA's documents and correspondence relating to the specified studies are relevant to the ultimate issue the Court must decide—whether the ingestion of fluoride in drinking water causes neurotoxic harm. To the extent that the EPA asserts the deliberative process privilege over any responsive documents, it shall provide a privilege log within 14 days of this Order detailing: (1) the date of the document, (2) the author, (3) the recipient, (4) the subject matter, and (4) the basis for asserting the privilege. *See California Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 413 (N.D. Cal. 2008) (requiring agency to provide detailed privilege logs because "in order to protect a document . . . under the deliberative process privilege, an agency must show enough detail so that the court can determine how each document fits into the deliberative process").

Plaintiffs' request for an order compelling the EPA to produce a witness in response to

Plaintiffs' Rule 30(b)(6) notice is also **GRANTED**. Topics 1 and 2 are relevant because whether the EPA considered the neurotoxic risk of fluoride in establishing its safety standards bears on how much weight the Court should give to any EPA argument that its safety standards can be used to show what a safe level of fluoride is. The EPA protests that the request is duplicative and not proportionate to the needs of the case because the "factual and scientific predicates for EPA's denial of the petition are publicly expressed and identified in the document denying the petition." Ltr at 3. But the EPA has not identified any undue burden from the request, and courts have made clear that "the deposition process provides a means to obtain more complete information [than written responses to discovery requests] and is, therefore, favored." *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). Thus, "in responding to a Rule 30(b)(6) notice or subpoena, a [party] may not take the position that its documents state the [party]'s position." *Id.* The EPA also objects to Topics 3 and 4 on the ground the answers have already been "established through written discovery and party conferences." Ltr at 3. To the contrary, Plaintiffs seek any urinary fluoride data in the EPA's possession *beyond* what is available in the published literature and any chemical *not* identified in the EPA's supplemental response to Interrogatory No. 2, so the requests are not duplicative. If in fact the EPA does not have any such data, or if it did provide a comprehensive list of chemicals in its supplemental response, it would not be overly burdensome on the EPA to provide a sworn statement to that effect in lieu of producing a representative to testify. To the extent that the EPA asserts the deliberate process privilege over the subject of any deposition topics, it must provide a privilege log as described above.

**IT IS SO ORDERED**.

Dated: October 4, 2018

EDWARD M. CHEN
United States District Judge