# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., Plaintiffs, <br><br> v. <br><br> U.S. Environmental Protection Agency, et al., <br><br> Defendants. | Case No.: 17-cv-02162-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's August 27, 2018 Order (ECF No. 63), the undersigned counsel of record respectfully submit the following Joint Case Management Statement:

1. **Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 2620(b)(4)(A) and 28 U.S.C. § 1331, and service on Defendants has been completed.  Defendants do not object to venue at this time, but reserve the right to seek a change of venue after potential expert witnesses, if deemed necessary by the Court, have been identified.

2. **Facts:** On November 22, 2016, Plaintiffs petitioned the EPA under section 21 of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620, to initiate a rulemaking proceeding to ban the addition of fluoridation chemicals to drinking water, on the grounds that said chemicals pose an unreasonable risk of neurotoxic injury to the general public and susceptible subpopulations.  EPA denied Plaintiffs' petition on February 17, 2017.  Plaintiffs thereupon filed the instant action on April 18, 2017.

3. **Legal Issues:**   a. Have Plaintiffs demonstrated by a preponderance of the evidence that fluoridation chemicals present "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use?"  15 U.S.C. § 2620 (b)(4)(B)(ii).
b. Defendants also intend to challenge Plaintiffs' ability to demonstrate standing.

4. **Motions:** No motions are anticipated at this time.

5. **Amendment of Pleadings:** Due to unexpected litigation demands resulting from Defendants' recent discovery requests on standing, two of the organizational Plaintiffs (American Academy of Environmental Medicine and International Academy of Oral Medicine & Toxicology) have decided to withdraw from this litigation. The Defendants do not object to this withdrawal.  Plaintiffs now seek guidance from the Court on how to formally effectuate the withdrawal, and whether it requires an amendment to the pleadings.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**  The parties originally agreed to forego serving initial disclosures in this case.  Defendants then sought the equivalent of initial disclosures through their first set of requests for interrogatories.

8. **Discovery**:   On October 4, 2018, EPA noticed the depositions of Plaintiffs' standing witnesses Julie Simms, Audrey Adams, Kristin Lavelle, and Jessica Trader, and 30(b)(6) depositions of the organizational Plaintiffs, American Academy of Environmental Medicine, International Academy of Oral Medicine & Toxicology, and Moms Against Fluoridation.  On October 8, 2018, EPA noticed the depositions of the remaining standing witnesses, Brenda Staudenmaier,

Rosemary Fletcher, Franzi Talley, Karen Spencer, and Dayna Stephens. On October 12, 2018, EPA noticed 30(b)(6) deposition for the remaining organizational Plaintiffs, Food & Water Watch and Fluoride Action Network. All of the depositions as originally noticed, were scheduled to occur prior to the end of fact discovery as set by the Court's Scheduling Order (ECF No. 58). To accommodate the availability of certain witnesses and their counsel, the parties conferred on October 18 concerning the deposition schedule. The parties stipulated and agreed on the following dates for EPA's noticed depositions, all of which are subsequent to the existing deadline for the end of fact discovery:

- November 26, 2018: Brenda Staudenmaier
- November 28, 2018, 9AM: Julie Simms
- November 28, 2018, 1PM: Audrey Adams
- November 30, 2018, 9AM: Kristin Lavelle
- November 30, 2018, 1PM: Jessica Trader
- December 18, 2018: Moms Against Fluoridation
- December 18, 2018 (place holder): Franzi Talley
- December 20, 2018: Food & Water Watch
- December 21, 2018: FAN
- January 3, 2019 (place holder): Dayna Stephens
- January 4, 2019: Karen Spencer
- January 7, 2019: American Academy of Environmental Medicine
- January 9, 2019: International Academy of Oral Medicine & Toxicology
- January 11, 2019: Rosemary Fletcher

Amended deposition notices have not issued.

