C. Andrew Waters (CA Bar No. 147259)
Michael Connett (CA Bar No. 300314)
FOOD & WATER WATCH
1814 Franklin St., Suite 1100
Oakland, California 94612
Telephone:      (510) 922-0720
Facsimile:      (310) 922-0723
*Attorneys for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General
DEBRA J. CARFORA
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 7611
Washington, DC  20044
Telephone: (202) 514-2640
Email: debra.carfora@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENY, et al.,<br><br>Defendants. | No. 3:17-cv-02162-EMC<br><br><br>**STIPULATION AND ORDER REGARDING DISCOVERY PROCEDURE** |

WHEREAS, the Standing Order of this Court and Rule 26(f) of the Federal Rules of Civil Procedure states that the Parties must develop a proposed discovery plan that states the Parties' on "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C);

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

## I.    DEFINITIONS

1.      The terms used in this stipulation and order that are also used in the Federal Rules of Civil Procedure have the same meaning that they have under the Federal Rules, unless otherwise provided in this stipulation and order. Whenever the terms set forth below are used in this stipulation and order, the following definitions apply:

(a)      "Draft," when used to describe either an electronic or hard copy document, means "a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise) or that the author no longer intends to finalize or to share with another person,"

(b)      "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show any facial differences, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the

2

inclusion of tracked changes. Differences in system metadata fields, such as date created or modified, that do not affect the face of the document, are not relevant to determining whether the document is a duplicate.

(c)     "Gigabyte" means one billion bytes or 1,000 megabytes.

(d)     "Parties" means the parties to this litigation, including their employees and agents.

(e)     "Policy" means a regular practice at an entity that managers know about and expect to be carried out.

## II.     PRESERVATION

2.     <u>ESI That Is Not Reasonably Accessible.</u> The following categories of ESI listed below are not reasonably accessible in this litigation:

(a)     Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

(b)     Voicemail messages;

(c)     Instant messages, such as messages sent on AOL Instant Messenger or Microsoft Communicator;

(d)     Text messages, such as cell phone to cell phone SMS messages;

(e)     Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g., iPad) provided that a Party has an automated process to save a copy of such email elsewhere;

Stipulation and Order on Discovery                                    No. 3:17-cv-02162-EMC

(f)      Other electronic data stored on a PDA, smartphone, or tablet, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere;

(g)      Logs of calls made from cellular phones;

(h)      Deleted computer files, whether fragmented or whole (nothing in this order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI);

(i)      Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

(j)      Data that is not accessible through the operating system installed on a device;

(k)      Data stored on photocopiers, scanners, and fax machines;

(l)      Server, system, or network logs;

(m)      Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

(n)      Data stored on legacy systems that were no longer in use before the complaint was filed.

3.      Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible.

4.      The Parties need not preserve, for this litigation, the categories of ESI listed in paragraph 2 unless, on the date that this stipulation and order is entered by the Court, either Party

has a Policy that results in the routine preservation of such ESI, in which case such Party shall continue to preserve such ESI in accordance with its Policy.

5.      <u>No Discovery of Material Not Required To Be Preserved</u>.  The Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs 2-4 above or meta data.

6.      <u>Preservation Required for Certain Subject Matters</u>. The Parties agree to preserve, for the purpose of this litigation, documents and ESI  that : (a) relate whether the addition of fluoridation chemicals to drinking water presents "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use," 15 U.S.C. § 2620 (b)(4)(B)(ii); and: (b) not exempted from preservation requirements pursuant to the preceding paragraphs of this Part II:

7.      <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>. By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

8.      <u>Other Preservation Obligations Not Affected</u>.  Nothing in this agreement affects any obligations of the Parties to preserve documents or information for purposes other than this litigation, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

### III.      COLLECTION

9.      <u>Filtering.</u>

(a)     The Parties may de-NIST electronic files, removing known, traceable software applications in the National Software Reference Library ("NIST List"), available at http://www.nsrl.nist.gov/Downloads.htm.

10.     Deduplication.

(a)     *Deduplication of ESI and e-mail.* The Parties may deduplicate by:

(1)     comparing the MessageID or UNID metadata fields; or

(2)     calculating and comparing the MD5 or SHA-1 hash value based on the following fields: to, from, cc, bcc, subject, body, and attachment names.

(3)     The Parties may use a widely accepted method of deduplication, including comparing the to, from, date, and time fields of e-mails and may only produce one copy from each set of duplicates.

11.     Third-Party Data. The Parties shall meet and confer before serving any subpoenas in this matter on commercial e-mail providers, such as Google™ or Yahoo™, or any social media companies such as Facebook™ or Twitter™.

12.     Privileged Materials Located in the Offices of Counsel.  The Parties agree that the Parties need not collect any material that is located in the offices of the U.S. Department of Justice, EPA Office of General Counsel, the office of counsel of other federal agencies, or Plaintiffs' counsel (collectively, "Offices of Counsel").  The Parties understand that material located in Offices of Counsel will not be produced or placed on a privilege log.  Offices of Counsel shall not keep discoverable materials in the offices covered by this paragraph unless a copy or duplicate of the materials is located elsewhere.  This paragraph does not apply to any documents, ESI, or tangible things located outside of the Offices of Counsel, even if they are duplicates of materials located inside the Offices of Counsel.  For example, if an attorney for

6

EPA Office of Regional Counsel sends a privileged e-mail to an inspector working at EPA, the copy of the email located at the EPA counsel's office need not be collected, but the copy of the email received by the inspector, along with any attachments, must be collected and placed on a privilege log (unless it falls into one of the categories exempt from privilege logging).

