C. ANDREW WATERS, ESQ., CA Bar No. 147259
MICHAEL CONNETT, ESQ., CA Bar No. 300314
WATERS, KRAUS & PAUL
222 N. Pacific Coast Hwy, Suite 1900
El Segundo, CA 90245
310-414-8146 Telephone
310-414-8156 Facsimile

*Attorneys for Plaintiffs*

DEBRA J. CARFORA
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street, NW, Suite 8000
Washington, DC 20004
Tel. (202) 514-2640
debra.carfora@usdoj.gov

*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., <br> Plaintiffs, <br> v. <br> U.S. Environmental Protection Agency, et al., <br> Defendants. | Case No.: 17-cv-02162-EMC <br><br> **NOTICE OF APPROPRIATIONS AND STIPULATION AND [PROPOSED] ORDER RE: STAY** |

WHEREAS, Defendants, the United States Environmental Protection Agency and Acting Administrator Andrew Wheeler,[1] in his official capacity, (collectively the "EPA") provide notice to the Court that on January 25, 2019, appropriations were restored to the United States Department of Justice ("DOJ") and EPA;

WHEREAS, the Parties to this action mutually seek to reduce the time, expense, and other burdens of discovery by extending the stay of all deadlines until the Parties' pending discovery disputes are resolved by the Court;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED:

1. On December 12, 2018, pursuant to the Court's Civil Standing Order On Discovery, the parties filed a Joint Second Discovery Letter Brief concerning Plaintiffs' request to compel EPA's production of 61 documents. (ECF No. 79). EPA sought leave to fully brief and be heard on the issue before the Court. (*Id.* at 2).

2. On December 20, 2018, the Court issued Orders referring this matter for all discovery purposes to Magistrate Judge Kandis A. Westmore. (ECF Nos. 80, 81). That same day, the parties filed a Joint Third Discovery Letter Brief concerning EPA's request for a protective order prohibiting certain depositions of EPA employees. (ECF No. 81). EPA similarly sought leave to fully brief and be heard on the issue before the Court. (*Id.*).

3. At the end of the day on December 21, 2018, the appropriations act that had been funding the DOJ and EPA expired and appropriations lapsed. On December 28, 2018, undersigned counsel for the Department of Justice requested a stay of the case until Congress restored appropriations to DOJ and EPA. (ECF No. 82). The Court granted the Stay and ordered EPA to inform the Court when Congress appropriated funds.

---

[1] Pursuant to Fed. R. Civ. P., 25(d), Andrew Wheeler is substituted for Scott Pruitt. Andrew Wheeler assumed the position of Acting Administrator, on July 5, 2018.

CASE NO. 17-CV-02162-EMC
NOTICE OF APPROPRIATIONS & STIPULATION AND
[PROPOSED] ORDER RE: STAY

1  (ECF No. 83).  The Court further ordered that all deadlines for the parties be extended
2  commensurate with the duration of the lapse in appropriations *or* that the parties may jointly
3  move the Court for an alternative schedule.  (*Id.*).

4.  On January 29, 2019, the parties conferred concerning the impact of the stay.

5.  Fact discovery in this mater closed on November 21, 2018.  (ECF No. 60).  A Telephonic Status Conference was held on November 5, 2018, during which the Court allowed that limited fact discovery be extended 60 days, to January 21, 2019, for the sole purpose of allowing the parties to complete depositions noticed prior to November 21, 2018, and for any motions practice related to such depositions, but that no additional fact discovery, including written discovery, be issued.  (*See* ECF No. 72 at 4).

6.  At the time appropriations lapsed there were 31 days of limited fact discovery remaining (December 21, 2018 - January 21, 2019), there were five depositions scheduled in January including the three depositions that are currently being contested by EPA.  There are five depositions which were removed from the calendar but are pending agreement of the parties as to certain fact stipulations.  There are four depositions which are pending submission of declarations in lieu of depositions.

7.  Further, Plaintiffs have raised a discovery dispute concerning a non-party federal agency that may require the Court's resolution.  Plaintiffs, along with undersigned counsel on behalf of the non-party federal agency, are currently attempting to resolve this dispute without Court intervention.  If the parties reach an impasse, the parties to this dispute agree and stipulate that they will seek the Court's intervention pursuant to Judge Westmore's standing order on or before February 22, 2019, including on whether Plaintiffs dispute is timely.

8.  Plaintiffs contend that expert discovery in this matter depends upon or could benefit from resolution of the discovery disputes currently pending before the Court.  Upon resolution of the discovery disputes, therefore, the parties will retain the 31 days to complete the limited fact discovery. Additionally, the parties have agreed to

jointly move the Court for an alternative schedule to avert a potential conflict that has arisen for Plaintiffs' counsel as a result of the lapse in appropriations.[2]

9. During the pendency of the stay, the parties will continue to work towards completing tasks that do not depend upon resolution of the discovery disputes currently pending before the Court.

NOW THEREFORE, it is hereby ORDERED:

This matter is STAYED until resolution of the parties' pending discovery disputes by the Court;

IT IS FURTHER ORDERED, upon resolution of the discovery disputes, the parties SHALL have 31 days to complete the limited fact discovery;

IT IS FURTHER ORDERED, within 5 days of the Court's resolution of the discovery disputes, the parties SHALL jointly move the Court for an alternative schedule;

IT IS FURTHER ORDERED, Plaintiffs and the non-party federal agency SHALL, if necessary, seek the Court's intervention to resolve their discovery dispute pursuant to Judge Westmore's standing order on or before February 22, 2019.

DATED this _____ day of _____, 2019.

_____
EDWARD M. CHEN
United States District Court Judge

---

[2] Counsel for Plaintiffs is scheduled to begin trial in a separate matter on March 25, 2019. Prior to the lapse in appropriations, Plaintiffs' counsel had scheduled the trial in reliance on the then-operative schedule in this litigation to avoid a conflict with expert discovery. The trial is expected to last four to six weeks.