IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., Plaintiffs, <br><br> v. <br><br> U.S. Environmental Protection Agency, et al., <br><br> Defendants. | Case No.: 17-cv-02162-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's November 5, 2018 Order (ECF No. 73), the undersigned counsel of record respectfully submits the following Joint Case Management Statement:

1. **Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 2620(b)(4)(A) and 28 U.S.C. § 1331, and service on Defendants has been completed.  Defendants do not object to venue at this time, but reserve the right to seek a change of venue after potential expert witnesses, if deemed necessary by the Court, have been identified.

2. **Facts:** On November 22, 2016, Plaintiffs petitioned the EPA under section 21 of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2620, to initiate a rulemaking proceeding to ban the addition of fluoridation chemicals to drinking water, on the grounds that said chemicals pose an unreasonable risk of neurotoxic injury to the general public and susceptible subpopulations.  EPA denied Plaintiffs' petition on February 17, 2017.  Plaintiffs thereupon filed the instant action on April 18, 2017.

3. **Legal Issues:**   a.  Have Plaintiffs demonstrated by a preponderance of the evidence that fluoridation chemicals present "an unreasonable risk of injury to health or the environment, without consideration of costs or other non-risk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation, under the condition of use?"   15 U.S.C. § 2620 (b)(4)(B)(ii).
b. Defendants also intend to challenge Plaintiffs' ability to demonstrate standing.

4. **Motions:** No motions are anticipated at this time.

5. **Amendment of Pleadings:** Plaintiffs do not expect to amend any of the pleadings in their Complaint.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**  The parties originally agreed to forego serving initial disclosures in this case.  Defendants then sought the equivalent of initial disclosures through their first set of requests for interrogatories.

8. **Discovery**:  Pursuant to the stay that the Court entered on February 8, 2019 (ECF No. 86), the remaining fact discovery in this case is on hold pending Judge Westmore's resolution of the issues presented in the Second and Third Discovery Letter Briefs (ECF Nos. 79 & 81). As set forth in the Court's February 8th order, the parties will have 31 days to complete fact discovery upon Judge Westmore's resolution of the pending discovery disputes. The remaining fact discovery in the case is limited to previously noticed depositions as described in the parties' October 30, 2018 Case Management Statement (ECF No. 72).

As set forth in the Court's February 8, 2019 Order (ECF No. 86), the parties will move the Court for an alternative schedule for the remainder of this litigation,

including expert discovery and trial, within 5 days of Judge Westmore's resolution of the aforementioned discovery disputes.

In setting this alternative schedule, the parties have agreed to provide the Court with a proposed discovery schedule (for both the remaining 31 days of fact discovery, as well as expert discovery) that will not conflict with Plaintiffs' counsel's upcoming trial in another matter.

9. **Class Actions:** Not applicable.

10. **Related Cases:** The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before any other court or administrative body.

11. **Relief**: Pursuant to 15 U.S.C. § 2620(b)(4)(B), Plaintiffs seek injunctive relief in the form of an Order requiring the EPA to initiate the rulemaking proceeding requested by Plaintiffs in their Petition to EPA.  Further, pursuant to 15 U.S.C. § 2620(b)(4)(C), Plaintiffs seek recovery of their costs of suit and reasonable fees for attorneys and expert witnesses. Finally, Plaintiffs seek such further relief as the Court may deem just and proper. Defendants deny that Plaintiffs are entitled to relief.

12. **Settlement and ADR:**  While the parties intend to discuss whether there are any possible grounds for settlement, the parties agree that a formal ADR process is not likely to be helpful in either producing a settlement or narrowing the issues before the Court.

13. **Consent to Magistrate Judge**: Defendants do not consent to having this case conducted by a Magistrate Judge.

14. **Other References**: The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**: The parties have not been able to identify a way to narrow the issues in the case.

**16. Expedited Trial Procedure:** The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17. Scheduling**: For the reasons discussed in paragraph 8 above, the parties will move the Court for an alternative schedule for the remainder of this litigation, including expert discovery and trial, within 5 days of Judge Westmore's resolution of the pending discovery disputes.

**18. Trial**: Pursuant to the Court's Scheduling Order in this matter (ECF No. 58), a bench trial was set to begin on August 5, 2019. The parties will propose for the Court a new trial date pursuant to the Court's February 8, 2019 order (ECF No. 86) once the stay is lifted.

**19. Disclosure of Non-party Interested Entities or Persons**: The parties are not aware of any non-party entities or persons with an interest in this case.

**20. Professional Conduct:** All attorneys of record for the Parties in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   February 27, 2019                         Respectfully submitted,

/s/ *Debra J. Carfora*
Debra J. Carfora
U.S. Department of Justice
Environmental & Natural Resources Division
Environmental Defense Section

*Attorney for Defendants*

|   |   |
|---|---|
| 1 |  |
| 2 | */s/ Michael Connett* (by permission)<br>MICHAEL CONNETT |
| 3 | CHRIS NIDEL<br>Food & Water Watch |
| 4 | 1814 Franklin St., Suite 1100<br>Oakland, CA 94612 |
| 5 | Tel:  (510) 922-0720 |
| 6 | *Attorneys for Plaintiffs* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 27th day of February 2019, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Debra J. Carfora*

Debra J. Carfora, Trial Attorney