UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>Defendants. | Case No. 17-CV-02162-EMC (KAW)<br><br>**ORDER RE SECOND AND THIRD JOINT DISCOVERY LETTERS**<br><br>Dkt. Nos. 79, 81 |

Plaintiffs filed the instant lawsuit seeking judicial review of Defendant United States Environmental Protection Agency's ("EPA") denial of Plaintiffs' petition to regulate the fluoridation of drinking water supplies under the Toxic Substances Control Act. (*See* Compl., Dkt. No. 1.) Pending before the Court are two joint discovery letters. (Dkt. Nos. 79, 81.)

Having reviewed the discovery letters, the Court requires supplemental briefing on the Second Discovery Letter. Specifically, the Court requires further information regarding the policy decisions at issue. Although Defendants contend that they are "not required to point to a specific decision as long as it can demonstrate that the documents were prepared to assist decisionmaker on a specific issue," the Ninth Circuit has held that an "agency **must** identify a specific decision to which the document is predecisional." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997). While the agency need not state what the agency ultimately chose to do, the agency must still point to a specific decision. *Id.* The second Ross declaration fails to identify a specific decision that the following documents are related to: (1) the National Toxicology Program's ("NTP") 2016 systemic review of animal literature, and (2) the NTP's pending systemic review of human literature. (Second Ross Decl. ¶¶ 10-11, Dkt. No. 79-5.) Accordingly, Defendants shall, within one week of this order, identify the policy decision for

which these documents were "prepared in order to assist an agency decisionmaker in arriving at his decision." *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992) (internal quotation omitted). Plaintiffs may file a response within one week of Defendants' filing. The briefs shall be no more than five pages.

Additionally, Defendants shall provide chambers copies of the eleven-document representative sample reviewed by Mr. Ross in preparing his declaration on the deliberative process privilege for *in camera* review. (Second Ross Decl. ¶ 5.) Defendants shall coordinate the submission of the material for *in camera* review with Courtroom Deputy Indira Aguilar, who may be reached at (510) 637-3525. Defendants shall ensure that the Court receives the materials by March 22, 2019. The Court may compel production of these materials if Defendants fail to comply with any of the foregoing. If Defendants to not make arrangements to retrieve the materials after the Court has completed its *in camera* review, the Court will dispose of the materials.

As to the Third Discovery Letter, the Court finds the Letter suitable for disposition without hearing or further briefing and will issue a decision in a separate order.

IT IS SO ORDERED.

Dated: March 12, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge