DEBRA J. CARFORA
JOHN THOMAS DO
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street, NW, Suite 8000
Washington, DC 20004
Tel.   (202) 514-2640
debra.carfora@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., | Case No.: 17-cv-02162-EMC |
| Plaintiffs, | **Objection to Reply Evidence (ECF NO. 92, Exhibits B-F).** |
| v. | |
| U.S. Environmental Protection Agency, et al., | |
| Defendants. | |

1    Defendant Environmental Protection Agency ("EPA") submits this Objection to

2    Reply Evidence pursuant to Civil Local Rule 7-3.  On March 19, 2019, EPA filed

3    supplemental briefing, (ECF No. 91), requested by the Court, (ECF No. 90), regarding

4    the parties' Second Discovery Letter, (ECF No. 79).  Rather than file a response to EPA's

5    supplemental briefing, as directed by the Court, on March 21, 2019, Plaintiffs filed a

6    "Supplemental Brief in support of their motion to compel the production of certain

7    withheld documents."  (Pls.' Brief at 1 (ECF No. 92)).  Plaintiffs attached to their brief

8    six exhibits in support of a new argument – that EPA has waived the deliberative process

9    privilege. (*See* Pls.' Brief at 4-5 (overtly implying, without stating, that EPA waived the

10   privilege through disclosure)).  Because Plaintiffs' brief relies on evidence not previously

11   before the Court, Civil Local Rule 7-3 permits EPA to state its objections to the new

12   evidence.

13   **I.     Stipulation and Order Regarding Discovery Procedure.**

14   On November 7, 2018, the Court entered a Stipulation and Order Regarding

15   Discovery Procedure in this matter, ordering that

16
17   > [i]rrespective of the care that is actually exercised in reviewing materials
     > for privilege . . . disclosure of privileged or protected information or
18   > documents will not constitute or be deemed a waiver or forfeiture —in this
     > or any other federal or state proceeding—of any claims of privilege or
19   > work product protection that the disclosing Party would otherwise be
     > entitled to assert with respect to the information or documents and their
20   > subject matter.

21   (Stip. Order Re Discovery P. ¶15 (ECF No. 74)).  "Regardless of whether the procedures

22   to screen out privileged materials were reasonable, the Parties shall not argue, in this

23   forum or any other, that any privileges were waived as a result of disclosures in this

24   litigation."  *Id.* ¶ 17.  If a party knows the document to be subject to another party's claim

25   of privilege, "the Party identifying the potential claim of privilege is under a good-faith

26   obligation to notify the Party holding the potential claim of privilege."  *Id.* ¶ 19.  Upon

27   receiving notice of a claim of privilege, the receiving Party "shall not use or disclose the

28   information . . . until the claim is resolved," (*id.* ¶ 20), *and shall not assert, as a ground*

1   *for compelling disclosure, the fact or circumstances of the disclosure*, (*id.* ¶ 21)

2   (emphasis added).

3   **II.     Exhibit B.**

4          Exhibit B to Plaintiffs' brief is an excerpt of a draft of the NTP Animal Literature

5   Review. (Pls.' Brief, Ex. B (ECF No. 92-2)). Sometime between November 16, 2018,[1]

6   and December 12, 2018,[2] counsel for the parties conferred by telephone concerning the

7   production of the document attached as Exhibit B to Plaintiffs' brief. Plaintiffs' counsel

8   notified undersigned counsel of a potential waiver of the claim of privilege as to the NTP

9   Animal Literature Review based on the production of this document. (Declaration of

10  Debra J. Carfora ("Carfora Decl.") ¶ 2 (attached hereto as Exhibit G)). Undersigned

11  counsel for EPA informed Plaintiffs' counsel that EPA maintained the claim of privilege

12  over this document, and that such disclosure did not constitute a waiver under the

13  stipulated order regarding discovery. (Carfora Decl. ¶ 3); (*see* Stip. Order Re Discovery

14  P. ¶19 (explaining that the party asserting the claim of privilege shall provide notice

15  within five business days of discovering the potential privilege)). Plaintiffs' counsel did

16  not pursue the issue further. Indeed, the issue of a potential waiver was not presented in

17  the parties' Joint Discovery Letter Brief. (ECF No. 79).

