IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br>Plaintiffs,<br><br>v.<br><br>U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**PLAINTIFFS' OBJECTION TO REPLY EVIDENCE (ECF NO. 93, EXHIBIT G)** |

Plaintiffs, Food & Water Watch, et al., submit this Objection to Reply Evidence pursuant to Civil Local Rule 7-3. On March 22, 2019, Defendant EPA submitted a brief and declaration that assert several incomplete and misleading representations about a communication that occurred on December 11, 2018. In order to ensure a complete and accurate record, therefore, Plaintiffs respectfully submit this Opposition and accompanying declaration of Plaintiffs' counsel, Michael Connett ("Declaration"). (**Exhibit H**).

First and foremost, prior to filing its evidentiary objection on March 22, 2019, EPA had never asserted a privilege for the draft of the NTP animal literature review that the Agency produced in November, a copy of which is attached as **Exhibit B** to Plaintiffs' Supplemental Brief. (Connett Decl. ¶¶ 4-5, 7). In fact, as explained in the Connett Declaration, this draft of the NTP animal literature review *has never once been a subject of conversation*. (*Id.* ¶ 4). Plaintiffs' counsel was thus unaware that EPA considered this document to be privileged. (*Id.* ¶¶ 7, 9).

Second, the only draft NTP document that the parties briefly discussed during the December 11 conversation was a draft of the Concept Document, which Plaintiffs attached as **Exhibit D** to Plaintiffs' Supplemental Brief. (Connett Decl. ¶¶ 3-5). The overriding focus of this conversation was not on whether this produced draft of the Concept Document was privileged; the focus was on the logistical and procedural issues raised by Plaintiffs adding a waiver argument to the Second Discovery Letter Brief. (*Id.* ¶¶ 4, 6). Ms. Carfora made clear that she did not believe production of the draft Concept Document waived any of EPA's assertions of privilege for the *withheld* documents. (*Id.* ¶ 5). Plaintiffs' counsel does not recall, however, Ms. Carfora stating that EPA considered the draft of the Concept Document produced in November to be privileged, let alone any of the other draft documents that were produced alongside it. (*Id.*). Instead, Plaintiffs' counsel recalls Ms. Carfora stating that the draft Concept Document *might* be privileged, and that EPA *would need to consider the matter further*. (*Id.*).

If EPA subsequently determined that this draft of the Concept Document was privileged, it had an obligation to notify Plaintiffs within 14 days of making this determination.[1] (ECF No. 74 ¶ 18.) However, at no point subsequent to the short December 11th conversation has Ms. Carfora, or anyone representing EPA, contacted Plaintiffs' counsel to assert a claim of privilege for the draft of the Concept Document that it produced, or any of the other draft documents produced "after further review" on November 16, including the draft NTP animal literature

---

[1] Under the terms of the Stipulation and Order Regarding Discovery Procedure, "If a Party determines that a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials." ECF. No. 74 ¶ 18.

review. (Connett Decl. ¶ 7.) Plaintiffs have thus been under the impression and belief that EPA does not consider the draft of the Concept Document it produced to be privileged.[2] (*Id.*).

Lastly, Plaintiffs did not attach the produced documents to the Supplemental Brief in order to make the argument that EPA waived its assertion of privilege for the withheld documents. Rather, as Plaintiffs attempted to explain in their brief, the produced documents provide helpful context to consider when assessing EPA's assertions of privilege for the documents still in dispute. For example, comparing a purportedly privileged version (*e.g.*, EPA0247044/Log Doc #345) with an admittedly non-privileged version (*e.g.*, Exhibit C to Supplemental Brief) of the same document will allow the Court a clearer understanding of what specific material within the document forms the actual basis of EPA's assertion. Further, to the extent the Court finds any specific material within a document to be privileged, having access to non-privileged versions of the same document may assist the Court in the segregability analysis.

Respectfully submitted this 25th day of March, 2019.

/s/ Michael Connett
MICHAEL CONNETT
Attorney for Plaintiffs

---

[2] Under the terms of the Stipulation and Order Regarding Discovery Procedure, "If a Party determines that a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials." ECF. No. 74 ¶ 18.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 25th day of March, 2019, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Michael Connett*
MICHAEL CONNETT
Attorney for Plaintiffs