# **Exhibit H**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## AT SAN FRANCISCO

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., <br> Plaintiffs, <br><br> v. <br><br> U.S. Environmental Protection Agency, et al., <br><br> Defendants. | Case No.: 17-cv-02162-EMC |

**DECLARATION OF MICHAEL P. CONNETT**

I, Michael P. Connett, declare that the following statements are based upon my personal knowledge and are true and correct to the best of my knowledge and belief.

1. I am the lead attorney for Plaintiffs in this matter.

2. I recall the telephone conversation that Ms. Carfora mentions in her declaration. It occurred on the afternoon of December 11, 2018, which is the day EPA had committed to providing Plaintiffs with its portion of the Second Discovery Letter Brief ("Brief"). At that time, I was intent on filing the Brief with the Court as expeditiously as possible because I believed the documents in dispute were likely to be relevant to several depositions that were scheduled to take place in early January.

3. At 3:22 pm PST om December 11, prior to receiving Defendants' half of the Brief, I emailed Ms. Carfora several revisions to Plaintiffs' half. One of these revisions was a new sentence at the end of the NTP section which read: "to the extent EPA can, and does, claim privilege on the grounds that some NTP documents are 'drafts,' it waived that argument by

1

producing 'after further review' the very type of draft NTP documents at issue here." To support this statement, I attached an Exhibit (an excerpt of which is enclosed herein as **Exhibit H-1**) which contained two documents: (1) the November 16 email from defense counsel that is attached as Exhibit A to Plaintiffs' Supplemental Brief, and (2) the draft of the NTP Concept Document that is attached as Exhibit D to the Supplemental Brief.[1] I did not attach the draft of the NTP animal literature review which EPA had produced "after further review" on November 16 (an excerpt of which is attached as Exhibit B to Plaintiffs' Supplemental Brief).

4.     At 3:44 pm PST, shortly after I emailed these revisions, I received a phone call from Ms. Carfora that lasted 17 minutes and 8 seconds.[2] Ms. Carfora called to express concerns about what she characterized as the "last-minute" addition of the waiver argument (or words to that effect). Ms. Carfora told me that adding the waiver issue would delay and complicate the filing of the brief because (a) EPA would now need to address the issue in their portion of the brief, and (b) the potential complexity of the issues raised by the waiver argument, coupled with the space limitations in the Brief, might require EPA to ask for an alternate briefing schedule to address it. *At no time during our conversation, or anytime since, did we discuss the draft of the NTP animal literature review that EPA had produced in November.* The draft Concept Document (i.e., Exhibit D to the Supplemental Brief) is the one and *only* produced document that we (briefly) discussed.

5.     During our conversation on December 11, Ms. Carfora made clear that she did not believe the production of the draft Concept Document waived any of EPA's assertions of privilege for

---

[1] Ms. Carfora's declaration states that the bates stamp number of the first page of the draft Concept Document was EPA0113270. (Carfora Decl. ¶ 2). This is incorrect. The bates stamp number was EPA0255898. Both documents, however, are identical. In fact, EPA produced *four copies* of the same draft Concept Document as part of the November 16 production. (EPA0255898, EPA0262834, EPA0277043, EPA0323811).

[2] This information is documented in a computer program (ShoreTel) which logs the date, start-time, and duration of phone calls that I receive at my office.

2

the *withheld* documents. At no point, however, do I recall Ms. Carfora stating that EPA considered the produced draft of the Concept Document to be privileged, let alone any of the draft documents that had been produced alongside it. Instead, I recall Ms. Carfora stating that the produced draft of the Concept Document *might* be privileged, and that EPA would need to *consider the matter further.*

6. Based on Ms. Carfora's representations, I was very concerned that maintaining the waiver argument would jeopardize Plaintiffs' chances of having the privilege dispute resolved prior to the January depositions. Shortly after our call, therefore, I removed the sentence about waiver, and, at 4:25 pm PST (just over one hour after I emailed the revisions), I emailed Ms. Carfora an amended copy of the Brief. The next day, after receiving EPA's portion of the Brief, I filed the completed Brief with the Court.

7. At no point subsequent to my December 11 conversation with Ms. Carfora has she, or anyone representing EPA, contacted me to assert a claim of privilege for the draft Concept Document, or any of the other draft NTP documents produced "after further review" on November 16, including the draft of the NTP animal literature review that is attached as Exhibit B to the Supplemental Brief. I have not received a single phone call, email, or letter on this subject, and it has never once been mentioned in any of the periodic conference calls I have had with Ms. Carfora and other EPA attorneys. It has been my impression and belief, therefore, that EPA does not consider the draft NTP documents produced on November 16 to be privileged.[3]

---

[3] Under the terms of the Stipulation and Order Regarding Discovery Procedure, "If a Party determines that a document upon which it wishes to make a claim of privilege, the producing Party shall, within 14 days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials." ECF. No. 74 ¶ 18.

