DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
150 M Street NE
Washington, DC 20002
Tel. (202) 514-2640
debra.carfora@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br>Plaintiffs,<br><br>v.<br><br>U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**MOTION TO ENLARGE TIME FOR LIMITED EXPERT DISCOVERY** |

Pursuant to Civil Local Rule 6-3, Defendants the United States Environmental Protection Agency and Administrator Andrew Wheeler,[1] in his official capacity, (collectively the "EPA") move to enlarge time for limited expert discovery necessary to ensure a complete record prior to the deadline for filing dispositive motions. The parties met and conferred via telephone on September 19, 2019. Plaintiffs' counsel was unwilling to negotiate a further stipulation of time and represented that he will oppose this motion. Carfora Decl. ¶¶ 22-23.

On June 13, 2019, the Court issued an Amended Case Management and Pretrial Order for Trial ("Scheduling Order," ECF No. 109) which set this matter for trial on February 3, 2020. On August 16, 2019, the Court issued an order (ECF No. 109), pursuant to the parties' stipulation, that extended the cut-off for expert discovery to September 18, 2019; set October 3, 2019 as the last day to file dispositive motions; and set November 7, 2019 as the last day to be heard on dispositive motions. On September 13, 2019, the Court issued an order (ECF No. 111), pursuant to the parties' stipulation, to accommodate two expert depositions on September 24, 2019 and September 25, 2019 and set October 9, 2019 as the last day to file dispositive motions.

The Court's September 13, 2019 order (ECF No. 111) was the result of the parties resolving a discovery dispute and ensuring a complete record prior to the dispositive motions deadline. Subsequent to the Court's September 13, 2019 order two new developments have occurred that now merit a brief extension of time to accommodate additional, but limited expert discovery: (1) The National Toxicology Program ("NTP"), a program run by the United States Department of Health and Human Services, completed its *Monograph on Systematic Review of Fluoride Exposure and Neurodevelopmental and Cognitive Health Effects*; and (2) EPA supplemented its expert designations and disclosures by disclosing the identity of one additional expert witness who is not required to submit an expert report.

The NTP *Monograph* has been submitted to the National Academies of Sciences ("NAS") for peer review. Carfora Decl. ¶ 21. According to NAS practices, the NTP

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew Wheeler is substituted for Scott Pruitt. Andrew Wheeler assumed the position of Administrator on February 28, 2019.

*Monograph* will be released to the public 10 days prior to the NAS Peer Review meeting tentatively scheduled for the first week of November. *Id*. Thus, the NTP *Monograph* is expected to become publicly available by the end of October, approximately three weeks after the current deadline for filing dispositive motions. *Id*.

EPA seeks an extension of time for limited expert discovery to minimize the inefficiency and/or confusion that could otherwise result from proceeding with litigation prior to public disclosure of the NTP *Monograph*. The public release of the NTP *Monograph* will likely necessitate supplementation of either parties' expert disclosures pursuant to Federal Rule of Civil Procedure 26(e). Delay and inefficiency would occur if the parties were forced to begin dispositive motions briefing prior to the record being complete. The more efficient approach is to amend the current Scheduling Order to ensure a complete record prior to the filing of dispositive motions.

EPA seeks an additional 65 days, until November 22, 2019, to conduct additional expert discovery that is limited to (1) supplementing current expert reports/disclosures regarding the forthcoming NTP *Monograph*; and (2) to allow the parties an opportunity to depose the expert witness identified in EPA's supplemental disclosure and to re-depose witnesses whose expert reports are amended to reflect the NTP *Monograph*. Further, EPA seeks a temporary stay of the remaining deadlines in this case to allow the parties time to negotiate a revised schedule, which may include seeking a new trial date. EPA proposes that the parties be required to file a joint case management statement in 45 days.

**A.     The release of the NTP *Monograph* may necessitate supplementation of the parties' expert disclosures**.

In June 2017, the NTP published a *Protocol for Systematic Review of Effects of Fluoride Exposure on Neurodevelopment*, of which draft protocols were subject to a motion to compel by Plaintiffs in this matter. (*See* ECF No. 96 at 6-7). The *Protocol* announced NTP's intent to move forward with a systematic review of the available scientific literature concerning fluoride and the potential for developmental neurobehavioral toxicity. The overall objective of the NTP evaluation was to undertake a systematic review of the existing human, experimental animal,

1  and mechanistic studies to develop hazard identification conclusions about whether fluoride
2  exposure is associated with neurobehavioral effects. Thus, the content and conclusions of the
3  NTP *Monograph* are indisputably central to the expert opinions in this matter and the claims
4  and defenses in this case, including whether the addition of fluoridated drinking water poses an
5  unreasonable risk to health as provided for in 15 U.S.C. 2620(b)(4)(B)(ii).

6  Both parties identified a toxicologist and epidemiologist offering opinions regarding the
7  weight of the existing scientific literature, through August 2019. Given that the NTP
8  *Monograph* is a comprehensive systematic review conducted in the manner consistent with
9  requirements of TSCA section 26(h)-(i), 15 U.S.C. § 2625(h)-(i), this litigation would benefit
10 substantially if the parties' were afforded additional expert discovery concerning the hazard
11 identification conclusions that will be provided in the NTP *Monograph*. Further, the public
12 release of the NTP *Monograph* will likely necessitate supplementation of either parties' expert
13 disclosures pursuant to Federal Rule of Civil Procedure 26(e).

