United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 17-cv-02162-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME**<br><br>Docket No. 113 |

## I. INTRODUCTION

Plaintiffs filed suit against the Environmental Protection Agency and Scott Pruitt, in his official capacity as Administrator of that Agency, seeking to "compel the initiation of rulemaking pursuant to the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2605(a), to prohibit the addition of fluoridation chemicals to drinking water supplies." Complaint at 1–2, Docket No. 1. Over the last two years, the parties have stipulated to numerous scheduling agreements, several of which pertained to expert discovery issues. *See* Plaintiff's Opposition to Defendant's Motion to Enlarge Time ("Opp.") at 1, Docket No. 114. However, a dispute has now arisen, and Defendants have filed a motion for extension of time to conduct additional expert discovery. *See* Docket No. 113. Plaintiffs oppose the motion. *See* Opp.

## II. DISCUSSION

Defendants seek an extension of time pursuant to Civil Local Rule 6-3 for limited additional expert discovery. Defendants contend that "two new developments" necessitate this change: (1) the completion of a forthcoming *Monograph on Systematic Review of Fluoride Exposure and Neurodevelopmental and Cognitive Health Effects* by the National Toxicology Program, and (2) the identification by EPA of "one additional expert witness who is not required

to submit an expert report."[1] *See* Motion to Enlarge Time for Limited Expert Discovery ("Mot.") at 1, Docket No. 113. The EPA seeks an additional 65 days to "conduct additional expert discovery" and a "temporary stay of the remaining deadlines . . . which may include seeking a new trial date." *Id.* at 2.

Three reasons counsel against granting Defendants' Motion for Enlargement of Time. First, it appears that Defendants waited a long time before contacting their new expert witness, Dr. Angeles Martinez-Mier. The deadline for disclosure of experts was June 27, 2019. *See* Docket No. 98. On that date, the parties exchanged initial expert disclosures, and Plaintiffs disclosed the identities of two non-retained experts—Dr. Bruce Lanphear and Dr. Howard Hu—along with scientific papers they had published. Mot. at 3. As Defendants note, "Dr. Martinez-Mier [was listed as] a co-author on all of the studies that Drs. Hu and Lanphear attached to their June 27, 2019 'expert reports.'" Mot. at 4. However, Defendants did not speak with Dr. Martinez-Mier until September 11, 2019, approximately two and a half months later. *Id.*; *see also* Opp. at 3.

After speaking with Dr. Martinez-Mier, Defendants "supplemented [their] expert designations and disclosures . . . [on] September 18, the close of expert discovery under the existing schedule." Mot. at 5. However, this amendment was long after the deadlines for expert disclosures and disclosure of rebuttal experts had passed. *See* Docket No. 98. As Plaintiffs note, "Rule 37 provides that 'If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" Opp. at 3 (citing Fed. R. Civ. P. 37). Because EPA's motion "fails to provide any intelligible justification for its late last-minute disclosure of Dr. Martinez-Mier," (aside from accounting for the fact that she was traveling just prior to the close of expert discovery) Opp. at 3, the EPA will not be permitted to use Dr.

---

[1] Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that an expert witness provide a report if he or she is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Pursuant to Rule 26(a)(2)(C), if an expert witness is not required to provide a written report (in this case because she is not retained to provide expert testimony), the disclosure must state (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. *See* Declaration of Debra Carfora, Exh. E, Docket No. 113-1 for additional discussion of this distinction.

1 | Martinez-Mier as a witness.

Second, it is not necessary to extend time "to minimize the inefficiency and/or confusion that could otherwise result from proceeding with litigation prior to public disclosure of the NTP *Monograph*." Mot. at 2. For one thing, the upcoming release will be a draft version of the document only. *See* Opp. at 1. And the National Toxicology Program disclaims the finality of the draft's conclusions because it must still "undergo 12 months of peer review by the National Academy of Sciences" as well as "extensive public comment" prior to finalization. Opp. at 2; *see also* Mot. at 2. In addition, Defendants note that the forthcoming publication is a "systematic review of the existing . . . studies," Mot. at 2–3, and as Plaintiff notes, "it is not a study generating new data. Both parties' experts have already reviewed the same scientific literature that the NTP reviewed." Opp. at 2. As a result, both parties are currently free to utilize the information and studies that will be the basis of the forthcoming *Monograph*; the current availability of these resources counsels against delaying the existing schedule.

Third and finally, Plaintiffs note that they would be prejudiced by an enlargement of time because of the expenses associated with such a change at this stage. In particular, Plaintiffs fear "substantial expenses . . . including re-deposing multiple experts (at a cost of over $5,000 per deposition), and paying Plaintiffs' experts (at a rate of $225 to 300/hour) to supplement their reports so as to not be at a disadvantage vis-à-vis EPA. EPA's requested relief will also inherently vacate the trial date, which therein invites uncertainty as to whether Plaintiffs' experts will all be available on the future replacement date." Opp. at 5. This also counsels against granting Defendants' motion.

For the forgoing reasons, the Court **DENIES** Defendants' Motion for Enlargement of Time.

This order disposes of Docket No. 113.

**IT IS SO ORDERED**.

Dated: September 25, 2019

_____
EDWARD M. CHEN
United States District Judge

3