# EXHIBIT A

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

10
11      FOOD & WATER WATCH, INC., et al.,
12                          Plaintiffs,                    Case No. 3:17-cv-02162 EMC
13              v.
                                                           **SECOND DECLARATION OF**
14      UNITED STATES ENVIRONMENTAL                        **TALA R. HENRY**
        PROTECTION AGENCY, et al.,
15
16                          Defendants.

17          I, Tala R. Henry, Ph.D., submit the following second declaration in support of Defendants'

18      Motion for Summary Judgment:

19          1.      My credentials are set out in the first declaration that I submitted in support of

20      Defendant's Motion for Summary Judgement, dated October 8, 2019, ECF No. 116-2, and are

21      incorporated herein by reference.

22          2.      In addition to my credentials that are set out in my October 8, 2019 Declaration, I have

23      been an active member of the Society of Environmental Toxicology & Chemistry since 1989 and the

24      Society of Toxicology since 1993. I have served on editorial boards of several scientific journals and as

25      a technical reviewer for several more. I have been a contributing author of numerous peer-reviewed EPA

26      reports related to conducting chemical risk assessments. I have published in peer-reviewed scientific

27      literature on chemical toxicology, chemical risk assessment, application of toxicology and risk

28      assessment within a regulatory context and assessing and improving the reliability and relevance of

scientific studies for regulatory decision-making.

3.      TSCA describes the requisite components of a risk evaluation, most of which are components of risk assessment as established in National Academy of Sciences (NAS)/National Research Council (NRC) reports and described in EPA guidance. As required by TSCA, EPA developed a rule to establish the process for conducting risk evaluations under TSCA. 82 Fed. Reg. 33726 (July 20, 2017). I served as an EPA subject matter expert on risk assessment for the development of this rule. In this capacity, I guided the development of the Risk Evaluation Rule to build upon existing established methodologies for assessing risk generally and at EPA.

4.      The Risk Evaluation Rule includes the statutorily required components of a risk evaluation, including best available science and weight of the scientific evidence, while also including provisions that enable EPA to meet statutory objectives by providing flexibility to adopt expert recommendations from, among others, the National Academy of Sciences (NAS) and by providing an opportunity for public participation and increasing transparency in the risk evaluation process.

5.      Section 26(*l*)(5) of TSCA requires EPA to develop guidance to assist interested persons in submitting draft risk evaluations (U.S. EPA, 2017). In accordance with TSCA, the guidance shall, at a minimum, address the quality of the information submitted and the process to be followed in developing draft risk evaluations. EPA expects that external party draft risk evaluations will be of the same high quality as those developed by EPA. External parties are encouraged to read both the prioritization and risk evaluation rules to familiarize themselves with the prioritization and risk evaluations processes under TSCA. External parties should then follow the key factors and risk evaluation process laid out in this guidance to foster predictability and transparency in making a risk determination under TSCA. This guidance incorporates the science requirements of the amended statute, including best available science and weight of the scientific evidence.

6.      Based on these basic principles and for the reasons explained in my October 8, 2019 Declaration, which are incorporated herein by reference, it is my opinion that neither Dr. Thiessen nor Dr. Grandjean identified the minimum components that should be included in a TSCA risk evaluation of any chemical substance. Due to these fundamental and significant flaws in approach, neither Dr.

2

Thiessen's nor Dr. Grandjean's conclusion regarding unreasonable risk of neurotoxic effects of fluoride are supported by a scientifically acceptable risk assessment.

7.    Based on my experience as the Division Director of the Risk Assessment Division, and supervisor of the primary author of Application of Systematic Review in TSCA Risk Evaluations (U.S. EPA, 2018) and for the reasons explained in my October 8, 2019 Declaration, which are incorporated herein by reference, it is my opinion that, among other deficiencies, Dr. Grandjean and Dr. Thiessen failed to conduct a systematic review, a critical and required method for consideration of the weight of the scientific evidence.

8.    Additionally, based on Dr. Tsuji's and Dr. Chang's expert review and evaluation of the body of literature that has been developed since Plaintiffs petitioned EPA for the rulemaking at issue in this litigation, it is my opinion that sufficient information is not reasonably available at this time to integrate information on hazards and exposures into a risk characterization, a necessary step for reaching a determination of risk under any risk assessment process.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2019, in Washington, DC.



Dr. Tala R. Henry
U.S. Environmental Protection Agency