DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendant. | Case No. 17-CV-02162 EMC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST** <br><br> Date:  April 3, 2020 <br> Time:  1:30 p.m. <br> Place: Courtroom 5, 17th floor |

Plaintiffs seek to add never-before-disclosed documents to the exhibit list after the deadline for pretrial filings. In short, Plaintiffs are too late. Disclosing documents and supplementing the exhibit list at this late stage would give Plaintiffs an unfair advantage by essentially rendering the discovery and filing deadlines in this case a nullity. But more importantly, EPA would be without any opportunity to learn what Plaintiffs' witnesses will say about the documents and will be forced to hear it for the first time at trial. This litigation-by-surprise tactic is contrary to the disclosure obligations set out in the Federal Rules of Civil Procedure and the Court's deadlines. The motion should be denied.

## BACKGROUND

The Scheduling Order in this matter set December 19, 2019 as the deadline for filing all pretrial materials. (ECF Nos. 107, 136). On December 19, 2019 at 11:57 pm eastern time, counsel for EPA advised counsel for Plaintiffs of typographical errors in the exhibit list and proposed filing an errata or amended exhibit list after the parties had an opportunity to exchange exhibits. (ECF No. 160-1 at 8). The day after the deadline for all pretrial filings, the Court reset the pretrial conference date to March 31, 2020,[1] and the trial date to April 20, 2020. (ECF No. 155).

On January 15, 2020, Plaintiffs notified EPA that they would like to use the exhibit list errata as an opportunity to also supplement the exhibit list with new documents. (ECF No. 160-1 at 7). On February 7, counsel for Plaintiffs emailed a list of six exhibits they wished to add. *Id*. at 5. Further, on February 11, Plaintiffs notified EPA of additional *substantive* edits, including adding objections to certain EPA exhibits and modifying responses to certain EPA objections. Carfora Decl. ¶ 8. On February 19, after a number of meet and confers, counsel for EPA stipulated to include all of Plaintiffs' substantive edits to the joint exhibit list with the exception of adding any new documents that were not previously identified at any deposition in this matter,

---

[1] On February 27, 2020, the Court vacated and rescheduled the final pretrial conference for April 3, 2020. (ECF No. 161).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

1

1   as material an expert relied upon in forming his or her opinion, or otherwise produced or
2   identified in response to written discovery requests, on the grounds that such additions were
3   untimely and prejudiced EPA's preparation for trial. Carfora Decl. ¶¶ 9, 10.

## LEGAL STANDARD

Plaintiffs did *not* specifically request that the court modify its scheduling order, but merely moved for leave to add documents to the exhibit list after the Court's deadline for pretrial filings. In the Ninth Circuit, a "court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)), *superseded on other grounds*). A scheduling order controls "the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders entered *before* the final pretrial conference may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4); *see Johnson*, 975 F.2d at 608.

## ARGUMENT

### I. Plaintiffs failed to show good cause.

Plaintiffs provide no justification for their inability to timely identify the proposed exhibits by the deadline set by the Court's Amended Scheduling Order. "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Onyx Pharm., Inc. v. Bayer Corp.*, No. C-09-2145 EMC, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) (Chen, J.) (*citing Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "Carelessness and/or change in litigation strategy do not amount to diligence." *Bayer*, 2011 WL 4527402 at *2; *see also Johnson*, 975 F.2d at 609 ("[C]arelessness is not

---

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

1  compatible with a finding of diligence and offers no reason for a grant of relief."). Plaintiffs have
2  failed to demonstrate good cause or otherwise explain how they acted diligently.
3        Plaintiffs concede that these new documents were neither disclosed in fact discovery nor
4  "cited by any of the parties' experts." (Pls.' Admin. Mot. (Mot.) at 6, ECF No. 160).
5  Additionally, counsel for Plaintiffs concedes that despite all of the documents being available
6  before the filing deadline, with the exception of EPA's draft risk evaluation for TCE,[2] "neither
7  [he] nor [his] clients were previously aware of these documents" before discovering them "while
8  doing research related to this case" on January 31, 2019 [sic], well after the deadline for pretrial
9  filings. Connett Decl. ¶¶ 4, 6 (ECF No. 160-1); *see also*, *id*. ¶ 4 (explaining that counsel first
10 discovered the NMP draft risk evaluation on January 10, 2020); *see also*, Mot. at 6 (conceding
11 that the *Exposure Factors Handbook* ("*Handbook*") was published in February 2019, seven
12 months before the end of expert discovery).
13       First, Plaintiffs offer no explanation as to why they were able to timely identify the draft
14 risk evaluation for 1-Bromopropane, released on Oct. 29, 2019 (*see* Fifth Motion in Limine, ECF
15 No. 143), but until now, failed to identify the draft risk evaluation for N-Methylpyrrolidone,
16 released six days later on November 4, 2019 (84 Fed. Reg. 60087). Second, Plaintiffs unfairly
17 allude to some unknown obligation of EPA to have disclosed publication of the February 2019
18 update to Chapter 3 of the *Handbook* or to some otherwise nefarious reason for concealing its
19 existence. Mot. at 4. Yet Plaintiffs do not identify any discovery request to which such disclosure
20 would be responsive. EPA released the *Handbook* in 2011, but since October 2017, EPA releases
21 chapter updates individually, including an update to Chapter 3—*Ingestion of Water and Other*
22 *Select Liquids*—in February 2019. *See* EPA.gov, *Exposure Factors Handbook Chapter 3*

