C. ANDREW WATERS, CA Bar No. 147259
MICHAEL CONNETT, CA Bar No. 300314
WATERS KRAUS & PAUL
222 N. Pacific Coast Hwy, Suite 1900
El Segundo, CA 90245
Tel: (310) 414-8146

*Attorneys for Plaintiffs*

*Additional Attorneys Noted Below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | Case No. 17-CV-02162 EMC <br><br> **JOINT STATEMENT REGARDING TRIAL LOGISTICS** <br><br> Date:  April 29, 2020 <br> Time:  10:30 a.m. <br> Place:  Courtroom 5, 17th floor |

On April 10, 2020, the Court held a status conference to discuss logistical issues relating to trial in light of the current COVID-19 pandemic. At the April 10 conference, the Court directed the parties to submit a joint statement regarding the proposal to submit sworn declarations by the parties' designated expert witnesses substantially in lieu of direct testimony at trial and confer regarding the logistics of a video conference trial. Counsel for the parties have met and conferred on these issues and submit the following joint statement.

**ISSUES ON WHICH THE PARTIES AGREE**

If trial proceeds remotely by video, the parties agree to the following proposal:

In the interest of efficiency, the parties shall submit into evidence written, sworn declarations by all of the designated expert witnesses substantially in lieu of live direct testimony. During trial, the parties may conduct a short direct examination of the designated expert witnesses to summarize the opinions offered in their declarations. The parties will endeavor to be brief and, in any event, shall not exceed forty-five minutes of direct examination for any single designated expert witness. The parties may then cross-examine and redirect the designated expert witnesses as usual.

The written, sworn declarations shall be mandatory for all designated expert witnesses whom the parties offer to testify. The parties agree that the declarations should have a word limit, and that any bibliography, tables, charts, figures, and other graphics will not be counted or subject to the word limit. Each declarant shall swear that the declaration does not exceed the specified word limit. As discussed below, the parties disagree as to what the word limit should be.

Each party shall be allotted fifteen hours of total trial time. The total trial time shall be comprised of opening and closing statements and witness examination time (including cross-examination and deposition designations). As discussed below, the parties disagree as to whether evidentiary arguments should count against a party's time.

Pending before the Court are seven motions in limine. If the Court grants in whole or in part any motion in limine, the parties shall meet and confer to discuss whether the total trial time should be reduced accordingly. The parties may jointly, or any one party on its own, move to

reduce trial time accordingly. Nothing in this statement should be construed as an admission, however, that either party agrees that reduction in total trial time would be appropriate.

The parties respectfully request that the Court keep the current eight days of trial beginning on June 8, 2020 on the calendar to allow extra time in the schedule to deal with technical issues, unexpected delays, and arguments that may arise.

The parties respectfully request that the Court hold a pre-trial evidentiary hearing. As discussed below, the parties disagree as to when the pre-trial evidentiary hearing should be scheduled. The purpose of the evidentiary hearing would be to address remaining objections with the goal of limiting interruptions and streamlining the presentation of evidence during trial. The parties would present two categories of objections at this evidentiary hearing: (1) remaining objections to trial exhibits that the parties will seek to admit into evidence; and (2) objections to the declarations submitted by the parties' designated expert witnesses.

With respect to the first category, the parties shall make a renewed effort, in light of the present circumstances, to stipulate to the admission of documents in the exhibit list. In advance of the proposed evidentiary hearing, the parties shall make further attempts to shorten the exhibit list to only the documents each party intends to introduce at trial in light of the present circumstances. The parties shall then meet and confer regarding potential stipulations as to the admissibility of the reduced subset of documents. The parties shall also confer on additional fact stipulations that may eliminate the need for the introduction of certain documents. In short, the parties will endeavor to present the Court with a shorter list of exhibits subject to evidentiary objections.

With respect to the second category, the parties propose the following process. Each party shall file with the Court on the docket the declarations for the designated expert witnesses whom the party will offer to testify by **June 1, 2020**. Any party wishing to lodge objections to specified parts of the declaration, including exhibits, must file those objections in writing with the Court on the docket no later than **June 4, 2020, at 1:00 p.m. PST**. The objections shall be in the form of a notice objection and shall be limited to the following information: (1) the name of the declarant; (2) the page and line reference that contains the material to which the party objects; and (3) a concise statement without argumentation that notifies the opposing party of the nature of the

objection (for example, "hearsay," or "exceeds scope of disclosed opinion"). The parties shall make a good faith effort to resolve any disputes in advance of any evidentiary hearing.

The parties respectfully request that the Court endorse the above proposal. The parties' proposal would streamline the presentation of evidence and substantially reduce the time each designated expert witness is testifying. This in turn reduces the potential for delay caused by technological issues. Further, the proposal frees additional days in the schedule to compensate for inevitable technical delays or other argumentation that arises during the trial.

Finally, should the Court endorse this proposal, the parties anticipate that the meet-and-confer process on exhibits will likely extend past the date of the Final Pre-Trial Conference (May 8). The parties seek guidance from the Court, therefore, on whether the Court would be amenable to production at a date closer to trial of the currently identified exhibits. Further, Defendant EPA requests that such exhibits be produced to the Court in electronic format given the government's limited access to office printing services due to health and safety concerns. Plaintiffs do not oppose this request.

