DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
Tel.    (202) 514-2640 (Carfora)
        (202) 514-2593 (Do)
        (202) 616-9174 (Adkins)
        (202) 532-5563 (Bhat)
Fax     (202) 514-8865
debra.carfora@usdoj.gov
john.do@usdoj.gov
brandon.adkins@usdoj.gov
simi.bhat@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., | No. 3:17-cv-02162-EMC |
| Plaintiffs, | **EPA'S BELLWETHER EXHIBIT OBJECTIONS** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENY, et al., | |
| Defendants. | |

Pursuant to the Clerk's Notice entered on the docket on April 24, 2020 (ECF Dkt. No. 177), EPA met and conferred with Plaintiffs regarding evidentiary objections to exhibits. This has resulted in reducing the number of exhibits by more than half and resolution on the majority of objections. A revised exhibit list has been concurrently filed reflecting these changes. Dkt. No. 184 (listing 61 Plaintiffs Exhibits and 39 EPA exhibits).

EPA respectfully submits the following Bellwether Exhibit Objections:

## I. Bellwether Exhibits Concerning or Relating to EPA's MCL and MCLG and EPA's 2010 RfD for Fluoride.

| Exhibit Number | Description | Date | Purpose for Offering | Response to Objections |
|---|---|---|---|---|
| 029 | EPA - Fluoride: Dose-Response Analysis for Non-cancer Effects (EPA-820-R-10-019). | 2010 | Data on fluoride exposures in US, including for infants; identification of populations susceptible to fluoride toxicity, and other background facts about fluoride cariology, toxicology and pharmacology | Plaintiffs will not be discussing any material related to MCLG and are amenable to introducing only excerpts to avoid introducing discussion on MCLG |
| 030 | EPA - Fluoride: Exposure and Relative Source Contribution Analysis (EPA-820-R-10-015) | 2010 | Exposure assessment for fluoride | Plaintiffs will not be discussing any material related to MCLG; and are amenable to introducing only excerpts to avoid introducing discussion on MCLG |
| 051 | Letter from EPA Assistant Administrator, Robert Perciasepe, July 25, 1997 (Ex. 155). | 1997 | To help demonstrate that focus of EPA's regulation of fluoride in water should be on prevention of risk; not promotion of a health benefit | No sponsoring witness necessary: self-authenticating + party admission |

These documents violate the parties' stipulation concerning the inclusion of certain facts in the Joint Pretrial Conference Statement, in which "Plaintiffs agree[d]

2

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

and stipulate[d] not to elicit or introduce any testimony or evidence, including but not limited to, any witness testimony on direct or cross examination, appearing live or by deposition, or any *exhibit*, demonstrative, or written discovery, concerning or relating to EPA's Maximum Containment Level ("MCL") and Maximum Containment Level Goal ("MCLG") and EPA's 2010 reference dose for fluoride. (*See* ECF No. 148, emphasis added).

In 2010, the EPA Office of Water began a reassessment of the MCL and MCLG regulatory standards under the Safe Drinking Water Act based on the effects of ingested fluoride on severe dental fluorosis and bone structure—Plaintiffs refer to these regulatory standards as "safety standards." The document entitled *Fluoride: Dose-Response Analysis for Non-cancer Effects* (identified above as Exhibit No. 29 and available at https://www.epa.gov/sites/production/files/2019-03/documents/fluoride-dose-response-noncancer-effects.pdf) is EPA's report on the culmination of its reassessment of the MCL and MCLG. As part of that same effort, the Office of Water prepared a second document entitled *Fluoride: Exposure and Relative Source Contribution Analysis* (identified above as Exhibit No. 30 and available at https://www.epa.gov/sites/production/files/2019-03/documents/fluoride-exposure-relative-report.pdf) that provides fluoride exposure estimates for the age groups susceptible to severe dental fluorosis. The document identified above as Exhibit No. 51 is a 1997 letter expressly discussing the MCL and MCLG regulatory standards under the SDWA. Regardless of the purpose for which Plaintiffs seeks to introduce these documents into evidence at trial, the entirety of these documents clearly violate the parties' stipulation not to introduce any exhibit concerning or relating to EPA's MCL, MCLG, or EPA's 2010 reference dose for fluoride.

3

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

Accordingly, these documents should be excluded from evidence.

## II. Bellwether Exhibits that are in Draft or Proposed Form.

| Exhibit Number | Description | Date | Purpose for Offering | Response to Objections |
|---|---|---|---|---|
| 034 | EPA – Regulatory Impact Analysis of the Proposed Revisions to the National Ambient Air Quality Standards for Lead, https://www3.epa.gov/ttn/ecas/docs/ria/naaqs-lead_ria_final_2008-10.pdf | 2008 | Adverse nature of IQ loss | party admission; goes to adverse nature of IQ loss |
| 041 | Federal Register, Volume 76, Number 12 (January 19, 2011), Pages 3,422-3,449: Sulfuryl Fluoride; Proposed Order Granting Objections to Tolerances and Denying Request for a Stay | 2011 | Exposure assessment & risk assessment methods | Party admission; Relevant to exposure assessment & risk assessment methods |
| 043 | Federal Register, Volume 84, Number 123 (June 26, 2019), Pages 30,524-30,569) National Primary Drinking Water Regulations: Perchlorate; Proposed rule, request for public comment | 2019 | Adverse nature of IQ loss | Party admission; Relevant to adverse nature of IQ loss |
| 049 | EPA - Draft Risk Evaluation for N-Methylpyrrolidone(NMP) (EPA-R1-8009) | 2019 | EPA's risk characterization/determination practices under TSCA | Party admission; Opp to MIL 5 |
| 050 | EPA - Draft Risk Evalution for Trichloroethylene (EPA-740-R1-8008) | 2020 | EPA's risk characterization/determination practices under TSCA | Party admission; Opp to MIL 5 |

