UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02162-EMC<br><br>**ORDER REGARDING PARTIES' BELLWETHER EVIDENTIARY OBJECTIONS**<br><br>Docket No. 183, 185 |

On April 24, 2020, the Court directed each party to submit fifteen bellwether exhibit objections for which they sought a ruling. *See* Docket No. 177. The parties submitted their bellwether objections, *see* Docket Nos. 183, 185, and the Court heard argument regarding the objections on May 8, 2020. The Court rules on the bellwether objections as follows:

- Exhibits 14 and 16 – the Court sustains EPA objections on relevancy grounds but will permit Plaintiffs to use these exhibits if made relevant on cross-examination. If no such testimony is offered, the exhibits may not be introduced on direct.

- Exhibits 29 and 30 – the parties are directed to meet and confer in an effort to stipulate to the facts that Plaintiffs seek to admit. If the parties are not able to agree, Plaintiffs are directed to submit the precise excerpts they seek to admit which must pertain only to facts relevant to the instant case, while providing enough context to demonstrate the excerpt is not misleading or incomplete. The Court will not consider any evidence related to MCL and/or MCLG.

- Exhibits 32, 37, 40, 41, and 59 (exhibits relating to EPA methodology or practice) – the Court will permit Plaintiffs to introduce evidence that evinces EPA practices, methodologies, and/or aspects of how EPA has carried out its duties under TSCA

and the Guidelines for Neurotoxicity Risk Assessment which transcends the specific context thereof and has application to the instant case.  In other words, the Court will entertain evidence only to the extent it sheds meaningful light on how the EPA has interpreted TSCA (as amended) and the Guidelines.

- Exhibits 33, 34, 35, 42, and 43 (exhibits relating to the adverse nature of IQ loss) – Plaintiffs are permitted to introduce EPA statements about the significance of IQ loss, but only to the extent that such statements constitute EPA's (and not some outside commentator's) findings or conclusions about the health effects of lower IQ.  Information which sheds light on the metrics of IQ loss is relevant to the determination of what constitutes an unreasonable risk under TSCA.  As with other evidence that Plaintiffs seek to admit, Plaintiffs shall identify with precision only the pertinent portion of the document, together with sufficient context to demonstrate that the statement has not been taken out of context.

- Exhibits 49 and 50 – EPA indicated at the hearing that it no longer objects to the draft risk evaluations completed pursuant to TSCA.  The Court instructs Plaintiffs that, should they seek to introduce portions of these reports at trial, they must to introduce only the critical portions of the document together with enough context to demonstrate that the relevant excerpt is not taken out of context.  EPA will retain the right to submit additional portions of the documents to the extent the Agency believes completeness requires such.

- Exhibit 51 – Plaintiffs indicated at the hearing that this exhibit will be withdrawn.

**IT IS SO ORDERED**.

Dated: May 8, 2020

_____
EDWARD M. CHEN
United States District Judge