DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>        Defendant. | Case No. 17-CV-02162 EMC<br><br>**DEFENDANTS' STATEMENT ON UNRESOLVED OBJECTIONS**<br><br>Date:  June 5, 2020<br>Time:  9:30 a.m.<br>Place: Courtroom 5, 17th floor |

Pursuant to Further Pretrial Conference Order (ECF No. 197), EPA met and conferred with Plaintiffs regarding all unresolved objections. This has resulted in resolution of the majority of objections. There remains two unresolved objections between the parties.

EPA respectfully submits the following statement on unresolved objections:

## I. DEPOSITION DESIGNATIONS OF JOYCE DONOHUE.

EPA lodged limited objections to specific line designations for the deposition testimony of Joyce Donohue on the grounds that such testimony violates the parties' stipulation concerning the inclusion of certain facts in the Joint Pretrial Conference Statement. EPA's objections are on pages 125-126 of Appendix C to the Joint Pretrial Conference Statement. (ECF No. 150-1). An excerpt of the relevant pages are attached hereto as Exhibit A.

EPA's objections are limited to specific line designations as follows:

- 254:25-255:4;
- 257:1-257:8; and
- 257:25-258:8.

An excerpt of the relevant deposition pages (including the page before and after the relevant testimony) is attached hereto as Exhibit B. For the Court's convenience, EPA has also attached hereto as Exhibit C the parties' *Stipulation Regarding SDWA Standards*, ECF No. 148.

For the reasons provided on pages 125-126 of Appendix C to the Joint Pretrial Conference Statement, the Court should exclude from the testimony of Joyce Donohue deposition line designations 254:25-255:4; 257:1-257:8; and 257:25-258:8.

## II. EXHIBIT 543: CONGRESSIONAL RECORD.

Exhibit 543, attached hereto as Exhibit D, is the Congressional Record documenting debate in the United States Senate on the motion to concur in the House amendment to the Senate amendment to the bill (H.R. 2576) entitled "*An Act to modernize the Toxic Substances Control Act, and for other purposes.*" 115 Cong. Rec. S3511-25 (daily ed. June 7, 2016). The Congressional Record is not being offered for the truth of the matter asserted. But even if it were, the Congressional Record is excepted from the rule against hearsay as a public record pursuant to Federal Rule of Evidence 803(8).

"[W]henever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the . . . statement . . . is not subject to attack as hearsay." *United States v. Arteaga*, 117 F.3d 388, 396 (9th Cir. 1997), as amended on denial of rehearing (July 23, 1997) (*quoting United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981)) (alteration in the original). The Congressional Record is being offered to show the legislative intent in the use of the term "weight of evidence" in the final bill text. *See* 115 Cong. Rec. at S3516 ("[W]e submit the following additional views that describe the intent of the negotiators on elements of the final bill text."). Because the significance of the statements made in the Congressional Record is the fact that the statements were made rather than the veracity of the declaration, the Congressional Record is not hearsay. *See United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985) (finding no error where the court did not admit statements for their truth but only to show that they were made).

Regardless of whether the Congressional Record is hearsay, it is admissible under the public records exception to the rule against hearsay. Hearsay is admissible if it is a public record of a public office that sets out "the office's activities." Fed. R. Evid. 803(8)(A)(i). This hearsay exception "is designed to allow admission of official records and reports prepared by an agency *or government office* for purposes independent of specific litigation." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 743 (N.D. Cal. 2011) (quoting *United States v. Stone*, 604 F.2d 922, 925 (5th Cir.1979)) (emphasis added). The Congressional Record is the official record of the proceedings and debates of the United States Congress, published by the United States Government Publishing Office and issued when Congress is in session. *See* Congress.gov. This document was not prepared in advance of litigation and thus should be afforded the usual presumption of trustworthiness given to public documents.

For the foregoing reasons, the Court should overrule Plaintiffs' hearsay objection.

## CONCLUSION

The Court should exclude from the testimony of Joyce Donohue deposition line designations 254:25-255:4; 257:1-257:8; and 257:25-258:8 and overrule Plaintiffs' hearsay objection to exhibit 543, Congressional Record.

Date: May 27, 2020
Washington, D.C.

        Respectfully Submitted,

        *<u>Debra J. Carfora</u>*
        Debra J. Carfora
        Brandon N. Adkins
        John Thomas H. Do
        Simi Bhat
        United States Department of Justice
        Environment & Natural Resources Division
        P.O. Box 7611
        Washington, D.C. 20044
        Tel: (202) 616-9174
        Fax: (202) 514-8865
        Email: debra.carfora@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2020, a true and correct copy of the foregoing Defendants' Statement on Unresolved Objections was served on counsel of record by CM/ECF.

> */s/ Debra J. Carfora*
> Debra J. Carfora
> United States Department of Justice