# Exhibit A

1 evidence to "shift the burden." Rather, Plaintiffs will point to these admissions as
2 providing further assurance that Plaintiffs' experts have not excluded or omitted any
3 material studies that contradict their assessment.

### Donohue Deposition Designations

EPA's Objection: EPA objects to the specific line designations for the deposition testimony of Joyce Donohue as follows: 254:25 – 255:4; 257:1 – 257:8; 257:25 – 258:8. These designations violate the parties' stipulation concerning the inclusion of certain facts in the Joint Pretrial Conference Statement, in which Plaintiffs agreed and stipulated not to elicit or introduce any testimony or evidence, including but not limited to, any witness testimony on direct or cross examination, appearing live or by deposition, or any exhibit, demonstrative, or written discovery, concerning or relating to EPA's Maximum Containment Level ("MCL") and Maximum Containment Level Goal ("MCLG") and EPA's 2010 reference dose for fluoride.

In lines 243:23-25, Plaintiffs' counsel asks: Q. And you would agree that this study justifies a reassessment of the current MCLG for fluoride, correct? Therefore, clearly eliciting testimony concerning the MCLG. (Answer line reference is 244:1-10).

In the same line of questioning, Plaintiffs' counsel then refers to the MCLG as "safety standards," which has been a common refrain because the MCLG is promulgated under the Safe Drinking Water Act. At lines 254:25 – 255:3, Plaintiffs' counsel asks: Q: And you would agree that this study further supports the need for reassessment of current safety standards of fluoride in the United States. (Answer line reference is 255:4).

In the same line of questioning, at lines 257:1 – 257:5, Plaintiffs' counsel elicits additional testimony concerning the MCLG: Q: So would you agree that this study here by Christine Till and colleagues provides significant and important new information that supports the reassessment of fluoride safety standards in the United States? (Answer line reference is 257:6-8).

In the same line of questioning, at lines 257:25 – 258:4, Plaintiffs' counsel elicits additional testimony concerning the MCLG: Q: And so I'm not sure if you answered my

1 question, but you would agree that this study right here adds further reason why we need
2 to do a reassessment of the fluoride safety standards in the United States? (Answer line
3 reference is 258:5-8).

4        The only "fluoride safety standards in the United States" are promulgated by
5 EPA's Office of Water pursuant to the Safe Drinking Water Act—the MCL and MCLG.
6 The SDWA requires EPA to review and revise, as appropriate, all existing drinking water
7 standards every 6 years, 42 USC 300g-1(b)(9), including fluoride. Dr. Donohue is a staff
8 scientist in EPA's Office of Water with responsibilities for staying up-to-date on the
9 existing scientific literature on fluoride. Even if Plaintiffs' counsel did not intend to elicit
10 testimony concerning the SDWA standards, which are the subject of the parties'
11 stipulation, it can hardly be argued that Dr. Donohue did not understand to be testifying
12 concerning such standards. Because counsel's questions clearly elicited testimony
13 concerning the MCLG and MCL for fluoride, that testimony must be excluded.

14        <u>Plaintiffs' Response</u>: EPA is extending the stipulation beyond the context in
15 which it arose, and reading it too broadly. Initially, Plaintiffs had intended to call several
16 witnesses to discuss the history and politics involved in the enactment of the MCLG for
17 purposes of demonstrating the crudeness of it. Based on the parties' stipulation, Plaintiffs
18 have withdrawn all of this evidence. Now EPA seeks to expand the scope of the
19 stipulation by excluding any deposition question that refers generically to "safety
20 standards." This goes too far. As Dr. Donohue's testimony makes clear, safety standards
21 are not limited to EPA's MCLG but include any regulation, in the U.S. or abroad, that
22 seeks to protect people from over-exposure. *See* Dep. at 254:5-16. In the U.S., these
23 regulations include pesticide exposure limits, not just water exposure limits. *See* 76 Fed.
24 Reg. 12 (Jan. 19, 2011) at 3,422 (addressing EPA's regulation of fluoride exposure from
25 pesticides under FIFRA). The fact that Plaintiffs' question may encompass the MCLG is
26 not a basis for excluding it, particularly since the questions make no reference to the
27 politics, history, and crudeness of MCLG, which is what Plaintiffs understood the
28 stipulation was designed to exclude.