DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>  Defendant. | Case No. 17-CV-02162 EMC<br><br>**DEFENDANTS' OBJECTIONS TO DECLARATIONS OF HOWARD HU AND BRUCE LANPHEAR**<br><br>Date:   June 5, 2020<br>Time:  9:30 a.m.<br>Place:  Courtroom 5, 17th floor |

Plaintiffs filed declarations for Drs. Howard Hu and Bruce Lanphear that contain opinions that were never disclosed. Dr. Hu offered two new opinions regarding (1) comparisons to lead-exposure studies and (2) an abstract of an unpublished paper. Dr. Lanphear offered one new opinion regarding the recent University of California, San Francisco study of fluoride exposure in a population in California. EPA would be unfairly prejudiced by hearing these new opinions for the first time at trial. The Court should strike the offending material from Dr. Hu's and Lanphear's declarations and require Plaintiffs to refile the declarations without the offending material. The Court should prevent Plaintiffs from eliciting testimony at trial on the previously undisclosed subjects. *See* Fed. R. Civil P. 37(c).

## BACKGROUND

Plaintiffs represent that Drs. Hu and Lanphear are "non-retained" experts. Plaintiffs disclosed two summaries of the facts and opinions for each witness. *See* Fed. R. Civ. P. 26(a)(2)(C). Dr. Hu's disclosures are attached as Exhibits A and B. Dr. Lanphear's disclosures are attached as Exhibits C and D.

Plaintiffs disclosed two categories of testimony for Drs. Hu and Lanphear—testimony regarding the facts of certain studies they conducted and, in supplemental disclosures, opinion testimony relating to two specific topics. Plaintiffs initially disclosed that Dr. Hu would testify regarding three papers he co-authored regarding the Early Life Exposures in Mexico to Environmental Toxicants ("ELEMENT") project in Mexico City. *See* Exhibit A. Plaintiffs disclosed that Dr. Lanphear would testify regarding three papers he co-authored regarding the Maternal-Infant Research on Environmental Chemicals ("MIREC") project in Canada. *See* Exhibit C.

In supplemental disclosures, Plaintiffs revealed two ways in which they will elicit *opinions* from Drs. Hu and Lanphear that go beyond the facts of the studies they coauthored. EPA moved *in limine* to exclude the opinion testimony under *Daubert*. ECF No. 140. The Court held that Plaintiffs may elicit Dr. Hu's generalizability opinion without prejudice to EPA renewing a *Daubert* challenge to this portion of Dr. Hu's testimony at trial. *See* Further Pretrial Conference Order 21, ECF No. 197. With respect to Dr. Lanphear's opinion testimony, the Court

held that "Dr. Lanphear would be permitted to testify as to the scientific findings that Dr. Lanphear has made in his studies, but he is not permitted to testify as to his opinion that pregnant women should avoid fluoridated water." *Id.* at 22.

On May 20, 2020, Plaintiffs submitted declarations by Drs. Hu and Lanphear. ECF Nos. 198-1, 198-2. Pursuant to this Court's minute order, ECF No. 177, EPA lodges the following evidentiary objections to Dr. Hu's and Dr. Lanphear's declarations.

## ARGUMENT

Drs. Hu and Lanphear offer new opinions that were not previously disclosed and were not part of the papers they co-authored regarding the ELEMENT and MIREC cohorts. EPA is prejudiced because it will hear these new opinions for the first time at trial. The Court should strike the offending material from the declarations and require Plaintiffs to refile the declarations without the offending material. The Court should prevent Plaintiffs from eliciting testimony at trial on each subject. *See* Fed. R. Civil P. 37(c).

### I.     NEW OPINIONS OFFERED BY DR. HOWARD HU.

Dr. Hu's declaration states new opinions regarding (1) comparisons to lead-exposure studies and (2) an abstract of an unpublished paper. Neither opinion was disclosed.

