**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**Northern District of California**

**CIVIL MINUTES**

**Date:** June 5, 2020  **Time:** 9:30-10:44=  **Judge:** EDWARD M. CHEN
                                1 Hour; 14 Minutes

**Case No.**: 17-cv-02162-EMC  **Case Name:** Food & Water Watch, Inc. v. Environmental Protection Agency

**Attorneys for Plaintiff:** Michael Connett, Andy Waters, Chris Nidel
**Attorneys for Defendant:** Debra Carfora, Brandon Adkins, John Do, Simi Bhat

**Deputy Clerk:** Angella Meuleman  **Court Reporter:** Debra Pas

**PROCEEDINGS HELD BY ZOOM WEBINAR**

Evidentiary Hearing - held.

**SUMMARY**

Parties stated appearances and proffered argument.

Housekeeping matters were discussed.  Trial hours will change as follows:

Monday, June 8, 2020: 8:00 A.M. to 12:00 P.M.;
Tuesday, June 9, 2020: 8:00 A.M. to 1:30 P.M.;
Tuesday, June 16, 2020: 1:30 P.M. to 5:30 P.M.

The Court also approved the parties' request that the parties each be permitted to call Dr. Thayer as a witness, in light of the logistical challenges posed by conducting a trial via Zoom.

Regarding Plaintiffs' objection to EPA's introduction of portions of the Congressional Record, the Court **OVERRULES** the objection in light of the fact that this is a bench trial and notes that no extra weight will be given to legislative history introduced as an exhibit.  It goes to a legal question of interpretation of the statute and is not evidence of a fact.

Regarding EPA's objection to Plaintiffs' introduction of certain deposition designations of Dr. Joyce Donohoe, the Court finds that the contested designations appear broader than merely referring to MCL/MCLG; it therefore **OVERRULES** this objection.  The understands the effect of the stipulation in not opening debate over the MCL/MCLG and will account for that.   However, EPA is permitted to redesignate for its direct case in response to this ruling. EPA must make those

designations and disclosures by Monday; any objections are due by Tuesday, and the Court will rule by Wednesday.  FWW can seek additional counter-designation as rebuttal but will be subject to the determination and discretion of the Court.

With respect to the parties' objections to the expert declarations, the Court had extensive discussion of the parties' expert witnesses on the record, and having reviewed all of the briefs, concludes that (although disclosures were not as robust as they could have been in some instances) none of the proposed testimony raises novel issues of which the parties had no previous notice, nor does it deprive them of the chance to prepare for cross-examination.  Since there is no prejudice, all these objections are **OVERRULED**.

The Court noted that Rule 615 (regarding sequestration of witnesses) will not be invoked in this case.  The parties agreed given the nature of these proceedings as stated on the record.