DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FOOD & WATER WATCH, INC., et al.,

Plaintiffs,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,

Defendants.

Case No. 17-CV-02162 EMC

**ERRATA; CORRECTED DEFENDANTS' POST-TRIAL BRIEF REGARDING STANDING**

Trial: June 8-17, 2020

Defendants respectfully submit the attached corrected post-trial brief on standing which rectifies the inadvertent errors described below.

(1) Misattribution of citation

In the original brief, ECF No. 248, Defendant EPA argues that Plaintiffs' reliance on certain studies and case reports do not support a credible fear of low level fluoride exposure from community water fluoridation because the evidence often concerned high fluoride exposure, without information on the origin, timing, or duration of exposure or the controlling (or lack thereof) of other contaminants or other health conditions. To illustrate, EPA noted in the original

brief that Plaintiffs' expert, Dr. Grandjean, conceded that the Roholm 1937 case reports discussed a group that had simultaneous exposure to "tar and other contaminants." ECF No. 248 at 7 (citing Tr. 300:5-301:9). On further review of the trial transcript, it appears that when Dr. Grandjean mentioned tar and other contaminants, he was actually referring to a study by Shao published in 2003, which he discussed prior to Roholm.

Dr. Grandjean stated that Shao was a cross-sectional study in China that compared "healthy" adults with those with skeletal fluorosis living in endemic fluorosis areas, though the source (e.g., water, coal burning, or elsewhere) of the high fluoride exposure was unclear. Grandjean Decl. ¶ 74; Tr. 300:5-23. Dr. Grandjean further testified on cross:

> [T]he point is that if it came from coal, then maybe the fluoride exposure was not clean. Maybe there were some additional, like, tar components or something. We can't tell. But it is in accordance with Rohan's [sic] finding in the cryolite workers. So I believe that it's very likely that this is associated with the fluoride exposure, now that these people had that heavy exposure that cause the fluorosis problem.

Tr. 300:16-23. It is unclear from Dr. Grandjean's answer what he believes the full extent of the overlap is between Roholm and Shao. At minimum, both involved high exposures, sometimes indicated by skeletal fluorosis. Grandjean Decl. ¶ 74; Tr. 300:5-23; *see* Tr. 842:18-24 (EPA's expert, Dr. Chang, noting that the people studied in Roholm had hundreds or thousands parts per million of fluoride in their bones and teeth, and some of them had severe skeletal fluorosis). Dr. Grandjean may have also been referring to possible co-exposure to other contaminants in both Shao and Roholm or to other unspecified consistencies between the two. *See* Grandjean Decl. ¶ 74; Tr. 300:5-23 and 842:18-843:14 (Dr. Chang noting that Roholm studied factory workers, and Roholm made no adjustment for "age, other confounders, [and] other health conditions").

Nonetheless, we submit this errata because we do not know with certainty whether Dr. Grandjean was identifying "tar and other contaminants" as a consistency between Shao and Roholm. Thus, we are deleting the reference to "tar and other contaminants" in the sentence concerning Roholm and noting that Dr. Grandjean conceded that the source of the "heavy exposure" is uncertain in Shao. Specifically, Page 7, Lines 18-26 of the brief now reads:

> Plaintiffs' epidemiologist, Dr. Grandjean, conceded that the workers described in the Roholm 1937 case reports were exposed to fluoride in the range of 30 mg/day, not even close to the intake rates of fluoride in drinking water as calculated by Dr. Thiessen~~, and the workers were simultaneously exposed to tar and other contaminants~~. Tr. 300:5-301:9; Thiessen Decl., Tbl. 7, ECF No. 202-1 at 75 (applying 70 kg body weight for adults from NRC 2006, Pltf. Ex. 13 at 23, would yield intake rates of .77 mg/day for average adults). These case reports also provide no basis to conclude that exposure to community fluoridated water will lead to headaches.

Page 9, Line 25 through Page 10, Line 2 now reads:

> Instead, Plaintiffs' expert, Dr. Grandjean, disclaimed providing an opinion on adults, Tr. 226:9-11, and conceded that the occupational evidence on adults "does not allow any detailed consideration of [neurotoxic harm's] dependence on dose, timing, and duration." Grandjean Decl. ¶ 64; *see also* Tr. 298:17-300:23 *and* Grandjean Decl. ¶ 74 (noting that Shao 2003 compared "healthy" individuals with those in endemic skeletal fluorosis areas from an unknown "heavy exposure" source); Tr. 304:8-305:9 (Li 2016 showing no association).

(2) Misquotation

Page 19, Lines 19-21 now reads "*Corrosion Proof Fittings v. E.P.A.*, 947 F.2d 1201, 1209 (5th Cir. 1991) (TSCA's reference to "national economy" precluded foreign~~ers~~ entities from being within the zone of interests as "any person~~s~~")

(3) Mispagination in Table of Authorities

The page citations in the Tables of Authorities have been corrected.

Finally, for the convenience of the Court, EPA has attached excerpts of cited trial exhibits to the corrected brief. Please excuse any confusion or inconvenience caused by these inadvertent errors.

Date: July 7, 2020 (Original filing: July 1, 2020)
Washington, D.C.

Respectfully Submitted,

*/s/John Thomas H. Do*
DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2020, a true and correct copy of the foregoing and the attached was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/John Thomas H. Do*

United States Department of Justice