DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
Tel.    (202) 514-2640
Fax    (202) 514-8865
debra.carfora@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., | No. 3:17-cv-02162-EMC |
| Plaintiffs, | **EPA'S OPPOSITION TO PLAINTIFFS' ADMINSTRATIVE MOTION** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENY, et al., | |
| Defendants. | |

The Court should deny Plaintiffs' request for additional briefing on standing. Pls.' Admin Mot., ECF No. 251. Plaintiffs have already had ample opportunity to brief this Court as to their alleged standing to bring this action. And EPA would be unfairly prejudiced if Plaintiffs, alone, are permitted additional briefing. Plaintiffs did not confer with EPA on their motion, but in the event the Court grants Plaintiffs' request, EPA respectfully asks to be given the same opportunity to file a responsive brief by July 31, 2020. EPA provides the following in support of this response in opposition:

1.   There is no basis to allow Plaintiffs to file further briefing on standing.

The parties have addressed standing in their briefing on summary judgment, oral argument at the summary judgment hearing, pre-trial briefing, and argument at trial. After trial, the Court directed each party to file a single, fifteen-page cross brief on standing. Trial Tr. at 1150:11-18. No responsive briefing was permitted. *Id.* at 16-17 ("I don't need, you know, sets of three briefs"). Even assuming that Plaintiffs' proposed briefing is akin to a sur-reply, as they suggest, such additional briefing is strongly disfavored and routinely rejected. *Buffin v. City and County of San Francisco*, 15-CV-04959-YGR, 2016 WL 2606865, at *1 (N.D. Cal. May 6, 2016); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016); *John Bordynuik Inc. v. JBI, Inc.*, 2:13-CV-01463-RFB, 2015 WL 153439, at *4 (D. Nev. Jan. 13, 2015).

Plaintiffs erroneously contend that they need to file an additional brief to respond to "matters presented to the court for the first time" by EPA in its post-trial brief. Pls.' Admin Mot., ECF No. 251, at 1 (quoting *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998)). EPA has repeatedly challenged Plaintiffs' assertion of standing in prior briefing and argument, relying largely on the same legal authorities and facts as in its post-trial brief. Plaintiffs will suffer no prejudice because they have had multiple opportunities to respond to EPA's arguments and support their claims of standing.

In their proposed additional brief, Plaintiffs specifically seek to comment on four legal authorities and EPA's discussion of the trial record. Pls.' Proposed Response, ECF No. 251-1. Two of those legal authorities, *Natural Resources Defense Council v. U.S. Environmental Protection Agency* and *Friends of the Earth, Inc. v. Laidlaw Environmental Services* were previously discussed by both EPA and Plaintiffs in prior briefing. *See, e.g.,* Pls.' Pre-trial Brief, ECF No. 146, at 9 (discussing *NRDC*) and 11 (discussing *Laidlaw*); Pls.' Opp. to Defs' Mot. for Summ. J., at 23-25 (discussing both). A sur-reply is "entirely improper" when it is offered to address cases filed in prior briefing. *Card v. Ralph Lauren Corp.*, 18-CV-02553-JSC, 2018 WL 6308192, at *3 n.3 (N.D. Cal. Dec. 3, 2018). Indeed, Plaintiffs address these exact cases in their

EPA's Opposition to Plaintiffs' Administrative Motion
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

2

post-trial brief. Pls.' Supp. Br. on Standing, ECF No. 247, at 3 n.13 (citing *Laidlaw*) and 3-5 (discussing *NRDC*). EPA cited the third standing case, *Center for Law & Education v. Department of Education,* only in passing. And EPA cited to the fourth case, *Federal Election Commission v. Akins*, 524 U.S. 11 (1998), in response to Plaintiffs' assertion of a generalized fear of increased risk of fluoride exposure in old age, which *Plaintiffs* first raised during the summary judgment hearing. Tr. Mot. Summ. J. 20:22-21:4 ("THE COURT: There's nothing specific about Ms. LaVelle. MR. CONNETT: Not specific in terms of whether she's at any heightened risk, herself"). Plaintiffs had the opportunity to support this claimed injury in their pre-trial and post-trial briefing, and in fact, already availed themselves of that opportunity. Pls.' Pre-trial Brief, ECF No. 146, at 9 (discussing Ms. LaVelle); Pls.' Supp. Br. on Standing, ECF No. 247, at 10 (discussing the elderly). The Court specifically stated that it will consider prior briefing on standing, so Plaintiffs will not be prejudiced if they are not permitted to submit yet another brief on this issue. Trial Tr. at 1150:11-18 ("Because you've already briefed that to a certain extent. I will re-look at that.").

Similarly, Plaintiffs will not be prejudiced if they cannot submit another brief to respond to EPA's descriptions of and citations to the trial record. Both parties rely on nearly identical testimony and exhibit citations in their post-trial standing briefs, and the Court has already heard such evidence and can assess it without additional advocacy. Thus, where "Defendants cite[] to the record, their [prior m]otion, and various legal authorities and substantively addressed those new issues raised by [the] Plaintiff," additional briefing from Plaintiffs is wholly cumulative and unnecessary. *Garcia*, 195 F. Supp. at 1134.

2. <u>To the extent any additional briefing on standing is allowed, EPA should be provided an opportunity to file a responsive brief and address new arguments raised by Plaintiffs</u>

To the extent that the lack of additional briefing is prejudicial, the prejudice is borne by EPA. It is Plaintiffs' burden to establish standing in the first instance. In the simultaneous post-trial briefing set by the Court, Plaintiffs raised new standing arguments, studies, and case law without an additional EPA response. For example, for the first time, Plaintiffs claim a procedural injury in their post-trial brief. Pls.' Supp. Br. on Standing, ECF No. 247, at 11-13. As such, if the

EPA's Opposition to Plaintiffs' Administrative Motion
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

3

Court grants Plaintiffs' request for addition briefing, to be fair to all parties, the Court should allow EPA the same opportunity to file a responsive brief.[1]

                    Respectfully submitted,

Dated:  July 16, 2020           /s/*John Thomas H. Do*
                                   DEBRA J. CARFORA
                                   JOHN THOMAS H. DO
                                   BRANDON N. ADKINS
                                   SIMI BHAT

                                   *Attorneys for Federal Defendants*

---

[1] Given that Plaintiffs did not meet and confer with EPA on this motion or its timing, and in light of the parties being in the midst of compiling their proposed findings of fact and conclusions of law, EPA requests a deadline of July 31, 2020 for EPA's responsive brief.

EPA's Opposition to Plaintiffs' Administrative Motion
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

4