**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al., <br> Plaintiffs, <br><br> v. <br><br> U.S. Environmental Protection Agency, et al., <br><br> Defendants. | Case No.: 17-cv-02162-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

At the close of trial in this matter, the Court asked the parties to meet and confer to assess the potential of EPA considering a new or amended petition so that the Agency, *inter alia*, could consider the new science that has been published subsequent to the initial petition. The parties have met and conferred to discuss this possibility, but have been unable to reach an agreement, as explained herein.

Plaintiffs have offered to submit a new petition to EPA that contains all of the evidence presented at trial, including the expert declarations, expert testimony, and exhibits. EPA takes the position that Plaintiffs' proposal to package the evidence presented at trial as a new petition under TSCA section 21 would be insufficient to reach a finding of unreasonable risk.  EPA maintains the position that meaningful review of a new petition based on the specific evidence-base available for evaluating potential neurotoxic effects from exposure to fluoride from community water fluoridation programs should include: (1) a systematic review; (2) raw data for

the key studies upon which Plaintiffs rely; and (3) the data underlying Plaintiffs' risk calculations, including their BMD analysis.

Plaintiffs are willing to provide the data underlying Dr. Grandjean's risk calculations, but cannot agree to the other two requirements. First, Plaintiffs maintain that they have already presented sufficient evidence to demonstrate an unreasonable risk under the statute and are unwilling to do a new systematic review above and beyond what their experts have already done.[1] Second, Plaintiffs maintain that they do not have the ability to provide the "raw data" for the key studies upon which they rely (i.e., the ELEMENT and MIREC studies) because it is not Plaintiffs' data; and that EPA is thus asking for something that Plaintiffs cannot provide. Third, Plaintiffs do not believe that the raw data is necessary for EPA to do its evaluation of these published peer-reviewed studies, and, indeed, requiring this data is contrary to the health protective goals of TSCA.

Dated: July 31, 2020                    Respectfully submitted,

/s/ *Michael Connett* (by permission)
MICHAEL CONNETT
C. ANDREW WATERS
WATERS, KRAUS & PAUL
222 N. Pacific Coast Hwy
El Segundo, CA 90245
*Attorneys for Plaintiffs*


/s/ *Debra J. Carfora*

DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS

---

[1] The factual question of whether Plaintiffs conducted a systematic review of the available information for the identified hazard and exposure is in dispute. EPA maintains the position that Plaintiffs failed to conduct any systematic review and objects to Plaintiffs' characterization that EPA is requesting a "new" systematic review.

SIMI BHAT
U.S. Department of Justice
Environmental Defense Section

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 31st day of July, 2020, upon all ECF registered counsel of record using the Court's CM/ECF system.

/s/ *Michael Connett*
Michael Connett
Attorney for Plaintiffs