# EXHIBIT B

# Ltr. of Service - First Set Interrog. and First Set-Requests For Production



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*DJ #90-5-1-4-21106*

*Environmental Defense Section*
*P.O. Box 7611*
*Washington, DC 20004-7611*

*Telephone (202) 514-2285*
*Facsimile (202) 514-8865*

May 29, 2018

*Via Fedex*

Michael Connett
Chris Nidel
Food & Water Watch
1814 Franklin St., Suite 1100
Oakland, California 94612

    Re:    *Food & Water Watch, Inc., et al. v. Environmental Protection Agency, et al.*:
            **Case No. 3:17-cv-02162-EMC**

Counsel:

    Enclosed for service, please find Defendants' First Set of Interrogatories and First Set of Requests for Production directed to Plaintiffs, for *Food & Water Watch, Inc. et al v. Environmental Protection Agency, et al.*, N.D. Cal. 3:17-cv-02162-EMC. For convenience, Microsoft-word versions of these documents were emailed to Mr. Connett earlier today.

                                                          Regards,

                                                           Debra J. Carfora



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

NORMAN RAVE
DEBRA J. CARFORA
JOHN T. DO
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
(202) 514-2640
(202) 514-8865 (fax)
debra.carfora@usdoj.gov
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOOD & WATER WATCH, et al., | Civil Action No. 4:17-cv-02162-EMC |
| Plaintiffs, | |
| v. | **FIRST SET OF REQUESTS FOR PRODUCTION** |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

# INSTRUCTIONS

A. <u>Scope of Information and Production</u>: These Requests for Production are directed to Plaintiffs Food & Water Watch, Fluoride Action Network, Audrey Adams, Kristin Lavelle, Brenda Staudenmaier, American Academy of Environmental Medicine, International Academy of Oral Medicine & Toxicology, and Moms Against Fluoridation and cover all information in their possession, custody, and control, including information in the possession of its officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by the Plaintiffs, or anyone else acting on their behalf or otherwise subject to their control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate.

B. <u>Documents No Longer In Possession</u>: If any document(s) requested is no longer in Your possession, custody, or control, state:
1. what was done with the document(s);
2. when such document(s) was/were created;
3. the identity and address of the current custodian of the document(s);
4. the current location(s) of the document(s);
5. the identity of the person(s) who made the decision to transfer or dispose of the document(s); and
the reason for the transfer or disposition.

C. <u>Supplemental Responses</u>: These Requests for Production are continuing in nature and the obligations imposed by Fed. R. Civ. P. 26, 33, and 34 are incorporated by reference, including, but not limited to, the duty imposed by Rule 26(e) to supplement or amend responses if the Plaintiffs obtains further or different information between the date of its response(s) and the termination of any trial on the matters alleged in the Complaint.

1
FIRST SET OF REQUESTS FOR PRODUCTION
4:17-cv-02162-EMC

D. <u>Deletions from Document(s)</u>: Where anything has been deleted from a document identified or produced in response to a Request for Production, specify:
   1. the nature of the material deleted;
   2. the reason for the deletion; and
   3. the identity of the person responsible for the deletion.

E. <u>Objections:</u> If objection(s) is/are made to any Request for Production or part thereof, please state with specificity the reasons for the objections and the part of the Request for Production to which the objection is made, and produce or permit inspection of document(s) relating to the remaining part(s) of the Request for Production.

F. <u>Verb Tense</u>. All verbs used herein shall be construed to include all tenses.

G. <u>Singular/Plural</u>. Words used in the plural also shall be taken to mean and include the singular. Words used in the singular also shall be taken to mean and include the plural.

H. <u>Case Form</u>. All definitions provided herein shall be construed to apply to both the uppercase and lower case versions of defined terms.

## DEFINITIONS

1. "<u>And</u>" and "<u>Or</u>" shall be construed conjunctively or disjunctively, as necessary to make the request inclusive rather than exclusive.

2. "<u>Any</u>" and "<u>all</u>" shall be considered to include "each" and "each and every."

