C. ANDREW WATERS, ESQ., CA Bar No. 147259
MICHAEL CONNETT, ESQ., CA Bar No. 300314
KAY GUNDERSON REEVES, ESQ., *Pro Hac Vice*
WATERS, KRAUS & PAUL
222 N. Pacific Coast Hwy, Suite 1900
El Segundo, CA 90245
310-414-8146 Telephone
310-414-8156 Facsimile

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

| | |
|---|---|
| FOOD & WATER WATCH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. <br><br> Defendants. | Civ. No. 17-CV-02162-EMC <br><br> **PLAINTIFFS' NOTICE OF FILING SUPPLEMENT TO SECTION 21 CITIZEN PETITION WITH EPA** |

On August 10, 2020, this Court directed Plaintiffs to file a petition with the EPA presenting new scientific evidence that was available for this Court's consideration at trial, but was not available for the Agency's consideration when Plaintiffs' filed their Petition. ECF No. 262. Pursuant to the Court's order, Plaintiffs today filed a Supplement to their Petition with the evidence identified by the Court, including the pooled benchmark dose analysis of the ELEMENT and MIREC datasets which was released this morning, November 4, 2020. Based on the new scientific evidence that has become available since EPA denied the Petition in February 2017, Plaintiffs have requested that EPA reconsider its denial of the Petition. A copy of Plaintiffs' supplemental filing with the EPA is attached herewith.

Plaintiffs are aware that EPA claimed last week, in its Motion for Relief from Order Holding Proceedings in Abeyance, that "TSCA provides no mechanism authorizing reconsideration of the 2016 petition." ECF No. 265 at p. 2:11-12. This is misleading. While the statute does not expressly mention

the power to reconsider, EPA is well aware that it has inherent authority to reconsider petitions like the one filed here. As the EPA itself has previously explained, "Although TSCA does not expressly provide for requests to reconsider EPA denials of Section 21 petitions, 'the courts have uniformly concluded that administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.'" EPA Brief in Trumpeter *Swan Society v. Jackson*, 2014 WL 408986, at 23-24 (quoting *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). In support of this longstanding Agency position, the EPA has stated that "the power to reconsider is inherent in the power to decide." *Id.* at 24 (quoting *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

     Consistent with EPA's inherent power to reconsider Section 21 petitions which seek the same relief as prior denied petitions, the EPA has repeatedly treated such "new" citizen petitions as "motions for reconsideration." *See, e.g.*, *Walker v. U.S. E.P.A.*, 802 F. Supp. 1568, 1572–73 (S.D. Tex. 1992) (describing how EPA treated a new Section 21 petition which "requested exactly the same rule change" as a previous petition as a "motion to reconsider"); Brief for EPA in *Trumpeter Swan Society v. Jackson* (No. 12-929, D.D.C. 2012), 2012 WL 4844872 ("EPA's treatment of the Second Submission as a motion for reconsideration rather than as a TSCA section 21 petition was entirely consistent with the language of the Act.").

|  |  |
|---|---|
| November 4, 2020 | Respectfully submitted, |
|  | */s/ Michael Connett* <br> MICHAEL CONNETT <br> Attorney for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 4th day of November, 2020, upon all ECF registered counsel of record using the Court's CM/ECF system.

*/s/ Michael Connett*
MICHAEL CONNETT