C. ANDREW WATERS, ESQ., CA Bar No. 147259
MICHAEL CONNETT, ESQ., CA Bar No. 300314
KAY GUNDERSON REEVES, ESQ., *Pro Hac Vice*
WATERS, KRAUS & PAUL
222 N. Pacific Coast Hwy, Suite 1900
El Segundo, CA 90245
310-414-8146 Telephone
310-414-8156 Facsimile

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

| | |
|---|---|
| FOOD & WATER WATCH, et al., | Civ. No. 17-CV-02162-EMC |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO EPA'S MOTION FOR RELIEF FROM ABEYANCE ORDER** |
| vs. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al. | |
| Defendants. | |

## I. INTRODUCTION

On August 10, 2020, this Court issued an Order Holding Pleadings in Abeyance (the "Abeyance Order"), pausing the proceedings and directing the parties to take a number of steps during the abeyance. ECF No. 262. In addition to addressing issues of standing, the Court explained that a new petition would "afford EPA an opportunity to consider the significant scientific developments that have occurred since the original petition was filed." (Abeyance Order at 4:28-5:7). Plaintiffs were directed to include "as much underlying data and as many calculations as possible . . . and to include as much of the information as might be found in a systematic review as practicable." (*Id.* at 4:10-12). The order urged EPA to give the petition "due consideration on the merits in light of the substantial scientific evidence presented at trial," and stated that if EPA again denied the petition, "the Court will permit amendment of the Complaint herein and consider permitting supplementation of the record in this case to account for, *e.g.,* new evidence contained in the new petition or new studies published since the trial in this case." (*Id.* at 4:12-18). The order directed the parties to report back on November 5, 2020. (*Id.* at 4:8).

Plaintiffs have complied with the order. On November 4, 2020, they filed in this Court (ECF No. 270) and with EPA (in existing docket number EPA–HQ–OPPT–2016–0763-0001) a supplement to their original petition, requesting that EPA reconsider its earlier denial based on the developments that have transpired subsequent to the denial. *See* **Exhibit A**. The supplemental petition did not seek new relief, but presented the following new information to EPA: 1) the trial record together with Plaintiffs' admitted exhibits and summary of the record; 2) the MIREC and ELEMENT studies; 3) the pooled BMD analysis of the MIREC and ELEMENT data; 4) the National Toxicology Program's revised draft monograph containing a *systematic review* of the fluoride literature; 5) a published statement from former NTP director Dr. Linda Birnbaum, about the "consequential" findings of the NTP's revised monograph; 6) the facts to which the parties stipulated at trial; and 7) several orders of this Court which reject legal positions that EPA relied upon in its denial of the initial petition. [*See* Appendix A and ECF Nos. 270-1 through 270-9].

Plaintiffs' supplemental petition specifically addresses EPA's authority to reconsider a petition while also explaining how the newly-submitted evidence cures the alleged deficiencies EPA identified when denying the original petition. It concludes by reiterating that millions of Americans are at risk from

2

fluoridated water, including members of Plaintiff Food & Water Watch who are currently pregnant, actively seeking to become pregnant, and/or mothers of infants; members like Jessica Trader, Jennifer Baugh, Jacqueline Devereaux, Brooke Errett, Leah Garland, Hanna Rodgers, Olivia Stancil, Whitney Stolman, and Chassity Woolums.[1]

Now that Plaintiffs have complied with the Abeyance Order, EPA not only seeks to avoid it, but to rely on its statements concerning standing to seek outright dismissal of the case, as if those statements represented a final adjudication on the merits. But this Court has not finally adjudicated the issue of standing; indeed, the Abeyance Order did not address all of the standing arguments and evidence the Plaintiffs raised. Instead, the Court previously directed the parties to file proposed findings of fact and conclusions of law, which submissions it will presumably use to craft its own final findings and conclusions, as required by Federal Rule of Civil Procedure 52. Since the Court has conducted a bench trial, that is the procedure to be followed for the adjudication of the standing issue. Nothing in Rule 60(b) authorizes the Court to do what EPA requests — dismiss Plaintiffs' case and bypass the mandatory procedures of Rule 52.

