DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2593
Fax: (202) 514-8865
Email: john.do@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

FOOD & WATER WATCH, INC., et al.,

                    Plaintiffs,

          v.

UNITED STATES ENVIRONMENTAL

PROTECTION AGENCY, et al.,

                    Defendants.

Case No. 3:17-cv-02162 EMC

**EPA's Reply In Support of Motion For Relief From Order Holding Proceedings in Abeyance (ECF No. 262)**

**ARGUMENT**

Plaintiffs lack standing and, thus, this Court lacks subject matter jurisdiction. Without it, the only function remaining for the Court is to dismiss this case. In their opposition, Plaintiffs do not substantively address their inability to cure standing after trial. Instead, they contest the procedural nature of EPA's motion and ask this Court to assume a factual basis to establish the associational standing of Food & Water Watch.

The Court is obligated to determine whether it has jurisdiction to continue to preside over this case irrespective of the styling of EPA's motion. Now, four years after EPA's denial of the administrative petition, any attempt to cure standing is futile because the Court has already closed the record on new standing evidence, and the Standing Stipulation and Order (Doc. No. 102) further precludes Plaintiffs from introducing any new factual allegations or evidence in support of their claims of standing. Indulging Plaintiffs in another opportunity to cure their failure to prove standing at trial by creating a post-trial factual record would result in unfair prejudice to EPA. In contrast, Plaintiffs would suffer no prejudice in their ability to submit a new petition and have their day in court if that new petition is denied.

Holding this case in abeyance serves no purpose but to prejudice EPA. Thus, EPA is entitled to relief from the Court's Order holding the case in abeyance, and the case must be dismissed for lack of jurisdiction.

## I.   BECAUSE PLAINTIFFS FAILED TO ESTABLISH STANDING AT TRIAL, THE COURT MUST DISMISS FOR LACK OF JURISDICTION REGARDLESS OF THE STYLING OF EPA'S MOTION.

Plaintiffs focus on the form of motion in which EPA seeks relief from the Abeyance Order. Pls.' Opp'n (Doc. No. 272) at 4-7. But the form of EPA's motion is immaterial.[1] A challenge to standing can be raised at any time, including after trial, and moreover, the Court has an affirmative, continual obligation to consider whether standing exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

---

[1]Because Fed. R. Civ. P. 60(b) provides for challenges to a "final judgment, order, or proceeding," EPA appropriately sought relief from the Abeyance Order under that Rule. Courts have recognized that the finality requirement does not necessarily apply to an "order[] or proceeding." *Ransom v. Lee*, CV 14-600-DSF (KK), 2018 WL 3031457, at *1 (C.D. Cal. June 15, 2018); *DeFazio v. Wallis*, 500 F. Supp. 2d 197, 200–01 (E.D. N.Y. 2007).

1   506 (2006) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

2   matter jurisdiction, the court must dismiss the action.")); *Steel Co. v. Citizens for a Better Env't*,

3   523 U.S. 83, 93 (1998) ("This question [of standing] the court is bound to ask and answer for

4   itself."); *Lee's Summit, MO v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000) ("When there

5   is doubt about a party's constitutional standing, the court must resolve the doubt, sua sponte if need

6   be."); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts

7   are required sua sponte to examine jurisdictional issues such as standing.").[2]

8        At this juncture, Plaintiffs were required to prove standing by a preponderance of the

9   evidence. *See* Abeyance Order at 2. The Court has the benefit of a complete trial record and post-

10  trial briefing. Plaintiffs can no longer rely on allegations, favorable evidentiary inferences, or their

11  newly-invented standard that they "arguably" have standing. *See Lujan v. Defs. Of Wildlife*, 504

12  U.S. 555, 561 (1992); *contra* Pls.' Opp'n at 6. Plaintiffs attempt to rely on dicta in *United Student*

13  *Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), to suggest that the Court can retain this case if

14  there is colorable basis for jurisdiction. *Espinosa,* however, did not address standing. And unlike

15  the bankruptcy procedural rule in *Espinosa*, standing implicates fundamental powers of the Court

16  and the separation of powers. *Steel Company*, 523 U.S. at 102; *Lujan*, 504 U.S. at 560; *see also*

17  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1036–37 (9th Cir. 2014) (distinguishing

18  between true jurisdictional rules and lesser claim processing rules).

