1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., | Case No.  17-cv-02162-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING IN PART DEFENDANT'S MOTION FOR RELIEF** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | Docket No. 265 |
| Defendants. | |

United States District Court
Northern District of California

15      In November 2016, Plaintiffs filed their original petition asking Defendant EPA to conduct

16 rulemaking to prohibit the addition of fluoridation chemicals to drinking water supplies, which the

17 EPA denied on February 17, 2017.  *See* Docket No. 265 ("Mot.") at 1.  Plaintiffs promptly filed

18 suit in this Court shortly thereafter.  *See* Docket No. 1.  ("Compl.").

19      On August 10, 2020, after a bench trial, this Court issued an order holding all proceedings

20 in abeyance in order to "afford the EPA an opportunity to consider the significant scientific

21 developments that have occurred since the original petition was filed."  Docket No. 262

22 ("Abeyance Order") at 5.

23      On October 28, 2020, almost eighty days after this Court issued its abeyance order, the

24 EPA filed the instant "motion for relief" from the abeyance order pursuant to Federal Rule of Civil

25 Procedure 60(b)(6).  *See* Mot.  The gravamen of the motion is that the Court erred because it

26 "should have dismissed this case for lack of jurisdiction, but instead has permitted Plaintiffs an

27 opportunity to create standing where none exists."  *Id.* at 1.  The EPA asks this Court to vacate its

28 abeyance order and dismiss this case with prejudice.  *Id.*

1    Importantly, on November 4, 2020, Plaintiffs filed a supplemental petition[1] with the EPA

2    requesting that the EPA reconsider its earlier denial in light of new information, including:

3        "1) the trial record together with Plaintiffs' admitted exhibits and
         summary of the record; 2) the MIREC and ELEMENT studies; 3)
4        the pooled BMD analysis of the MIREC and ELEMENT data; 4) the
         National Toxicology Program's revised draft monograph containing
5        a systematic review of the fluoride literature; 5) a published
         statement from former NTP director Dr. Linda Birnbaum, about the
6        'consequential' findings of the NTP's revised monograph; 6) the
         facts to which the parties stipulated at trial; and 7) several orders of
7        this Court which reject legal positions that EPA relied upon in its
         denial of the initial petition."

8

9    *See* Docket No. 272 ("Opp'n") at 2.  In other words, the EPA is now able fully to reconsider its

10   denial of Plaintiffs original petition, which is why this Court issued the abeyance order in the first

11   place.

12   The EPA's instant motion for relief from the abeyance order is improper for several

13   reasons.  First, the motion is procedurally improper because Rule 60(b)(6) only offers relief from

14   final judgments or orders, not from interlocutory orders.  See Fed. R. Civ. P. 60(b)(6) ("On motion

15   and just terms, the court may relieve a party or its legal representative from a *final* judgment,

16   order, or proceeding for . . . any [ ] reason that justifies relief." (emphasis added)); *Banister v.*

17   *Davis*, 140 S. Ct. 1698, 1710 (2020) ("A Rule 60(b) motion . . . attacks an already completed

18   judgment."); Advisory Committee's Notes on 1946 Amendments to Fed. R. Civ. P. 60 (b) ("The

19   addition of the qualifying word 'final' emphasizes the character of the judgments, orders or

20   proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not

21   brought within the restrictions of the rule."); *Mateo v. M/S KISO*, 805 F. Supp. 761, 786 (N.D.

22   Cal. 1991) ("Rule 60(b) motions apply only to final judgments, however, and not to interlocutory

23   rulings."); *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2016 WL 4120049, at *2

24

25   [1] The Court's abeyance order directed Plaintiffs to file a *new* petition with the EPA.  *See* Abeyance
     Order at 4.  Plaintiffs explain, however, that they filed a supplemental petition instead "after
26   further research revealed that it was EPA's practice to consider second petitions seeking identical
     relief as 'motions for reconsideration.'"  *See* Docket No. 272 ("Opp'n") at n. 1 (citing cases).
27   Therefore, according to Plaintiffs, the supplemental petition is procedurally appropriate because it
     "did not seek new relief."  Id. at 2.  Whether the supplemental petition is procedurally improper or
28   not is for the EPA—not this Court—to decide in the first instance.

