UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 17-cv-02162-EMC<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO GOVERN FUTURE PROCEEDINGS**<br><br>Docket No. 332 |

Plaintiff Food & Water Watch, Inc. ("FWW") sued Defendant Environmental Protection Agency ("EPA") to request the initiation of rulemaking pursuant to the Toxic Substances Control Act, 15 U.S.C. §2620 ("TSCA") to prohibit the addition of fluoridation chemicals to drinking water to protect the public from neurotoxic risks. After a 7-day bench trial, the Court stayed the case. Docket No. 262 ("Stay Order"). FWW filed a motion to lift the stay and take the case out of abeyance. Docket No. 306 ("MLS"). On October 28, 2022, the Court lifted the stay to allow FWW to take discovery on the draft NTP documents. Docket No. 319 ("MLS Order").

On December 14, 2022, FWW filed a notice under seal, attaching a draft of the State of the Science Monograph, two drafts of the Meta-Analysis Manuscript, and five emails. Docket No. 329. EPA now requests that the Court wait an additional six months to schedule expert discovery deadlines or trial to allow NTP more time to complete its review process of the NTP draft reports. Docket No. 332 ("Admin. Motion").

The Court finds that no additional factual developments warrant an additional six-month delay in what is essentially an elongation of the stay. The Court previously lifted the stay, considering evidence that final publication of the NTP report was no longer imminent. Because

"the NTP may never publish the final version," a stay may thus be indefinite. MLS Order at 4. A determinate wait period of six months is unlikely to resolve the Court's concern. Now, three months after the Court's hearing on the motion to lift the stay, EPA still cannot offer a definite publication date or a definite decision to publish the final report. Although Dr. Woychik, Director of the NTP, submitted a new second declaration, EPA's description of the publication timeline remains the same as described in the briefing on the previous motion to lift the stay:

> In February 2022, Richard P. Woychik, Ph.D., the director of NTP, asked the NTP Board of Scientific Counselors ("BSC") to evaluate (with the assistance of a working group) comments and concerns raised by agency subject-matter experts and NTP's responses to those concerns regarding the Meta-Analysis Manuscript and, in June 2022, expanded that request to include NTP's response to the reviews of the State of the Science Monograph. 2d Woychik Decl. ¶¶ 17–20. As Dr. Woychik had anticipated, subject-matter experts have now been identified for the working group assisting the BSC after being screened to prevent conflicts of interest, and the working group began its evaluation in October 2022. *Id.* ¶ 21. Dr. Woychik currently expects that the working group will present its report at a BSC meeting in early 2023. *Id.* ¶ 22. The BSC meeting will be open to the public, and, following NTP's standard process, the BSC could accept the working group report and convey it to Dr. Woychik as written, revise the report and convey the revised report, or offer other recommendations, which could include expanding the monograph and meta-analysis to add more studies published over the past year. *Id.* ¶¶ 22–24. Upon acceptance of the working group report, the BSC will make a recommendation to Dr. Woychik who will make a final decision whether to publish the State of the Science Monograph and whether to submit the Meta-Analysis Manuscript for publication. *Id.* ¶ 25. Dr. Woychik states that he will "make [his] decision as quickly as possible" but that his "obligation as director of NTP is to uphold the most rigorous scientific principles when providing scientific background that may inform the public health policies of the nation." *Id.* ¶¶ 26–27.

Admin. Motion at 2. Again, EPA admits that NTP may decide that the final version should not be published at all: "Dr. Woychik who will make a final decision *whether* to publish the State of the Science Monograph and *whether* to submit the Meta-Analysis Manuscript for publication." Admin. Motion at 3 (emphases added). Furthermore, as to the Meta-Analysis Manuscript, EPA acknowledged at the hearing that even if it were to proceed to peer review, it would likely be more than a year before that process is completed. EPA's arguments in its administrative motion here add no additional arguments or facts beyond what EPA argued in its briefing regarding the motion to lift the stay.

1    Thus, EPA's Administrative Motion to Govern Future Proceedings is **DENIED**.
2 Nonetheless, the Court is sensitive to EPA's concerns as well as FWW's concern about delay, and
3 the Court has scheduled future proceedings to allow for an orderly process that may give gestation
4 time for NTP to review their draft report while balancing considerations that this case has been
5 pending for several years. In particular, the Court directed the parties to schedule adjudication of
6 EPA's assertion of privilege over the May 2022 draft of the NTP report and FWW's entitlement to
7 discovery into critiques of that draft. Upon that adjudication, the Court indicated it will consider
8 setting an expedited trial date.

9    The Court sets a further status conference to discuss future scheduling for April 11, 2023,
10 at 2:30 p.m. via Zoom. The parties shall file a joint status report by April 4, 2023.

11   This order disposes of Docket No. 332.

13   **IT IS SO ORDERED**.

15   Dated: January 20, 2023

_____
EDWARD M. CHEN
United States District Judge

3