UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02162-EMC   (KAW)<br><br>**ORDER REGARDING 6/26/2023 DISCOVERY LETTER**<br><br>[Discovery Letter No. 5]<br><br>Re: Dkt. No. 356 |

Plaintiffs filed the instant lawsuit seeking judicial review of Defendant United States Environmental Protection Agency's denial of Plaintiffs' petition to regulate the fluoridation of drinking water supplies under the Toxic Substances Control Act ("TSCA"). Following a seven-day bench trial, the presiding judge stayed the case in August 2020 due to concerns about Plaintiff Food & Water Watch, Inc.'s standing. (Dkt. No. 262 at 1.) Additionally, the stay was meant to allow the EPA to consider scientific studies published after the EPA's denial of Plaintiffs' petition, as well as to allow the presiding judge to consider the imminent publication of the National Toxicology Program's ("NTP") systematic review. (*Id.* at 4.) On October 28, 2022, the presiding judge lifted the stay and allowed limited post-trial discovery in anticipation of a second trial. (Dkt. No. 319 at 1, 5; *see also* Dkt. No. 355.)

On June 26, 2023, the parties filed the instant discovery letter.[1] Plaintiffs seek leave to conduct a second Rule 30(b)(6) deposition of the EPA regarding the first ten risk evaluations

---

[1] The discovery letter was addressed to the presiding judge. The parties are reminded that this case was referred to the undersigned for discovery purposes. (*See* Dkt. No. 80.) Thus, discovery disputes should be addressed to the undersigned, and must comply with the undersigned's standing order provisions regarding discovery disputes, including meet and confer requirements. (*See* Judge Westmore Standing Order ¶¶ 13-14.)

1  under the amended TSCA.  (Discovery Letter at 1, Dkt. No. 356.)  The deposition would also
2  exceed the default limit of 10 depositions.  (*Id.*)  The EPA seeks a protective order forbidding the
3  deposition.  (*Id.*)

4        The Court finds that there is good cause to allow the deposition, particularly where fact
5  discovery was re-opened to allow discovery for a second trial.  To the extent the EPA argues that
6  the deposition will not bear on a relevant issue, the Court disagrees.  There is no dispute that the
7  ten risk evaluations do not concern fluoride.  (Discovery Letter at 1, 3.)  At the May 8, 2020
8  pretrial conference, however, Plaintiffs explained that these risk evaluations pertained to the
9  process of how the EPA was implementing the guidelines and statute, such as how the EPA
10 defined "highly exposed populations" and other methods and principles that would be applicable
11 in the instant case.  (May 8, 2020 Tr. at 32:11-33:8, Dkt. No. 194.)  While the presiding judge
12 observed that he would not be "interested in . . . transposing the result of any one particular study
13 or draft to" the instant case, he agreed that "as an interpretive tool, [the risk evaluations] may be
14 relevant, even though the subject matter [was] very different."  (May 8, 2020 Tr. at 33:14-19.)  In
15 short, the methodology applied in the ten risk evaluations could be relevant, as it demonstrates the
16 actual practice of the EPA.  (May 8, 2020 Tr. at 33:9-13, 33:20-22.)  Further, the presiding judge
17 noted that he would not be likely to review the entirety of the risk evaluations, and that Plaintiffs
18 should be focused on whether there was any "key paragraph or key illustration of what the EPA
19 has done that has transferable application process-wise to this case."  (May 8, 2020 Tr. at 33:24-
20 34:3.)  As Plaintiffs point out, a deposition may assist with "distilling" the hundreds of pages of
21 risk evaluations to these requested key paragraphs or illustrations, "in a context where EPA can
22 correct any misunderstandings."  (Discovery Letter at 3.)

23       The EPA also argues that the relevance of the risk evaluations are outweighed by the
24 burden to the EPA in preparing for a deposition because it may take over forty hours to prepare an
25 EPA designee to testify at a deposition.  (Discovery Letter at 1-2.)  In so arguing, the EPA again
26 asserts that the relevance of these risk evaluations is minimal, which is contrary to the presiding
27 judge's acknowledgment that the process and methodology used in the ten risk evaluations may be
28 relevant to this case.  Further, to the extent the EPA argues that Plaintiffs did not require a

United States District Court
Northern District of California

deposition on this matter before the previous trial, Plaintiffs point out that they never had an opportunity because fact discovery ended before the EPA released the risk evaluations. (Discovery Letter at 2-3.) The Court thus finds that the burden does not outweigh the relevance of a deposition.

Finally, the EPA contends that the deposition risks the disclosure of information that is protected by the deliberative process privilege. (Discovery Letter at 2.) The deliberative process privilege permits the government to withhold documents that "reflect[] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). In order to qualify for the privilege, documents must be both "predecisional" and "deliberative." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). The burden is on the party asserting the privilege to show that the documents are predecisional and deliberative, including "identify[ing] the specific decision to which the document is predecisional." *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1092, 1094 (9th Cir. 1996).

At this juncture, the EPA's assertions of deliberative process appear premature, as no questions have been asked. Nor is it clear to the Court that the deposition topics seek protected information; indeed, it is not clear to which specific decision the risk evaluations go. Additionally, many of the proposed topics appear to go to the EPA's results and how the EPA conducted the evaluation, not necessarily why or whether a policy-oriented judgment was involved.

Accordingly, the Court grants Plaintiffs leave to proceed with the deposition.

This order disposes of Dkt. No. 356.

IT IS SO ORDERED.

Dated: July 14, 2023

KANDIS A. WESTMORE
United States Magistrate Judge