IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>  Defendants. | Case No.: 17-cv-02162-EMC<br><br>**NINTH JOINT STATUS REPORT** |

The parties submit the following Ninth Joint Status Report:

Since the July 11, 2023, status conference, the parties completed fact discovery and exchanged expert disclosures. Counsel for the parties agreed to a deposition schedule for all experts and have begun taking expert depositions. The parties expect to complete expert discovery by the November 9, 2023, deadline with one exception: due to scheduling complications, Plaintiffs will take one in-person expert deposition of a witness located in Europe on November 15, 2023, and will submit a proposed stipulated order to request a modification of the June 6, 2023, Stipulation and Scheduling Order (ECF No. 355) to accommodate scheduling that single deposition outside the expert discovery deadline.

Trial is scheduled to commence on January 29, 2024. At the July 2023 status conference, the Court asked for the parties' initial positions regarding the length of trial and whether trial would be held in person in San Francisco or remotely by videoconference. The parties' positions on those issues are as follows:

<u>Length of Trial</u>

<u>Plaintiffs' position</u>: Plaintiffs believe it is premature at this juncture in the litigation to calculate the specific number of hours and days for trial. Only one of the parties' seven experts

has been deposed, and motions in limine have not yet been filed, let alone ruled upon. The parties have previously agreed, and the Court has allotted, two calendar weeks for the trial. Any limitation on the parties' time for openings, closings, and examinations during these two weeks will be more appropriately determined at the pre-trial conference because, at that time, there will be a much better appreciation of the scope of expected testimony and evidence.

<u>EPA's Position</u>: EPA believes trial should be limited to six trial days (assuming about five hours per day), with each side having up to fifteen hours to use to present opening and closing argument (if they wish), direct examination of the party's witnesses, and cross-examination of the opposing party's witnesses. Two days would remain available at the end of the second trial week in case additional time is needed due to technical or logistical issues that might arise. The Court is already familiar with the general issues in the case, and the second trial will be limited to new scientific studies published since the first trial. The parties disclosed a total of seven expert witnesses (four experts by Plaintiffs and three experts by Defendants, one of whom was EPA's Rule 30(b)(6) designee during fact discovery). The Court will be familiar with all the expert witnesses Plaintiffs disclosed because each testified at the first trial. Assuming the parties call every expert witness, they should comfortably complete testimony and any argument within fifteen hours per side.

<u>Location of Trial</u>

<u>Plaintiffs' Position</u>: At the July 11 status conference, the Court stated that it "is inclined to do a virtual bench trial but will inform the parties if anything changes." ECF No. 361. The Court did not invite further comment from the parties on this issue, and thus it is the Plaintiffs' understanding that the trial will be held remotely via Zoom unless the Court indicates otherwise. Despite this, the EPA has requested space in this filing to reiterate its opposition to a virtual bench trial. The Court should stand by its prior determination.

First, and foremost, an in-person trial (hybrid or not) will substantially increase the cost of this litigation for the Plaintiffs and their counsel. Plaintiffs include three citizen groups and seven private individuals; most of whom wish to attend the trial. While EPA states it is open to the proceedings being available through videoconference, the presentation of evidence through

a video stream of the court room will impede remote-viewing parties from seeing the exhibits and documents with the same clarity that Zoom offers; thereby frustrating their ability to fully follow the proceedings.

Second, EPA concedes that the virtual bench trial in 2020 "was an overall logistical success." Indeed it was, as the Zoom format permitted all observers, including the Court, to clearly and quickly see the documentary evidence as it was being addressed. Given that this is a document-heavy case, a clear and efficient method for presenting documents confers significant advantages to all. This is particularly so given EPA's stated interest in having strict time limitations on the time available for openings, examinations, and closings.

Third, EPA has failed to identify any practical benefits of an in-person trial that would justify departing from the Court's preferred approach of a virtual bench trial.

EPA's Position: EPA proposes a hybrid trial. EPA strongly prefers to conduct trial in person in San Francisco with the option for any party to present argument or call expert witnesses virtually. In that scenario, EPA would expect to call some expert witnesses in person and one expert witness, who lives in Europe, virtually. EPA would not object to the proceeding being broadcast via videoconference (just as EPA has not objected to the ongoing request in this case for video recording under the Cameras in the Courtroom Pilot Project).

A hybrid arrangement would allow any party that prefers to appear and present argument and witnesses in San Francisco (where Plaintiffs chose to file this case) to do so, while also reducing the costs of attendance for parties and witnesses by giving them the option for virtual participation. EPA's proposal would thus satisfy Plaintiffs' stated concern regarding the cost of expert witness travel.

To be sure, the virtual trial in June 2020 was an overall logistical success. But it was also a reflection of the emergency conditions of the time. Those conditions thankfully have changed and no longer necessitate a virtual trial.

| | |
|---|---|
| Dated: October 11, 2023 | Respectfully submitted,<br><br>*Michael Connett*<br>MICHAEL CONNETT<br>WATERS, KRAUS & PAUL<br>11601 Wilshire Blvd., Suite 1900<br>Los Angeles, CA 90025<br><br>*Attorneys for Plaintiffs* |
| Dated: October 11, 2023 | *Brandon Adkins*<br>BRANDON N. ADKINS<br>PAUL A. CAINTIC<br>United States Department of Justice<br>Environment & Natural Resources Division<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Tel: (202) 616-9174 (Adkins)<br>Tel: (202) 514-2593 (Caintic)<br>Fax: (202) 514-8865<br>Brandon.Adkins@usdoj.gov<br>Paul.Caintic@usdoj.gov<br><br>EMMET P. ONG<br>Assistant United States Attorney<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing Ninth Joint Status Report was served by Notice of Electronic Filing this 11th day of October, 2023, upon all ECF registered counsel of record using the Court's CM/ECF system.

           /s/ *Michael Connett*
           MICHAEL CONNETT
           Attorney for Plaintiffs