TODD KIM
Assistant Attorney General

BRANDON N. ADKINS
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 616-9174
Brandon.Adkins@usdoj.gov

*Counsel for Defendants*

*Additional counsel listed in signature line*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FOOD & WATER WATCH, INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No.: 17-cv-02162-EMC<br><br>**ANSWER TO SUPPLEMENTAL COMPLAINT** |

Defendants United States Environmental Protection Agency and Michael S. Regan Administrator, in his official capacity, (collectively "EPA") hereby respond to the correspondingly numbered paragraphs of the Supplemental Complaint. ECF No. 372.

1. The allegations in Paragraph 1 characterize the Supplemental Complaint, and no response is required.

## I. BACKGROUND

2. EPA admits that fluoride is added to some public drinking water supplies in the United States. The remaining allegations of Paragraph 2 are too vague and ambiguous for EPA to formulate a response.

3. EPA admits the allegations in the first sentence of Paragraph 3. EPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3.

4. EPA admits that the addition of fluoride to drinking water in the United States to reduce the incidence of dental caries began in the 1940s. The remaining allegations of Paragraph 4 are statements of opinion, rather than fact, and no response is required. If further response is required EPA denies the remaining allegations of Paragraph 4.

5. The allegations in the first sentence of Paragraph 5 purport to characterize an unidentified statement by the Centers for Disease Control, which statement speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statement, they are denied. The allegations of the first sentence of Paragraph 5 are also too vague and ambiguous for EPA to formulate a response. The second sentence of Paragraph 5 is a statement of opinion, not a statement of fact, and no response is required. If further response is required EPA denies the allegations of the second sentence of Paragraph 5.

6. The allegations in the first sentence of Paragraph 6 purport to characterize unidentified statements by the National Academy of Science, which statements speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statements, they are denied. The allegations of the first sentence of Paragraph 6 are also too vague and ambiguous for EPA to formulate a response. The second sentence of Paragraph 6 is a statement of opinion, not a statement of fact, and no response is required. If further response is required EPA denies the allegations of the second sentence of Paragraph 6.

7. The allegations of Paragraph 7 are too vague and ambiguous for EPA to formulate a response.

8. The first sentence of Paragraph 8 is a statement of opinion, not a statement of fact, and no response is required. If further response is required EPA denies the allegations of the first sentence of Paragraph 8. With regard to the second sentence of Paragraph 8, EPA admits that

ingestion of fluoride may cause dental fluorosis. The remaining allegations of the second sentence of Paragraph 8 are too vague and ambiguous for EPA to formulate a response.

9. The allegations in the first sentence of Paragraph 9 purport to characterize an unidentified document produced by the Centers for Disease Control, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied. The allegations of the first sentence of Paragraph 9 are also too vague and ambiguous for EPA to formulate a response. The second sentence of Paragraph 9 is a statement of opinion, not a statement of fact, and no response is required. If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 9.

10. The allegations in Paragraph 10 are too vague and ambiguous for EPA to formulate a response. In addition, the allegations in the second sentence of Paragraph 10 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 10.

11. The allegations in Paragraph 11 are too vague and ambiguous for EPA to formulate a response. In addition, the allegations in the second sentence of Paragraph 11 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 11.

12. The allegations in Paragraph 12 are too vague and ambiguous for EPA to formulate a response.

13. The allegations in the first sentence of Paragraph 13 purport to characterize an unidentified document produced by the National Research Council, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

14. The allegations in Paragraph 14 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

15. The allegations in Paragraph 15 characterize a document, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

16. The allegations in Paragraph 16 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The allegations of Paragraph 16 are also too vague and ambiguous for EPA to formulate a response.

17. EPA denies the allegations of the first sentence of Paragraph 17. The allegations in the second sentence of Paragraph 17 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. The allegations of the second sentence of Paragraph 17 are also too vague and ambiguous for EPA to formulate a response. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The allegations in the third sentence of Paragraph 17 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 17.

18. The allegations in Paragraph 18 characterize a document, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

19. The allegations in Paragraph 19 purport to characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

20. The allegations of Paragraph 20 are statements of opinion, not statements of fact, and no response is required. If further response is required EPA denies the allegations of the second sentence of Paragraph 20.

