**FDA** **U.S. FOOD & DRUG**
ADMINISTRATION
OFFICE OF REGULATORY AFFAIRS

November 7, 2018

Michael Connett
Waters, Kraus & Paul
222 N. Pacific Coast Hwy, Suite 1900
El Segundo, CA 90245

Re:   Subpoena issued re: *Food and Water Watch, et al. v. Environmental Protection Agency, et al.*, Case No. 17-cv-02162

Dear Mr. Connett:

This letter is in response to your third-party subpoena, received by the United States Food and Drug Administration (FDA) on September 19, 2018, requesting a deposition of a designated FDA representative and the production of certain documents in the above-referenced case. Per our phone conversations, you have agreed to a declaration in lieu of a deposition, and accordingly, agreed to withdraw your deposition request upon receipt of the declaration. In accordance with Title 21, Code of Federal Regulations, section 20.1, I have authorized Frederick Hyman, Dental Officer, Division of Dermatology and Dental Products at the Center for Drug Evaluation and Research.

As you know, requests for the testimony of Department of Health and Human Services (DHHS) employees that pertain to any function of FDA are governed by Title 21, Code of Federal Regulations, Section 20.1. This regulation prohibits DHHS employees from testifying with respect to any information acquired in the discharge of their official duties at FDA except with the express authorization of the Commissioner of Food and Drugs or an employee designated by him to act on his behalf. As Director of the Office of Enforcement and Import Operations, I have been delegated the authority by the Commissioner to review requests made under 21 C.F.R. § 20.1.

Section 20.1 provides that a request for testimony may be granted upon a determination that the testimony requested is both in the public health interest and furthers the objectives of the Federal Food, Drug, and Cosmetic Act (FDCA) and the agency. Because of limited resources and the vast number of requests the agency receives for personnel to testify in litigation to which FDA is not a party, FDA may, in its discretion, deny a request for testimony even when these prerequisites have been met. FDA must deny requests that are duplicative, unlikely to elicit relevant testimony, unduly burdensome, or otherwise inappropriate. Accordingly, the agency must carefully assess requests for testimony made pursuant to section 20.1.

U.S. Food & Drug Administration
12420 Parklawn Drive
Rockville, MD 20857
www.fda.gov

**Plaintiffs' Exhibit**

**014**

Food & Water v. EPA
3:17-cv-02162-EMC

After considering the merits of your request, FDA has determined that your request for testimony in the form of a declaration is in the public's interest and promotes the objectives of the FDCA and the agency, and hereby authorizes Frederick Hyman to provide testimony in the form of a declaration regarding:

- FDA's authority under the FDCA to regulate drugs intended for use in the prevention of dental caries; and
- Whether FDA has conducted or sponsored independent research concerning fluoride neurotoxicity.

This authorization does not apply to information that FDA is prohibited from disclosing by law, e.g., trade secrets [18 U.S.C. § 1905; § 301(j) of the FDCA (codified at 21 U.S.C. § 331(j))]. Further, FDA retains the right to assert any applicable privilege that an attorney representing the agency determines to be appropriate.

FDA witnesses are specifically prohibited from testifying with respect to trade secrets or confidential commercial or financial information held by third-party companies, individuals, or entities. The above-referenced categories of information are excluded on the basis that government employees are either prohibited by law from disclosing such information, or testimony disclosing such information would not satisfy the standards set forth in Section 20.1.

FDA's Office of Chief Counsel has assigned Anna Thompson 301-348-3932 to assist in preparing the declaration.

Sincerely,

Digitally signed by Armando P. Zamora -S
DN: c=US, o=U.S. Government, ou=HHS, ou=FDA,
ou=People,
0.9.2342.19200300.100.1.1=1300083140,
cn=Armando P. Zamora -S
Date: 2018.11.08 08:05:15 -05'00'

for      Todd Cato
         Acting Director
         Office of Enforcement and Import Operations
         Office of Regulatory Affairs
         U.S. Food and Drug Administration

Pls' Exhibit 14

bcc:

(chron, r/f, LDiPaola)
GCF-1 (AnnaThompson)
CDER (FrederickHyman)

1

2

3

4

5

6

7

8

9

10

11

12

13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| FOOD & WATER WATCH, INC., *et al*., | ) ) ) | Case No. 17-cv-02162-EMC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | DECLARATION OF FREDERICK HYMAN |
| ENVIRONMENTAL PROTECTION AGENCY, *et al*., | ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

I, FREDERICK HYMAN, declare as follows:

      1.    I am a Dental Officer within the Division of Dermatology and Dental Products at the Center for Drug Evaluation and Research, U.S. Food and Drug Administration ("FDA").  Based on my duties and responsibilities as a Dental Officer at the FDA, I have personal knowledge of the facts set forth herein and could

1

Pls' Exhibit 14

1   and would testify competently thereto if called to do so.  I make this declaration

2   voluntarily on behalf of the FDA.

3       2.      Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), "drugs"

4   are defined, in relevant part, as "articles intended for use in the diagnosis, cure,

5   mitigation, treatment, or prevention of disease in man or other animals."  21 U.S.C.

6   § 321(g)(1)(B).  Almost any ingested, topical, or injectable product that, through its

7   label or labeling, is intended for such uses can be regulated by the FDA as a drug.

