

**U.S. Department of Justice**

Environment and Natural Resources Division

*DJ #90-5-1-4-21106*

*Environmental Defense Section*  
*P.O. Box 7611*  
*Washington, DC 20004-7611*

Telephone *(202) 514-2640*  
Facsimile *(202) 514-8865*

October 11, 2018

**_Via Electronic Mail_**

Michael P. Connett, Esquire  
222 N Pacific Coast Highway, Suite 1900  
El Segundo, CA 90245

      Re:    Notice of 30(b)(6) Deposition of the United States Centers for Disease Control and Prevention: Case No. 3:17-cv-02162-EMC

Dear Mr. Connett:

      We write regarding the subpoena served on September 5, 2018, noticing a 30(b)(6) deposition of the United States Centers for Disease Control and Prevention (CDC). The CDC objects to the subpoena because it imposes upon a non-party federal agency a burden that outweighs the value of the information to be gained by the Plaintiffs in this matter.

      "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). While the scope of relevancy is broader for discovery purposes, discovery permissible from nonparties is narrower than that permissible from parties to the action. *See Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649–50 (9th Cir. 1980) (broader restrictions on discovery appropriate to protect nonparties); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D.Nev. 1986) ("The standards for non-party discovery ... require a stronger showing of relevance than for simple party discovery.").

      This issue of community water fluoridation as a neurotoxic risk was addressed by the CDC in the May 1, 2015, Federal Register Notice (80 FR 24936), which relies on an extensive review of fluoride in drinking water by the NRC. The federal inter-departmental, inter-agency panel of scientists, which included CDC, accepted the findings of the 2006 National Research Council (NRC) report, *Fluoride in Drinking Water; a Scientific Review of EPA's Standards*, as the summary of hazard, which serves as the basis for CDC's positions, to the extent it takes a position, on many of the topics addressed in the 30(b)(6) Notice. Given that CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific



Plaintiffs' Exhibit  
**015**  
Food & Water v. EPA  
3:17-cv-02162-EMC

1

Pls' Ex. 15

EXHIBIT  
43   11/6/18 LCR

evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm, we hope to work with you to significantly narrow or eliminate the need to conduct the deposition as noticed. We are available to meet and confer as necessary to address these concerns.

More specifically, the CDC offers the following responses and objections.

**Topic 1:       The prevalence and severity of dental fluorosis in United States children, aged 6 to 19, as documented by CDC's National Health and Nutrition Examination Surveys (NHANES) from 1999-2014.**

The prevalence and severity of dental fluorosis in United States is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to "*scientific evidence and expert discovery*" regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the prevalence and severity of dental fluorosis in United States through a CDC designee is not reasonably tailored to the needs of this case because Plaintiffs can more easily and inexpensively obtain the information from publically available documents. The most recent published studies showing dental fluorosis rates in the US are from the 1999-2004 National Health and Nutrition Examination Survey, which can be found here: https://www.cdc.gov/nchs/data/databriefs/db53.pdf. Additionally, though not analyzed for publication, fluorosis data from NHANES 2011-2012 are publicly available here: https://wwwn.cdc.gov/nchs/nhanes/search/datapage.aspx?Component=Examination&CycleBeginYear=2011. Absent an explanation of Plaintiffs' need that justifies the burden, CDC will not produce a witness to testify regarding the prevalence and severity of dental fluorosis in United States.

**Topic 2:       Data that the CDC has in its possession (if any) on the urinary FLUORIDE levels in persons living in the United States.**

The CDC does not analyze urine samples for fluoride levels and is not in possession of data concerning the urinary fluoride levels in persons living in the United States. Under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 3:  What research the CDC has conducted or sponsored (if any) to determine whether FLUORIDE is a NEUROTOXIN.**

CDC has not conducted or sponsored independent research concerning whether fluoride is a neurotoxin. As noted publicly in the May 1, 2015 Federal Register Notice (80 FR 24936), available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of, "[p]anel scientists accepted an extensive review of fluoride in drinking water by the National Research Council (NRC) as the summary of hazard." Under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC has not conducted or sponsored independent research and does not have in its possession any internal scientific evidence concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 4:  What research the CDC has conducted or sponsored (if any) to determine the effects of FLUORIDE exposure on the functioning of the thyroid gland.**

CDC has not conducted or sponsored independent research concerning the effects of fluoride exposure on the functioning of the thyroid gland. As noted publicly in the May 1, 2015 Federal Register Notice (80 FR 24936), available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of, "[p]anel scientists accepted an extensive review of fluoride in drinking water by the National Research Council (NRC) as the summary of hazard." Under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC has not conducted or sponsored independent research and does not have in its possession any internal scientific evidence concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 5:  What research the CDC has conducted or sponsored (if any) to determine the risk of NEUROTOXICITY from FLUORIDE exposure in SUSCEPTIBLE SUBSETS OF THE POPULATION.**

