U.S. EXHIBIT
512
Food & Water v. EPA
3:17-cv-02162-EMC

DEBRA J. CARFORA
JOHN THOMAS H. DO
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
Tel.    (202) 514-2640 (Carfora)
        (202) 514-2593 (Do)
Fax    (202) 514-8865
debra.carfora@usdoj.gov
john.do@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., | No. 3:17-cv-02162-EMC |
| Plaintiffs, | **FEDERAL DEFENDANTS' EXPERT DISCLOSURES AND DESIGNATIONS (JUNE 27, 2019)** |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENY, et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order, Federal Defendants hereby provide the following disclosures and designations of witnesses Federal Defendants may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705:

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512

I. EXPERTS REQUIRED TO PROVIDE A WRITTEN REPORT

    A. Gary D. Slade, PhD, DipDPH, BDSc, Professor of Dentistry and Director of Oral Epidemiology at the University of North Carolina at Chapel Hill, and Registered Dentist, 385 South Columbia Street, CB#7455, Chapel Hill, NC 27599-7455.

    1. Area of expertise: Oral/dental epidemiology, dentistry, dental public health, and the relationship between dental health benefits and water fluoridation.

    2. Report: Dental Health Benefits of Fluoride in Drinking Water (June 2019)

    B. Charlotte W. Lewis, MD, MPH, board certified pediatrician and attending physician at the University of Washington Medical Center and Seattle Children's Hospital, and Associate Professor of Pediatrics and Adjunct Associate Professor of Pediatric Dentistry at the University of Washington, Box 354920, Seattle, WA 98195-4920.

    1. Area of expertise: Public health, dental public health, pediatrics, oral/dental health disparities, impact of dental carries, and relative merits of water fluoridation versus alternative public health measures.

    2. Report: Public Health and Community Water Fluoridation (June 2019)

II. EXPERTS NOT REQUIRED TO PROVIDE A WRITTEN REPORT

    A. Tala R. Henry, PhD, Deputy Director of the Office of Pollution Prevention and Toxics (OPPT) at the U.S. Environmental Protection Agency (EPA) and former Director of Risk Assessment Division of OPPT, 1200 Pennsylvania Avenue, NW, Washington, DC 20460.

    1. Subject matter on which the witness is expected to present evidence: EPA's chemical safety program led by OPPT, EPA's implementation of the 2016 TSCA Amendments, EPA's risk evaluation and assessment guidance and principles, toxicology, and the relative risks posed by chemicals evaluated and prioritized under TSCA.

    2. Summary of the facts and opinions to which the witness is expected to testify:

2

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0002

As part of EPA's chemical safety program led by the Office of Pollution Prevention and Toxics (OPPT), EPA has been diligently working to implement the Toxic Substances Control Act (TSCA), as amended. On June 22, 2016, the Frank R. Lautenberg Chemical Safety for the 21st Century Act (Pub. L. 114-182) was signed into law. It included substantial changes to EPA's authorities and responsibilities under TSCA. Amended TSCA – including new mandatory deadlines for EPA to evaluate chemicals and a new risk-based standard for finding unreasonable risks separate from managing those risks using costs or other non-risk factors – has necessitated substantial changes within EPA's program, requiring significant time, effort, and resources to implement the new statutory requirements.

Following these 2016 TSCA amendments, EPA was required to begin the risk evaluation process for 10 chemicals under TSCA section 6(b)(2)(A) to determine whether they present unreasonable risk of injury to health or the environment, based on the best available science and weight of scientific evidence, as required by TSCA sections 26(h) and 26(i), and the Agency's final rule, *Procedures for Chemical Risk Evaluation Under the Amended Toxic Substances Control Act* (82 Fed. Reg. 33,726 (July 20, 2017)). In December 2016, EPA published the initial list of 10 chemicals and began the process of evaluating their risks. These first 10 chemicals for risk evaluation were selected from the 2014 Update to EPA's TSCA Work Plan for Chemical Assessments (the "Work Plan") – a list of 90 chemicals which were identified by EPA for further evaluation prior to the 2016 TSCA amendments using a systematic screening system that considered combined hazard, exposure and persistence and bioaccumulation characteristics – which fluoride is not listed on. *TSCA Work Plan for Chemical Assessments: 2014 Update*, available at https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/tsca-work-plan-chemical-assessments-2014-update. In November 2018, EPA released a draft risk evaluation for Pigment Violet 29, and the remaining nine draft risk evaluations will be released this summer/fall to meet the statutory deadlines under TSCA section 6(b)(4)(G).

