October 8, 2024

Hon. Edward M. Chen
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *Food & Water Watch v. EPA*, Case No. 17-cv-02162-EMC

Dear Judge Chen:

We write in response to the Court's September 24, 2024 Order that the parties "submit a proposed briefing schedule regarding costs and fees within two weeks" (ECF No. 445 at 79). Pursuant to the Court's order, the parties have met and conferred and have been able to reach agreement on some, but not all, issues. Given this, the parties set forth their respective positions herein:

**Plaintiffs' Position**

Form CAND 133: It is Plaintiffs' position that Local Rule 54-1(a) should govern the timeframe for those costs specifically identified in Form CAND 133.[1] Addressing the costs that are identified in this form is a largely ministerial task that will not involve the complexities of the other fees and costs. Under Local Rule 54-1, Form CAND 133 must be filed no later than 14 days after entry of Final Judgment. Plaintiffs do not believe there is a justification to divert from this timeframe for handling these costs.

All other costs and fees recoverable under TSCA: Under TSCA's Citizen Petition provision, the court "may award costs of suit and reasonable fees for attorneys and expert witnesses if the court determines that such an award is appropriate." 15 U.S.C. § 2620(b)(4)(C). Plaintiffs agree with EPA that the length and complexity of this litigation justifies an extension to the timeframe set forth in FRCP 54(d)(2)(B) for filing a motion for fees (i.e., 14 days after the entry of final judgment). Plaintiffs have thus agreed to the briefing schedule that EPA has proposed in the alternative below: i.e., Plaintiffs' motion due 60 days after the deadline for EPA's notice of appeal, EPA's opposition due 60 days thereafter, and Plaintiffs' reply due 60 days after the opposition. Plaintiffs further agree with EPA that the motion and briefing for attorney fees should also address expert fees and any other costs of suit that can be recovered under TSCA.

Plaintiffs strongly disagree with EPA, however, that the motion and briefing should be postponed until a potential appeal is filed and ruled upon. FRCP 54 does not condition a plaintiff's right to move for costs and fees on the defendant's appellate posture.  Nor should it, since postponing resolution on costs and fees by potentially two or more years will result in a stale record that will make the fact issues more challenging for the parties and a future court to resolve. Further,

---

[1] https://www.cand.uscourts.gov/wp-content/uploads/forms/civil-forms/CAND-133_2-2022_MBB.docx

EPA's argument that postponing the motion will save the government resources (*if* it prevails on appeal) overlooks that this will serve as a de facto tax on the Plaintiff citizen groups (by depriving them of the present value of these needed funds). Plaintiffs respectfully request, therefore, that the Court not postpone resolution of fees and costs until after the appeal. If the Court does postpone the motion, however, Plaintiffs respectfully request that the starting date for calculating statutory interest on any future award of fees/costs be the date on which Final Judgment is entered. This will reduce the prejudice that a postponement in resolving fees/costs will otherwise bring.

### EPA's Position

The government respectfully requests that the Court temporarily defer setting a briefing schedule regarding costs and fees. The government is reviewing the record of these proceedings and determining whether to seek appellate review. These efforts require an extensive commitment of resources by the United States Department of Justice and the United States Environmental Protection Agency, especially considering that this litigation has now spanned over seven years. If the government decides to seek review, success on appeal may obviate the need for briefing on Plaintiffs' costs and fees. Deferring at least until after the government's deadline to notice an appeal, therefore, could conserve limited judicial and executive resources. By contrast, briefing Plaintiffs' costs and fees while an appeal is pending could waste limited resources if the government prevails on appeal.

If the Court is inclined to set a briefing schedule regarding costs and fees notwithstanding the government's request to defer, the government requests that Plaintiffs' motion be due sixty days after the deadline to file a notice of appeal, that the government's response be due sixty days after the deadline for Plaintiffs' motion, and that Plaintiffs' reply, if any, be due sixty days after the deadline for the government's response. The government may seek additional time depending on exactly when its deadline to respond falls (for example, to account for potential end-of-year holidays that may elapse during the government's response time).

The proposed alternative deadlines are reasonable considering the length of the litigation and the time it will take to evaluate and respond to Plaintiffs' anticipated demand. Further, the government understands that Plaintiffs hired separate counsel to negotiate and litigate their fees demand. Again, the government's resources are currently focused on determining whether to notice an appeal; if the government does not notice an appeal, however, the government will engage in good-faith negotiations with counsel regarding Plaintiffs' fees. The proposed schedule would also allow time to explore whether an amicable resolution is feasible. And successful negotiations may negate the need for briefing altogether.

Respectfully,

*/s/ Michael Connett*
MICHAEL CONNETT
SIRI & GLIMSTAD LLP

C. ANDREW WATERS
KAY GUNDERSON REEVES
WATERS, KRAUS & PAUL LLP

*/s/ Brandon N. Adkins*
BRANDON N. ADKINS
Senior Trial Counsel
PAUL A. CAINTIC
Trial Attorney

CHRISTPHER THOMAS NIDEL                    U.S. Department of Justice
NIDEL & NACE, PLLC                         Environmental & Natural Resources Division

*Attorneys for Plaintiffs*                 EMMET P. ONG
                                           Assistant United States Attorney

                                           *Attorneys for Defendants*