MICHAEL CONNETT, ESQ., CA Bar No. 300314
SIRI GLIMSTAD LLP
700 Flower St, Suite 1000
Los Angeles, CA 90017
213-376-3739 Telephone
646-417-5967 Facsimile

C. ANDREW WATERS, ESQ., CA Bar No. 147259
KAY GUNDERSON REEVES, ESQ., *Pro Hac Vice*
WATERS, KRAUS & PAUL
11601 Wilshire Blvd, Suite 1900
Los Angeles, CA 90025
310-414-8146 Telephone
310-414-8156 Facsimile

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FOOD & WATER WATCH, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Hon. Edward M. Chen <br><br> Case No. 17-CV-02162-EMC <br><br> **REPLY DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

I, Richard M. Pearl, hereby declare:

1. I have personal knowledge of the following and could competently testify thereto if called as a witness.

2. I am a sole practitioner in my own law firm, the. Law Offices of Richard M. Pearl, and an attorney in good standing with the State Bar for the State of California. My full background and experience were set out in my initial declaration for this motion. *See* Declaration of Richard M. Pearl, filed June 2, 2025.

3. I was associated in as counsel in this case, along with attorney Richard Drury, to represent Plaintiffs and their attorneys on Plaintiffs' fee motion in this case.

4. As my June 2 declaration shows, I have extensive experience litigating attorney fee

1  issues and serving as an expert witness on attorneys' fees issues involving either federal and/or California laws and practices and in federal courts, state courts, and arbitrations.

5. I have reviewed the Opposition Brief ("Opp. Brief") filed by the United States Environmental Protection Agency ("EPA"), and the declarations of Dr. Laura Malowane ("Malowane Dec.") and Brandon Adkins ("Adkins Dec.") filed therewith.

6. I file this reply declaration in response to statements made in the Opposition Brief and in the Malowane and Adkins declarations..

7. Initially, the EPA and Dr. Malowane contend that the data on hourly rates I provided in my June 2 declaration is less credible than the nationwide Real Rate Report category they have presented, citing two cases, *Ferguson v. County of L.A.*, 2021 WL 3516260 (C.D. Cal, 2021) and *B & E.F. Maldonado v Morgan Hill Unified School District,* 2022 WL 4371003 (N.D. Cal. 2022), aff'd 2023 WL 7671371 (9th Cir. 2023). In response, I submit that this argument is specious. In fact, my credibility and the probative value of my testimony as an expert witness has been confirmed in at least 47 reported fee awards, plus countless more unreported awards.

8. In fact, numerous federal and state courts have relied expressly on my testimony on attorneys' fee issues. Most recently, the probative value of my rates testimony was recognized and reaffirmed in a California Court of Appeal opinion issued on September 17, 2025, *Bronshteyn v. State of California*, ___Cal.App.5th __, 2025 Cal.App.LEXIS 590, affirming the trial court's fee award reported at 2023 Cal.Super LEXIS 109804 (March 23, 2023). The trial court in *Bronshteyn* expressly found, inter alia, that "Pearl's emphasis on the rates in the Los Angeles area has also aided the court's analysis. While the court agrees that in some respects, it might have been even stronger had Pearl had more FEHA experience, the court does not believe that this issue materially undercuts Pearl's reasoned analysis." (*Id*. at *6). The Court of Appeal's opinion affirms that award and expressly cites my testimony: "On rates, the [trial] court accepted Bronshteyn's factual showing. It found that Bronshteyn's expert's [me] declarations were 'the most compelling analysis in the record of a proper hourly rate for the Los Angeles area.'" 2025 Cal.App.LEXIS 590, at *10.

9. The federal courts also have expressly recognized my expertise regarding rates, especially in this District. For example, in *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, 1079, vacated and remanded on the merits (9th Cir. 2023) 2023 U.S. App. LEXIS 33343, the district court's Fee Order states that "the Court places significant weight on Pearl's opinion that the rates charged by all of the timekeepers listed above are reasonable and 'in line with the standard hourly noncontingent rates charged by Bay Area law firms that regularly engage in civil litigation of comparable complexity.'… Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in determining reasonable billing rates." (Citations omitted).

