**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FOOD & WATER WATCH; FLUORIDE ACTION NETWORK; MOMS AGAINST FLUORIDATION; AUDREY ADAMS, individually and on behalf of KYLE ADAMS; KYLE ADAMS; KRISTIN LAVELLE, individually and on behalf of NEAL LAVELLE; NEAL LAVELLE; BRENDA STAUDENMAIER, individually and on behalf of KO STAUDENMAIER and HAYDEN STAUDENMAIER; KO STAUDENMAIER; HAYDEN STAUDENMAIER, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, an agency of the United States; LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, <br><br> Defendants - Appellants. | No. 25-384 <br><br> D.C. No. 3:17-cv-02162-EMC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 3, 2026
San Francisco, California
Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District Judge.[**]

Defendant-Appellant United States Environmental Protection Agency ("EPA") appeals the district court's finding that adding fluoride to drinking water at a concentration of 0.7 mg/L presents an unreasonable risk to human health and ordering EPA to manage the risks in accordance with the Toxic Substances Control Act ("TSCA"). Plaintiffs-Appellees Food & Water Watch, et al. ("Plaintiffs") petitioned EPA in 2016 seeking EPA to issue a rule banning the addition of fluoride to drinking water pursuant to Section 21 of TSCA. EPA denied Plaintiffs' petition. Plaintiffs subsequently filed suit under Section 21's judicial review provision. 15 U.S.C. § 2620(b)(4)(A).

The district court conducted two bench trials. Following the second bench trial, the district court held that the addition of fluoride to drinking water at a concentration of 0.7 mg/L presents an unreasonable risk to human health and ordered that EPA manage the risks associated with adding fluoride to drinking water in accordance with TSCA. EPA appealed. EPA argues that the district court erred by (1) taking over the case and holding a second bench trial in violation of the party

---

[**] The Honorable Brian M. Morris, United States Chief District Judge for the District of Montana, sitting by designation.

presentation principle; (2) reviewing an evidentiary record that differed from the record presented to EPA in the Plaintiffs' original 2016 petition; and (3) ruling that Plaintiffs had Article III standing to bring their claim. Because the parties are familiar with the facts of this case, we do not recount the facts in full here except as necessary to provide context for our ruling. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's decision and remand.

1. The district court abused its discretion after the first bench trial by commandeering the case. We review for abuse of discretion a district court's adherence to the party presentation principle. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). "In our adversarial system of adjudication, we follow the principle of party presentation." *Id*. Under this principle, we "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id*. (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). EPA argues that the district court violated the party presentation principle in its handling of the case after the close of the first trial.[1] We agree.

Although the party presentation principle is "not ironclad," and "[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate,"

---

[1] Although Plaintiffs contend that EPA waived this issue by failing to raise it to the district court, we have previously ruled on party presentation challenges first raised in our Court. *See, e.g.*, *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1054–55 (9th Cir. 2025).

*Sineneng-Smith*, 590 U.S. at 376, we must determine whether the district court "departed so drastically from the principle of party presentation as to constitute an abuse of discretion." *Id.* at 375.  Here, we hold that it did.

We begin with guidance from the U.S. Supreme Court. The Supreme Court in *Sineneng-Smith* concluded that the Ninth Circuit had violated the party presentation principle when it moved the appeal "onto a different track," rather than relying on the arguments presented by the parties. *Id.* at 374–75. There, the Ninth Circuit "named three *amici* and invited them to brief and argue issues framed by the panel, including a question [the defendant] herself never raised earlier[.]" *Id.* at 374. The Ninth Circuit permitted, but did not require, counsel for the parties to file supplemental briefs "*limited to responding to any and all amicus/amici briefs*." *Id.* at 379 (emphasis in original). And the Ninth Circuit "gave invited *amici* 20 minutes for argument [but] allocated only 10 minutes to [the defendant's] counsel." *Id.* The Ninth Circuit ultimately agreed with the arguments presented by *amici* and resolved the appeal under a theory not originally presented by the parties. *Id.* at 375, 379. The Supreme Court determined that the Ninth Circuit had abused its discretion and had let the defendant's arguments "f[a]ll by the wayside." *Id.* at 379. The Supreme Court in *Sineneng-Smith* acknowledged that "a court is not hidebound by the precise arguments of counsel," but concluded that the "Ninth Circuit's radical transformation of this case [went] well beyond the pale." *Id.* at 380.

