UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOOD & WATER WATCH; et al.,

       Plaintiffs - Appellees,

  v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, an agency of the
United States and LEE ZELDIN, in his
official capacity as Acting Administrator of
the U.S. Environmental Protection Agency,

       Defendants - Appellants.

No. 25-384

D.C. No.
3:17-cv-02162-EMC
Northern District of California,
San Francisco

ORDER

Plaintiffs-Appellees Food & Water Watch, et al. ("Plaintiffs") filed a Second

Motion For an Extension of Time to File a Petition for Panel Rehearing and/or

Rehearing En Banc Pursuant to Fed. R. App. P. 26(b). Fed. R. App. P. 40(d)(1),

and Ninth Circuit Rule 31-2-2. (Doc. 95.1.) Plaintiffs request an additional 90 days

to file a rehearing petition. (*Id*. at 2.) Plaintiffs contend that an extension proves

warranted due to the implications of Plaintiffs' outstanding motion to clarify the

Court's remand order and Plaintiffs' counsel's congested litigation schedule up to

October 2, 2026. (*Id*.)

Defendants-Appellants United States Environmental Protection Agency, et.

al. ("Defendants") oppose the 90-day extension. (Doc. 96.) Defendants argue that

Plaintiffs' outstanding motion to clarify was in "substance a request for panel

rehearing," and thus, no extension proves necessary. (*Id*. at 2.) Defendants more specifically oppose the extension "to avoid the risk that Plaintiffs will again misconstrue [its] position on their extension motion as acquiescing in the propriety of a second rehearing request." (*Id*. at 3.) Defendants otherwise "defer[] to the Court on this scheduling matter." (*Id*.)

Accordingly, with good cause shown, IT IS HEREBY ORDERED that Plaintiffs' Motion For an Extension of Time to File a Petition for Panel Rehearing and/or Rehearing En Banc (Doc. 95) is GRANTED. Plaintiffs must file their rehearing petition within 90 days of the filing of this Order.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

2                                                                                          25-384