Beginning on October 22, after the parties stipulated to the deposition schedule of the standing witnesses, Plaintiffs noticed the following depositions, some of which overlap with EPA's deposition notices:

- November 15, 2018: JR Simplot Company
- November 16, 2018: Solvay Fluorides, LLC
- November 19, 2018: Steven Levy
- January 4, 2019: Robert J. Carton
- January 7, 2019: J. William Hirzy

Plaintiffs previously noticed depositions include:

- October 15, 2018: EPA
- November 6, 2018: CDC
- November 7, 2018: Mosaic
- November 13, 2018: FDA
- November 14, 2018: NSF International

In addition to the 10 depositions already noticed, Plaintiffs have expressed their intent, and sought to confer on dates, for the notice of two additional depositions. EPA has stipulated to allow Plaintiffs twelve depositions pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), but Plaintiffs agree that no more than four new depositions will be noticed between now and November 21.

In light of the foregoing, the parties agree and stipulate that the deadline for fact discovery be extended 60 days, to January 21, 2019, for the sole purpose of allowing the parties to complete all depositions noticed prior to November 21, and for any motions practice related to such depositions, but that no additional fact discovery, including written discovery, will be issued.  The Parties further agree that the extension will not affect any other scheduled dates.

Additional, the parties agree that if a party seeks to challenge an assertion of privilege, they shall identify the challenged documents by December 7, 2018, after which the parties shall meet and confer.  If a resolution cannot be reached, the parties shall file a joint discovery letter brief by December 18, 2018.

The parties, therefore, seek an order extending the deadline for fact discovery 60 days, to January 21, 2019 to allow the parties to complete all depositions noticed prior to November 21 and, if necessary, any related motions practice. Additionally, the parties shall have until December 18, 2018, to seek judicial resolution, via joint discovery letter brief, of a challenge to an asserted privilege.

9. **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before any other court or

administrative body.

**11. Relief**: Pursuant to 15 U.S.C. § 2620(b)(4)(B), Plaintiffs seek injunctive relief in the form of an Order requiring the EPA to initiate the rulemaking proceeding requested by Plaintiffs in their Petition to EPA. Further, pursuant to 15 U.S.C. § 2620(b)(4)(C), Plaintiffs seek recovery of their costs of suit and reasonable fees for attorneys and expert witnesses. Finally, Plaintiffs seek such further relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to relief.

**12. Settlement and ADR:** While the parties intend to discuss whether there are any possible grounds for settlement, the parties agree that a formal ADR process is not likely to be helpful in either producing a settlement or narrowing the issues before the Court.

**13. Consent to Magistrate Judge**: Defendants do not consent to having this case conducted by a Magistrate Judge.

**14. Other References**: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**: The parties have not been able to identify a way to narrow the issues in the case.

**16. Expedited Trial Procedure:** The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**Scheduling**: For the reasons discussed above the parties agree and stipulate that the deadline for fact discovery be extended 60 days, to January 21, 2019, for the sole purpose of allowing the parties to complete all depositions noticed prior to November 21, but that no additional fact discovery, including written discovery,

will be issued.  The Parties further agree that the extension will not affect any other scheduled dates.

The parties, therefore, seek an order extending the deadline for fact discovery 60 days, to January 21, 2019 to allow the parties to complete all depositions noticed prior to November 21 and, if necessary, any related motions practice. Additionally, the parties shall have until December 18, 2018, to seek judicial resolution, via joint discovery letter brief, of a challenge to an asserted privilege.

17. **Trial**:  Plaintiffs estimate that a trial will take 5 to 10 days.

18. **Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party entities or persons with an interest in this case.

19. **Professional Conduct:** All attorneys of record for the Parties in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   October 30, 2018                                      Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ *Debra J. Carfora*

*Attorneys for Defendants*

*/s/ Michael Connett* (by permission)
MICHAEL CONNETT
CHRIS NIDEL
Food & Water Watch
1814 Franklin St., Suite 1100
Oakland, CA 94612
Tel:  (510) 922-0720

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 30th day of October, 2018, upon all ECF registered counsel of record using the Court's CM/ECF system.

                                            /s/ *Debra J. Carfora*
                                            Debra J. Carfora, Trial Attorney