## IV.   REVIEW

### A.   502(d) Order.

13.   This Order invokes Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, as well as the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) do not apply to the disclosure of communications or information in discovery in this matter.

14.   The prosecution and defense of this action may require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, page-by-page preproduction privilege review would likely impose an undue burden on the Parties' resources.

15.   Each party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

7

16.     The Court further orders that because expedited or truncated privilege review is likely necessary for the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection, including without limitation the deliberative process privilege, that would have applied to the information or documents or their subject matter but for the disclosure, provided only that the party disclaiming waiver employed procedures reasonably designed to screen out privileged materials.

17.     Regardless of whether the procedures to screen out privileged materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation.

18.     If a Party determines that a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege.  The notice must identify each such document. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

19.     If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege.  Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in

accordance with Paragraph 23 above within five business days of receiving notice from the identifying Party.

20.     Upon receiving notice of a claim of privilege, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

21.     If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall, within 14 days, move the Court for an order compelling disclosure of the information (via a joint letter brief as described by this Court's standing order for discovery matters). The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

22.     Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

23.     The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to this section, of establishing the applicability of the claimed privilege.

24.     This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

**B.     Privilege Log**

25.     This paragraph concerns the creation of privilege log and shall not be interpreted to expand or limit the scope of any privilege.  The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively shall not apply to:

a.     Communications exclusively between a party and its trial counsel (with "trial counsel" including federal attorneys within the United States Department of Justice and  EPA previously or currently responsible for or overseeing the case);

b.     Work product created by trial counsel, or by an agent of trial counsel on and after April 18, 2017;

c.     internal communications within and between Offices of Counsel.

26.      _Deliberative Process Privilege Claims._ Any assertion of deliberative process privilege may be made by first identifying documents withheld as deliberative process privileged on the privilege log and, second, providing a declaration supporting that assertion within 14 days after service of the privilege log.   If a party wishes to challenge an assertion of the deliberative process privilege, the receiving party shall identify the challenged documents by December 7, 2018 after which the parties shall meet and confer.  If a resolution cannot be reached, the parties shall file a joint discovery letter brief by December 18, 2018.

Stipulation and Order on Discovery                                    No. 3:17-cv-02162-EMC

## V.  PRODUCTION

27.  <u>Procedures for Production</u>:  The following procedures apply to producing documents or ESI and controls over any prior instructions provided in discovery requests. Compliance with these procedures shall constitute compliance with Federal Rule of Civil Procedure 34(b)(2)(E).

a.  Paper documents: Documents printed on paper that is 11 x 17 inches or smaller shall be scanned and produced on CD-ROM, DVD-ROM, or external hard drive. Documents printed on larger paper may, at the Producing Party's discretion, be produced on paper.  Documents produced on paper must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request; alternatively, Documents produced on paper must be organized by custodian and maintained in the order in which they appear in the files of the custodian.

b.  Paper documents that are produced on disc shall be scanned as 300 dpi PDF files, in color if the original is in color.

c.  Word, WordPerfect, and other word processing files will be converted to searchable PDF files.  If the document contains comments or tracked changes that are not part of the ordinary text, the PDF shall be generated based on how the document appears when first opened using view settings contained in the file, and the receiving Party shall have the option, after reviewing the produced PDF, to request the native file;

d.  Microsoft PowerPoint files will be produced in searchable PDFs.  The receiving Party may, after reviewing the produced PDFs, request the native files;

e.  E-mail and attachments should be converted to searchable PDFs. E-mail attachments shall be processed as though they were separate documents.

f.     Microsoft Excel files and other spreadsheets will be converted to searchable PDFs.  The receiving Party may, after reviewing the spreadsheets, request the native files;

g.     Digital photographs will be produced as full color image files at their original resolution with any associated locational information (such as Global Positioning System ("GPS") data) or as PDFs. The receiving Party may, after reviewing the photographs, request the native files.

h.     The parties shall meet and confer on producing other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., to determine a reasonably useable form for the production.

i.     Except as stated above, a Party need not produce the same ESI in more than one form.

## VI.     MISCELLANEOUS PROVISIONS.

28.     The Parties may stipulate in writing to extend the time periods specified here.

29.     The Parties agree to treat the foregoing stipulation as controlling pending the Court's consideration of it.


IT IS SO STIPULATED AND AGREED TO ON BEHALF OF:

DATED: October 29, 2018                    FOOD & WATER WATCH
                                           */s/ Michael Connett* (with authorization)
                                           Michael Connett
                                           Attorney for Plaintiffs

DATED: October 29, 2018                    JEFFREY H. WOOD
                                           Acting Assistant Attorney General
                                           Environment and Natural Resources Division
                                           */s/ Debra J. Carfora*
                                           DEBRA J. CARFORA
                                           United States Department of Justice

12

Stipulation and Order on Discovery                            No. 3:17-cv-02162-EMC

SO ORDERED this ___5___ day of November, 2018,

_____

HON. EDWARD M. CHEN
U.S. District Judge

Stipulation and Order on Discovery                                    No. 3:17-cv-02162-EMC