18         Accordingly, paragraph 21 of the Stipulated Order Regarding Discovery

19  Procedure prohibits Plaintiffs from asserting the disclosure of Exhibit B as a ground for

20  compelling production. Plaintiffs' counsel is also required to "take reasonable steps to

21  prevent further use of such information until the claim is resolved." (Stip. Order Re

22  Discovery P. ¶20).

23

24

25

_____

26  [1] See Exhibit A, November 16, 2018 email between counsels discussing the production of
27  twelve previously withheld documents.
    [2] Filing date of the parties Second Joint Discovery Letter Brief. (ECF No. 79).

28

2

### III.     Exhibit C.

Exhibit C to Plaintiffs' brief is an email seeking comment on NTP's updated taking points for release of the NTP Animal Literature Review. (Pls.' Brief, Ex. C (ECF No. 92-3)). The email contains the text of a "Draft Communications Strategy and Messaging." The draft is unrelated to NTP's human studies program concept. (Pls.' Brief at 4 (asserting a relationship)). Rather, the email text reveals only factual information concerning the publication of the NTP Animal Literature Review. The email is neither predecisional nor deliberative. The email describes an internal communications strategy to ensure that the cooperating agencies were prepared to answer potential questions about the Animal Literature Review. The email seeks comment on the proposed talking points, but does not reveal any internal deliberations. Because the email is not deliberative, there could be no waiver. Nor is disclosure inconsistent with EPA's other assertions of privilege. To the contrary, disclosure demonstrates thoughtful consideration prior to asserting the privilege. In any event, if Plaintiffs' counsel believed that this document may be subject to EPA's claim of privilege, he was under a "good-faith obligation to notify" EPA of the potential claim of privilege. (Stip. Order Re Discovery P. ¶ 19). Plaintiffs' counsel failed to do so. (Carfora Decl. ¶ 4).

### IV.     Exhibit D.

Exhibit D is a draft of NTP's "Concept Document" for a proposed government program to expand the animal study to include a review of human evidence. (Pls.' Brief, Ex. D (ECF No. 92-4)). The document itself is not identified as a draft, however, there are proposed changes to the text that can be observed at pages 7, and 16. Again, Plaintiffs' counsel was under a "good-faith obligation to notify" EPA of the potential claim of privilege, but failed to do so. (Carfora Decl. ¶ 4). Because Plaintiffs did not notify EPA of the potential claim of privilege, EPA has not had an opportunity to reassert this privilege pursuant to the Stipulation and Order Regarding Discovery Procedure. For the reasons provided in EPA's Supplemental Brief (ECF No. 91), EPA reasserts the privilege here.

Accordingly, paragraph 21 of the Stipulated Order Regarding Discovery Procedure prohibits Plaintiffs from asserting the disclosure as a ground for compelling production. Plaintiffs' counsel is also required to "take reasonable steps to prevent further use of such information until the claim is resolved." (Stip. Order Re Discovery P. ¶ 20).

## V.     Exhibits E and F.

Plaintiffs assert that EPA waived the deliberative process privilege by releasing "NTP's full report to the Australian government in this litigation." (Pls.' Brief as 5). Plaintiffs cite to Exhibits E and F to support this assertion. *Id.* To be sure, a review of Exhibits E and F demonstrates that the NTP report provided to the Australian National Health and Medical Research Counsel ("NHMRC") is wholly separate from the Animal Literature Review at issue here. Thus, disclosure of the NHMRC report cannot qualify as a waiver of privilege as to the Animal Literature Review. Plaintiffs seem to be complaining about the redacted portion of the email that quotes the abstract of the NHMRC report—a report released to a foreign government. (Pls.' Brief as 5). To the extent that EPA inadvertently redacted non-privileged material, Plaintiffs cannot demonstrate harm because the report itself was released in full, to include the abstract. (Pls.' Brief, Ex. F).[3]

For these reasons, EPA objects to the evidence presented by Plaintiffs in support of their new assertion that EPA's disclosures are at odds with its assertion of the deliberative process privilege over the 61 documents at issue.

Respectfully submitted this 22nd day of March, 2019.


/s/ *Debra J. Carfora*
DEBRA J. CARFORA
JOHN THOMAS DO

---

[3] EPA assumes, although Plaintiffs have not provided any certification, that Exhibit F purports to be the NHMRC report referenced in Exhibit E.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Defendant
International Boundary and Water
Commission, United States Section

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 22nd day of March, 2019, upon all ECF registered counsel of record using the Court's CM/ECF system.

<u>/s/ *Debra J. Carfora*</u>
Debra J. Carfora, Trial Attorney

CASE NO. 17-CV-02162-EMC
CERTIFICATE OF SERVICE