3

8. Although EPA has characterized Plaintiffs' Supplemental Brief as raising a "waiver" argument, that was not my intention. The reason I attached the draft NTP documents is because I believe they provide helpful context to EPA's assertions of privilege for the documents still in dispute. For example, comparing a purportedly privileged vs. an admittedly non-privileged version of the same document (*e.g.*, *compare* EPA0247044/Log Doc #345 *with* Exhibit C to Supplemental Brief) may allow the Court a clearer understanding of what specific material within the document forms the actual basis of EPA's assertion. Further, to the extent the Court finds any specific material within a document to be privileged, having access to non-privileged versions of the same document may assist the Court in the segregability analysis.

9. I take my ethical obligation of candor toward counsel and the Court very seriously. If I believed that EPA considers Exhibit B or Exhibit D to be privileged, I would *not* have attached these as Exhibits to the Supplemental Brief. Further, now that EPA *has* asserted a privilege for these documents (which Plaintiffs dispute), I will not be using these documents until the Court resolves the issues presented by the Second Discovery Letter Brief.

Pursuant to 28 U.S.C. § 1746, and under penalty of perjury, I declare the foregoing is true and correct to the best of my knowledge.

Dated: March 25, 2019                                   /s/ *Michael Connett*
                                                        MICHAEL CONNETT

4

# Exhibit H-1

**This is the Exhibit that Plaintiffs attached to the 12/11/18 3:22 pm PST draft version of the Second Discovery Letter Brief, containing (1) the November 16, 2018 email from defense counsel with a highlight added to the bates number [EPA0255898] of the draft NTP document that Plaintiffs attached, and (b) the first page\* of said draft NTP document.**

*\* The version of this exhibit that Plaintiffs emailed to defense counsel on December 11 contained the complete copy of the draft Concept Document.*



RE: Food & Water Watch: Privilege Log
Carfora, Debra (ENRD)
to:
Michael Connett
11/16/2018 01:46 PM
Cc:
"Do, John Thomas (ENRD)"
Hide Details
From: "Carfora, Debra (ENRD)" <Debra.Carfora@usdoj.gov>
To: Michael Connett <mconnett@waterskraus.com>
Cc: "Do, John Thomas (ENRD)" <John.Do@usdoj.gov>
History: This message has been replied to and forwarded.

2 Attachments



ENV_DEFENSE-#857940-v1-Fluoride_FINAL_OCSPP_DAA_Deliberative_Process_Declaration_(W__attachment)_.PDF



ENV_DEFENSE-#857932-v1-Fluoride_FINAL_OW_AA_Deliberative_Process_Declaration_(W__attachment)_.PDF

Michael,

After further review, there are 12 documents from the contested categories we are going to release in some form. These documents will be included in our fourth production on Tuesday or Wednesday of next week. The redactions noted below are still based on Deliberative Process, but we agree to release the non-deliberative factual information including in those documents that relate to the NTP study in an attempt to meet Plaintiffs halfway. The justification for the redacted portions of the documents are included on the spreadsheet attached to the declaration from the Office of Chemical Safety and Pollution Prevention.

EPA0069627 (with redactions)
EPA0072797 (with redactions)
EPA0097006 (in full, unredacted)
EPA0107165 (with redactions)
EPA0107646 (in full)
EPA0107648 (in full)
EPA0113270 (in full)
EPA0145278 (in full)
EPA0255898 (in full)
EPA0262834 (in full)
EPA0277043 (in full)
EPA0323811 (in full)

Attached to this email, please find declarations of Nancy B. Beck, Deputy Assistant Administrator for the Office of Chemical Safety and Pollution Prevention, and of David P. Ross, Assistant Administrator for the Office of Water, each asserting the deliberative process privilege for documents and materials within the control of their respective offices on EPA's behalf.

Once you have an opportunity to review this material, please let us know the specific documents, if any, you will seek to compel. In compliance with the Court's standing order, please also provide a proposed date and time to meet and confer.