14 **B.  EPA diligently supplemented its expert designations and disclosures by**
15 **disclosing the identity of one additional non-retained expert witness.**

16 On June 27, 2019, the parties exchanged initial expert disclosures pursuant to Federal
17 Rule of Civil Procedure 26(a). Although Plaintiffs asserted that Drs. Hu and Lanphear were
18 not required to submit Rule 26(a)(2)(B) reports, Plaintiffs attached to the June 27, 2019
19 disclosures signed "expert reports" for Drs. Hu and Lanphear, with various scientific papers
20 attached. On July 11, 2019, EPA objected by letter to Plaintiffs' disclosures with respect to the
21 two "non-retained" experts, Drs. Hu and Lanphear. EPA's position was that Drs. Hu and
22 Lanphear appeared to be retained witnesses and the reports provided failed to satisfy the
23 requirements of Rule 26(a)(2)(B) or, assuming they were not required to provide expert reports,
24 the requirements of Rule 26(a)(2)(C)(ii). Counsel for the parties continued to exchange email
25 correspondence and to meet and confer in an attempt to resolve the dispute by agreeing to
26 stipulation language but were unsuccessful. On August 9, 2019, EPA served on Plaintiffs'
27 counsel EPA's portion of a letter brief that would seek an order that Plaintiffs must amend their
28 expert disclosures with respect to Drs. Hu and Lanphear. EPA advised that the letter brief

1    should be filed on August 16, 2019 consistent with Magistrate Judge Westmore's general
2    standing order.  Carfora Decl. ¶¶ 1–9.
3           On August 10, 2019, Plaintiffs' counsel advised by email that Plaintiffs would
4    voluntarily provide the additional disclosures requested for Drs. Hu and Lanphear and would
5    endeavor to provide the additional disclosures by August 26, 2019.  Plaintiffs' counsel asked
6    that EPA confirm no later than September 4, 2019 whether it would depose Drs. Hu and
7    Lanphear.  The agreement was reflected in a stipulation filed on August 16, 2019 and so-ordered
8    by the Court the same day.  Carfora Decl. ¶¶ 10–11.
9           On August 27, 2019, Plaintiffs served Second Amended Expert Disclosures and a
10   Supplemental Summary of Facts for Dr. Hu.  On August 30, 2019, Plaintiffs served a
11   Supplemental Summary of Facts for Dr. Lanphear and, due to the delay in providing the
12   supplement, offered to extend the time for EPA to decide whether it will depose Dr. Lanphear
13   to September 9, 2019.  On September 9, 2019, EPA advised Plaintiffs' counsel that it will
14   depose Drs. Hu and Lanphear.  Carfora Decl. ¶¶ 14–16.
15          To allow EPA to depose Drs. Hu and Lanphear in the same week and in the same state,
16   the parties agreed to another stipulation extending the existing expert discovery deadline one
17   week. The parties also negotiated an extension of the dispositive motions deadline that would
18   neither prejudice the parties' ability to rely on a complete record for dispositive motions nor
19   delay the existing trial date.  On September 12, the parties filed the stipulation, which was
20   granted by the Court on September 14, 2019 (ECF No. 112).  Carfora Decl. ¶ 16.
21          On September 11, 2019, counsel of record for EPA spoke with, for the first time, Dr.
22   Angeles Martinez-Mier by telephone.  Carfora Decl. ¶ 17.  Dr. Martinez-Mier is a co-author on
23   all of the studies that Drs. Hu and Lanphear attached to their June 27, 2019 "expert reports."
24   Carfora Decl. ¶ 12.  She is expected to testify regarding the generalizability of the Mexico and
25   Canada birth cohort studies to the United States, which is an issue on which EPA has been
26   trying to seek clarity through its objections to Plaintiffs' disclosures beginning July 11, 2019,
27   including by seeking documents from a different co-author to one of the studies that was
28   published during the expert discovery period.  Carfora Decl. ¶¶ 2, 4, 6, 12-13, 19.

Dr. Martinez-Mier was preparing for an international trip, returning on September 16. Counsel followed up with Dr. Martinez-Mier on September 17, when she agreed to testify as an expert in this case, and EPA supplemented its expert designations and disclosures the next day, September 18, the close of expert discovery under the existing schedule. Carfora Decl. ¶¶ 18-19.

Thus, the extension of time necessary to develop the record concerning the NTP *Monograph* will also allow the parties to further develop the record concerning EPA's supplemental expert designations and disclosures.

### CONCLUSION

For these reasons, EPA seeks an additional 65 days, until November 22, 2019, to conduct additional expert discovery that is limited to supplementing current expert reports/disclosures regarding the forthcoming NTP *Monograph* and to allow the parties an opportunity to depose the expert witness identified in EPA's supplemental disclosure and to re-depose witnesses whose expert reports are amended to reflect the NTP *Monograph*. Further, EPA seeks a temporary stay of the remaining deadlines in this case to allow the parties time to negotiate a revised schedule, which may include seeking a new trial date. EPA proposes that the parties be required to file a joint case management statement in 45 days.

DATE: September 19, 2019        */s/ Debra J. Carfora*
　　　　　　　　　　　　　　　　DEBRA J. CARFORA
　　　　　　　　　　　　　　　　JOHN THOMAS H. DO
　　　　　　　　　　　　　　　　BRANDON N. ADKINS
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Environment & Natural Resources Division
　　　　　　　　　　　　　　　　Environmental Defense Section
　　　　　　　　　　　　　　　　150 M Street, NE
　　　　　　　　　　　　　　　　Washington, DC 20002
　　　　　　　　　　　　　　　　Tel. (202) 514-2640

　　　　　　　　　　　　　　　　*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 19th day of September, 2019, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Debra J. Carfora*
DEBRA J. CARFORA,
Trial Attorney