---

[2] Plaintiffs seek to supplement the exhibit list with two draft risk evaluations. If the court permits Plaintiffs to do so, the drafts must be included in the Court's consideration of EPA's fifth motion in limine. (ECF No. 143). Moreover, EPA expressly warns that the drafts' conclusions can change based on consideration of peer review and public comments and disclaims the finality of the drafts until that process is complete. Carfora Decl. ¶¶ 12-13; *see also* ECF No. 115 at 3 (noting that preliminary nature of the documents weighed against modifying the scheduling).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

3

https://www.epa.gov/expobox/exposure-factors-handbook-chapter-3, last updated on March 27, 2019. All iterations of the *Handbook* are publicly available documents published online by EPA's Office of Research and Development, a research arm wholly separate from EPA's Office of Pollution Prevention and Toxics, which manages programs under the Toxic Substances Control Act. *See* EPA.gov, *About the Exposure Factors Handbook* https://www.epa.gov/expobox/about-exposure-factors-handbook, last updated on December 4, 2019.

Moreover, the *Handbook* is not a study generating new data. Rather, it provides summaries of publicly available studies on water ingestion among the general population. The February 2019 updates to chapter 3 included "a review of literature through 2017." *Handbook* at 3-1, ECF No. 160-1 at 22. In other words, Plaintiffs have had access to all of the information included in the *Handbook* at least since 2017. Plaintiffs' failure to discover the information until now suggests a "deliberate strategic course which plaintiffs now wish to change." *Berger v. Rossignol Ski Co.*, No. 05-02523 CRB, 2006 WL 1095914 at *5 (N.D. Cal. Apr. 25, 2006) (denying motion for leave to amend where the delay suggests a change in strategy). For example, in key part, the updates in chapter 3 were based on National Health and Nutrition Examination Survey (NHANES) data for 2005−2010. *Handbook* at 3-1, ECF No. 160-1 at 22. NHANES is a program administered by the Centers for Disease Control and Prevention (CDC). Plaintiffs deposed the CDC on October 15, 2018, noting as a topic of inquiry NHANES data from 1999 to 2014, but only as to the prevalence and severity of dental fluorosis in United States. *See* Carfora Decl. ¶¶ 13. Thus, Plaintiffs clearly knew the NHANES data was available, but, at least at that time, did not consider information on drinking water intake to be part of their trial strategy.

Where, as here, a party seeking untimely relief "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

**II. Unfair Prejudice to EPA**

Although prejudice is not required to deny Plaintiffs' motion under Rule 16(b), EPA will suffer prejudice if Plaintiffs are allowed to supplement the exhibit list at this late hour. The

---

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

4

1  discovery deadlines have passed, the record is closed, and EPA is preparing for trial based on the
2  record before the Court as of December 19, 2019.

3        Plaintiffs' counsel advised, and their motion corroborates, that they intend to discuss the
4  new documents with Plaintiffs' expert witnesses at trial. Allowing expert testimony on the basis
5  of these documents would unfairly put EPA in the position of hearing for the first time at trial
6  how the documents allegedly corroborate each of Plaintiffs' experts' opinions. *Jones v.*
7  *Ballesteros*, No. 10-CV-02661-KJM-EFB, 2016 WL 8731398, at *3 (E.D. Cal. Aug. 26, 2016)
8  (finding that modifying order to permit expert opinion would prejudice non-moving party by
9  depriving non-moving party of right to depose the expert until at most one month before trial
10 date). Moreover, because there are no supplemental reports or depositions relying on the
11 documents, EPA and its experts would be hampered in rebutting any yet-to-be-disclosed
12 opinions and arguments presented by Plaintiffs. *See Wright v. Watkins and Shepard Trucking,*
13 *Inc.*, No. 211cv01575-LRH-GWF, 2016 WL 3063864, at *2 (D. Nev. May 31, 2016) (finding
14 that the degree of prejudice presented by the possibility that "the Defendants may need further
15 discovery for rebuttal evidence" was "simply too high to justify amending the pretrial order.").
16 Even entering these highly technical documents into evidence without a sponsoring witness or
17 other expert testimony to assist the Court, would unfairly prejudice EPA by allowing uninformed
18 and out-of-context hearsay citations to isolated sentences by arguing counsel. This type of trial
19 by ambush cannot be condoned.

20 **CONCLUSION**

21       For these reasons, Plaintiffs failed to show good cause for their dilatory motion to add
22 documents to the exhibit list after the deadline for pretrial filings. The court must deny Plaintiffs'
23 motion.

24 Dated:   March 2, 2020                 Respectfully submitted,

25                                             /s/ *Debra J. Carfora*
26                                             DEBRA J. CARFORA
                                            JOHN THOMAS DO
27                                             BRANDON N. ADKINS
28

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

|    |    |
|----|----|
| 1  | Environmental Defense Section |
| 2  | 150 M Street NE, Room 4.1114 |
|    | Washington, DC 20001 |
| 3  | Tel: (202) 514-2640 |
|    | Email: debra.carfora@usdoj.gov |
| 4  | |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADD DOCUMENTS TO THE EXHIBIT LIST
CASE NO. 17-CV-02162 EMC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 2nd day of March, 2020, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Debra J. Carfora*
Debra J. Carfora, Senior Trial Counsel