## PLAINTIFFS' POSITION

**Word Count for Declarations:** Plaintiffs believe it would be appropriate for the expert declarations to have a word-count limit in the range of 10,000 to 15,000 words.

**Date of Evidentiary Hearing:** Subject to the Court's availability, the Plaintiffs request that the pre-trial evidentiary hearing be held on **Friday, June 5**, rather than the first day of trial as EPA requests. Holding the hearing *before* the first day of trial is important for two reasons. First, it will give the parties time to incorporate the Court's evidentiary rulings into their respective openings and examinations. Second, it will preserve the "reserve" trial time that the agreed-upon reduction in examination time has afforded. This reserve time serves an important purpose in this case as it provides a buffer that can be used to accommodate technical problems and arguments that may arise in the novel context of a video conference trial.

**Total Trial Time – Evidentiary Arguments**: EPA has taken the position that evidentiary arguments that occur during a witness examination (e.g., objections that result in sidebars, etc) should be counted against the *non-objecting* party. Plaintiffs disagree with this position because it

is both (1) unnecessary and (2) subject to abuse. First, it is *unnecessary* because, under the terms of the parties' agreement discussed above, there will be a combined total of 30 hours of trial time allotted to the parties (for openings, closings, and examination time), which is 8-hours less than the 38 hours of trial time that are currently allotted under the 8-day trial schedule. Any evidentiary arguments can and should be absorbed by this 8-hour "reserve," particularly since the pre-trial evidentiary hearing should eliminate the need for most objections. Second, EPA's approach is *subject to abuse* because—under EPA's proposed approach—the time spent arguing an objection counts against the non-objecting party. It thus creates a perverse incentive for the objecting party.

To be clear, Plaintiffs do not object to fleeting (good-faith) objections counting against the examining party's time when the rulings are prompt and swift, as it would be impractical to stop and start the clock for each such objection. Plaintiffs' concern is directed towards objections that result in back-and-forth between counsel and the Court, as this creates an incentive for the objecting party to argue, and a disincentive for the non-objecting party to advocate in defense of admissible testimony.

**Video Platform**: Plaintiffs' support the use of Zoom as the platform to use at trial. Two issues that Plaintiffs wish to flag for the Court's consideration are: (1) Will the platform be hosted by the Court? (2) Will the proceedings be live-streamed online so that the public can watch the proceedings? On the first issue, Plaintiffs' position is that the Court (or an independent party approved by the Court) should host the platform for the entirety of trial. On the second issue, Plaintiffs' position is that the proceeding should be live-streamed so that the public is able to observe the proceedings. A bench trial currently underway in Houston, which is also using the Zoom platform, is currently live-streaming the proceedings in that case.[1]

### DEFENDANTS' POSITION

**Specimens:** As the Court requested, counsel for EPA attached two declarations that were submitted substantially in lieu of direct testimony in other cases that the Environmental Defense

---

[1] The case is *Ahmed v. Texas Fair Plan Association*. The URL for the livestream is https://video.ibm.com/channel/73QH3D9fnvh

Section handled. Counsel would be pleased to provide further specimens for the Court's review as needed.

**Word Count for Declarations:** The word limit for declarations submitted by the parties' designated expert witnesses should be 20,000 words. EPA's proposal is based on its intention to present succinct live direct testimony for each of its designated expert witnesses, including its experts who prepared longer reports. While EPA agreed to the longer maximum length of direct testimony proposed by Plaintiffs (45 minutes compared to the 15 to 20 minutes that EPA had initially suggested at the April 10, 2020 status conference), EPA would prefer to limit its own experts' direct testimony, even for its experts with longer reports, and instead offer more fulsome opinions in the declarations.

EPA's expert epidemiologist and toxicologist each conducted systematic reviews of the relevant epidemiological and experimental animal toxicological studies. Systematic review is necessary for a determination of risk in this case, whether under the Toxic Substances Control Act or pursuant to well-accepted scientific practices. Indeed, as the Court has already determined, methodology is a key issue in the case. *See* Order on Motion for Summary Judgment 16, ECF No. 156 (explaining that the Court could not determine from the summary judgment briefing "whether Plaintiffs conducted the functional equivalent" of systematic review). Accordingly, the Court should afford EPA's experts adequate space to explain the methodology and results of their systematic reviews, in conjunction with and addition to rebutting the opinions of Plaintiffs' experts. Based on its review of the expert reports, EPA has determined that it needs approximately 20,000 words to present a fulsome explanation of the experts' methodologies and opinions. Counsel for Plaintiffs has not offered any reasoned explanation for objection to EPA's proposed word count.

Further, EPA's proposed word count results in a reasonable page range. EPA estimates that each declaration page will contain approximately 360 to 390 words when formatted consistent with the requirements of Local Rule 3-4. EPA's proposed word limit, therefore, would roughly equate to about 51 to 55 pages of text alone. This page range is consistent with other declarations counsel for EPA has reviewed in preparing this proposal.