These draft and proposed documents are inadmissible hearsay, are irrelevant to Plaintiffs' claim that fluoridation chemicals pose an unreasonable risk, and, even if relevant, have limited probative value, and introducing these documents would waste time, cause confusion, and unfairly prejudice EPA. Fed. R. Evid. 401(a); 402; 403; 801. The proposed rule, proposed order, and analysis of proposed rule (Ex. 34, 41, 43) are proposed versions subject to change during further review and public

4

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

comment. The draft risk evaluations (Ex. 49-50) are stamped on every page with the warning "PEER REVIEW DRAFT; DO NOT CITE OR QUOTE." Earlier in this case, this Court determined that a draft document, which had yet to undergo peer review, should not be introduced. Order, Sept. 25, 2019, Dkt. No. 115, p. 3. As Plaintiffs noted in the associated briefing, it would be an abuse of discretion to admit a preliminary government study that was subject to change by its own terms and invited public comment.  Dkt. No. 114, p. 1 n.1. (*citing Toole v. McClintock*, 999 F.2d 1430, 1434–35 (11th Cir. 1993); *see also Brown v. Sierra Nevada Mem. Miners Hosp.,* 849 F.2d 1186, 1189–90 (9th Cir.1988) (trustworthiness of agency's findings may be diminished when outside sources are relied upon).  Notably, plaintiffs seek to introduce other final documents for the very same reasons they claim support the introduction of these documents, including Ex. 33, 35, and 42. The TSCA risk evaluation process is explained in detail in EPA Guidance (Ex. 538). These draft or proposed documents should not be admitted.

### III. Bellwether Exhibits Concerning or Relating to Chemicals That Are Not Used In the Practice of Community Water Fluoridation.

| Exhibit Number | Description | Date | Purpose for Offering | Response to Objections |
|---|---|---|---|---|
| 032 | EPA – IRIS Chemical Assessment Summary: Methylmercury (MeHg); CASRN 22967-92-6 | 2001 | Generalizability of BMD data derived from foreign populations to US | Generalizability of BMD data derived from foreign populations to US |
| 033 | EPA – Regulatory Impact Analysis of the Final Clean Air Mercury Rule, EPA-452/R-05-003 | 2005 | Adverse nature of IQ loss | goes to adverse nature of IQ loss |

5

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

| | | | | |
|---|---|---|---|---|
| 035 | EPA – Economic Analysis of Toxic Substances Control Act Section 403: Lead-Based Paint Hazard Standards, https://www.epa.gov/sites/production/files/documents/403_ea_d21.pdf | 2000 | Adverse nature of IQ loss | goes to adverse nature of IQ loss |
| 037 | EPA Website – "NRC Risk Assessment Paradigm," https://www.epa.gov/fera/nrc-risk-assessment-paradigm. | 2017 | To establish EPA risk assesment principles and practices | To establish EPA risk assesment principles and practices |
| 040 | EPA Website - EPA-FDA Fish Advice: Technical Information, https://www.epa.gov/fish-tech/epa-fda-fish-advice-technical-information | 2018 | EPA's use of foreign-based data to protect US population | goes to EPA's use of foreign-based data to protect US population |
| 042 | Federal Register, Volume 73, Number 219 (November 12, 2008), Pages 66,964–67,062. National Ambient Air Quality Standards for Lead; Final Rule | 2008 | Adverse nature of IQ loss | Relevant to adverse nature of IQ loss |

Documents concerning chemicals not used for community water fluoridation are irrelevant to the question of whether adding fluoridation chemicals to community water systems presents an unreasonable risk of neurotoxic harm, and should be excluded under Federal Rules of Evidence 401 and 403 for the reasons detailed in EPA's Fifth Motion in Limine, Dkt. No. 143.

Documents concerning chemicals unrelated to fluoridation are irrelevant because they have no probative value for answering the question of whether adding fluoridation chemicals to community water systems, the only condition of use at issue in this litigation, presents an unreasonable risk of neurotoxic harm.

Even if the documents could be considered relevant, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] wasting time." Fed. R. Evid. 403. "The district court has considerable latitude in performing a Rule 403 balancing test." *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) (*citing Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1430

6

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

(9th Cir. 1991)). Evidence concerning chemicals unrelated to fluoridation will have a distracting effect and confuse the already-complex scientific issues in this case because it would require unnecessary testimony and evidence comparing and distinguishing the nature of the evidence for chemicals unrelated to the practice of community water fluoridation.

For these reasons, the Court should exclude all evidence concerning chemicals unrelated to community water fluoridation.

Dated:   May 1, 2020                    /s/*John Thomas H. Do*
                                        DEBRA J. CARFORA
                                        JOHN THOMAS H. DO
                                        BRANDON N. ADKINS
                                        SIMI BHAT

                                        *Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2020, a true and correct copy of the foregoing EPA's Bellwether Exhibit Objections was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ John Thomas H. Do*
John Thomas H. Do

8

EPA's Bellwether Exhibit Objections
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)