#### A.     Dr. Hu's Undisclosed Opinion Regarding Lead-Exposure Studies.

In his declaration, Dr. Hu compares his fluoride research regarding the ELEMENT cohort to certain lead-exposure studies. This comparison was not made in any of the three ELEMENT studies, Dr. Hu's disclosures, or at Dr. Hu's deposition. One of the new opinions is a veiled attempt to offer an undisclosed rebuttal opinion to EPA's expert epidemiologist, Dr. Ellen Chang.

##### 1.     New Opinion Comparing Effects Observed in Fluoride Studies to Previously Unmentioned Lead Studies.

First, Dr. Hu's declaration compares supposed "reductions in intelligence that rival the effect sizes associated with lead exposure." Hu Decl. ¶ 23. Dr. Hu's declaration further describes the impact of IQ loss from lead exposure on lifetime earnings and cites "Gould 2009." *Id.* None of the three fluoride studies compared fluoride effects to lead exposure. In fact, the only mention of lead in the studies was with respect to controls for lead exposure as a confounding variable. *See*

Appendix B, at 9. The closest Dr. Hu ever came to comparing the fluoride studies to lead-exposure studies in the discovery phase of this case was when *Plaintiffs' counsel* asked Dr. Hu about lead exposure at Dr. Hu's deposition. *See* Hu Dep. 205:25–206:8, Exhibit F (Q: "In the context of your knowledge as to the effects of other neurotoxicants like lead and mercury on IQ, would you consider this effect size to be small, large? How would you characterize the effect size that you found?; A: I would characterize this as being of a similar magnitude as lead or mercury.").[1] Plaintiffs' single question posed to its own expert at the end of a deposition is not a stand-in for Rule 26(a) disclosures, especially where, as here the new opinion deals with an entirely different substance. EPA is without an opportunity to explore the basis for Dr. Hu's comparison at a deposition or through other discovery, to review relevant studies regarding lead exposure, or to consider the merits of Dr. Hu's opinion and prepare its defense. It would be unfairly prejudicial for Dr. Hu to offer these new opinions for the first time at trial.

The last two sentences of paragraph 23 should be struck from Dr. Hu's declaration, and Plaintiffs should be prevented from eliciting testimony regarding lead exposure and any effects on lifetime income from IQ loss.

### 2. New Opinion Rebutting EPA's Designated Expert Epidemiologist.

Second, Dr. Hu states that "[s]ome have suggested that the 'scatter' in [certain scatterplots published in the ELEMENT studies] is a basis to doubt the relation between fluoride and the neurodevelopmental outcomes." Hu. Decl. ¶ 30. Dr. Hu goes on to argue that similar scatter was observed in two lead-exposure studies, Huang 2016 and Tellez-Rojoz 2006, and he includes scatterplots from those lead studies as Figures D and E in his declaration. Hu Decl. ¶30.

Dr. Hu's vague reference to "some" is a veiled attempt to offer an undisclosed rebuttal opinion to EPA's expert epidemiologist, Dr. Chang. Dr. Chang disclosed an opinion that the "scattershot distribution of the individual observation points" from the ELEMENT and MIREC studies "reveal[s] substantial variability in the relationship between maternal urinary fluoride and neurodevelopmental outcomes. Chang Report 77 (emphasis added), Exhibit E. Dr. Hu never

---

[1] By quoting this portion of Dr. Hu's deposition testimony, EPA does not waive the objections lodged by counsel for EPA at the deposition.

disclosed an opinion comparing the scatter observed in the fluoride studies he co-authored to lead-exposure studies. Plaintiffs would not be prejudiced from striking Dr. Hu's undisclosed opinion. Plaintiffs' designated expert epidemiologist, Dr. Philippe Grandjean, already disclosed a "rebuttal report" to Dr. Chang.