3. "<u>Document(s)</u>" include(s), but is/are not limited to, all items within the scope of Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes, but is/are not limited to:

a. all written or otherwise recorded material of whatever nature including, but not limited to material printed, typed, handwritten, drawn, electronically recorded, machine readable, or stored in any form of computer media; and

b. correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, logbooks, entries in books of accounts and lists, interoffice and intra-office communications, notations of any conversations (including, without limitation, telephone calls, meetings, and other communications), bulletins, invoices, worksheets, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures), maps and blueprints.

The term "document(s)" includes all originals, and all copies and duplicates that are not identical, including, but not limited to, all copies and duplicates that contain any commentary or notation, handwritten or otherwise, that does not appear in the original.

4. The "Plaintiffs" shall mean those identified as the Plaintiffs in the Complaint in this case, and all persons or entities acting or purporting to act under the control or on the behalf of the foregoing.

5. "Pertaining to" or "pertain to" shall mean concerning, constituting, relating, mentioning, containing, discussing, embodying, reflecting, identifying, recording, stating, referring to or in any way relevant to.

## REQUESTS FOR PRODUCTION

1. Produce all documents on which the Plaintiffs may rely to support their claim that the purposeful fluoridation of drinking water presents an unreasonable risk to human health.

2. Produce all documents on which the Plaintiffs may rely to link fluoride exposure with neurotoxic effects in humans.

3. Produce all documents on which the Plaintiffs may rely to support their claim that certain subpopulations are more susceptible to a neurotoxic effect from fluoride exposure.

4. Produce all documents on which the Plaintiffs may rely to support their claim that EPA's 1998 Guidelines for Neurotoxicity Risk Assessment support the need to apply a 10-fold uncertainty factor in deriving an oral Reference Dose (RfD) or inhalation Reference Concentration (RfC).

5. Produce all documents pertaining to a dose-response relationship between exposures to fluoride and a neurotoxic effect.

6. Produce all documents on which the Plaintiffs may rely to support their claim that fluoride's primary benefit comes from topical contact with the teeth.

7. Produce all documents pertaining to the extent and magnitude of the alleged risk posed by the purposeful fluoridation of drinking water in the United States.

8. Produce all documents pertaining to the rates of fluorosis in fluoridated versus non-fluoridated communities.

9. Produce all documents pertaining to the consequences of eliminating the use of fluoridation chemicals from drinking water in the United States.

10. Produce all documents pertaining to the availability of alternative products containing topical fluoride.

11. Produce all documents on which the Plaintiffs may rely to support a link between fluoridation chemicals and elevated blood lead levels.

12. Produce all documents pertaining to fluoride concentrations found in U.S. drinking water.

13. Produce all documents concerning Plaintiffs assessment of the strengths and limitations associated with each study Plaintiffs relied in support of their November 2016 TSCA Section 21 Petition to EPA.

14. Produce all documents concerning Plaintiffs' criteria or rationale for selecting each study on which the Plaintiffs relied in support of their November 2016 TSCA Section 21 Petition to EPA.

15. Produce all documents pertaining to the full or partial interpretation of each report, study, or document Plaintiffs may use to support their claim that were originally written in non-English languages.

16. Produce all documents pertaining to the full or partial funding by Plaintiffs of each report, study, or document Plaintiffs may use to support their claim.

Dated: May 29, 2018

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Debra J. Carfora*
DEBRA J. CARFORA
NORMAN RAVE
JOHN T. DO
Attorneys for Defendants

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

NORMAN RAVE
DEBRA J. CARFORA
JOHN T. DO
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
(202) 514-2640
(202) 514-8865 (fax)
debra.carfora@usdoj.gov
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, et al., | Civil Action No. 4:17-cv-02162-EMC |
| Plaintiffs, | |
| v. | **DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby request that Plaintiffs answer the following interrogatories in writing within 30 days after service.