---

[1] Plaintiffs filed a Supplement to their petition together with a request for reconsideration after their research revealed that it was EPA's practice to consider second petitions seeking identical relief as "motions for reconsideration." Though EPA states that TSCA provides no mechanism for reconsideration (Motion for Relief at 2:10-14), EPA has argued in other cases that it has inherent authority to reconsider TSCA citizen petitions previously denied: "Although TSCA does not expressly provide for requests to reconsider EPA denials of Section 21 petitions, 'the courts have uniformly concluded that administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.'" EPA Brief in *Trumpeter Swan Society v. Jackson*, 2014 WL 408986, at 23-24 (quoting *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). EPA has also agreed that "the power to reconsider is inherent in the power to decide." *Id.* at 24 (quoting *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)). In situations where an unsuccessful petitioner has filed a "new" petition seeking the same relief, EPA has repeatedly treated such "new" citizen petitions as "motions for reconsideration." *See, e.g.*, *Walker v. U.S. E.P.A.*, 802 F. Supp. 1568, 1572–73 (S.D. Tex. 1992) (describing how EPA treated a new TSCA Section 21 petition which "requested exactly the same rule change" as a previous petition as a "motion to reconsider"); Brief for EPA in *Trumpeter Swan Society v. Jackson* (No. 12-929, D.D.C. 2012), 2012 WL 4844872 ("EPA's treatment of the Second Submission as a motion for reconsideration rather than as a TSCA section 21 petition was entirely consistent with the language of the Act.").

Case 3:17-cv-02162-EMC   Document 272   Filed 11/12/20   Page 4 of 10

## II. ARGUMENT

### A. EPA's Motion Fails to Comply with Local Rule 7-9

All of the purported grounds for relief that are identified in EPA's motion could have been submitted shortly after the Court granted the Abeyance Order on August 10. EPA relies on no new facts or legal authority. Instead of bringing a timely motion, EPA delayed until it had a chance to review the NTP draft monograph; now that the revised NTP monograph has reaffirmed that "the human body of evidence provides a consistent and robust pattern of findings that higher fluoride exposure (e.g., >1.5 mg/L in drinking water) is associated with adverse neurocognitive development" (*see* ECF No. 270-4 at 14), EPA seeks to avoid its obligations under the Abeyance Order.

The first problem with EPA's motion is that it should have been filed in compliance with Local Rule 7-9, but was not. Local Rule 7-9 prohibits the filing of a motion to reconsider unless leave of court has been sought and obtained, an effort EPA did not make. Local Rule 7-9(a). It also requires that the movant demonstrate reasonable diligence *and* either a change in law or fact or the court's "manifest failure" to consider facts or legal arguments presented. *Id.* at 7-9(b). EPA also failed to make this showing. This Court should deny EPA's motion for failure to comply with Local Rule 7-9 alone.

### B. FRCP 60 Is Inapplicable Because It Does Not Apply to Interlocutory Orders

EPA seeks relief under Federal Rule of Civil Procedure 60(b), but since the Abeyance Order is interlocutory, that rule does not apply. As the United States Supreme Court clarified only a few months ago, a "Rule 60(b) motion . . . attacks an already completed judgment." *Banister v. Davis*, __ U.S. __, 140 S.Ct. 1698, 1710 (2020); Advisory Committee's Notes on 1946 Amendments to Fed. R. Civ. P. 60 (b) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule..."); *Mateo v. M/S KISO*, 805 F.Supp. 761, 786 (N.D. Cal. 1992) (Rule 60(b) applies to final judgments and orders, not interlocutory orders); *Kraft v. Old Castle Precast Inc.*, Case No. 15-cv-00701, 2016 WL 4120049, at *2 (C.D. Cal. Aug. 2, 2016) (same, citing cases).

EPA's motion is more appropriately construed as a motion to reconsider an interlocutory order under Rule 54(b). But whether EPA's motion is properly considered under Rule 54(b) or 60(b), it is, in

4
PLAINTIFFS' OPPOSITION TO EPA'S MOTION FOR RELIEF FROM ABEYANCE ORDER

substance, a motion to reconsider, and as such, it is "disfavored," and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Bank of America, N.A. v. Azure Manor/Rancho de Paz Homeowners Association*, No. 16-cv-00764, 2019 WL 1747060, at *2 (D.Nev. April 17, 2019) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam)).

### C. EPA's Motion Seeks Relief that FRCP 60(b) Does Not Authorize and Is a Transparent Attempt to Avoid the Procedures Imposed by FRCP 52 and 58

EPA bases its motion for relief on Federal Rule of Civil Procedure 60(b)(4) and (6). (*See* Motion for Relief at 4:12-17).   As stated above, however, Rule 60(b) simply does not apply to interlocutory orders, so this Court need look no further before denying the motion.

Even if Rule 60(b) applied, EPA has not made the substantive showing it demands before relief may be granted. For example, EPA has failed to demonstrate the existence of the "extraordinary circumstances" suggesting that it "is faultless in the delay," the predicate to relief under Rule 60(b)(6). *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).  EPA's suggestion that relief is warranted under Rule 60(b)(6) whenever principles of equity call for relief is incorrect, a position resting on an incomplete citation to *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  *See* Mot. for Relief at 3:14-15.  Like the *Brunswick Associates* court, *Alpine Land* went on to state that Rule 60(b)(6) applies *only* "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous *judgment*." *Alpine Land,* 984 F.2d at 1049 (emphasis added).  Relief under Rule 60(b)(6) is to be used "sparingly" and not "simply to rescue a litigant from strategic choices that later turn out to be improvident." *Kramer v. Gates*, 481 F.3d 788, 792, (D.C. Cir. 2007).