19       The law is clear that after a trial, if plaintiffs have not established standing, their case must

20  be dismissed without exception. EPA Mot. (Doc. No. 265) at 5 (citing *U.S. ex rel. Eisenstein v.*

21  *City of New York*, 556 U.S. 928, 937 n.4 (2009)). There can be no dispute that trial is over, or that

22  the parties have stipulated to the evidence that can be considered for standing. The Court should

23
24  [2] The Court can readily construe EPA's post-trial filings as a motion to dismiss or a motion for
    reconsideration. *See Anson v. United States*, 294 F. Supp. 3d 144, 156 (W.D. N.Y. 2018), *appeal*
25  *dismissed,* 18-1291, 2018 WL 5733602 (2nd Cir. Sept. 10, 2018), *cert. denied,* 139 S. Ct. 2646
    (2019), *reh'g denied,* 140 S. Ct. 29 (2019) ("[T]he Court will construe the Government's motion
26  as one made pursuant to Rule 12(h)(3)."); *see, e.g., Ortega v. Flores,* 19-CV-00319-HSG, 2019
    WL 7194472, at *1 (N.D. Cal. Dec. 26, 2019) (construing filing as motion for reconsideration);
27  *Lopez v. Cate*, C 11-2644 YGR (PR), 2012 WL 5941585, at *1 (N.D. Cal. Nov. 27, 2012)
    (same); *Vasquez v. Select Portofolio Servs., Inc.*, C11-06183 HRL, 2012 WL 2838902, at *1
28  (N.D. Cal. July 10, 2012) (same).

thus reject Plaintiffs' attempts to ignore these inconvenient facts in asserting that it is *premature* to engage in substantive arguments about the merits of standing merely because the Court has not yet issued formal findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). As the Abeyance Order details, the Court can readily conclude, based on the trial record and post-trial briefing, that Plaintiffs lack standing and dismiss the case outright. *See* Fed. R. Civ. P. 52(c) (allowing for partial findings); Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12"); *infra* 1-2 and 2 n.2 (citing Fed. R. Civ. P. 12(h)(3)). Rather than continue to retain this case, the Court should rule on Plaintiffs' standing based on the trial record and post-trial briefing.

## II. PLAINTIFFS' ATTEMPT TO CURE THEIR STANDING DEFICIENCIES CONTRAVENES THE COURT'S CLEAR INSTRUCTIONS, RAISES UNNECESSARY ADMINISTRATIVE COMPLEXITIES, AND IGNORES THE COURT'S ADMONISHMENT AND THE PARTIES' PRIOR AGREEMENT THAT THE RECORD ON STANDING IS CLOSED.

In its opening brief, EPA demonstrated that even if a new set of plaintiffs could demonstrate standing for judicial review of a new administrative petition, such standing does not confer jurisdiction upon this Court to consider a cause of action that rests upon the November 2016 petition. EPA Mot. at 4-6. Since EPA filed its opening brief, Plaintiffs flouted this Court's direction to file a new administrative petition and instead submitted a self-styled "supplement" to the 2016 petition together with a request for reconsideration. Plaintiffs' recent submission to EPA attempts to cure their failure to prove standing at trial by identifying new members of an existing plaintiff organization, Food & Water Watch. Plaintiffs posit that their supplement and administrative request for reconsideration could cure standing deficiencies. But Plaintiffs' attempt to keep this case alive through this submission to EPA is procedurally flawed and substantively ineffective.

Plaintiffs cannot unilaterally reopen their 2016 petition by simply styling a new submission as a "supplement" years after EPA took final action on the original petition or otherwise compel EPA to reconsider the matter. Instead, the decision whether to reopen an administrative record is generally committed to EPA's discretion. *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 455 (1999); *Nance v. E.P.A.*, 645 F.2d 701, 717 (9th Cir. 1981) (citing *Vt. Yankee*

*Nuclear Power Corp. v. NRDC, Inc.*, 435 U.S. 519 (1978)). And as Plaintiffs concede, TSCA does not provide a mechanism for reconsideration. Thus, EPA's decision whether to reconsider its prior decision on the 2016 petition is reviewable, if at all, only for abuse of discretion under the Administrative Procedure Act ("APA"). *See ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284 (1987) (applying 5 U.S.C. § 706(2)(A) where the underlying statute expressly provided for reconsideration); *see also Massachusetts v. EPA*, 549 U.S. 497, 527 (2007) ("An agency has broad discretion to choose how best to marshal its limited resources and personnel to carry out its delegated responsibilities."). Regardless of whether EPA reopens or reconsiders its prior decision, plaintiffs cannot cure standing deficiencies here by bootstraping any purported standing from this new submission.