United States District Court
Northern District of California

(C.D. Cal. Aug. 2, 2016), *aff'd sub nom.*, 700 F. App'x 704 (9th Cir. 2017) ("A motion under Rule 60(b) or Rule 59(e) is only appropriate when final judgment has been entered on all claims." (quoting *Panarello v. City of Vineland*, No. 12-4165 (RBK/JS), 2016 WL 3638108, *5 (D.N.J. July 7, 2016)).

Second, the EPA's motion is improper even if the Court construes it as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-9.  As an initial matter, Local Rule 7-9(a) only allows parties to file motions for reconsideration with leave of court.  See Civ. Loc. R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").  Here, the EPA filed its motion without obtaining leave of court, improperly styling it as a "motion for relief."

More importantly, motions for reconsideration are only appropriate under three circumstances:

> (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought;" (2) "the emergence of new material facts or a change of law occurring after the time of such order;" or (3)  "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  ).

Civ. Loc. R. 7-9(b)(1)–(3).  The EPA relies on no new facts or legal authority to argue that the Court should dismiss Plaintiffs' case for lack of standing.  In fact, the Court has not yet ruled on whether Plaintiffs have standing or not, so there is nothing to reconsider.  *See* Abeyance Order at 1 ("As stated on the record at the August 6, 2020 status conference, the Court believes that there are serious questions regarding whether the named Plaintiffs in this case have standing.").  Indeed, the EPA made the exact same lack of standing argument before the Court issued the abeyance order.  *See* Docket Nos. 254 ("Br. on Standing");  255 ("EPA's Prop. Findings of Fact"); 260 ("EPA's Resp. to Pls. Further Statement on New Petition").  That means that the instant motion contravenes Local Rule 7-9(c)'s prohibition against motions for reconsideration that "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."  Civ. Loc. R. 7-9(c).  Simply put, the EPA's motion brings up nothing new.  Therefore, reconsideration is not appropriate.

United States District Court
Northern District of California

1    Accordingly, the EPA's "motion for relief" from this Court's abeyance order is **DENIED**

2    in part as to the EPA's request to vacate the abeyance order and dismiss the complaint.

3    Although the Court sees no need to vacate the abeyance order and dismiss this action, the

4    question of Plaintiffs' standing under the complaint as it is currently pled remains.  Plaintiffs

5    attempt to assuage this Court's concerns by pointing out that that their supplemental petition with

6    the EPA cures any standing issues by

7            [R]eiterating that millions of Americans are at risk from fluoridated
             water, including members of Plaintiff Food & Water Watch who are
8            currently pregnant, actively seeking to become pregnant, and/or
             mothers of infants; members like Jessica Trader, Jennifer Baugh,
9            Jacqueline Devereaux, Brooke Errett, Leah Garland, Hanna
             Rodgers, Olivia Stancil, Whitney Stolman, and Chassity Woolums.
10

11   Opp'n at 2-3.  However, none of these women are named plaintiffs in their original EPA petition

12   or in the complaint.

13   Accordingly, the EPA's motion is **GRANTED** in part as to the EPA's request to amend

14   the abeyance order to require Plaintiffs to seek leave to amend their complaint should the EPA

15   deny their supplemental petition.  In seeking leave to amend, Plaintiffs will have to justify their

16   request, including addressing why any attempt to allege a new basis for standing following any

17   denial by the EPA of their supplemental petition would not be futile.

18   This order disposes of Docket No. 265.

19

20   **IT IS SO ORDERED**.

21

22   Dated: January 13, 2021

23

24   _____

25   EDWARD M. CHEN
     United States District Judge

26

27

28

United States District Court
Northern District of California

4