21. The allegations of the first sentence of Paragraph 21 are too vague and ambiguous for EPA to formulate a response. The remaining allegations of Paragraph 21 purport to characterize an unidentified document prepared by the Centers for Disease Control, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

22. The allegations of Paragraph 22 are too vague and ambiguous for EPA to formulate a response. In addition, the allegations of Paragraph 22 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 22.

## II.   JURISDICTION AND VENUE

23.[1] The allegations in the first sentence of Paragraph 23 characterize a document, which document speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied. EPA denies the allegations of the second sentence of Paragraph 23.

24. EPA admits the allegations of Paragraph 24.

25. Paragraph 25 is a conclusion of law to which no response is required.

26. Paragraph 26 characterizes a statute, which statute speaks for itself. The allegations of Paragraph 26 are also conclusions of law and no response is required. To the extent further response is required, EPA denies the allegations of Paragraph 26.

---

[1] The Complaint had no paragraph 23. ECF No. 1. Plaintiffs appear to have corrected the omission by including a paragraph 23 in the Supplemental Complaint. EPA accordingly updated the numbering in its Answer to Plaintiffs' Supplemental Complaint.

27. The allegations of Paragraph 27 are conclusions of law and no response is required.

28. The allegations of Paragraph 28 are conclusions of law and no response is required.

29. The first sentence of Paragraph 29 is a conclusion of law to which no response is required. The Court's statements after the trial in June 2020 speak for themselves. Otherwise, denied.

30. The Court's statements at hearings conducted after trial in June 2020 speak for themselves. To the extent Plaintiffs characterize those statements, the allegations are denied.

31. The Court's August 2020 Order speaks for itself. To the extent Plaintiffs characterize the order, the allegations are denied.

32. Admitted that Plaintiffs failed to submit a new section 21 petition as the Court ordered. The Court's statement speaks for itself. Otherwise, denied.

33. EPA's motion and the Court's order speak for themselves. To the extent Plaintiffs characterize those documents, denied.

34. Admitted that Plaintiffs submitted a self-styled "supplement" to their November 2016 petition with a request that EPA administratively reconsider its original February 2017 denial of the petition. Admitted that EPA declined to exercise its discretion to reopen the administrative record and reconsider the February 2017 petition denial. Otherwise, denied.

35. Admitted.

## III. PARTIES

36. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 36.

37. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 37.

38. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 38.

39. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 39.

40. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 40.

41. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 41.

42. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 42.

43. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 43.

44. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 44.

45. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 45.

46. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 46.

47. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 47.

48. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 48.

49. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 49.

50. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 50.

51. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 51

52. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 52.

53. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 53.

54. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 54.

55. EPA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 55.

## IV. STATUTORY FRAMEWORK

56. The allegations of Paragraph 56 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

57. The allegations of Paragraph 57 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

58. The allegations of Paragraph 58 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

59. The first sentence of Paragraph 59 is a conclusion of law to which no response is required. The remaining allegations of Paragraph 59 characterize and quote a document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the document, they are denied.

60. The allegations of Paragraph 60 characterize a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

## V.   STATEMENT OF FACTS

61. The allegations of Paragraph 61 characterize documents and a regulation, which documents and regulations speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document or regulation, they are denied.

62. The allegations of Paragraph 62 characterize a document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

63. The allegations of the third sentence of Paragraph 63 are too vague and ambiguous for EPA to formulate a response. The remaining allegations of Paragraph 63 characterize a document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

64. The allegations of Paragraph 64 characterize and quote a document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations and quotes are inconsistent with the plain language, meaning, or context of the document, they are denied.

65. The allegations of the first sentence of Paragraph 65 characterizes a document, which document speaks for itself and is the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The remaining allegations of Paragraph 65 are too vague and ambiguous for EPA to formulate a response.

66. The allegations of Paragraph 66 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 66 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

67. EPA admits that fluoride is currently added to drinking water in some places in the United States. The remaining allegations of Paragraph 67 are too vague and ambiguous for EPA to formulate a response.

68. The allegations of Paragraph 68 characterize an unidentified document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

69. The allegations of Paragraph 69 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 69 also characterize and quote an unidentified document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the document, they are denied.