8       3.      A "new drug" is defined, in relevant part, as any drug that is "not

9   generally recognized, among experts qualified by scientific training and experience

10   to evaluate the safety and effectiveness of drugs, as safe and effective under the

11   conditions prescribed, recommended, or suggested in the labeling."  21 U.S.C.

12   § 321(p)(1).  To be generally recognized as safe and effective, there must be a

13   consensus of expert opinion that the drug product is safe and effective for its labeled

14   indications based upon adequate and well-controlled clinical investigations.

15       4.      Certain categories of over-the-counter drugs may be deemed generally

16   recognized as safe and effective if they conform strictly to regulations known as

17   "final monographs," which set out specific conditions (*e.g.*, active ingredients,

18   formulation, indications for use, warnings, route of administration, etc.).

19       5.      New drugs may not be introduced into interstate commerce unless a

20   new drug application ("NDA") for the drug has been approved by the FDA.  21

21   U.S.C. §§ 331(d) & 355(a).  The FDA does not require products that conform to the

22   conditions of a final monograph and the general conditions described in 21 C.F.R.

23   § 330.1 to have an NDA prior to marketing.

24       6.      For historical reasons, some drugs are available in the United States that

25   lack the required FDA approval for marketing and do not conform to an applicable

26   final monograph.  Because the FDA does not have complete data on these

27   unapproved new drugs and because the universe of such products is constantly

28   changing as products enter and leave the market, the FDA is unable to take action

1  immediately against all of these products.  To make the best use of scarce agency

2  resources, the FDA has prioritized its enforcement efforts with regard to such

3  products that remain on the market.

4                                      **Fluoride**

5        7.      The FDA has authority under the FDCA to regulate drugs intended for

6  use in the prevention of dental caries.  These drugs include but are not limited to:

7  (A) ingestible fluoride tablets, lozenges, and drops intended to prevent dental caries

8  by providing a daily dose generally between 0.25 to 1 mg F/day (hereinafter,

9  "ingestible fluoride products"),[1] and (B) topical over-the-counter fluoride products

10  intended to prevent dental caries, *e.g*., toothpastes, varnishes, and rinses.  "Ingestible

11  fluoride products" are sometimes referred to in the medical community as "fluoride

12  supplements," but the FDA is not using the latter term to avoid any confusion with

13  products that are "dietary supplements" under the FDCA.

14        8.      The FDA does not regulate the addition of fluoride to public drinking

15  water to prevent dental caries.  The Environmental Protection Agency ("EPA"),

16  pursuant to the Safe Drinking Water Act of 1974, has established maximum

17  contaminant levels for fluoride in public drinking water.   State and local

18  governments are permitted, but not required, to fluoridate public drinking water

19  within the limits set by the EPA to help prevent dental caries.  The decision on

20  whether to add fluoride to public drinking water is made at the state or local level.

21

22

23

24

_____

25  [1] Because there are no approved NDAs for these products, the FDA can make no
    assurances as to the range of dosages that are identified in the labeling for ingestible
26  fluoride products currently marketed in the United States nor has the agency
27  evaluated what might be an appropriate range of dosages (if any) for such products.

28

Pls' Exhibit 14

**Ingestible Fluoride Products**

9.    Ingestible fluoride products intended for use to prevent dental caries are "drugs" under 21 U.S.C. § 321(g)(1), "new drugs" under 21 U.S.C. § 321(p), and prescription drugs under 21 U.S.C. § 353(b)(1)(A).

10.    There are currently no approved NDAs for ingestible fluoride products.

11.    To date, the FDA has not taken enforcement actions to remove ingestible fluoride products from the market.[2]   The FDA has encouraged manufacturers of ingestible fluoride products to pursue regulatory approval of these products by submitting NDAs for the FDA's review.

**Topical Fluoride Products**

12.    On October 6, 1995, the FDA issued a final monograph (hereinafter, "Anticaries OTC Drug Monograph") establishing conditions under which certain topical over-the-counter anticaries drug products, including fluoride-containing toothpastes and treatment rinses, are generally recognized as safe and effective and not misbranded.  21 C.F.R. Part 355.

13.    Among other things, the Anticaries OTC Drug Monograph requires fluoride toothpastes to provide the following warning:  "Keep out of reach of children under 6 years of age.  If more than used for brushing is accidentally swallowed, get medical help or contact a Poison Control Center right away."  21 C.F.R. § 355.50(c)(1).  The first sentence of this statement must be bolded.  *Id.*

14.    Ingestible fluoride products do not meet the conditions in the Anticaries OTC Drug Monograph.

---

[2] The FDA issued a warning letter to one manufacturer of ingestible fluoride products in January 2016.  The agency does not consider warning letters to be enforcement actions.

**Fluoride Neurotoxicity**

15.    The FDA has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoride and does not have in its possession any internal scientific evidence concerning this topic.  The FDA has no position on this topic.

16.    The FDA has not conducted or sponsored independent research concerning whether fluoride presents a risk to the functioning of the thyroid gland and does not have in its possession any internal scientific evidence concerning this topic.  The FDA has no position on this topic.

17.    The FDA has not conducted or sponsored research concerning the risk of neurotoxicity associated with fluoride exposure in susceptible populations and does not have in its possession any internal scientific evidence concerning this topic. The FDA has no position on this topic.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.    Executed this 5ᵗʰ day of NOVEMBER, 2018.

_____
FREDERICK HYMAN