CDC has not conducted or sponsored research concerning the risk of neurotoxicity associated with fluoride exposure in susceptible populations. Under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is

3

inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 6:    CDC's position (if any) on whether FLUORIDE is a NEUROTOXIN, and the basis for said position.**

Inquiry into CDC's position on this topic is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to "*scientific evidence and expert discovery*" regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence concerning this topic. Even assuming the relevance of the information sought, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the CDC's position on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case because Plaintiffs can more easily and inexpensively obtain the information from publically available documents. CDC's position, and the basis for its position, on the safety of community water fluoridation is publicly available and can be found many places online, including the October 22, 1999 Morbidity and Mortality Weekly Report article, "Achievements in Public Health, 1900-1999: Fluoridation of Drinking Water to Prevent Dental Caries," available here: https://www.cdc.gov/mmwr/preview/mmwrhtml/mm4841a1.htm. Also see, Agency for Toxic Substances and Disease Registry (ATSDR) ToxFAQs for Fluorides, Hydrogen Fluoride, and Fluorine: https://www.atsdr.cdc.gov/toxfaqs/tf.asp?id=211&tid=38. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 7:    CDC's position (if any) on whether community water fluoridation presents a risk of NEUROTOXICITY, and the basis for said position.**

Inquiry into CDC's position on this topic is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to "*scientific evidence and expert discovery*" regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence concerning this topic. Even assuming the relevance of the information sought, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the CDC's position on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case because Plaintiffs can more easily and inexpensively obtain the information from publically available document. CDC's position, and the basis for its position, on the issue of community water fluoridation as a neurotoxic risk was addressed in the May 1, 2015, Federal Register Notice (80 FR 24936), available here:

https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 8:   CDC's position (if any) on whether community water fluoridation presents a risk to the functioning of the thyroid gland, and the basis for said position.**

Inquiry into CDC's position on this topic is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning whether community water fluoridation presents a risk to the functioning of the thyroid gland and does not have in its possession any internal scientific evidence concerning this topic. Even assuming the relevance of the information sought, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the CDC's position on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case because Plaintiffs can more easily and inexpensively obtain the information from publically available document. CDC's position, and the basis for its position, on the issue of community water fluoridation as a risk to thyroid gland functioning was addressed in the May 1, 2015, Federal Register Notice (80 FR 24936), available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 9:   CDC's position (if any) on whether community water fluoridation provides a benefit to unerupted teeth, and the basis for said position.**

The CDC's position on whether community water fluoridation provides a benefit to unerupted teeth is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover the CDC's position on whether community water fluoridation provides a benefit to unerupted teeth through a CDC designee is not reasonably tailored to the needs of this case because Plaintiffs can more easily and inexpensively obtain the information from publically available documents. CDC's position, and the basis for

5

its position, on the benefits to unerupted teeth from exposure to fluoridated water are publicly available and can be found here: https://www.cdc.gov/fluoridation/basics/index.htm.

**Topic 10:** **What CDC has done (if anything) to determine the TOLERABLE UPPER FLUORIDE INTAKE FOR NEUROTOXIC EFFECTS.**

CDC has not conducted or sponsored research concerning the tolerable upper fluoride intake for neurotoxic effects. As noted publicly, https://www.cdc.gov/fluoridation/engineering/wfadditives.htm, EPA has authority over safe community drinking water, as specified in the Safe Drinking Water Act, and as such, it set a Maximum Contaminant Level concentration allowed for various organisms or substances. Under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 11:** **CDC's position (if any) on the TOLERABLE UPPER FLUORIDE INTAKE FOR NEUROTOXIC EFFECTS, and the basis for said position.**

The CDC's position on the tolerable upper fluoride intake for neurotoxic effect is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to the tolerable upper fluoride intake for neurotoxic effect. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. As noted publicly, https://www.cdc.gov/fluoridation/engineering/wfadditives.htm, EPA has authority over safe community drinking water, as specified in the Safe Drinking Water Act, and as such, it set a Maximum Contaminant Level concentration allowed for various organisms or substances. Given that CDC has not conducted or sponsored independent research concerning the tolerable upper fluoride intake for neurotoxic effects and does not have in its possession any internal scientific evidence concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 12:     CDC's position (if any) on whether prenatal exposure to fluoridated water (i.e., water with 0.7 ppm FLUORIDE) provides a benefit to teeth, and the basis for said position.**

The CDC's position on whether prenatal exposure to fluoridated water provides a benefit to teeth is not factually relevant to the existence of scientific studies and data at issue in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Given that CDC takes no position on this topic and has not conducted or sponsored independent research concerning whether prenatal exposure to fluoridated water provides a benefit to teeth and does not have in its possession any internal scientific evidence concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 13:     CDC's position (if any) on whether exposure to fluoridated water (i.e., water with 0.7 ppm FLUORIDE) during the first 6 months of life provides a benefit to teeth, and the basis for said position.**