3

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0003

Aside from initiating risk evaluations for 10 chemicals, TSCA also requires EPA to implement a new prioritization process to designate a chemical as either a high-priority for risk evaluation or a low-priority for which risk evaluation is not warranted at the time. This process is codified in EPA's final rule, Procedures for Prioritization of Chemicals for Risk Evaluation Under the Toxic Substances Control Act (82 Fed. Reg. 33,753 (July 20, 2017)). Per the statute, the process must take between nine and twelve months, and incorporate certain risk-based criteria and opportunities for public input. Upon completion of one risk evaluation, EPA must have another chemical ready to designate as high-priority, such that there will always be at least 20 risk evaluations ongoing at any given time. At least 50% of those chemicals must come from the TSCA Work Plan, until the Work Plan chemicals are exhausted. In March 2019, EPA initiated the prioritization process for 40 additional chemical substance candidates (i.e., 20 high-priority candidates, and 20 low-priority candidates), including several more solvents and formaldehyde, 84 Fed. Reg. 10,491 (March 21, 2019). Concurrently with the 10 risk evaluations and additional prioritization requirement, EPA is also reviewing 2 requests, with 1 additional request expected, for risk evaluation from manufacturers under TSCA Section 6(b). Further, since 2016 EPA has been developing proposed rules for certain PBT chemicals as directed under TSCA section 6(h). This rule was proposed on June 21, 2019, which must be finalized within 18 months.

Where EPA identifies unreasonable risks under the conditions of use in its risk evaluation, those risks must be managed through rulemaking under TSCA section 6(a) so that the unreasonable risks under the conditions of use are no longer present. This process requires that risk management staff work closely with the risk assessment staff to ensure that any prohibitions or restrictions on the chemical are sufficient to eliminate the unreasonable risk. When proposing and promulgating a TSCA section 6(a) rule to prohibit or restrict a condition of use, EPA has to follow additional requirements under TSCA section 6(c) and must "consider, to the extent practicable, whether technically and economically feasible alternatives that benefit health or the environment,

4

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0004

compared to the use so proposed to be prohibited or restricted, will be reasonably available as a substitute when the proposed prohibition or other restriction takes effect." 15 U.S.C. § 2605(c)(2)(C). EPA would also determine which, if any, TSCA section 6(g) requirements may apply before promulgating a regulation. Further, under TSCA section 6(g)(1)(C), EPA may find a need for exemption of regulation of water fluoridation because of its substantial benefit to health compared to reasonably available alternatives, if any are identified at all. These determinations would require extensive work within EPA, collaboration with other federal government agencies, and discussion with outside stakeholders before a section 6(a) rule could be promulgated.

If the court were to find that fluoride presents an unreasonable risk to health or the environment, EPA should be able to regulate the risk found based on these considerations. However, unlike the other chemicals EPA is evaluating under TSCA section 6, it would be extremely challenging to develop an appropriate regulation under section 6(a) since OPPT would not have a completed risk evaluation to guide its risk management activities. Taking into account all of these considerations, it would likely take at least 4 years, the time allowed by TSCA section 6(c)(1) to propose and finalize such a rule.

The volume of ongoing and expected future work is unprecedented and all available staff resources are being used to meet the existing statutory deadlines. Adding the proposal and finalization of an additional section 6(a) rule for fluoride, which is not on the Work Plan or identified as a high priority chemical for risk evaluation, would cause significant strain to the TSCA regulatory program as it diligently works to meet the substantial requirements Congress imposed for chemicals which EPA has already identified may pose risks to human health or the environment.

5

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0005

Dated: June 27, 2019

Respectfully submitted,

/s/ *John Thomas H. Do*
DEBRA J. CARFORA
JOHN THOMAS H. DO
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street, NW, Suite 8000
Washington, DC 20004
Tel: (202) 514-2640
Emails:   john.do@usdoj.gov
          debra.carfora@usdoj.gov

*Attorneys for Federal Defendants*

6

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail and U.S. Postal Service on June 27, 2019 on Michael P. Connett, 222 N Pacific Coast Highway, Suite 1900, El Segundo, CA 90245, 310-414-8146, mconnett@waterskraus.com.

*/s John Thomas H. Do*

JOHN THOMAS H. DO

7

Federal Defendants' Expert Disclosures and Designations
*Food & Water Watch, Inc., et al. v. U.S. Environmental Protection Agency, et al.*, No. 3:17-cv-02162-EMC (N.D. Cal.)

U.S. EXHIBIT 512.0007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

Case Number: 3:17-cv-02162-EMC

PLTF / DEFT EXHIBIT
NO.___512_____

Date
Admitted:_____

By:_____

Angella Meuleman, Deputy Clerk