10. Similarly, in *Human Rights Def. Ctr. v. Cty. of Napa*, No. 20-cv-01296-JCS, 2021 WL 1176640, 2021 U.S.Dist. LEXIS 59778, *32 (N.D. Cal. March 28, 2021), the district court expressly stated that it had "place[d] significant weight on the opinion of Mr. Pearl that the rates charged by all of the timekeepers listed above are reasonable and in line with the rates charged by law firms that engage in federal civil litigation in the San Francisco Bay Area. Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California [] in determining reasonable billing rates." 2021 U.S.Dist.LEXIS 59778, at *32. Subsequently, in *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv- 00485-SK, Oder on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), the court quoted the above language from the Human Rights Defense Center case and concluded the same: "This Court similarly finds Pearl's opinions well supported and persuasive." Order at 4:13-19.

11. Other federal fee awards, including several from the Northern District, further confirm the probative value of my testimony. These include:

- *Antoninetti v. Chipotle Mexican Grill, Inc*. (9th Cir. 2012) No. 08-55867, Order filed Dec. 26, 2012, at 6;
- *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (the expert declaration referred to is mine);

- *Dunsmore v. San Diego County Sheriff's Dept.*, No. 20-cv-00406-AJB-DDL, Order Granting in Part and Denying in Part Plaintiffs' Motion for Interim Attorneys' Fees, Dkt. 959, at 14 (S.D. Cal. Aug. 8, 2025);
- *California Open Lands v. Butte County Dept. of Public Works*, No. 2-20-cv-00123-DJC-DMC, Dkt. 123, at 6-7 (E.D. Cal. Nov.18, 2024) (applying San Francisco-based rates to environmentalcase originating in Butte County);
- *Roe v. SFBSC Mgmt., LLC*, 2022 U.S. Dist. LEXIS 215122 (N. D. Cal. Nov. 29, 2022);·
- *Independent Living Center of S. Cal. v. Kent* 2020 U.S.Dist.LEXIS 13019 (C.D. Cal. 2020);·
- *Ridgeway v. Wal-Mart Stores, Inc*. 269 F. Supp. 3d 975 (N.D. Cal. 2017), aff'd 269 F.3d 1066 (9th Cir. 2020);
- *Beaver v. Tarsadia Hotels* 2017 U.S.Dist.LEXIS 160214 (S.D. Cal. 2017);
- *Notter v. City of Pleasant Hill* 2017 U.S.Dist.LEXIS 197404, 2017 WL 5972698 (N.D. Cal. 2017);
- *Villalpondo v. Exel Direct, Inc*., 2016 WL 1598663 (N.D. Cal. 2016)
- *State Compensation Insurance Fund v. Khan et al*, Case No. SACV 12-01072- CJC(JCGx) Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees, Dkt. 408 (C.D. Cal. July 6, 2016);
- *In re Cathode Ray Tube Antitrust Litig.,* No. 3:07-cv-5944 JST, MDL No. 1917 2016 U.S. Dist. LEXIS 24951, Dkt. 4351 (N.D. Cal. Jan. 18, 2016) (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of

4

Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Plaintiffs' Representative), adopted in relevant part, 2016 U.S. Dist. LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank*, 2015 U.S. Dist. LEXIS 67298 (N.D. Cal. 2015);
- *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698 (N.D. Cal. 2014);
- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, MDL No. 1827, Dkt. 7127 (N.D. Cal. Nov. 9, 2012), Report and Recommendation of Special Master Re Motions for Attorneys' Fees And Other Amounts By Indirect-Purchaser Plaintiffs' Plaintiffs And State Attorneys General, adopted in relevant part, 2013 U.S. Dist. LEXIS 49885 (N.D. Cal. 2013) ("TFT-LCD (Flat Panel) Report & Recommendation");
- *Walsh v. Kindred Healthcare*, 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. 2013);
- *A.D. v. California Highway Patrol*, 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), rev'd on other grounds, 712 F.3d 446 (9th Cir. 2013), reaffirmed and additional fees awarded on remand, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013);
- *Hajro v. United States Citizenship & Immigration Service*, 900 F.Supp.2d 1034, 1054 (N.D. Cal 2012);
- *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012);
- *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 U.S. Dist. LEXIS 39832, at *9 (N.D. Cal. 2011) (thorough discussion), aff'd 2013 U.S. App. LEXIS 6369 (9th Cir. 2013);
- *Armstrong v. Brown*, 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011);