4

The district court's decision to invite amendment on standing did not violate the party presentation principle. *See Cottonwood Env't L. Ctr. v. Edwards*, 86 F.4th 1255, 1265 (9th Cir. 2023) (holding that "[w]hile other district courts may have taken a more passive approach," the district court did not violate the party presentation principle through its "'modest initiating role' in suggesting that [the plaintiff] join [the proper defendant] to the litigation" (quoting *Sineneng-Smith*, 590 U.S. at 376)).

However, the district court's remaining actions here clearly violate the party presentation principle. The district court abused its discretion when it refused to rule on the first trial record, despite the parties' assertions that it should, and when it held the case in abeyance to wait for the completion of an additional study to which the parties had already stipulated not to present at trial. Plaintiffs argue that the party presentation principle only limits a court's authority to raise new legal issues and does not limit a court's authority to resolve the issues that the parties have raised. Plaintiffs suggest that no party presentation principle violation occurred because the district court never raised new legal issues and instead established its own procedure to resolve the case that the parties had shaped. EPA argues that the party presentation principle applies more broadly and limits a court's ability to introduce new issues, of a legal or factual nature, to the proceedings. We agree with EPA's position.

Our judicial system "is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the *facts* and argument entitling them to relief." *Sineneng-Smith*, 590 U.S. at 375–76 (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)) (emphasis added) (alteration in original). "What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of *facts* and arguments pro and con adduced by the parties." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991)) (emphasis added).

Concern over judicial development of the factual record can also present a party presentation issue. *Cf. Duncan v. Bonta*, 133 F.4th 852, 886–90 (9th Cir. 2025) (Berzon, J., concurring) ("[The Court's] job is not to provide the facts that support [the Court's] conclusions but to apply the law to the facts as presented by the parties."). Here, the district court effectively provided its own factual presentation. The district court held the case in abeyance for a year and a half, awaiting new studies and the final NTP monograph. Both parties subsequently agreed that the district court should lift the abeyance and that it would be appropriate to decide the merits of the case based only on the first trial record. The district court lifted the abeyance but declined to decide the case on the first trial record. Instead, the district

6

court repeatedly expressed its belief that new evidence was necessary and insisted on seeing the NTP monograph that the parties had agreed not to present at the first trial. The district court rejected the parties' presentation of the case and determined, on its own, that the NTP monograph was relevant and important.

This case no longer "bear[s] a fair resemblance to the case shaped by the parties." *Sineneng-Smith*, 590 U.S. at 380. The district court's "takeover" of the evidentiary presentation, in combination with its repeated refusal to respect the decisions made by the parties in the case, violated the party presentation principle and constitute an abuse of discretion. *Id*. at 379. The district court's "radical transformation" of the case by holding the case in abeyance for a year and a half and declining to rule on the first trial record as requested by both parties went "well beyond the pale." *Id*. at 380. We accordingly vacate and remand to the district court to rule based solely on the first trial record.

2. Because, against EPA's initial objection, both parties introduced new evidence to the district court during the first trial that went beyond the evidence presented in the 2016 petition to EPA, we hold that, *in these circumstances*, the district court did not err in relying on evidence not included in Plaintiffs' 2016 petition in the first trial. *Cf. Independence Min. Co., Inc. v. Babbit*, 105 F.3d 502, 511–12 (9th Cir. 1997) (holding that district court did not err in considering supplemental evidence when it "permitted both sides to submit supplemental

7

8

evidence"). However, we decline to address whether Section 21 of TSCA would allow the introduction of evidence beyond that contained in the initial petition under different circumstances.

3. We remand the issue of standing to the district court for consideration of EPA's judicial notice request in the first instance. The district court as the trier of fact sits in the best position to determine whether to take judicial notice of EPA's proffered facts and whether these facts affect Plaintiffs' standing. Because we remand this issue to the district court, EPA's motion for judicial notice (Dkt. 23) is denied as moot.

**VACATED AND REMANDED.**