Thank you,

DEBRA J. CARFORA, Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
202.514.2640

**From:** Michael Connett <mconnett@waterskraus.com>
**Sent:** Monday, November 5, 2018 3:49 PM
**To:** Carfora, Debra (ENRD) <DCarfora@ENRD.USDOJ.GOV>
**Cc:** Do, John Thomas (ENRD) <JDo@ENRD.USDOJ.GOV>
**Subject:** Re: Food & Water Watch: Privilege Log

Debbie,

Here are the two categories of docs that we will be seeking production of as I don't believe they are covered by a privilege. I have also included a few miscellaneous docs as well. During our call earlier this morning, you had mentioned that you would check with EPA to see if they would agree to produce these identified docs. If EPA stands by its assertion of privilege, we should plan to move forward with the discovery letter brief. During our status conference this afternoon, the Judge asked that we submit the discovery letter brief as soon as possible so that he can issue his ruling prior to the depositions in January. I mentioned we should be able to get it to him by the end of the month, and you agreed this was doable. Should a brief prove necessary, therefore, let's plan on filing by November 30.

Please let me know if you would like to discuss further.

thanks,
Michael

**1) EPA's Ongoing Review of Health Effects**

We do not believe these docs are privileged because they are not part of an Agency action, and are thus neither deliberative, nor pre-decisional. Further, the Judge's order on the motion to compel specifically contemplated the production of documents reflecting EPA scientists' assessment of the merits of studies on fluoride's health effects.

35, 157, 159, 168, 169, 216, 220, 221, 247, 255, 260, 261, 279, 280, 283, 284, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 303, 304, 305, 311, 316, 317, 319, 320, 324, 325, 326, 327, 344, 374, 385, 391

**2) NTP Review**

We do not believe these docs are privileged because they are not an Agency action, and are thus neither deliberative, nor pre-decisional. They relate instead to the action of a third party (NTP). Further, as with the aforementioned documents, the Judge's order specifically contemplated the production of these types of docs.

179, 180, 222, 223, 224, 225, 240, 257, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 286, 287, 315, 342, 345, 346, 348, 349, 362, 363, 369, 370, 371, 372, 373, 383, 386, 387, 388, 389,

**3) Miscellaneous**

- 153 (OMB comments to EPA are not privileged, thus a redacted copy should be produced)
- 130 & 170 (general discussion related to ongoing assessment of sulfuryl fluoride; the relationship between these docs and an Agency action appears too attenuated to be protected by the privilege)
- 259 ("draft document for MCLG" - the description of this doc is too vague to determine whether there is a permissible basis for privilege)
- 285 (the options available to EPA in the 6-Year Review - the options available to EPA appears to be a factual matter which does not invade upon privilege)
- 321 (a discussion about a non-agency action - thus neither deliberative, nor pre-decisional)



**Michael P. Connett | Attorney**

222 N Pacific Coast Highway, Suite 1900 | El Segundo, CA 90245
Toll Free 800-226-9880 | Phone 310-414-8146
Fax 310-414-8156
mconnett@waterskraus.com | www.waterskrauspaul.com
**Please note new address**

| | |
|---|---|
| From: | "Carfora, Debra (ENRD)" <Debra.Carfora@usdoj.gov> |
| To: | Michael Connett <mconnett@waterskraus.com> |
| Cc: | "Do, John Thomas (ENRD)" <John.Do@usdoj.gov> |
| Date: | 11/02/2018 07:12 PM |
| Subject: | Food & Water Watch: Privilege Log |

Michael,

Please find attached EPA's Privilege Log pursuant to the Court's Order of 10/4 (ECF No. 68). We will supplement as necessary.

Per the prior agreement of the parties, this email will constitute service of these materials under Fed. R. Civ. Proc 5(b)(2)(E).

Thanks,

_____

**Debra J. Carfora,** Trial Attorney
Environmental Defense Section | Environment and Natural Resources Division | U.S. Department of Justice
Phone | office 202.514.2640 | cell 202.598.3835 | fax 202.514.8865
U.S. Mail (including Priority Mail) | P.O. Box 7611 | Washington, DC 20004
Express Couriers and Hand Delivery | 601 D Street, NW | Room 8410 | Washington, DC 20004
 [attachment "ENV_DEFENSE-#856878-v1-Fluoride_2_Nov_2018_Priv_Log.PDF" deleted by Michael Connett/Attorney/LA/W&K]

This electronic message contains information from WATERS & KRAUS, LLP that may be privileged and confidential attorney work product or attorney/client communication. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you received this message in error, please notify the sender immediately.



# Proposed NTP Systematic Review on Fluoride Exposure and Potential for Developmental Neurotoxicity

November 9, 2015

Office of Health Assessment and Translation (OHAT)

Division of the National Toxicology Program

National Institute of Environmental Health Sciences

EPA0255898