**Date of Evidentiary Hearing:** The Court should hold the proposed pre-trial evidentiary hearing in the morning of the first day of trial, **June 8, 2020**. The purpose of the parties' stipulation is to propose a process for streamlining the presentation of evidence during a remote trial. Consistent with the Court's request, EPA's position has been clear that one of the tradeoffs must be a corresponding reduction in trial time. EPA believes the format described above—filing declarations substantially in lieu of live direct testimony, shortening the exhibit list, stipulating to the admissibility of exhibits and additional facts, and resolving objections ahead of trial— conforms to that objective. The proposed format is designed to minimize interruptions for objections and argument. Thus, Plaintiffs' proposal to hold a hearing in advance of trial, which would essentially add another trial day to the existing schedule, is unnecessary.

For example, the scheduled eight trial days permit 38 hours of trial time assuming 4.75 hours of trial time per day after breaks. Even if the proposed pre-trial evidentiary hearing required a full trial day of 4.75 hours (it should not) and each party used the entirety of its 15-hour allotment, there would be 3.25 hours remaining in reserve to account for technical glitches.

Finally, EPA's proposed June 8 date would also afford the Court additional time to consider the declarations and associated objections, if any.

EPA wishes to note one item regarding the agreed-upon process for exchanging declarations, which relates to the process for resolving objections to those declarations. The parties' joint proposal contemplates that the parties would exchange declarations simultaneously and that objections to the proposed designated expert witness declarations would be resolved before trial. If the Court, however, is inclined to resolve objections to the proposed designated expert witness declarations as witnesses are called over the course of trial, EPA does not consent to the simultaneous exchange of declarations as provided for in the joint proposal. Plaintiffs' designated expert witnesses will testify before EPA's designated expert witnesses, who must respond to Plaintiffs' designated expert witnesses' testimony. EPA will not be able to be as responsive as it would be in a typical trial if declarations are exchanged simultaneously. However, EPA was willing to agree to such an exchange to resolve objections to all declarations before trial to minimize trial time and, correspondingly, the potential for technical failures. If objections to

declarations will not be resolved before trial, EPA would be unfairly prejudiced by the simultaneous exchange of declarations. Further, if declarations are exchanged simultaneously and then introduced witness-by-witness, Plaintiffs would have more time to prepare objections to the declarations submitted by EPA's designated expert witnesses compared to the relatively short time EPA would have to do the same for Plaintiffs' witnesses.

**Total Trial Time – Evidentiary Arguments:** The total trial time allotment of 15 hours per party should also include time spent arguing over evidentiary objections that arise during the presentation of evidence and that were not resolved before trial. In light of the parties' agreement described above, EPA believes these objections and other interruptions will be limited.

Time spent arguing over objections that do arise during the examination of a witness should be charged to the examining party. EPA does not support stopping time for every objection because it is complicated and unnecessary. If the examining party believes that excessive time has been spent arguing over an objection, the examining party may request that its trial time be paused until the objection is resolved, or to add time back to the party's allotment. The parties should limit objections and interruptions during testimony as much as possible, including by the process described above for handling objections to written declarations before trial commences. Thus, requests to "pause" or "put back" time should be made sparingly.

Contrary to Plaintiffs' suggestion above, EPA is doubtful that either parties' counsel would lodge objections and engage in extended argumentation in an effort to deplete the opposing party's trial time. And even if that situation did arise, a party may ask the Court to "pause" or "put back" time, as circumstances warrant. Plaintiffs' proposal would otherwise unnecessarily complicate the Court's task of keeping track of each party's expended trial time.

**Video Platform:** In light of the April 21, 2020, Clerk's Notice that the Court intends to conduct trial via Zoom webinar, EPA's counsel is now focusing its investigation of video conference tools on the Zoom platform. EPA will be prepared to discuss the merits and drawbacks of the Zoom webinar platform at the April 29, 2020 status conference, as the Court requested.

EPA agrees in theory with Plaintiffs that it would be most appropriate for the Court or an independent third party to host the entirety of the trial, but reserves the right to address that issue

further after understanding more about the Court's preferences and after conducting additional testing. EPA does not object to some form of public access but would like to discuss whether such access is technologically feasible, would create a risk of interruption to the proceedings, or would otherwise cause unnecessary distraction.

**Decision Regarding Whether to Proceed by Video:** For planning purposes, EPA believes it would be helpful to discuss with the Court at the April 29 status conference setting a date by when a final determination of whether the trial will occur in person or remotely will be made and the considerations that would go into such a decision. EPA offers that the final pretrial conference date of May 8, 2020, would be an appropriate date for that decision.

Respectfully Submitted,

Date: April 22, 2020

*Michael Connett*
MICHAEL CONNETT
C. ANDREW WATERS
Waters Kraus & Paul
222 N. Pacific Coast Hwy
El Segundo, CA 90245
Tel: (310) 414-8146

*Attorneys for Plaintiffs*

Date: April 22, 2020

*Brandon N. Adkins (by permission)*
DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2020, a true and correct copy of the foregoing Joint Statement Regarding Trial Logistics was filed via CM/ECF, which will serve an electronic copy on all counsel of record.

*/s/ Michael Connett*
Michael Connett