Further, Plaintiffs failed to disclose an opinion of Dr. Hu comparing the scatterplots from the fluoride ELEMENT studies to lead studies, generally, or the Huang 2016 and Tellez-Rojoz 2006 studies, specifically. The only references to Huang 2016 in Dr. Hu's disclosures or in the three ELEMENT studies were in a different context (i.e., referring to a questionnaire used in Huang 2016 to control for socioeconomic status and to tests used in Huang 2016 to measure ADHD symptoms). *See* Exhibit B, at 6, 8. And neither the three ELEMENT studies nor Dr. Hu's disclosures cited the Tellez-Rojoz 2006 study.

The Court should strike paragraph 30 and Figures D and E from Dr. Hu's declaration and prevent Plaintiffs from eliciting testimony from Dr. Hu regarding how the results of the ELEMENT studies compare to lead-exposure studies.

**B.   Dr. Hu's Undisclosed Opinion Regarding Unpublished Abstract.**

Dr. Hu's declaration states that an abstract report, "Thomas 2018," is consistent with certain results of the Bashash 2017 study. Hu Decl. 7 n.5. But after stating his opinion he admits that he "do[es] not rely on [the results of the abstract report] here." *Id.* Plaintiffs failed to disclose an opinion by Dr. Hu regarding "Thomas 2018." The abstract is not one of the three ELEMENT studies on which Dr. Hu was offered to testify. In fact, his summary disclosures do not even cite the study. Plaintiffs would not be prejudiced because even Dr. Hu admits he did not rely on the abstract. Footnote 5 should be struck from Dr. Hu's declaration, and Plaintiffs should be prevented from eliciting testimony regarding the Thomas 2018 abstract.

**II.   NEW OPINION OFFERED BY DR. BRUCE LANPHEAR.**

For the first time in this case, Dr. Lanphear offers an opinion regarding the University of California, San Francisco study, Uyghurturk 2020. Dr. Lanphear states, "A similar study has recently been published of a smaller pregnancy cohort in California (Uyghurturk 2020), but our study remains the largest and most thorough." Lanphear Decl. ¶ 24. Plaintiffs did not disclose this

4

opinion for Dr. Lanphear. Neither Dr. Lanphear's disclosures nor the three MIREC studies he co-authored cite to Uyghurturk 2020 or any pre-publication version of that study. EPA is without any opportunity to probe the basis for Dr. Lanphear's new opinion and why he believed the study is similar to the MIREC cohort studies. EPA would be unfairly prejudiced to hear the basis for the new opinion for the first time at trial. Plaintiffs would not be prejudiced by striking Dr. Lanphear's new opinion. The Court has permitted Plaintiffs' designated expert witness, Dr. Grandjean, to testify regarding the UCSF study. *See* Further Pretrial Conference Order 19. The Court should strike the last sentence of paragraph 24 of Dr. Lanphear's declaration.

## CONCLUSION

For the foregoing reasons, the Court should strike from Dr. Hu's declaration: (1) the last two sentences of paragraph 23; (2) the entire paragraph 30 and Figures D and E; and (3) footnote 5. The Court should strike from Dr. Lanphear's declaration the last sentence of paragraph 24. The Court should require Plaintiffs to refile the declarations of Drs. Hu and Lanphear without the offending material. The Court should prevent Plaintiffs from eliciting testimony on these previously undisclosed subjects.

Date: May 27, 2020
Washington, D.C.

                Respectfully Submitted,

                */s/ Brandon N. Adkins*
                Brandon N. Adkins
                Debra J. Carfora
                John Thomas H. Do
                Simi Bhat
                United States Department of Justice
                Environment & Natural Resources Division
                P.O. Box 7611
                Washington, D.C. 20044
                Tel: (202) 616-9174
                Fax: (202) 514-8865
                Email: brandon.adkins@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2020, a true and correct copy of the foregoing Defendant's Objections to Declarations of Howard Hu and Bruce Lanphear was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<pre>
                                    /s/ Brandon N. Adkins
                                    Brandon N. Adkins
                                    United States Department of Justice
</pre>