## **INSTRUCTIONS**

1. <u>Scope of Discovery</u>. This set of Interrogatories covers all information in the Plaintiffs' possession, custody, and control, including information in the possession of the Plaintiffs' officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by them, or anyone else acting on Plaintiffs' behalf or otherwise subject to their control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2. <u>Supplemental Responses</u>. These Interrogatories impose a continuing obligation; Plaintiffs' responses must therefore be supplemented, in accordance with Federal Rule of Civil Procedure 26(e), if Plaintiffs obtain additional information between the date of response and the termination of any trial in this case.

3. <u>Lack of Information</u>. If you currently lack information to answer any interrogatory completely, state or identify:
   a. the responsive information currently available;
   b. the responsive information currently unavailable;
   c. efforts that you intend to make to secure the information currently unavailable; and
   d. when you anticipate receiving the information currently unavailable.

4. <u>Incomplete Response</u>. If any interrogatory cannot be answered fully, provide as full an answer as possible. State the reason for the inability to answer fully, and give any information, knowledge, or belief that Plaintiffs have regarding the unanswered portion.

5. <u>Privilege as Applied to Interrogatory Response</u>. Should you assert that any information requested by any of the following interrogatories is privileged, please identify such information in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), state the privilege asserted, and state all facts giving rise to the assertion of such privilege.

6. <u>Singular/Plural</u>. Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.

7. <u>Identification of a Natural "Person"</u>. Whenever an interrogatory includes a request to identify a "person," where the person is a natural person, identify the person's:

    a. name;
    b. present or last known home and business address and telephone number(s); and
    c. occupation or profession and job title.

8. <u>Identification of a Non-Natural "Person"</u>. Whenever an interrogatory includes a request to identify a "person," where the person is not a natural person, but otherwise falls within the definition in 42 U.S.C. § 9601(21), state or identify the person's:

    a. name;
    b. the form of its organization (corporation, partnership, etc.);
    c. present or last known principal place of business;
    d. telephone number; and
    e. business.

## DEFINITIONS

1. "<u>And</u>" and "<u>Or</u>" shall be construed conjunctively or disjunctively, as necessary to make the request inclusive rather than exclusive.

2. "<u>Any</u>" and "<u>all</u>" shall be considered to include "each" and "each and every."

3. "<u>Document(s)</u>" include(s), but is/are not limited to, all items within the scope of Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes, but is/are not limited to:

   a. all written or otherwise recorded material of whatever nature including, but not limited to material printed, typed, handwritten, drawn, electronically recorded, machine readable, or stored in any form of computer media; and

   b. correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, logbooks, entries in books of accounts and lists, interoffice and intra-office communications, notations of any conversations (including, without limitation, telephone calls, meetings, and other communications), bulletins, invoices, worksheets, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, and motion pictures), maps and blueprints.

The term "document(s)" includes all originals, and all copies and duplicates that are not identical, including, but not limited to, all copies and duplicates that contain any commentary or notation, handwritten or otherwise, that does not appear in the original.

4. The "<u>Plaintiffs</u>" shall mean those identified as the Plaintiffs in the Complaint in this case, and all persons or entities acting or purporting to act under the control or on the behalf of the foregoing.

5. "<u>Pertaining to</u>" or "<u>pertain to</u>" shall mean concerning, constituting, relating, mentioning, containing, discussing, embodying, reflecting, identifying, recording, stating, referring to or in any way relevant to.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the name and, if known, the address, and telephone number of each individual likely to be used as a fact witness—along with the subjects of their testimony and any discoverable information each individual is likely to have —that Plaintiffs may use to support their claim.

**INTERROGATORY NO. 2:**

Identify all documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support their claim.

**INTERROGATORY NO. 3:**

List every report, study, or document fully or partially funded by Plaintiffs that Plaintiffs may use to support their claim.

**INTERROGATORY NO. 4:**

List every report, study, or document originally written in non-English languages and fully or partially interpreted by Plaintiffs, or someone hired by Plaintiffs, that Plaintiffs may use to support their claim.

Dated: May 29, 2018

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Debra J. Carfora*
DEBRA J. CARFORA
NORMAN RAVE
JOHN T. DO
Attorneys for Defendants

4
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:17-cv-02162-EMC