Nor has EPA attempted to meet the heavy burden of demonstrating that there is not even an "arguable basis" for jurisdiction to support the Court's Abeyance Order, as would be required to declare even a final judgment "void" under Rule 60(b)(4):

> Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "arguable basis" for jurisdiction. *Nemaizer*

*v. Baker,* 793 F.2d 58, 65 (2d Cir. 1986); see, *e.g., Boch Oldsmobile, supra,* at 661–662 ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and ... only rare instances of a clear usurpation of power will render a judgment void." (brackets and internal quotation marks omitted)

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *see also Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008) ("[W]hen deciding whether an order is 'void' under . . . Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power." (citing *United States v. Hartwell,* 448 F.3d 707, 722 (4th Cir.2006))).   If there was not even an "arguable" basis for jurisdiction, this Court would not have denied EPA's motion for summary judgment which was based, in part, on the alleged absence of standing. *See Food & Water Watch, Inc. v. United States Environmental Protection Agency*, Case No. 17-cv-02162, 2019 WL 8261655, at *3-5 (N.D. Cal. Dec. 30, 2019).

Finally, even if Rule 60(b) applied to interlocutory orders—which it does not—and even if EPA had demonstrated a right to relief under either (b)(4) or (b)(6), Rule 60 simply does not authorize the type of relief EPA seeks.   Once one reads past the title of EPA's motion, it becomes apparent that the real relief EPA is seeking is a complete dismissal of the case on jurisdictional grounds, not just relief from the dictates of the Abeyance Order. As EPA writes in its motion:

> Because Plaintiffs have failed to convince the Court—by a preponderance of the evidence—that fluoride exposure poses a substantial risk of harm, or even a credible threat, to the named Plaintiffs or that their harms are likely to be redressed, the case *must* be dismissed for lack of subject matter jurisdiction.

Mot. for Relief at 4:13-16.

Even when properly applied to a final order or judgment, Rule 60 does not authorize a party to obtain the dismissal of its opponent's case.  Instead, it authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds.  Fed. R. Civ. P. 60(b).  If Rule 60(b) granted relief from interlocutory orders, this Court could lift the Abeyance Order and proceed to finalize findings of fact and conclusions of law.  However, nothing in the text of the rule provides grounds for the dismissal of Plaintiffs' action and EPA has not cited a single case holding that it does:

> The Court notes that the [defendant] Star Ledger also sought dismissal of Plaintiff's claims

>under Federal Rule of Civil Procedure 60(b), which governs motions to amend a complaint after a judgment of dismissal has been entered. However, since Plaintiff has not sought relief under Rule 60 and *none of the cases cited by Defendant support a defendant's invocation of the rule to dismiss a plaintiff's subsequent complaint*, the Court will not grant Defendant's motion based on Rule 60(b).

*Crispin v. Newark Morning Ledger Company*, Case No. 17-cv-7053, 2017 WL 6329702, at *2, n. 2 (D.N.J. Dec. 11, 2017 (emphasis added).

As this Court undoubtedly recalls, after the trial concluded, it asked both parties to submit proposed findings of fact and conclusions of law, and to submit a post-trial brief on standing. It will presumably use these to formulate its own findings of fact and conclusions of law, as required by Federal Rule of Civil Procedure 52(a):

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

Fed. R. Civ. P. 52(a). As stated, after a bench trial, a judgment (of dismissal or otherwise) may only be entered under Rule 58 after the court has issued its Rule 52(a) findings and conclusions. Once the findings and conclusions have been issued, a party may move, within 28 days, for the court to make amended or additional findings. Fed. R. Civ. P. 52(b). By invoking Rule 60 to obtain a jurisdictional dismissal, EPA is seeking to side-step this process. This Court should decline the invitation.

### D. Jurisdictional Defects Can Be Cured

The decision about standing is to be made after Rule 52(a) findings and conclusions have been issued and not in response to this defective Rule 60(b) motion. Plaintiffs therefore contend that it is premature to engage in substantive arguments about the merits of EPA's standing assertions and that resolution of this motion does not call for it. Out of an abundance of caution, however, and to avoid any claim that by failing to dispute the point, they implicitly conceded it, Plaintiffs briefly address EPA's contention that the Court is necessarily bound to evaluate the standing facts as they stood when the complaint was filed.