Next, Plaintiffs argue that the Court could allow Plaintiffs to cure jurisdictional defects using one of two possible exceptions to the general rule that the existence of federal jurisdiction depends on the facts as they exist when the complaint is filed. The first alleged exception is based on 28 U.S.C. § 1653 ("Section 1653"). As the Supreme Court discussed in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), Section 1653 "allows . . . courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." 490 U.S. at 832. So at best, Section 1653 could apply if Plaintiffs' standing witnesses were, in fact, subject to a risk of neurodevelopmental harm, but the complaint did not so allege that risk. *See id.* at 831 (explaining that Section 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."). Here, however, Plaintiffs failed to show at trial "any relationship between the evidence presented on neurodevelopmental harm to fetuses/infants and the harms alleged by the named Plaintiffs." Abeyance Order at 3. In any event, Section 1653 is routinely asserted to preserve diversity jurisdiction, but there are no known instances of Section 1653 providing an avenue to cure Article III standing defects.

The second alleged exception is based in Rule 21 of the Federal Rules of Civil Procedure. Rule 21 provides that "the court may at any time, on just terms, add or drop a party." But this is not the case where there has been a nonjoinder of an indispensable party. Plaintiffs argue that they

can add the new purported Food & Water Watch members as individual plaintiffs under Rule 21 if needed. Pls.' Opp'n at 8. But again, Plaintiffs completely miss the mark. Plaintiffs cannot simply amend their complaint to add organizational members as individual Plaintiffs because such members are not petitioners. TSCA section 21 allows "[a]ny person [to] petition the Administrator," 15 U.S.C. § 2620(a), but only authorizes *petitioners* with jurisdiction to join a civil action in district court, 15 U.S.C. § 2620(b)(4)(A). Neither the November 2016 petition (which did include other individual petitioners), nor Plaintiffs' self-styled supplemental petition, includes these new individuals as petitioners. Rather, these individuals are organizational members of Food & Water Watch. Thus, Plaintiffs cannot join these individuals to this action to create standing. Even if Rule 21 were applicable, given the manifest prejudice to EPA, Rule 21 cannot be applied on "just terms," and Plaintiffs have cited no authority holding that adding plaintiffs after trial to create standing where none exists is just.

In short, neither Section 1653 nor Rule 21 allows the Court to accept new factual allegations as evidence sufficient to establish standing after trial. Instead, Plaintiffs would need to amend their complaint with new allegations of standing pursuant to Federal Rule of Civil Procedure 15. The standard for amendment of the pleadings "becomes progressively more difficult" at each successive stage of litigation. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) (affirming district court's denial of motion to amend pleadings to add a standing allegation pre-trial). After trial, Rule 15(b) controls and only provides for a singular avenue for amendment: when an issue has already been tried with the consent of the parties. Fed. R. Civ. P. 15(b)(2). Here, no additional issues have been tried, and EPA does not consent.

Plaintiffs' argument that their supplemental petition identifies additional members of Food & Water Watch misses the point. Even if Plaintiffs could amend their Complaint with these members, the Court cannot now assume the factual basis necessary for Food & Water Watch to demonstrate associational standing simply because Plaintiffs named additional members. The evidentiary record is devoid of any evidence that these new persons were both members of Food & Water Watch and subject to a risk of neurodevelopmental harm at the time the complaint was

filed. Plaintiffs cannot stand on mere allegations, but instead must prove standing by the preponderance of the evidence. *Lujan*, 504 U.S. at 561; Abeyance Order at 2-3. Allegations are not evidence, and the Court cannot treat potentially new *allegations* of associational standing as such.

Perhaps recognizing this point, Plaintiffs already requested that the Court consider new evidence concerning standing, and the Court emphatically denied that request. The Court has ordered it would *not* "allow any new evidence on standing" as "[t]hat door is closed." Aug. 6, 2020 Hearing Transcript at 26:9-10; *see also* Aug. 6, 2020 Hearing Transcript at 23:12-25 (counsel's request that Plaintiffs be allowed to introduce additional organizational members). Even if the Court were to change course now, for the Court to make new findings would require additional discovery after trial which it has already disfavored. Aug. 6, 2020 Hearing Transcript at 26:23-25. Second, it would violate the parties' explicit agreement concerning the factual evidence on standing. Standing Stipulation and Order (Doc. No. 102) at 2.