70. The allegations of Paragraph 70 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 70 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

71. The allegations of Paragraph 71 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 71 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

72. The allegations of Paragraph 72 characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The allegations of Paragraph 72 also contain statements of opinion, not statements of fact, and no response to those statements is required. If further response is required EPA denies the allegations of Paragraph 72.

73. The allegations of Paragraph 73 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 73 also characterize unidentified statements by unidentified individuals or contained in unidentified documents, which statements or documents are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statements or documents, they are denied.

74. The allegations of Paragraph 74 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 74 also characterize unidentified statements by unidentified individuals or contained in unidentified documents, which statements or documents are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statements or documents, they are denied.

75. The allegations of Paragraph 75 are too vague and ambiguous for EPA to formulate a response.

76. The allegations of Paragraph 76 are too vague and ambiguous for EPA to formulate a response.

77. The allegations of Paragraph 77 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 77 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

78. The allegations of Paragraph 78 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 78 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

79. The allegations of Paragraph 79 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 79 also characterize unidentified documents,

which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

80. The allegations of Paragraph 80 are too vague and ambiguous for EPA to formulate a response.

81. The allegations of Paragraph 81 are too vague and ambiguous for EPA to formulate a response.

82. The allegations of Paragraph 82 are too vague and ambiguous for EPA to formulate a response.

83. The allegations of Paragraph 83 are too vague and ambiguous for EPA to formulate a response.

84. The allegations of Paragraph 84 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 84 also characterize and quote unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent the quotes or characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

85. The allegations of Paragraph 85 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 85 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

86. The first sentence of Paragraph 86 characterizes a document, which document speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied. The second sentence of Paragraph 86 is a statement of opinion, not a statement of fact, and no response is required. If further response is required, EPA denies the allegations of the second sentence of Paragraph 86.

87. The first sentence of Paragraph 87 characterizes unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The second sentence of Paragraph 87 is a statement of opinion, not a statement of fact, and no response is required. If further response is required, EPA denies the allegations of the second sentence of Paragraph 87.

88. The allegations of Paragraph 88 characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. In addition, Paragraph 88 contains statements of opinion, rather than statements of fact, and no response to them is required. If further response is required, EPA denies these allegations.

89. The allegations of Paragraph 89 do not identify the studies referred to of the ELEMENT and MIREC cohorts and are therefore too vague for EPA to formulate a response. The last sentence of Paragraph 89 is incomplete because additional cohort studies of fluoride and IQ effects that are of the same methodological quality have since been published. Otherwise, denied.

90. The allegations of Paragraph 90 do not identify the studies referred to of the ELEMENT and MIREC cohorts and are therefore too vague for EPA to formulate a response. The allegations also characterize the results of the studies, which speak for themselves. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

91. The allegations of Paragraph 91 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 91 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

92. The allegations of Paragraph 92 are duplicative of Paragraph 91. EPA's answer to Paragraph 91 applies equally to Paragraph 92.

93. The allegations of Paragraph 93 are too vague and ambiguous for EPA to formulate a response. The allegations of the first sentence of Paragraph 93 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied. The remaining allegations of Paragraph 93 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA denies the remaining allegations of Paragraph 93.

94. The allegations of Paragraph 94 characterize a document, which document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

95. The allegations of Paragraph 95 are too vague and ambiguous for EPA to formulate a response. To the extent Paragraph 95 is characterizing an unidentified document, such document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

96. The allegations of Paragraph 96 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 96 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

97. The allegations of Paragraph 97 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 97 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

98. The allegations of Paragraph 98 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA denies the allegations of Paragraph 98.

99. The allegations of Paragraph 99 characterize a document, which document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

100. The allegations of Paragraph 100 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA denies the allegations of Paragraph 100.

101. The allegations of Paragraph 101 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA denies the allegations of Paragraph 101. The allegations of Paragraph 101 are also too vague and ambiguous for EPA to formulate a response.

102. The allegations of Paragraph 102 are too vague and ambiguous for EPA to formulate a response. The allegations of the first sentence of Paragraph 102 also characterize an unidentified document, which document speaks for itself and is the best evidence of is content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied. The allegations of the second sentence of Paragraph 102 are statements of opinion, not statements of fact, and no response is required. If further response is required, EPA denies the allegations of Paragraph 102.