CDC's position on whether exposure to fluoridated water during the first 6 months of life provides a benefit to teeth is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the CDC's position on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case because Plaintiffs can more easily and inexpensively obtain the information from publically available document. CDC's position, and the basis for its position, on the benefits to teeth from exposure to fluoridated water during the first six months of life is publicly available and can be found here: https://www.cdc.gov/fluoridation/basics/index.htm. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 14: CDC's position (if any) on whether infant formula should be reconstituted with fluoridated water (i.e., water with 0.7 ppm FLUORIDE), and the basis for said position.**

CDC's position on whether infant formula should be reconstituted with fluoridated water is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to "*scientific evidence and expert discovery*" regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether fluoride chemicals present a risk of neurotoxic harm. Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. Plaintiffs' attempt to discover facts concerning the CDC's position on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case because Plaintiffs can more easily and inexpensively obtain the information from publically available document. CDC's position on the use of fluoridated water to reconstitute infant formula is publicly available and can be found here: https://www.cdc.gov/fluoridation/faqs/infant-formula.html. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 15: CDC's position (if any) on whether individuals with iodine deficiency have a heightened susceptibility to the toxic effects of chronic FLUORIDE exposure, and the basis for said position.**

CDC's position on whether individuals with iodine deficiency have a heightened susceptibility to the toxic effects of chronic fluoride exposure is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to "*scientific evidence and expert discovery*" regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research or studies concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether individuals with iodine deficiency have a heightened susceptibility to chronic fluoride exposure.

Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. As noted in the May 1, 2015, Federal Register Notice (80 FR 24936) (available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of), the federal inter-departmental, inter-agency panel of scientists, which included CDC, accepted the findings of the 2006 National Research Council (NRC) report, *Fluoride in Drinking Water; a Scientific Review of EPA's Standards*, as the summary of hazard. Given that CDC has not taken a position

8

on this topic separate and apart from the 2006 NRC report and does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 16:    CDC's position (if any) on whether individuals with calcium deficiency have a heightened susceptibility to the toxic effects of chronic FLUORIDE exposure, and the basis for said position.**

CDC's position on whether individuals with calcium deficiency have a heightened susceptibility to the toxic effects of chronic fluoride exposure is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the environment from the fluoridation of water. CDC has not conducted or sponsored independent research or studies concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether individuals with calcium deficiency have a heightened susceptibility to chronic fluoride exposure.

Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. As noted in the May 1, 2015, Federal Register Notice (80 FR 24936) (available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of), the federal inter-departmental, inter-agency panel of scientists, which included CDC, accepted the findings of the 2006 National Research Council (NRC) report, *Fluoride in Drinking Water; a Scientific Review of EPA's Standards*, as the summary of hazard. Given that CDC has not taken a position on this topic separate and apart from the 2006 NRC report and does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

**Topic 17:    CDC's position (if any) on whether individuals with kidney disease have a heightened susceptibility to the toxic effects of chronic FLUORIDE exposure, and the basis for said position.**

CDC's position on whether individuals with kidney disease have a heightened susceptibility to the toxic effects of chronic fluoride exposure is not factually relevant to the claims or defenses in this litigation. The Court has already limited the scope of discovery to *"scientific evidence and expert discovery"* regarding the risk of injury to health or the

9

environment from the fluoridation of water. CDC has not conducted or sponsored independent research or studies concerning the risk of neurotoxicity associated with exposure to fluoridated water and does not have in its possession any internal scientific evidence which relates to whether individuals with kidney disease have a heightened susceptibility to chronic fluoride exposure.

Even assuming the relevance of inquiry into the topic noticed, however, under amended Rule 26(b), relevance alone will not justify discovery; discovery must also be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 26 committee notes. As noted in the May 1, 2015, Federal Register Notice (80 FR 24936) (available here: https://www.federalregister.gov/documents/2015/05/01/2015-10201/public-health-service-recommendation-for-fluoride-concentration-in-drinking-water-for-prevention-of), the federal inter-departmental, inter-agency panel of scientists, which included CDC, accepted the findings of the 2006 National Research Council (NRC) report, *Fluoride in Drinking Water; a Scientific Review of EPA's Standards*, as the summary of hazard. Given that CDC has not taken a position on this topic separate and apart from the 2006 NRC report and does not have in its possession any internal scientific evidence or factual information concerning this topic, any further demand on CDC to produce a designee to testify on this topic is inefficient, unreasonable, and not reasonably tailored to the needs to this case. Absent an explanation of Plaintiffs' need that justifies the burden of a 30(b)(6) nonparty deposition, CDC will not produce a witness to testify on this subject.

Regards,

*/s/ Debra J. Carfora*
Debra J. Carfora
John Thomas Do

Environment and Natural Resources Division
U.S. Department of Justice
Phone 202.514.2640