5

- *Lira v. Cate*, 2010 WL 727979 (N.D. Cal. 2010);
- *Californians for Disability Rights, Inc. v. California Dep't of Transportation*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010);
- *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS 67139 (N.D. Cal. 2009);
- *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095 (N.D. Cal. 2008) (an earlier motion);
- *Bancroft v. Trizechahn Corp.*, No. CV 02-2373 SVW (FMOx), Dkt. 278 (C.D. Cal. Aug. 14, 2006);
- *Willoughby v. DT Credit Corp.* No. CV 05-05907 MMM (CWx), Dkt. 65 (C.D. Cal. July 17, 2006);
- *Oberfelder v. City of Petaluma*, 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002), aff'd 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

12. The California state courts have also recognized my expertise. For example, in *Sonoma Land Trust v. Thompson,* 63 Cal.App.5th 978, 986 (2021), the Court of Appeal expressly held that my expert declaration provided evidentiary support for the trial court's fee determination. In addition to the *Bronshteyn* fee award discussed above, my declaration also was cited favorably by the Second District of the Court of Appeal in *Wood v. Los Angeles County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases),* 2021 Cal.App. Unpub. LEXIS 5506 (2nd Dist., Div. 2021), as well as in the following reported cases:

- *Pelayo v. Utility Partners of America, LLC* (2025) 2025 Cal. App. Unpub. LEXIS 4880 *6;
- *Gajanan v. City and County of San Francisco* (2025) 2025 Cal. App. Unpub. LEXIS 2141, at *49-50;
- *Kerkeles v. City of San Jose* (2015) 243 Cal.App.4th 88;

1       - *Laffitte v. Robert Half Int'l Inc.* (2014) 231 Cal.App.4th 860, aff'd (2016) 1
2         Cal.5th 480;
3       - *Habitat and Watershed Caretakers v. City of Santa Cruz* (2015) 2015 Cal.
4         App. Unpub. LEXIS 7156;
5       - *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570;
6       - *Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972;
7       - *Wilkinson v. South City Ford* (2010) Cal. App. Unpub. LEXIS 8680;
8       - *Children's Hospital & Medical Center v. Bonta* (2002) 97 Cal.App.4th 740;
9       - *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628.
10      - *Kaku v. City of Santa Clara* (2019) No. 17CV319862, 2019 WL 331053, at
11        *3 (Santa Clara Cty. Super. Ct. Jan. 22, 2019), aff'd 59 Cal. App. 5th 385,
12        431 (2020);
13      - *Davis v. St. Jude Hosp.* (Orange Cty. Super. Ct. Aug. 31, 2018) No.
14        30201200602596CUOECX, 2018 WL 7286170, at *4;
15      - *Hartshorne v. Metlife, Inc.* (Los Angeles Super. Ct. May 2, 2017) No.
16        BC576608, 2017 WL 1836635, at §*10.

13.     In addition, I was trial and appellate fees counsel in two of the opinions cited repeatedly in Plaintiffs' memoranda: *U.S. v City & County of San Francisco*, 748 F. Supp. 1416, 1431 (N.D. Cal. 1990),, *aff'd in relevant part sub nom Davis v. City & County of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992), and *Camacho v. Bridgeport Financial,* 523 F.3d 973 (9th Cir. 2008).

14.     Compared to this record, the fact that two courts found my declaration unhelpful can hardly impeach my testimony in the slightest way. Moreover, in both of those cases, the courts' rationale was that my testimony did not square up with the courts' views of the fee applicant's work, not the credibility of my testimony. That reasoning has no bearing here.

15.     Defendants also state that the rates Dr. Malowane comes up with are consistent with local fee awards, citing four cases. Opp. at 11. Of the four cases EPA cites, however, one

is from Montana, one is from Hawaii, and a third is from San Diego, all lower market areas that are hardly "in and around this District." The fourth case, *Californians for Alternatives to Toxics v. Kernen Construction,* 2023 WL 4995716 (N.D. Cal. 2023), is the only local one and it is an outlier. Sproul Decl. ¶¶ 19-20.