EPA cites *Newman–Green, Inc. v. Alfonzo–Larrain* for the proposition that jurisdiction "*ordinarily* depends on the facts as they exist when the complaint is filed," but that Court added, in language not quoted

by EPA, that "[l]ike most general principles, however, this one is susceptible to *exceptions*, and the two that are potentially applicable here are reflected in 28 U.S.C. § 1653 and Rule 21 of the Federal Rules of Civil Procedure." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (emphasis added). Although Plaintiffs do not believe or concede that their standing evidence is insufficient, they would simply state that both of the *Newman-Green* exceptions could apply in this case.

Section 1653, for example, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." (*Id.*). It has been interpreted broadly:

> [T]he court has the authority under Rule 15(d) and § 1653 to permit Ms. Nygren to cure any defect with respect to her initial standing and the court's jurisdiction over those claims. After careful consideration, the Magistrate Judge is of the view that it would be a proper exercise of the court's discretion to construe the letters of administration issued to Ms. Nygren on October 3, 2012 as an amendment to the complaint, and that such amendment be construed to cure any standing/jurisdictional defect(s) in this case as to the claims pertaining to the estate of the late Mr. Nygren.

*In re Aredia and Zometa Products Liability Litigation*, Case No. 3:06-MD-1760, 2013 WL 6162240, at *5 (M.D. Tenn. Nov. 25, 2013); *In re Aredia and Zometa Products Liability Litigation*, Case No. 3:06-MD-1760, 2013 WL 6843594, at *1 (M.D. Tenn. Dec. 27, 2013) (adopting magistrate's report).

As for Federal Rule of Civil Procedure 21, it permits the addition or deletion of a party "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Newman-Green,* 490 U.S. at 832.  While Plaintiffs' supplemental petition identified additional members of the *existing* organizational plaintiff, Food & Water Watch, which has always been a plaintiff in this action, they do not believe they need to add these members as individual plaintiffs.  If they did, however, Rule 21 would permit it:

> A majority of the Court has never questioned let alone overruled *Mullaney* or *Newman–Green* and, since *Lujan,* a unanimous Court has relied, in part, on *Newman–Green* to conclude that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if the federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 64, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).").
>
> Under *Mullaney* and *Newman–Green,* the joinder of the United States as a plaintiff in this case has retroactively cured the jurisdictional defect identified by *Farm Credit Services.* If we were to remand this case with instructions to dismiss or to have the United States litigate the merits of the tax exemption issue, the United States and the League, as co-plaintiffs,

8
PLAINTIFFS' OPPOSITION TO EPA'S MOTION FOR RELIEF FROM ABEYANCE ORDER

would simply rely on the League's original complaint against Anaheim, submit the same materials that the League already filed in the district court, and receive a preordained judgment in their favor. The United States and the League **"should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity,"** *Newman–Green,* **490 U.S. at 837, 109 S.Ct. 2218, because judicial economy and considerations of practicalities outweigh any concern we have regarding jurisdictional purity.**

*California Credit Union League v. City of Anaheim*, 190 F.3d 997, 1000-01 (9th Cir. 1999) (emphasis added); *Bain v. California Teachers Association*, 891 F.3d 1206, 1215 (9th Cir. 2018) (stating that Rule 21 can be used to cure jurisdictional defects even on appeal to avoid "meaningless proceedings in the district court" that would thwart the interests of judicial economy).[2]

### E. EPA's Request for an Order Compelling Plaintiffs to Move to Amend Their Complaint Is Premature

By way of alternative relief, EPA seeks an order compelling the Plaintiffs to amend their complaint, though it does not specify what type of amendment the Court should compel. (Motion for Relief at 7:1-20). Again, Rule 60 does not apply to interlocutory orders and does not authorize an order compelling the action EPA seeks. Moreover, Plaintiffs contend that disputes over a potential pleading amendment that is not before the Court are manifestly unripe for consideration now. Plaintiffs therefore respectfully request that EPA's motion be denied in its entirety.

November 12, 2020                           Respectfully submitted,

*/s/ Kay Gunderson Reeves*
KAY GUNDERSON REEVES
Attorney for Plaintiffs

---

[2] In its motion, EPA makes several factually incorrect statements about the background to the stipulation, including that "Plaintiffs refused to meet their obligation to produce for deposition certain standing witnesses." Mot at 6:4-5. At no time did Plaintiffs "refuse" to meet their discovery obligations, and EPA presents no evidence to support this irresponsible claim.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing this 12th day of November, 2020, upon all ECF registered counsel of record using the Court's CM/ECF system.

                                           */s/ Michael Connett*
                                           MICHAEL CONNETT