Indeed, conspicuously absent from Plaintiffs' opposition is any discussion of the Standing Stipulation and Order, which prevents future amendment of the pleadings or the introduction of additional evidence in support of standing. The Standing Stipulation and Order governs "the introduction of evidence in support of Plaintiffs' claims of standing throughout this *litigation*, including trial." *Id.* (emphasis added). Plaintiffs are to "rely *exclusively*" on the declarations and depositions already provided to the Court to establish the "factual basis" for standing. *Id.* (emphasis added). EPA entered into the stipulation with Plaintiffs in order to understand the full universe of Plaintiffs' evidence on standing and to bar future surprise supplementations. Plaintiffs, meanwhile, sought to avoid additional depositions. Plaintiffs do not contest they made this strategic decision with full knowledge and acceptance of the risks they were taking in entering into the stipulation, which was also endorsed by the Court. Doc. No. 102.

Even without a court's approval and order, stipulations must be binding. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Otherwise, parties would be discouraged from entering into them. *Fed. Deposit Ins. Corp. v. St. Paul Fire and Marine Ins. Co.*, 942 F.2d 1032,

1038 (6th Cir. 1991). Plaintiffs cannot now be permitted to evade their binding agreement simply because they regret not providing more standing evidence or adding more parties. *Id.*; *cf. United States v. Technic Servs.*, 314 F.3d 1031, 1045 (9th Cir. 2002)) (a party "who has stipulated to the admission of evidence cannot later complain about its admissibility . . . [unless the] stipulation was involuntary"); *United States. v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir. 1986) ("Having stipulated to the admission of evidence . . . [the stipulating party] will not now be heard [on] the prejudicial effect."). To be relieved of the Standing Stipulation and Order at trial, Plaintiffs would have at least needed to show: (1) the stipulation resulted in manifest injustice; (2) a lack of prejudice to the opposing party; and (3) minimal inconvenience to the Court. *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1388 (9th Cir. 1987). Plaintiffs cannot meet any part of this three-fold standard and have made no attempt to do so. Indeed, no timely motion under Rule 15, Rule 21, Section 1653, or other authority to disregard the Standing Stipulation and Order or to amend the pleadings is before this Court, and EPA reserves its right to oppose any such motion.

By holding this case in abeyance, the Court has assumed that Plaintiffs can "address the serious standing issues" through a new administrative petition. Abeyance Order at 5. But the Court cannot presume that standing "hypothetically" exists or will be established later. *See Steel Company*, 523 U.S. at 94–95. Moreover, no future submission, amendment to the pleadings, or other actions in this case can confer jurisdiction over Plaintiffs' challenge to the 2016 petition denial. Plaintiffs' recent "supplemental" submission and request for reconsideration changes nothing. In any event, Plaintiffs have only provided their submission for *EPA's* consideration. It is not properly before the Court to consider. At most, a future EPA decision could be the basis for a new challenge under the APA. But without jurisdiction in *this* case, "the [C]ourt *cannot proceed at all* in any cause…[and] the only function remaining to the [C]ourt is … *dismissing the cause*." *Id. (*quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)) (emphasis added).

## III.   THE PARTIES AGREE THE COURT CAN DEFER CONSIDERATION OF A POTENTIAL AMENDMENT.

Plaintiffs incorrectly argue that Rule (60)(b) does not authorize EPA's requested alternative relief. Pls.' Opp'n at 9. But EPA's alternative relief is simple and discrete. Without briefing or a

full opportunity for EPA to be heard, the Court appears to have prematurely "permit[ted]" amendment of the complaint herein" "[s]hould the EPA deny the new petition." Abeyance Order at 5. EPA requests that this permission be withdrawn so that Plaintiffs are required to seek leave if they wish to amend the pleadings under Rule 15. EPA agrees with "Plaintiffs['] cont[ention] that disputes over a potential pleading amendment that is not before the Court are manifestly unripe for consideration now." Pls.' Opp'n at 9. Therefore, at a bare minimum, the Court should grant EPA's alternative request for relief to ensure that both parties are given a fair opportunity to be heard should Plaintiffs seek to amend their Complaint later.

## CONCLUSION

Failing to dismiss this matter now and allowing Plaintiffs a "do-over" only unfairly prejudices EPA. EPA Mot. at 5-6. This is especially true because if this case is dismissed, Plaintiffs retain their ability to submit a new petition and have their day in court if that petition is denied. Dismissal would save the Court and the parties from the confused, futile exercise of attempting to piece together separate claims with different records, parties, petitioners, declarants, witness testimony, experts, evidence, and law. Piecemeal litigation would be discouraged in favor of an orderly, comprehensive presentation of evidence in a new case. Plaintiffs contested none of these arguments. EPA's motion should be granted.

Dated: December 17, 2020

Respectfully Submitted,

*/s/ John Thomas H. Do*
DEBRA J. CARFORA
JOHN THOMAS H. DO
BRANDON N. ADKINS
SIMI BHAT

*Attorneys for Defendants*