103.[2] The allegations of Paragraph 103 are too vague and ambiguous for EPA to formulate a response. In addition, the allegations of the third sentence of Paragraph 103 characterize a document, which document speaks for itself and is the best evidence of is content.

---

[2] The Complaint had no paragraph 103 or 104. ECF No. 1. Plaintiffs appear to have corrected the omissions by including a paragraph 103 and 104 in the Supplemental Complaint. EPA accordingly updated the numbering in its Answer to Plaintiffs' Supplemental Complaint.

To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the document, they are denied.

104. The allegations of Paragraph 104 are too vague and ambiguous for EPA to formulate a response.

105. EPA lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 105. With regard to the allegations of the second sentence of Paragraph 105, EPA admits that community water fluoridation is recommended by a wide variety of organizations and the Centers for Disease Control, and is used as such. The second sentence also contains conclusions of law to which no response is required. The allegations of the third sentence of Paragraph 105 characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

106. The allegations of Paragraph 106 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 106 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

107. The allegations of Paragraph 107 characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

108. The allegations of Paragraph 108 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 108 also characterize unidentified documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

109. The allegations of Paragraph 109 are too vague and ambiguous for EPA to formulate a response.

110. The allegations of Paragraph 110 are too vague and ambiguous for EPA to formulate a response. The allegations of Paragraph 110 also characterize documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

111. The allegations of the first sentence of Paragraph 111 are statements of opinion, not statements of fact, and thus no response is required. To the extent further response is required, EPA denies the allegations of the first sentence of Paragraph 111. The remaining allegations of Paragraph 111 characterize documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

112. The allegations of the first sentence of Paragraph 112 are statements of opinion, not statements of fact, and thus no response is required. To the extent further response is required, EPA denies the allegations of the first sentence of Paragraph 112. The allegations of the second sentence of Paragraph 112 are too vague and ambiguous for EPA to formulate a response.

113. The allegations of Paragraph 113 are too vague and ambiguous for EPA to formulate a response.

## VI. CAUSE OF ACTION

113.[3] The allegations of Paragraph 113 characterize a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

114. The allegations of Paragraph 114 characterize and quote a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations or quotations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

---

[3] The Supplemental Complaint contains two paragraphs numbered 113.

115. EPA admits that Plaintiffs submitted a petition to EPA, which was received by EPA on November 23, 2016. The remaining allegations of Paragraph 115 characterize documents, which documents speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the documents, they are denied.

116. EPA admits that Plaintiffs' petition was denied on February 17, 2017. The remaining allegations of Paragraph 116 are conclusions of law to which no response is required. To the extent further response is required, EPA denies the allegations of Paragraph 116.

117. The allegations of Paragraph 117 are conclusions of law to which no response is required. The allegations of Paragraph 117 also characterize a statute, which statute speaks for itself and is the best evidence of its content. To the extent Plaintiffs' characterizations are inconsistent with the plain language, meaning, or context of the statute, they are denied.

**PRAYER FOR RELIEF**

118. EPA denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Except as expressly admitted or otherwise stated herein, EPA denies each and every allegation in Plaintiff's Supplemental Complaint.

**DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, for these reasons, EPA requests that the Court deny Plaintiff's Supplemental Complaint with prejudice, that the United States be awarded its costs in this action, and that the Court grant such other and further relief as may be appropriate.

Respectfully submitted this 12th day of February 2024.

TODD KIM
Assistant Attorney General

*/s/ Brandon N. Adkins*
BRANDON N. ADKINS
PAUL A. CAINTIC
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 616-9174 (Adkins)
Tel: (202) 514-2593 (Caintic)
Fax: (202) 514-8865
Brandon.Adkins@usdoj.gov
Paul.Caintic@usdoj.gov

ISMAIL J. RAMSEY
United States Attorney

MICHELLE LO
Chief, Civil Division

EMMET P. ONG
Assistant United States Attorney
1301 Clay Street, Suite 340S
Oakland, California 94612-5217
Tel: (510) 637-3929
Fax: (510) 637-3724
Emmet.Ong@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2024, a true and correct copy of the foregoing Answer to Plaintiffs' Supplemental Complaint was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Brandon N. Adkins*
Brandon N. Adkins
U.S. Department of Justice