16. In fact, as the declarations of Richard Drury and Chris Sproul show, EPA's claim is demonstrably untrue. The following truly local environmental cases show that Plaintiffs' requested rates here are clearly "in line with" that potion of the complex litigation marketplace. Those cases include:

- *Coastal Ranches Conservancy v. Calif. Dept. of Parks and Recreation*, No. 22CV02818 (Super. Ct. Oct. 1, 2015) (granting partner rates of $1035 per hour in a case brought under the California Environmental Quality Act) (attached as Exhibit A to Drury Reply Decl.).
- *California Open Lands v. Butte County Department of Public Works,* 2024 WL 4819205, at *4 (E.D. Cal. Nov. 15, 2024) (hourly rates of $1,015 and $935 in a Clean Water Act case for two attorneys working in the Bay Area with 30 and 24 years of environmental litigation experience, respectively, but lowering by ten percent to reflect the lower rates in the rural areas where their offices are located).
- *Supporters Alliance for Environmental Responsibility v. City of Ingleside*, (Los Angeles Superior Court, 23STCP00195) (currently on appeal) ($1,000 per hour rate for Drury).
- *Coalition of Pacificans for an Updated Plan v. City of Pacifica* (Super. Ct. Feb. 6, 2023, No. 20-CIV-05719) (currently on appeal) (awarded partner rates of $900 per hour, associate rates between $430 and $500 per hour, and paralegal rates of $200 per hour, plus a 1.5 multiplier).
- *Durkin v. City and County of San Francisco* (Super. Ct. July 28, 2021, No. CPF-20-517317), San Francisco Superior Court Judge Rochelle East awarded Chris Sproul an hourly rate of $850 per hour, plus a multiplier of 1.75 in a contested fee motion.
- *Fowler v. City of Lafayette* (Super. Ct. Dec. 4, 2020, No. MSN 16-2322) (hourly rate of $750 per hour appropriate for Drury's work on an attorney fee motion).
- *Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. 5:20-CV-01108-AB-KK, 2024 WL 3507023, at *2 (C.D. Cal. July 19, 2024), appeal dismissed, No. 24-5093, 2024 WL 4824040 (9th Cir. Sept. 25, 2024) (2024 hourly rate

of $1,055 in Los Angeles legal market for Mr. Sproul, $660 per hour for a seventh year associate, and paralegal rates of $265 to $350 per hour).

- *Waterkeeper v. Corona Clay Co.*, 2024 U.S. Dist. LEXIS 10550, at *6 (C.D. Cal 2024) 2023 Los Angeles/Orange County area market rates of $995 per hour for Sproul, $1,500 per hour for attorney with 27 years of experience, $855 per hour for attorney with 18 years of experience, and $775 per hour for 11-year lawyer).
- *Los Angeles Waterkeeper v. American Reclamation, et al.*, 21-1140, Dkts. 45, 66 (C.D. Cal. April 15, 2022) (awarding Sproul 2022 rate of $950 per hour).
- *Wishtoyo Found v. United Water Conservation Dist.*, No. 16-3869, 2019 U.S. Dist. LEXIS 39927, at *25 (C.D. Cal. March 5, 2019) ($840 per hour rate reasonable for Sproul)
- *See also Sackett v. Environmental Protection Agency*, 598 U.S. 651 (2023) (client paid Sproul 2022 rate of $955 per hour (Sproul Decl., ¶ 22).

17. In addition, in the broader complex litigation market, which is the correct market on which to base Counsel's request, there are several new fee awards that, in conjunction with the rates listed in paragraphs 17 and 18 of my June 2 declaration and in Richrd Drury's and Chris Sproul's Reply declarations, support those rates. Those include *Lei Li v. Arcsoft, Inc.*, 2024 U.S. Dist. LEXIS 210166, at *8 (N.D. Cal. 2024), a case cited by EPA, which cites the 2023 Real Rate Report to support hourly rates of up to $1,384, even though that rate exceeded the Report's Third Quartile rate, and this Court's decision in *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-cv-07916-EMC, 2023 U.S. Dist. LEXIS 78341 (N.D. Cal. May 4, 2023), described in the Sproul Decl. at ¶ 23.

18. One more point: Dr. Malowane and EPA spend a fair amount of time trying to repudiate the LSI Laffey Matrix. Those arguments are off-base. My point here is that Plaintiffs never intended the Court to rely on the LSI Matrix as primary or even secondary *evidence* of Northern District rates. Rather, Counsel chose it because it provided rates back to 2016 which we believe, as adjusted, are "in line with" Northern District rates and that would obviate the time-consuming need to figure out the most appropriate rates for each of those years from the vast amount of data out there, as well as providing some scale for those rates among counsel. The problems EPA raises regarding the Matrix does nothing to undermine the fact that it relies on

complex litigation rates based on the federal Bureau of Labor statistics figures for inflation in legal rates. Interestingly, while Dr. Malowane lauds the new "Ftapatrick Matrix" (Malowane Decl., ¶¶ 36-41), in fact those rates are far higher than the EPA's suggested rates. For example, for Andrew Waters, a 39-year attorney, the 2025 Fitzpatrick rate would be *$933* an hour (Malowane Decl., Appx. 4) while the EPA says it should be *$684*. The difference is startling. Those rates constitute some evidence of the rates here, but the strongest evidence are the rates previously awarded to counsel or found reasonable for similarly situated attorneys, the rate testimony of attorneys with knowledge of the Northern District legal marketplace, and the Real Rate Reports Third Quartile rates for San Francisco litigators.

19.     Finally, attached hereto as Exhibit A are a transcription of my contemporaneous time records describing all my work in this case to date, totaling 104.7 hours. At my requested hourly rate of $1,244 per hour, a reasonable fee for my work to date is $130,246.80. I also reserve the right to claim additional fees should further work be necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 14th day of October 2025.

By: /s/ Richard M. Pearl  
RICHARD M. PEARL

# EXHIBIT A

**EXHIBIT A**

*Moms Against Fluoridation et al v. EPA.* –

**Updated Time Records of Richard M. Pearl**

**January 22, 2025 – October 14, 2025**

| Date | Services Performed | Time |
|---|---|---|
| 1/2225 | Review Court orders (.2), phone conf. w/ Michael Cornett (MC), Kay Reeves (KR), Richard Drury (RD) re facts, fee issues, my role (.7) | .90 |
| 1/28/25 | Review file re call (.1), phone conf. w/ Andrew Waters (AW), RD re motion strategy (.5) | .60 |
| 1/31/25 | Exchange emails w/ RD re rates issues | .10 |
| 2/6/25 | Prepare memo to counsel re motions | .10 |
| 2/8/25 | Prepare MPA | .25 |
| 2/14/25 | Review file documents, model MPA (.75), prepare notes re call (.2), phone conf. w/ counsel re strategy, assignments, rates (1.10), review email from RD re lodestar issue (.1) | 2.15 |
| 2/15/25 | Review excel doc. Re lodestar (.1), legal research re current rates | .30 |
| 2/23/25 | Prepare MPA (2.2), legal research re rates (.4) | 2.60 |
| 2/24/25 | Review emails re settlement, meet & confer (.2), Zoom conf. w/ counsel re settlement (.5), prepare email re hours chart (.1) | .30 |
| 2/25/25 | Prepare notes re rates | .20 |
| 2/27/25 | Review Motion to Extend Time, emails re same | .10 |
| 3/3/25 | Exchange emails re settlement letter | .20 |
| 3/4/25 | Revise settlement letter (.8), review emails from counsel re same (.2) | 1.00 |
| 3/5/25 | Legal research re rates (.35), phone conf. w/ MC, KR re settlement letter (.3), revise letter to Brandon Adkins (BA) (.5), review Birnbaum decl., email to MC and KC re same (.2), review KR's edits and revise letter to Adkins (.3) | 1.65 |
| 3/6/25 | Review emails from BA (.1), exchange emails w/ counsel re responses (.3) | .40 |
| 3/7/25 | Exchange emails w/ MC re time logs (.25), review emails from RD, KR, and MC re same (.1) | .35 |
| 3/8/25 | Exchange emails w/ MC re hours, letter to BA | .10 |
| 3/10/25 | Exchange emails w/ MC re response to BA (.25), exchange emails /w BA re settlement (.1) | .35 |
| 4/3/25 | Review emails re settlement, new case (.1), prepare email to counsel re new data, letter to BA (.3) | .40 |
| 4/14/25 | Review letter from BA re settlement (.2), exchange numerous emails w/ counsel re response (.4) | .60 |
| 4/15/25 | Prepare MPA (.1), exchange emails w/ counsel re response to BA (.2), prepare email to BA re settlement (.2), exchange emails w/ counsel re rates (.2) | .70 |
| 4/16/25 | Review emails re inadvertent cc to BA (.2) | NC |

| | | |
|---|---|---|
| 4/17/25 | Review emails and file re call, status etc (.4), phone conf. w/ counsel re motion, then w/ RD re same (.6) | 1.00 |
| 4/18/25 | Zoom call w/ BA, RD re settlement, schedule (.3), phone conf. w/ RD re next steps (.1), exchange emails w/ counsel re case (.2) | .60 |
| 4/24/25 | Exchange emails w/ counsel re continuance, Assoc. of Counsel (.1) | NC |
| 5/8/25 | Review MC draft decl., file re call (.4), phone conf. w/ all counsel re fee motion issues (.8), review my files re MPA (.1) | 1.30 |
| 5/11/25 | Prepare MPA | .80 |
| 5/14/25 | Review email from MC re his decl. (.1), exchange emails w/ MC, RD re import of other case (.2), review new Northern Dist. Fee award from MC (.2) | .50 |
| 5/15/25 | Review and respond to MC re his declaration | .20 |
| 5/20/25 | Review file re multipliers, other issues for call (.5), Zoom conf. re rates, multipliers etc (.7), phone conf. w/ RD re same (.2) | 1.40 |
| 5/21/25 | Prepare MPA | 2.60 |
| 5/22/25 | Prepare MPA re multiplier (1.9), review *Thrower* award, other files (.6), prepare MPA (.2) | 2.70 |
| 5/23/25 | Revise MPA | .40 |
| 5/24/25 | Prepare MPA (1.1), phone conf. w/ RD re rates (.25) | 1.35 |
| 5/26/25 | Prepare MPA | 4.80 |
| 5/27/25 | Phone conf. w/ RD, Linda Dardarian (LD) re rates (.4), phone conf. w/ RD re LD declaration (.2), revise MPA (2.3), Zoom call with counsel (.6) | 3.50 |
| 5/28/25 | Revise MPA (3.7), exchange emails w/ RD re rates (.3), prepare email to counsel re MPA (.1) | 4.10 |
| 5/29/25 | Revise MPA (2.8), prepare email to counsel re MPA (.1), revise LD declaration , phone conf. w. RD re same (.45), revise RD declaration (.4) | 3.75 |
| 5/30/18 | Revise LD declaration, exchange emails re same | .50 |
| 5/31/25 | Review revised MPA from MC (.1), Zoom call re motion issues, MPA, MC declaration etc (.7), revise MPA re expenses (.2), revise MPA (.25), prepare my declaration (.9) | 2.15 |
| **TOTAL HOURS 1/22/25 – 5/31/25** | | **45.00** |
| **POST-5/31/25 HOURS** | | |
| 6/1/25 | Revise MPA | 5.30 |
| 6/2/25 | Prepare Notice of Motion, my declaration | 2.10 |
| 6/5/25 | Exchange emails w/ MC re rate data | .10 |
| 6/6/25 | Review notice re hearing date, exchange emails , Counsel re same | .20 |
| 6/13/25 | Exchange emails re new article on fluoride | .20 |
| 6/16/25 | Review new article, phone conf.. with Counsel re same | .20 |
| 6/27/25 | Review email from BA re discovery, documents; legal research re discovery in fee motions; exchange emails w/Counsel re response; prepare responsive email to BA | .70 |

| Date | Description | Hours |
|---|---|---|
| 6/29/25 | Exchange emails re discovery response | .25 |
| 6/30/25 | Exchange emails w/counsel re my declaration, rates; with BA re discovery | .50 |
| 7/1/25 | Phone conf. w/ counsel re discovery; prepare draft email to BA re discovery, exchange w/ counsel for review | 1.10 |
| 7/2/25 | Review and exchange emails re stipulation on discovery | .50 |
| 7/8/25 | Phone conf. and emails w/ Counsel re discovery responses | .70 |
| 7/15/25 | Exchange emails w/ RD re discovery | .20 |
| 7/16/25 | Phone conf. w/ RD re discovery responses | .20 |
| 7/18/25 | Exchange emails w/ Counsel re stipulation, discovery, costs | .50 |
| 7/22/25 | Review draft discovery documents, Zoom call w/ Counsel re same; review files re prior retainer agreements | 1.20 |
| 7/23/25 | Exchange emails re discovery; review draft responses. | .30 |
| 7/24/25 | Review RFP responses, email to RD re same | .75 |
| 7/25/25 | Prepare responses to interrogs, email to RD re same | .70 |
| 7/29/25 | Phone conf. w/ RD re discovery responses, email to all counsel re same | .35 |
| 8/20/25 | Review email from BA re extension; exchange emails w/ RD, WC re same | .20 |
| 8/29/25 | Quick review of Opposition, exchange emails re reply | .25 |
| 8/30/25 | Review KGR email re defendant's expert | .10 |
| 9/2/25 | Review Defendants' Opposition; phone conf. w/ counsel re reply | 1.25 |
| 9/3/25 | Prepare email to counsel re LA award | .10 |
| 9/5/25 | Exchange emails w/ RD re reply, declarations | .20 |
| 9/10/25 | Exchange emails w/ RD re declaration | .10 |
| 9/11/25 | Prepare notes re rate reply; legal research re rates | 1.70 |
| 9/12/25 | Legal research re rates; exchange emails re research, stip; prepare stipulation | .45 |
| 9/13/25 | Review emails from Counsel re settlement, reply; prepare stip, emails re same | .85 |
| 9/15/25 | Prepare email to BA re stip | .10 |
| 9/16/25 | Exchange emails w/ BA re stip, revise stip | .35 |
| 9/19/25 | Exchange emails re settlement | .10 |
| 9/20/25 | Exchange emails re settlement | .10 |
| 9/23/25 | Review expert reply decl, emails re same | .25 |
| 9/24/25 | Exchange emails re settlement, with expert re reply declaration; review file re call, call w/ MC re contacting BA, phone conf. w/ BA and MC re settlement | 1.35 |
| 9/25/25 | Prepare notes re reply, exchange emails w/ expert re reply declaration | 1.30 |
| 10/1/25 | Exchange emails re settlement, review RD email re expert declaration | .35 |
| 10/2/25 | Exchange emails w/RD, Chris Sproul (CS) re Malowane declaration; phone conf. w/ CS re declaration, reply memo; prepare reply MPA | 1.10 |
| 10/3/25 | Review CS email re Malowane; phone confs. w/ MC and RD status, reply MPA | .65 |
| 10/5/25 | Review CS email re Malowane; prepare reply MPA; legal research re Malowane rulings, new case | 3.20 |
| 10/7/25 | Revise RD reply decl, exchange emails re same; prepare reply MPA | 2.40 |

| 10/8/25 | Review CS decl; prepare reply MPA | 2.70 |
| --- | --- | --- |
| 10/9/25 | Prepare reply MPA, phone conf. w/ MC re same | 3.45 |
| 10/10/25 | Prepare reply MPA, exchange emails w/ MC, RD re same | 2.90 |
| 10/11/25 | Prepare reply MPA, exchange emails w/ MC, RD re same | 4.55 |
| 10/12/25 | Prepare reply MPA, exchange emails w/ MC, RD re same | 2.80 |
| 10/13/25 | Prepare reply MPA, exchange emails w/ MC, RD re same | 5.80 |
| 10/14/25 | Revise and finalize MPA; prepare my Reply declaration *(actually 8+ hours) | 5.00* |
| **TOTAL POST MAY 31 HOURS** | | **59.7** |
| **TOTAL HOURS TO DATE** | | **104.7** |